## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. __CIV-23-115-R___ |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a | ) | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, | ) | |
| and | ) | |
| (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), hereby removes this action from the District Court of Oklahoma County, State of Oklahoma (hereinafter "State Court"), to the United States District Court for the Western District of Oklahoma. As grounds for removal, GreenSky states as follows:

### FACTUAL BACKGROUND

1. On November 22, 2022, Plaintiff, Susan Parisi, filed a petition in State Court, Case No. CJ-2022-5727, against C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma and GreenSky. *See* **Exhibit 1**. A Summons was issued that same day; however, it was not served. *See* **Exhibit 2**.

2. On December 22, 2022, Plaintiff, Susan Parisi, filed an amended putative class-action petition (hereinafter "Petition") in State Court, Case No. CJ-2022-5727, against C Cashion

Windows, LLC d/b/a Renewal by Anderson of Oklahoma and GreenSky. *See* **Exhibit 3**. The Petition alleges that GreenSky failed to provide disclosure requirements as required by the Oklahoma Consumer Credit Code and committed fraud by falsely reporting to credit agencies that Plaintiff owed money on a loan that she claims was unauthorized.

3. On January 3, 2023, GreenSky was served via mail with Plaintiff's Petition.

4. On January 23, 2023, GreenSky filed its Answer to Plaintiff's Petition. *See* **Exhibit 4**.

5. The only other named Defendant in this case, C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma, has not filed an answer or entered an appearance. Nor has Plaintiff filed a return of service with the State Court indicating that this entity has been served with notice of this lawsuit. It is, therefore, not necessary for GreenSky to obtain consent from this entity for purposes of removal.

## **VENUE**

6. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1441(a) because the State Court Action was filed in Oklahoma County, Oklahoma, which is within the United States District Court for the Western District of Ohio.

7. As required by 28 U.S.C. § 1446(d), upon receiving the federally-filed Notice of Removal, GreenSky will file a copy of the Notice of Removal with the District Court of Oklahoma County, State of Oklahoma, under the Case No. CJ-2022-5727, as well as provide written notice to Plaintiff's Counsel. *See* **Exhibit 5**, Notice of Filing Notice of Removal.

**JURISDICTION**

8.      The Class Action Fairness Act (hereinafter "CAFA") gives federal court jurisdiction over "class actions"[1] where (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant;" (2) "the number of members of all proposed plaintiff classes in the aggregate is [more] than 100;" and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), 2(A), and 5(B). All of these requirements are satisfied in the present case. As such, this class action is removable. *See* 28 U.S.C. § 1453(b) ("[a] class action may be removed to a district court of the United States . . . without regard to whether any defendant is a citizen of the State in which the action is brought . . . [and] may be removed without the consent of all defendants.").

**MINIMAL DIVERSITY**

9.      Under CAFA, this Court has original subject-matter jurisdiction if " any member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. §1332(d)(2)(A) (emphasis added).

10.     In her Petition, Plaintiff alleges that she "is currently a resident of Oklahoma County" and that "the class members are Oklahoma consumers." **Exhibit 3**, ¶¶ 1-2.

11.     Therefore, Plaintiff, individually, and all potential plaintiffs, are citizens of Oklahoma.

---

[1] This action falls within CAFA's definition of "class action." 28 U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to  be brought by 1 or more representative persons as a class action . . . ."). In her Petition, Plaintiff alleges she filed this action under Rule 12 O.S. § 12-2023 of the Oklahoma Rules of Civil Procedure, *see* **Exhibit 3**, ¶ 11; and Rule 12 O.S. § 2023 is the state analog to Federal Rule of Civil Procedure 23. *See* 12 O.S. § 12-2023 (Committee Comment to Section 2023) ("Section 2023 is the same as Federal Rule of Civil Procedure 23 . . . .").

12. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."

13. Citizenship of GreenSky, an unincorporated association under CAFA, is determined by its principal place of business and its State of incorporation.

14. GreenSky is a limited liability company that was formed under the laws of Georgia and maintains a principal place of business at 5565 Glenridge Connector, Atlanta, Georgia 30342.[2] **Exhibit 6**, ¶ 2, Declaration of Timothy D. Kaliban.

15. Therefore, GreenSky is a citizen of Georgia.

16. There is minimal diversity between GreenSky, a citizen of Georgia, and Plaintiff, a citizen of Oklahoma. *See* 28 U.S.C. § 1332(d)(2)(A); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014) (explaining that the CAFA expanded diversity jurisdiction by "replac[ing] the ordinary requirement of complete diversity of citizenship among all plaintiffs and defendants . . . with a requirement of minimal diversity," which means that federal courts can exercise jurisdiction "if 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'").

