*105434909023*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 2 3 2023

RICK WARREN
COURT CLERK

108 _____

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

SUSAN PARISI, )
)
)
)
Plaintiff, )
)
v. ) Case No. CJ-2022-5727
) Judge Aletia Haynes Timmons
C CASHION WINDOWS, LLC d/b/a )
RENEWAL BY ANDERSON OF )
OKLAHOMA, and BMO HARRIS )
BANK, NA d/b/a GREENSKY, LLC, )
)
Defendants. )

**DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, ANSWER TO PLAINTIFF'S AMENDED PETITION AND MOTION TO CERTIFY A CLASS ACTION**

Defendant GreenSky LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), hereby submits this Answer to the Amended Petition and Motion to Certify a Class Action (hereinafter "Petition") filed by Plaintiff Susan Parisi ("Plaintiff"). GreenSky hereby generally and specifically denies each and every material allegation contained in Plaintiff's Petition unless otherwise stated as follows:

## PARTIES

1. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 1 of the Petition and, therefore, denies the same.

2. GreenSky denies the allegations as to certification of the class in Paragraph 2 of the Petition as they relate to GreenSky. GreenSky denies all remaining allegations in Paragraph 2 of the Petition.

**Exhibit 4**

3.      As to the allegations in Paragraph 3 of the Petition, GreenSky admits only that BMO Harris Bank, NA is a national lender that issues loans. GreenSky denies all remaining allegations contained in Paragraph 3 of the Petition.

4.      GreenSky is lacks sufficient knowledge to form  a belief as to the allegations in Paragraph 4 of the Petition and, therefore, denies the same.

### JURISDICTION AND VENUE

5.      GreenSky is lacks sufficient knowledge to form  a belief as to the allegations in Paragraph 5 of the Petition and, therefore, denies the same.

6.      With respect to the allegations in Paragraph 6 of the Petition, GreenSky has conducted business in the State of Oklahoma and can be served through its registered agent. GreenSky denies all remaining allegations in Paragraph 6 of the Petition.

7.      With respect to the allegations in Paragraph 7 of the Petition, GreenSky, LLC and BMO Harris Bank, NA are two separate entities. GreenSky, LLC is a loan servicing entity whereas BMO Harris Bank, NA is a lender. GreenSky denies all remaining allegations in Paragraph 7 of the Petition.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      GreenSky denies the allegations in Paragraph 8 of the Petition as they relate to GreenSky.

9.      With respect to the allegations in Paragraph 9 of the Petition, GreenSky admits that it is a loan servicing entity. The remaining allegations in Paragraph 9 of the Petition, including subparts, call for legal conclusions and, therefore, no response is required as it relates to GreenSky. To the extent a response would be required, GreenSky denies any and all remaining allegations, including subparts, contained in Paragraph 9 of the Petition.

2

10.     With respect to the allegations in Paragraph 10 of the Petition, GreenSky admits that it is a loan servicing entity. The remaining allegations in Paragraph 10 of the Petition, including subparts, call for legal conclusions and, therefore, no response is required as it relates to GreenSky. To the extent a response would be required, GreenSky denies any and all remaining allegations, including subparts, contained in Paragraph 10 of the Petition.

## CLASS REPRESENTATION ALLEGATIONS

11.     The allegations in Paragraph 11 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 11 of the Petition and explicitly denies that a class is appropriate or certifiable in this case.

12.     With respect to the allegations in Paragraph 12 of the Petition, GreenSky admits that Renewal by Anderson is a Merchant in GreenSky's Merchant Program. GreenSky denies any and all remaining allegations contained in Paragraph 12 of the Petition.

13.     GreenSky is lacks sufficient knowledge to form a belief as to the allegations in Paragraph 13 of the Petition and, therefore, denies the same.

14.     GreenSky denies the allegations in Paragraph 14 of the Petition as they relate to GreenSky.

15.     With respect to the allegations in Paragraph 15 of the Petition, GreenSky, LLC and BMO Harris Bank, NA are two separate entities. GreenSky, LLC is a loan servicing entity whereas BMO Harris Bank, NA is a lender. GreenSky admits that its principal place of business is in Atlanta, Georgia. GreenSky denies all remaining allegations in Paragraph 15 of the Petition.

16.     With respect to the allegations in Paragraph 16 of the Petition, GreenSky, LLC and BMO Harris Bank, NA are two separate entities. GreenSky, LLC is a loan servicing entity whereas

3

BMO Harris Bank, NA is a lender. GreenSky denies all remaining allegations in Paragraph 15 of the Petition.

