**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUSAN PARISI | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No.:  CIV-23-115-R |
| OKLAHOMA WINDOWS | ) |
| AND DOORS, LLC | ) |
| d/b/a RENEWAL BY ANDERSON OF | ) |
| OKLAHOMA, and BMO HARRIS | ) (Removed from the District Court |
| BANK, NA d/b/a GREENSKY, LLC, | ) of Oklahoma County, State of |
|     Defendants. | ) Oklahoma, Case No.: CJ-21-1681) |

**PLAINTIFF'S MOTION TO STAY HER DEADLINE TO RESPOND TO
DEFENDANT'S MOTIONTO COMPEL ARBITRATION PENDING THE
COURT'S RULING ON MOTION TO REMAND**

COMES NOW the Plaintiff, Susan Parisi (Ms. Parisi) and respectfully requests this Court to stay Plaintiff's response briefing to Defendant BMO Harris Bank, NA d/b/a GreenSky, LLC's Motion to Compel Arbitration as to all claims asserted by the Plaintiff and to Dismiss or Stay all claims of Plaintiff pending Arbitration (Doc. No. 17), pending the Court's Ruling on Plaintiff's Motion to Remand.

    **I.    Statement of the Case**

Plaintiff filed her Petition in the District Court of Oklahoma County, State of Oklahoma on November 22, 2022.  See Doc. 1-1.   Thereafter, she filed an Amended Petition and Motion to certify a class claim on December 22, 2022 in the Oklahoma State Court.  See Doc. 1-3.  Defendant BMO Harris Bank, NA d/b/a GreenSky, LLC (Hereafter "GreenSky") removed this action to Federal Court on February 2, 2023.  See Doc. 1.  The Plaintiff has objected to removal and filed a Motion to Remand on March

1

6, 2023.  See Doc. 8.    Plaintiff also filed a motion to amend the Petition to correct the named defendant and caption of the case.   See Doc. 16.

Thereafter, rather than filing an answer or responsive pleading contemplated by Federal Rules of Civil Procedure 7 and/or 12, Greensky filed a "Motion to Compel Arbitration" (Doc. No. 17) and Brief in Support (Doc. No. 18) on April 28, 2023. Plaintiffs' response to Defendant's Motion to Compel Arbitration is due May18, 2023.

## II.    ARGUMENT AND AUTHORITY

Because Plaintiff has objected to this Court's jurisdiction and requested that the case be remanded back to the state court, Plaintiff requests that this Court stay Plaintiff's deadline to respond to Greensky's motion to compel arbitration, if necessary, until twenty (21) days after the Court rules on Plaintiff's Motion to remand.   If this Court were to remand the case back to state court Defendant's Motion becomes moot.

Plaintiff will be objecting to Defendant's motion to compel arbitration and will make a request for an evidentiary hearing before a Jury; in accordance with the Federal Arbitration Act to resolve defenses raised by the Plaintiff against Defendant's motion to compel arbitration.   § 4 of the FAA gives the consumer resisting the arbitration clause the right to have a jury determine the issue of arbitration enforceability:

> [D]emand a jury trial of such issue and upon such demand
> the court shall make an order referring the issue or issues to
> a jury in the manner provided by the Federal Rules of Civil
> procedure or may specially call a jury for that purpose.

Such a request is both proper and warranted by existing case law, particularly in light of the allegations of fraud by Ms. Parisi.

To prepare for the evidentiary hearing, Plaintiff will also be requesting limited discovery related to the defenses raised by the Plaintiff in response to Defendants' motion to compel arbitration.   A stay here will prevent incurring significant expenditures regarding Defendant Greensky's Motion to Compel Arbitration and the necessary preparation for an evidentiary hearing thereon.

In the interest of judicial economy and to avoid undue burden on the parties and Court, Plaintiff seek an order temporarily staying the deadline to respond to Greensky's Motion, pending the Court's ruling on Plaintiff's motion to remand.   This Court has the discretion to stay motion practice while it considers its jurisdiction. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L. Ed. 153 (1936).  Further, it is axiomatic that a "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiffs' Motion to Remand argues this Court lacks jurisdiction over this action and that remand is mandatory.  If the Court lacks jurisdiction, it cannot compel the parties to arbitrate Plaintiffs' claims. *Vaden*, 556 U.S. 49. Plaintiff asks this Court to stay Plaintiffs' response deadline to Defendant's Motion, if necessary, until fourteen (14) days after the Court rules on Plaintiffs' Motion to Remand. The stay would promote

3

efficiency and prevent unnecessary time and expense at this juncture. Further, the stay would not prejudice Greensky, as it can re-file the motion in the state court after remand. *See Betts v. Eli Lilly & Co.*, 435 F.Supp.2d 1180, 1184 (S.D. Ala. 2006) ("[N]o party has a right to remain in federal court when subject matter jurisdiction is plainly lacking and a defendant … is thus not prejudiced in any meaningful sense by an early rather than late remand to state court.").

Counsel for the Plaintiff has contacted GreenSky's counsel who has objected to this request.

### III.    CONCLUSION

WHEREFORE, premises considered, Plaintiff respectfully requests the Court stay the deadline for the Plaintiff to file her response to Greensky's motion to compel arbitration, pending the resolution of Plaintiff's Motion to remand.    Plaintiff requests, in the event this Court were to deny her Motion to Remand, Plaintiff asks she be allowed 21 days, following its decision, to file a response to Defendant's Motion to Compel Arbitration.

Respectfully Submitted,

/s/Minal Gahlot
M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA 22145
Rawls Gahlot, PLLC
2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225
Email: kathi@rawlsgahlot.com
Email: minal@rawlsgahlot.com
ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 8, 2023, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

<u>/s/Minal Gahlot</u>