IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC | ) | |
| d/b/a RENEWAL BY ANDERSON | ) | |
| OF OKLAHOMA, | ) | |
| and | ) | |
| (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED
AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, RESPONSE TO
PLAINTIFF SUSAN PARISI'S MOTION TO AMEND PETITION TO CORRECT
THE NAMED DEFENDANT AND THE CAPTION OF THE CASE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a

GreenSky, LLC (hereinafter "GreenSky"), files its response and brief in support objecting

to Plaintiff Susan Parisi's Motion to Amend Petition to Correct the Named Defendant and

the Caption of the Case [Doc. 16] (the "Motion to Amend"). In opposition to the Motion

to Amend, GreenSky respectfully shows as follows:

I.
INTRODUCTION

Plaintiff Susan Parisi ("Plaintiff") has filed a putative class action against GreenSky

and purports to assert claims against GreenSky and C Cashion Windows, LLC d/b/a

Renewal by Andersen of Oklahoma ("Cashion Windows") under the Oklahoma Consumer

1

Credit Code (the "Code").  Plaintiff now seeks to leave of the Court to file a Second Amended Petition and Motion to Certify a Class Action (the "Second Amended Petition").

Plaintiff's stated purpose in filing the Second Amended Petition is to add Oklahoma Windows & Doors, LLC d/b/a Renewal by Andersen of Oklahoma ("Oklahoma Windows") as a defendant to assert claims that Oklahoma Windows failed to comply with certain notice provisions for consumer credit transactions set forth in Section 3-306 of the Code.  Plaintiff's motion to assert claims for the first time against Oklahoma Windows is futile and should be denied because the limitations period to bring claims against Oklahoma Windows based on alleged violations of Section 3-306 has expired.  Further, Plaintiff's Motion to Amend should not be granted pending resolution of Plaintiff's motion to remand this case to state court, which is fully briefed and currently before the Court for determination.

## II.
## PERTINENT FACTS ALLEGED IN SECOND AMENDED PETITION

In her proposed Second Amended Petition, Plaintiff asserts that she met with a representative of Oklahoma Windows on November 23, 2021 to discuss the purchase and installation of replacement windows for her home.  *See* Motion to Amend, Plaintiff's Exhibit 3, ¶ 60.  Plaintiff claims that the Oklahoma Windows representative explained a financing option, serviced through GreenSky, for Plaintiff to purchase the replacement windows. *See id.*, ¶ 61.

Plaintiff alleges the Oklahoma Windows representative told her that she could purchase the replacement windows with zero money down and zero interest on the loan for

two years, and that payments would not be due until two years after the installation. *See id.* According to Plaintiff, she discussed with the Oklahoma Windows representative that she wanted to replace nine windows. *See id.*, ¶ 63-64.  Plaintiff claims that she was shown on an iPad that she was approved for the loan terms mentioned above.  *See id.*, ¶ 65.  Based on this conversation, Plaintiff alleges she agreed to purchase the replacement windows at that November 23, 2021 meeting. *See id.*, ¶ 67.

After the initial meeting, Plaintiff asserts she received notification from GreenSky on or about December 7, 2021 that Oklahoma Windows had received an advance payment on Plaintiff's purchase of the windows and that her payments under the loan would start six months after installation of the windows.  *See id.*, ¶ 69.  Plaintiff then immediately contacted both the Oklahoma Windows representative and GreenSky to allege that she had not authorized the loan payment and that she disputed the terms of the loan.  *See id.*, ¶¶ 70-74.  Plaintiff claims that she was never shown the disclosures or informed of the interest that she would have to pay on the loan.  *See id.*, ¶ 68.

In her proposed Second Amended Petition, Plaintiff asserts that all defendants, including Oklahoma Windows, are subject to the disclosure provisions in Section 3-306 of the Oklahoma Consumer Credit Code (the "Code").  She seeks to maintain a class action suit against all Defendants, including Oklahoma Windows, asserting that all Defendants failed to comply with various disclosure requirements for consumer loans set forth in Section 3-306 of the Code.  *See id.*, ¶ 10; 14A O.S. § 3-306.  GreenSky denies these allegations and asserts that there is no basis for the added claims against Oklahoma Windows based on the alleged disclosure requirements in the Code.