## NUMBER OF MEMBERS OF PROPOSED CLASS

17. Under CAFA, this Court has original subject-matter jurisdiction if the number of members of all proposed plaintiff classes in the aggregate is more than 100. 28 U.S.C. § 1332(d)(5)(B).

---

[2] As indicated in GreenSky, LLC's answer, Plaintiff has incorrectly identified GreenSky, LLC as "BMO Harris Bank, NA d/b/a GreenSky, LLC." *See* **Exhibit 4**. GreenSky, LLC is an independent entity organized under the laws of the state of Georgia with its headquarters in Georgia. Based on the allegations of Plaintiff's Petition and GreenSky's corresponding answer, GreenSky, LLC is the correct defendant, and BMO Harris Bank, NA is not. As BMO Harris Bank, NA is headquartered in Illinois with its state of incorporation in Texas, the requirements of 28 U.S.C. § 1332(d)(2)(A) would similarly have been met even if BMO Harris Bank, NA were a proper defendant who had been properly served.

18.     According to the Petition, the class is defined as: (a) all Oklahoma consumers; (2) who within one year prior to the filing of this action; (c) received financing from GreenSky through C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma. *See* **Exhibit 3**, ¶ 2.

19.     GreenSky has identified at least 1,651 customers who, on information and belief, allegedly meet Plaintiff's purported definition of the class. **Exhibit 6**, ¶ 5, Declaration of Timothy D. Kaliban. These customers are residents of Oklahoma who received GreenSky financing through Defendant C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma within one year prior to the filing of this action. *Id.*

20.     Based on Defendant's review of its records, the number of potential class members clearly exceeds 100. Thus, the requirement for more than 100 putative members, under 28 U.S.C. § 1332(d)(5)(B), is satisfied.

## AMOUNT IN CONTROVERSY

21.     To establish original subject-matter jurisdiction under CAFA, the amount in controversy must exceed $5 million, less than costs and interest. *See* 28 U.S.C. § 1332(d)(2).

22.     The removing party need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). As such, "the notice [of removal] need not contain evidentiary submissions." *Id.* at 81. In order to meet the $5,000,000 threshold, "the claims of the individual class members shall be aggregated to determine whether the mater in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

23.     Plaintiff does not specify in her Petition the exact amount of damages sought. However, in her Petition, Plaintiff alleges that she did not authorize a payment of $8,871.50 to C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma. **Exhibit 3**, ¶¶ 69-70, 73.

Further, Plaintiff alleges that Plaintiff and the members of the proposed Class are "entitled to their actual, consequential, statutory and exemplary damages as a result of the Defendants actions, along with their reasonable attorney fees and costs." *Id.* ¶ 101. Plaintiff also alleges that the claims of Plaintiff are typical of the claims of the proposed Class. *Id.* ¶ 23.

24. GreenSky estimates that there may be as many as 1,651 members of the Class. **Exhibit 6**, ¶ 5, Declaration of Timothy D. Kaliban.

25. Assuming each of the 1,651 potential members of the Class allege that they have been damaged in the amount equal to Plaintiff's claimed damages, the amount in controversy easily exceeds the sum or value of $5,000,000.

26. Because there are more than 100 members of the putative class, there is minimal diversity between the parties, and there is an amount in controversy greater than $5,000,000, there is original subject-matter jurisdiction in this Court. *See* 28 U.S.C. §1332(d).

### COMPLIANCE WITH 28 U.S.C. § 1446

27. Pursuant to 28 U.S.C. § 1446(a), GreenSky has attached all process, pleadings, and orders served in State Court. *See* **Exhibits 1-4**, attached hereto.

28. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely filed, as it is filed within 30 days of service.

29. Pursuant to 28 U.S.C. § 1446(b)(3), GreenSky will promptly provide written notice of the removal of the state court action to Plaintiff, through her attorneys of record, and to the District Court of Oklahoma County, State of Oklahoma.

WHEREFORE, PREMISES CONSIDERED, GreenSky, pursuant to the foregoing statutes, removes this action, styled *Susan Parisi v. C Cashion Windows, LLC d/b/a Renewal by*

*Anderson of Oklahoma, and BMO Harris Bank, NA d/b/a GreenSky, LLC*, Case No. CJ-2022-

5727, from the District Court of Oklahoma County, State of Oklahoma, to this Court.

Respectfully submitted,

   /s Kyle R. Prince_____
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com
*Attorneys for Defendant GreenSky, LLC, incorrectly*
*identified as BMO Harris Bank, NA d/b/a*
*GreenSky, LLC*

7

## CERTIFICATE OF MAILING

This is to certify that on the 2nd day of February, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
RAWLS GAHLOT, PLLC
2404 S. Broadway
Moore, OK 73160
T: (405) 912-3225
kathi@rawlsgahlot.com
minal@rawlsgahlot.com
*Attorneys for Plaintiffs*


    /s Kyle R. Prince_____

8