17.    The allegations in Paragraph 17 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 17 of the Petition.

18.    The allegations in Paragraph 18 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 18 of the Petition.

19.    The allegations in Paragraph 19 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 19 of the Petition.

## IDENTIFICATION OF COMMON QUESTIONS OF LAW OR FACT

20.    The allegations in Paragraph 20 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 20 of the Petition.

21.    The allegations in Paragraph 21 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 21 of the Petition as they relate to GreenSky.

22.    The allegations in Paragraph 22 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 22 of the Petition as they relate to GreenSky.

## ALLEGATIONS OF TYPICALITY

23. The allegations in Paragraph 23 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 23 of the Petition and explicitly denies certification of the class.

## DEFINITION OF CLASS

24. The allegations in Paragraph 24 of the Petition, including subparts, call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations, including subparts, contained in Paragraph 24 of the Petition as they relate to GreenSky and explicitly denies certification of the class.

## ADEQUACY OF CLASS REPRESENTATIVE

25. The allegations in Paragraph 25 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 25 of the Petition and explicitly denies certification of the class.

26. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 26 of the Petition and, therefore, denies the same.

27. GreenSky lack sufficient knowledge to form a belief as to the allegations in Paragraph 27 of the Petition and, therefore, denies the same.

## APPROPRIATENESS OF HYBRID CLASS TREATMENT UNDER §§ 2023 B.2 AND 3

28. GreenSky denies the allegations in Paragraph 28 of the Petition and explicitly denies certification of the class.

5

29.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 29 of the Petition and, therefore, denies the same.

30.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 30 of the Petition and, therefore, denies the same. GreenSky explicitly denies certification of the class.

31.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 31 of the Petition and, therefore, denies the same. GreenSky explicitly denies certification of the class.

32.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 32 of the Petition and, therefore, denies the same. GreenSky explicitly denies certification of the class.

33.    The allegations in Paragraph 33 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 33 of the Petition and explicitly denies certification of the class.

34.    GreenSky denies the allegations in Paragraph 34 of the Petition and explicitly denies certification of the class.

35.    GreenSky denies the allegations in Paragraph 35 of the Petition and explicitly denies certification of the class.

36.    GreenSky denies the allegations in Paragraph 36 of the Petition and explicitly denies certification of the class.

37.    The allegations in Paragraph 37 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies

any and all allegations contained in Paragraph 37 of the Petition and explicitly denies certification of the class.

38.    GreenSky denies the allegations in Paragraph 38 of the Petition and explicitly denies certification of the class.

39.    The allegations in Paragraph 39 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 39 of the Petition and explicitly denies certification of the class.

40.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 40 of the Petition and, therefore, denies the same.

41.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 41 of the Petition and, therefore, denies the same.

### HARRIS/GREENSKY'S BUSINESS MODEL

42.    With respect to the allegations in Paragraph 42 of the Petition, GreenSky admits that it is a loan servicing entity whereas BMO Harris Bank, NA is a lender. GreenSky further admits that BMO Harris Bank, NA is a lender involved in the GreenSky Merchant Program. GreenSky denies any and all remaining allegations contained in Paragraph 42 of the Petition.

43.    With respect to the allegations in Paragraph 43 of the Petition, GreenSky admits that it is a loan servicing entity whereas BMO Harris Bank, NA is a lender. GreenSky further admits that it offers a patient/consumer loan program that provides financing to patients/consumers through participating banks. GreenSky denies any and all remaining allegations contained in Paragraph 43 of the Petition.

44.    With respect to the allegations in Paragraph 44 of the Petition, GreenSky admits that Renewal by Anderson is a Merchant in GreenSky's Merchant Program. GreenSky denies any and all remaining allegations contained in Paragraph 44 of the Petition.

45.    With respect to the allegations in Paragraph 45 of the Petition, GreenSky admits that it offers a patient/consumer loan program that provides financing to patients/consumers through participating banks. GreenSky further admits the Providers/Merchants sign up for the loan program in order for their patients/consumers to receive funding through GreenSky from participating banks. GreenSky further admits that Providers/Merchants receive training. GreenSky denies any and all remaining allegations contained in Paragraph 45 of the Petition.

46.    With respect to the allegations in Paragraph 46 of the Petition, GreenSky admits that patient/consumer loan applications can be submitted either through the GreenSky website or through the GreenSky mobile application. GreenSky denies any and all remaining allegations contained in Paragraph 46 of the Petition.

47.    With respect to the allegations in Paragraph 47 of the Petition, GreenSky admits that a loan application decision is made based on lending criteria from participating banks. GreenSky denies any and all remaining allegations contained in Paragraph 47 of the Petition.

48.    With respect to the allegations in Paragraph 48 of the Petition, GreenSky admits that a loan application decision is disseminated through electronic means or through mail. GreenSky denies any and all remaining allegations contained in Paragraph 48 of the Petition.