### III.
### PLAINTIFF'S CLAIMS AGAINST OKLAHOMA WINDOWS UNDER THE OKLAHOMA CONSUMER CREDIT CODE FAIL AS A MATTER OF LAW

Plaintiff asserts in her Second Amended Petition that Oklahoma Windows violated the Code by allegedly failing to comply with various disclosure requirements set forth in the Code. *See* Second Amended Petition, ¶ 10; 14A O.S. § 3-306. This claim is time-barred as to Oklahoma Windows, which precludes any right of Plaintiff to join Oklahoma Windows as an additional defendant in this case.

### A.    PLAINTIFF'S CLAIM UNDER THE CODE IS TIME-BARRED

In the Second Amended Petition, Plaintiff asserts that Oklahoma Windows falls within the requirements of the Code because it is "regularly engaged in the business of making/issuing 'consumer loans'" that fall within the Code. *See* Motion to Amend, Plaintiff's Exhibit 3, ¶ 9. As such, Plaintiff seeks to assert a private cause of action against Oklahoma Windows based on allegations that Oklahoma Windows technically violated the Code by allegedly failing to comply with the notice provisions in § 3-306 of the Code. *See id.,* ¶ 10. Plaintiff has no private right of action against Oklahoma Windows under the Code for any of these alleged "violations."

The provision that gives consumers a private right of action under the Code states that, subject to certain exceptions, "any creditor who fails to comply with any requirement imposed by the provisions [of the Code] on disclosure ... with respect to any person is liable to that person in an amount equal to the sum of ... any actual damage sustained by that person as a result of the failure[,]" as well as, in the case of a class action, an amount the

court may allow[,] subject to certain limitations].   14A O.S. § 5-203(1).  Significantly, however, the "civil liability" provision in the Code contains the following limitation:

> **No action pursuant to this section may be brought more than one (1) year after the date of the occurrence of the violation or in the case of a private education loan, as the term is defined in Section 8 of this act, one (1) year from the date on which the first regular payment of principal is due under the loan.**

*Id.*, § 5-203(6).

It is undisputed that the loan on behalf of Plaintiff was funded prior to December 7, 2021, and, in fact, Plaintiff alleges that, by that date, she had actually received notice that funds had been advanced pursuant to the terms of the loan agreement.  *See* Motion to Amend, Plaintiff's Exhibit 3, ¶¶ 60-70.  It is axiomatic that the disclosures required under Section 3-306 of the Code must be made prior to the loan.  As a consequence, it logically follows that Oklahoma Windows' alleged failure to provide the disclosures (i.e., its violation of Section 3-306 of the Code) would have necessarily occurred before December 7, 2021.

The purpose of the Motion to Amend is to join Oklahoma Windows as a defendant in this lawsuit.  *See* Motion to Amend, ¶ 7.  The Motion to Amend was not filed until April 28, 2023.   Prior to that date, Plaintiff had not filed any claim at all against Oklahoma Windows.  Because Plaintiff's filing against Oklahoma Windows was more than one year after the date of any alleged violation of Section 3-306, she does not have any right to bring a private action against Oklahoma Windows.  14A O.S. § 5-203(6).

**B.     BECAUSE PLAINTIFF'S PROPOSED CLAIM AGAINST OKLAHOMA WINDOWS IS TIME-BARRED, THE MOTION TO AMEND TO JOIN OKLAHOMA WINDOWS AS A DEFENDANT IS FUTILE**