49.    With respect to the allegations in Paragraph 49 of the Petition, GreenSky admits that a loan application decision is disseminated through electronic means or through mail. GreenSky denies any and all remaining allegations contained in Paragraph 49 of the Petition.

50.    With respect to the allegations in Paragraph 50 of the Petition, GreenSky admits that a loan application decision is disseminated through electronic means or through mail. GreenSky denies any and all remaining allegations contained in Paragraph 50 of the Petition.

51.    With respect to the allegations in Paragraph 51 of the Petition, GreenSky admits that a "shopping pass," which functions like a credit card, is issued upon approval of a loan application. GreenSky further admits that, per the loan agreement, use of the Shopping Pass constitutes acceptance of the terms of the loan agreement. GreenSky denies any and all remaining allegations contained in Paragraph 51 of the Petition.

52.    With respect to the allegations in Paragraph 52 of the Petition, GreenSky admits that loan proceeds are distributed directly to the Provider/Merchant once authorized by the patient/consumer. GreenSky denies any and all allegations contained in Paragraph 52 of the Petition.

53.    With respect to the allegations in Paragraph 53 of the Petition, GreenSky admits that loan proceeds are distributed directly to the Provider/Merchant once authorized by the patient/consumer. GreenSky denies any and all allegations contained in Paragraph 53 of the Petition.

54.    GreenSky denies the allegations in Paragraph 54 of the Petition.

55.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 55 of the Petition and, therefore, denies the same.

56.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 56 of the Petition and, therefore, denies the same.

57.    GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 57 of the Petition and, therefore, denies the same.

58. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 58 of the Petition and, therefore, denies the same.

**THE SPECIFIC FACTS RELATED TO THE CLASS REPRESENTATIVE MS. PARISI**

59. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 59 of the Petition and, therefore, denies the same.

60. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 60 of the Petition and, therefore, denies the same.

61. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 61 of the Petition and, therefore, denies the same.

62. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 62 of the Petition and, therefore, denies the same.

63. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 63 of the Petition and, therefore, denies the same.

64. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 64 of the Petition and, therefore, denies the same.

65. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 65 of the Petition and, therefore, denies the same.

66. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 66 of the Petition and, therefore, denies the same.

67. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 67 of the Petition and, therefore, denies the same.

68. GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 68 of the Petition and, therefore, denies the same.

69.     With respect to the allegations in Paragraph 69 of the Petition, GreenSky admits that $8,871.50 was disbursed to the Merchant, Renewal by Anderson, on November 29, 2021. GreenSky denies any and all remaining allegations contained in Paragraph 69 of the Petition.

70.     With respect to the allegations in Paragraph 70 of the Petition, GreenSky admits that the letter Plaintiff provided as Exhibit 1 states the following: "If you did NOT authorize this account or these charges, please contact us at service@greensky.com or 866-936-0602 immediately!" GreenSky denies any and all remaining allegations contained in Paragraph 70 of the Petition.

71.     GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 71 of the Petition and, therefore, denies the same.

72.     GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 72 of the Petition and, therefore, denies the same.

73.     The allegations in Paragraph 73 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 73 of the Petition.

74.     The allegations in Paragraph 74 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 74 of the Petition.

75.     GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 75 of the Petition and, therefore, denies the same.

76.     The allegations in Paragraph 76 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 76 of the Petition.

77.     The allegations in Paragraph 77 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 77 of the Petition.

78.     The allegations in Paragraph 78 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 78 of the Petition.

79.     With respect to the allegations in Paragraph 79 of the Petition, GreenSky admits that Plaintiff emailed GreenSky's customer solutions department on December 10, 2021. GreenSky denies any and all remaining allegations contained in Paragraph 79 of the Petition.

80.     With respect to the allegations in Paragraph 80 of the Petition, GreenSky admits that a GreenSky customer solutions representative stated that they were going to see about getting the "plan change approved" for Plaintiff. GreenSky denies any and all remaining allegations contained in Paragraph 80 of the Petition.

81.     With respect to the allegations in Paragraph 81 of the Petition, GreenSky admits that on December 17, 2021, a GreenSky customer solutions representative stated the following to Plaintiff: "I got the plan change approved. I will let you know once the account is created." GreenSky denies any and all remaining allegations contained in Paragraph 81 of the Petition.

82.     With respect to the allegations in Paragraph 82 of the Petition, GreenSky admits that a letter was sent to Plaintiff dated December 27, 2021. GreenSky further admits that said December 27, 2021 letter stated that GreenSky received Plaintiff's complaint; that GreenSky needs additional information from Plaintiff; GreenSky's Customer Solutions Advocate made several efforts to reach Plaintiff for this additional information, but was unsuccessful; and that GreenSky cannot resolve Plaintiff's complaint without her participation. GreenSky further admits that the

December 27, 2021 letter also stated that GreenSky has closed the matter at this time, but would reopen the case upon receipt of the information needed from Plaintiff. GreenSky denies any and all remaining allegations contained in Paragraph 82 of the Petition.