When a motion to amend advances claims that are legally insufficient, the default rule that amendments be freely permitted does not apply and the motion can be denied. *Foman*, *v. Davis*, 371 U.S. 178, 182 (1962); *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). It is well settled that futility itself is an adequate ground for denial of a motion to amend. *Foman*, 371 U.S. at 182; *Azurite Corp. Ltd. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir. 1995). A court may properly deny a motion to amend a pleading if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *Copeland v. Lawrence,* No. CIV 17-603-F, 2017 WL 6551296, at *3 (W.D. Okla. Oct. 25, 2017). In other words, a proposed pleading amendment is futile and subject to denial if the claims asserted would be subject to dismissal. *Fields v. City of Tulsa,* 753 F.3d 1000, 1012 (10th Cir. 2014); *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Where, as here, a claim against a potential defendant is barred by limitations, courts have recognized that the rule permitting liberal pleading amendment does not apply and the proposed pleading amendment is properly denied as futile. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1019 (10th Cir. 2013) ("Granting the amendment would have been futile because the amended complaint would have been subject to dismissal as time-barred."). In sum, because Plaintiff no longer has a right to a civil action against Oklahoma Windows, there is no basis to grant her leave to join Oklahoma Windows as an additional defendant in this lawsuit.

**IV.**

### THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY THE MOTION TO AMEND UNDER 28 U.S.C. § 1447(e)

As GreenSky has demonstrated in its Notice of Removal and its response to Plaintiff's Motion to Remand, jurisdiction in this Court is proper under the Class Action Fairness Act ("CAFA").  In her Motion to Remand, Plaintiff attempts to invoke an exception to federal court jurisdiction under CAFA (the "Local Controversy Exception") that applies where "plaintiffs seek 'significant relief' from at least one local defendant who is a citizen of the state and whose alleged conduct forms a 'significant basis' for the claims asserted." *Dutcher v. Matheson*, 840 F.3d 1183, 1190-91 (10th Cir. 2016).

Plaintiff asserts in the Motion to Remand that current defendant Cashion Windows is an Oklahoma citizen, and that her claims against Cashion Windows satisfy the Local Controversy Exception and justify a remand of this case to the state court.  In its response to the Motion to Remand, however, GreenSky demonstrated that Cashion Windows is not a citizen of Oklahoma.  Faced with the almost-certain denial of the Motion to Remand based on her failure to satisfy the Local Controversy Exception, Plaintiff now seeks to use the Motion to Amend as a way to "fix" the obvious deficiency in her Motion to Remand and somehow return to state court.  Plaintiff should not be permitted to amend her pleadings to join a new party after the fact in a futile effort to revive her discredited reliance on the Local Controversy Exception.

The removal statutes specifically address motions to amend pleadings to join a non-diverse defendant after a case has been removed to federal court:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the

court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

"Under section 1447(e), the decision whether to permit the joinder of a nondiverse defendant that defeats removal lies within the district court's discretion." *Barton v. Foremost Ins. Co.,* No. CIV-09-245-D, 2010 WL 11508451, at *1–2 (W.D. Okla. Jan. 13, 2010). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008) (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Because the Court's decision will determine whether there is continued jurisdiction, the original defendant's interest in the choice of the federal forum should be considered before any joinder of a non-diverse defendant is permitted. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Accordingly, the Court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Federal Rule of Civil Procedure 15 of the Federal Rules of Civil Procedure. *Id.; see Kleopa v. Prudential Inv. Management, Inc.,* No. 08–81386–CIV, 2009 WL 2242606, at *2 (S.D. Fla.2009). The Court should deny leave to amend unless strong equities support the amendment. *Smith v. White Consol. Industries, Inc.,* 229 F.Supp.2d 1275, 1281 (N.D. Ala.2002). As one District Court in Florida provided:

> The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." *Sexton v. G & K Services,*

8

> *Inc.,* 51 F.Supp.2d 1311, 1313 (M.D.Ala.1999). This is because of the diverse defendant's right to choose between a state or federal forum. *Bevels v. American States Ins. Co.,* 100 F.Supp.2d 1309, 1313 (M.D.Ala.2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Id.* (citing *Hensgens,* 833 F.2d at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. *Id.*

*Osgood v. Disc. Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013).

"Although the Tenth Circuit has not adopted a particular framework for deciding when the post-removal joinder of a nondiverse defendant is appropriate, other appellate courts have endorsed the weighing of certain factors: '(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.'" *Barton,* 2010 WL 11508451, at *1; *see Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience* L.P., 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999); *Hensgens*, 833 F.2d at 1182. In this case, Plaintiff has not satisfied the heightened requirements to show that she is entitled to amend her pleading to join Oklahoma Windows as a defendant.