83. GreenSky denies the allegations in Paragraph 83 of the Petition.

84. The allegations in Paragraph 84 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 84 of the Petition.

85. The allegations in Paragraph 85 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 85 of the Petition and explicitly denies that any such alleged Consent Order has any bearing or connection with any potential claims, facts, or issues involving Plaintiff.

86. The allegations in Paragraph 86 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 86 of the Petition.

87. The allegations in Paragraph 87 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 87 of the Petition.

88. The allegations in Paragraph 88 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 88 of the Petition.

89. The allegations in Paragraph 89 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies

any and all allegations contained in Paragraph 89 of the Petition and explicitly denies that any such alleged Consent Order has any bearing or connection with any potential claims, facts, or issues involving Plaintiff.

90.     The allegations in Paragraph 90 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 90 of the Petition.

91.     GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 91 of the Petition and, therefore, denies the same.

92.     GreenSky lacks sufficient knowledge to form a belief as to the allegations in Paragraph 92 of the Petition and, therefore, denies the same.

93.     The allegations in Paragraph 93 of the Petition, as they relate to GreenSky, call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 93 of the Petition as they relate to GreenSky.

94.     The allegations in Paragraph 94 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 94 of the Petition.

95.     The allegations in Paragraph 95 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 95 of the Petition.

96.     The allegations in Paragraph 96 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 96 of the Petition.

97.     The allegations in Paragraph 97 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 97 of the Petition.

98.     GreenSky denies the allegations in Paragraph 98 of the Petition.

99.     The allegations in Paragraph 99 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 99 of the Petition.

100.     The allegations in Paragraph 100 of the Petition call for legal conclusions and, therefore, no response is required.

101.     The allegations in Paragraph 101 of the Petition call for legal conclusions and, therefore, no response is required. To the extent a response would be required, GreenSky denies any and all allegations contained in Paragraph 101 of the Petition, as they relate to GreenSky, and explicitly denies certification of the class.

For further answer and defense, GreenSky states as follows:

## AFFIRMATIVE DEFENSES

1.     Pursuant to the facts alleged in the Petition, Plaintiff's claims are barred to the extent that Plaintiff's damages, if any, were caused by Plaintiff's own acts, omissions, or negligence, or other acts or omissions of third parties other than GreenSky.

2.     Plaintiff's Petition fails to state a claim upon which relief can be granted, and therefore Plaintiff is not entitled to recover herein.

3.     Plaintiff has failed to join a necessary party or parties herein.

4.     Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

5.    Plaintiff may not be the real party in interest for some or all of the damages which Plaintiff seeks to recover.

6.    The recovery of Plaintiff, if any, should be reduced to the extent she failed to reasonably mitigate her damages.

7.    GreenSky is entitled to a setoff for any and all sums received by Plaintiff.

8.    GreenSky is entitled to apportion the negligence and/or fault of any and all parties and nonparties to this action.

9.    The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of accord and satisfaction.

10.    The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of unjust enrichment.

11.    The relief sought by Plaintiff is barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

12.    The loan agreement signed by Plaintiff provides for arbitration of any disputes; therefore, jurisdiction and venue in this district court are improper, and Plaintiff is not entitled to pursue her claims in this forum.

13.    Plaintiff's claims and alleged damages are barred by the terms of the loan agreement at issue.

14.    Plaintiff had the opportunity to examine, read, and know the contents of the loan agreement she executed in connection with her purchase; and therefore, Plaintiff is not entitled to recover herein.

15.    Plaintiff's class claims are barred as there is no certifiable class.

16

GreenSky reserves the right to either add or withdraw any affirmative defenses as discovery warrants.

WHEREFORE, having answered, Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, respectfully requests Plaintiff take nothing herein, and further requests the Court dismiss the causes of action of Plaintiff and enter judgment in favor of GreenSky, LLC, including other relief this Court deems just and equitable.

Respectfully submitted,

*Kyle Prince*

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com
**Attorneys for Defendant GreenSky, LLC,**
**incorrectly identified as BMO Harris Bank, NA**
**d/b/a GreenSky, LLC**

17

## CERTIFICATE OF MAILING

This is to certify that on the 23rd day of January, 2023, a true and correct copy of the above and foregoing was mailed, postage prepaid, to:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
RAWLS GAHLOT, PLLC
2404 S. Broadway
Moore, OK 73160
T: (405) 912-3225
kathi@rawlsgahlot.com
minal@rawlsgahlot.com
*Attorneys for Plaintiffs*

*Kyle Prince*