"Determining whether the purpose of the amendment is to defeat federal jurisdiction is the most important factor when reviewing a motion to amend a complaint under § 1447(e)." *Davis v. Owners Ins. Co.*, 29 F. Supp.3d 938, 943 (E.D. Ky. 2014). Where, as here, the motion to amend is filed within a few weeks after removal and the proposed

9

joinder is sought in conjunction with a motion to remand the case to state court, the circumstances strongly suggest that "the motion to amend was made in an effort to defeat federal jurisdiction." *Id.*

Moreover, although Plaintiff asserts in the Motion to Amend that she learned of Oklahoma Windows since filing the Motion to Remand, the "evidence" supporting the involvement of Oklahoma Windows in the circumstances surrounding this case is in the form of a "mailer" Plaintiff received identifying Oklahoma Windows as the service provider. Motion to Amend, ¶ 7. Significantly, the mailer is postmarked "AUG 2022" – well before Plaintiff ever even filed this lawsuit, much less the Motion to Remand. *See* Motion to Amend, Plaintiff's Exhibit 1. If this were not enough, Plaintiff's motive in attempting to find a "local" defendant solely for the purpose of attempting to avoid federal jurisdiction is apparent in the fact that Plaintiff has never served Cashion Windows – the first alleged "local" defendant she sued – even though this lawsuit has been on file almost six months. Clearly, the circumstances strongly support the fact that Plaintiff's motivation in filing the Motion to Amend and seeking to join Oklahoma Windows is not to obtain relief against Oklahoma Windows but to attempt to defeat federal court jurisdiction over her claims against GreenSky.

With respect to the second factor of timeliness, courts have recognized that this factor does not favor granting leave to join a new party where the plaintiff had previous knowledge of the party it was attempting to add. *See Davis*, 29 F. Supp.3d at 944; *Cooper v. Thames Healthcare Group, L.L.C.*, No. 13-cv-14-GFVT, 2014 WL 941925, at *5 (E.D. Ky. Mar. 11, 2014). As stated above, Plaintiff's own evidence supporting the Motion to

10

Amend shows that Plaintiff had knowledge of Oklahoma Windows before ever filing this lawsuit. *See* Motion to Amend, Plaintiff's Exhibit 1.

As for the issue of prejudice, Plaintiff has not shown she would be unduly prejudiced if she were not permitted to join Oklahoma Windows as an additional defendant in this lawsuit. Plaintiff's claims in this case relate to alleged violations of the disclosure requirements under Section 3-306 of the Code. Plaintiff seeks to maintain a class action lawsuit against GreenSky for these alleged violations. There is no assertion that GreenSky is insolvent or otherwise could not satisfy any judgment in favor of Plaintiff on these claims. Moreover, as GreenSky has demonstrated above, Plaintiff's proposed joinder of Oklahoma Windows as a defendant would be futile, as any claims against Oklahoma Windows under the Code would now be time-barred. Under the circumstances, Plaintiff has not shown any undue prejudice she would suffer if her Motion to Amend is denied. *See Barton,* 2010 WL 11508451, at *2 (finding no prejudice based on contention of defendant that proposed joinder would be futile).

Finally, as discussed above, the equities generally favor a defendant when the plaintiff seeks to join an additional defendant in connection with filing a motion for remand. *See Osgood*, 955 F. Supp. 2d at 1355. This is particularly true where, as here, the plaintiff "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint[..]" *State Distrib*., 738 F.2d at 416. In any event, Plaintiff has not satisfied her burden of showing that relevant equitable considerations favor her requested joinder of Oklahoma Windows in this case.

## V.
## <u>CONCLUSION AND PRAYER</u>

In sum, Plaintiff has not shown in her Motion to Amend that she is entitled to amend her pleading to join Oklahoma Windows as an additional defendant. Accordingly, GreenSky respectfully requests this Court deny Plaintiff's Motion to Remand and grant GreenSky any other and further relief of any nature to which GreenSky may be justly entitled.

Respectfully submitted,

Dated: May 17, 2023

*s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
**Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC**

12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of May, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

***Attorneys for Plaintiffs***

*s/ Kyle R. Prince*