## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-23-115-R** |
| | ) | |
| (1) C CASHION WINDOWS, LLC | ) | |
| d/b/a RENEWAL BY ANDERSON | ) | |
| OF OKLAHOMA, | ) | |
| and | ) | |
| (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, RESPONSE TO PLAINTIFF'S MOTION TO STAY HER DEADLINE TO RESPOND TO DEFENDANT'S MOTION TO COMPEL ARBITRATION PENDING THE COURT'S RULING ON MOTION TO REMAND, AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), files its response and supporting brief objecting to Plaintiff's Motion to Stay Her Deadline to Respond to Defendant's Motion to Compel Arbitration Pending the Court's Ruling on Motion to Remand [Doc. 20] (the "Motion to Stay"). In opposition to the Motion to Stay, GreenSky respectfully shows as follows:

### Procedural History and Context of the Motion to Stay

In her Motion to Stay, Plaintiff seeks a ruling from the Court that she need not respond to Defendant's Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration (the "Motion to

1

Compel Arbitration") [Doc. 17] until after the Court rules on Plaintiff's Motion to Remand [Doc. 8]. There is no basis for Plaintiff's requested relief, and the Motion to Stay should be denied.

In her Motion to Remand, Plaintiff asserts the Class Action Fairness Act ("CAFA") does not give this Court subject matter jurisdiction over the class action claims she seeks to assert in this case. GreenSky has shown in its Response to Plaintiff's Motion to Remand [Doc. 13] that Plaintiff has not established any lack of subject matter jurisdiction, and that the case is properly before this Court. Recognizing that her Motion to Remand is without merit, Plaintiff has now filed a Motion to Amend to Amend Petition to Correct the Named Defendant and the Caption of the Case (the "Motion to Amend") [Doc. 16], seeking to add another defendant that Plaintiff claims is non-diverse to attempt to invoke the "local controversy" exception to CAFA in a desperate effort to divest this Court of jurisdiction over this case. As GreenSky has shown in its Response to the Motion to Amend [Doc. 22], Plaintiff's request to add another defendant after removal is also without merit.

### The Motion to Compel Arbitration is Supported By a Strong Federal Policy in Favor of Arbitration, and the Court's Consideration of the Motion Should Not Be Delayed

In its Motion to Compel Arbitration, GreenSky has shown there is a valid arbitration agreement governing Plaintiff's claims and that GreenSky is entitled to a stay of all proceedings pending arbitration of all claims in this case. In her Motion to Stay, Plaintiff asserts that she should be relieved of any burden to respond to the Motion to Compel Arbitration until after the Court resolves the Motion to Remand. This assertion

conveniently ignores the significance of federal policy reflected in the Federal Arbitration Act (the "FAA") in favor of the arbitration of disputes.

The FAA requires courts to "compel arbitration pursuant to the terms of the parties' agreement if (1) a valid, enforceable arbitration agreement exists, and (2) the asserted claims are within the scope of that agreement." *Edwards v. Blockbuster Inc.,* 400 F.Supp.2d. 1305, 1309 (E.D. Okla.2005); *see also* 9 U.S.C. § 4 ("The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). If these two elements are satisfied, the trial court has no discretion and must direct the parties to proceed to arbitration. *See KPMG, LLP v. Cocchi,* 565 U.S. 18, 22-23 (2011) (*citing Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985)).

The FAA "creates a "presumption in favor of arbitrability and courts must resolve all doubts' in favor of arbitration." *Edwards,* 400 F. Supp.2d at 1308–09 (*citing Shankle v. B–G Maint. Mgmt. of Colo.,* 163 F.3d 1230, 1233 (10th Cir.1999)); *see also KPMG, LLP,* 565 U.S. at 21 (*quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 631 (1985)) ("The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'"). "The party seeking to avoid arbitration bears the burden of proving that the claims are not covered, and only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail." *Edwards,* 400 F. Supp.2d at 1310. In fact, the policy in favor of arbitration is so strong, arbitration should be upheld even if the result of enforcing an arbitration agreement would result in inefficiencies with

respect to any related proceedings. *KPMG, LLP*, 565 U.S. at 22 (quoting *Dean Witter Reynolds, Inc.*, 470 U.S. at 217).

If, as GreenSky asserts, the claims in this case are subject to arbitration under the FAA, then GreenSky is entitled to a prompt order directing the parties to arbitration and staying all further proceedings in this case pending the outcome of arbitration. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983) (stating the FAA "calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses"); *Bank One, N.A. v. Coates*, 125 F. Supp.2d 819, 829 (S.D. Miss. 2001) (rejecting plaintiff's request that discovery be done before court ruled on motion to compel arbitration). GreenSky should not be subject to an order delaying all briefing on the Motion to Compel Arbitration while the Court considers other issues. GreenSky's enforcement of the arbitration provision in its contract is every bit as important as Plaintiff's request that the case be remanded to state court, and there should be no undue delay in providing this Court with the briefing needed to rule on the Motion to Compel Arbitration.

### Other Courts Have Considered Motions to Remand and to Compel Arbitration in the Same Opinion, and There Would Be No Undue Burden on the Court or Prejudice to Plaintiff If Plaintiff's Motion to Stay is Denied

The Court is free to consider the pending motions in any sequence it desires. If the Court determines that the Motion to Remand should be considered before the Motion to Compel Arbitration, any such determination does not require that all briefing on the Motion to Compel Arbitration be stayed. In fact, there are several cases in which courts have considered motions to remand and motions to compel arbitration together and ruled on them in the same opinion. *See, e.g., Langley v. Bank of America, N.A.*, No. CIV-19-253-

CBG, 2019 WL 8194731, at *1 (E.D. Okla. Oct. 4, 2019) (denying plaintiff's motion to remand case to state court and granting defendant's motion for stay pending arbitration); *Davis v. Automax Dodge Chrysler Jeep*, No. CIV-18-488-HE, 2018 WL 3543091, at *1-3 (W.D. Okla. July 23, 2018) (denying plaintiff's motion to remand case to state court and granting defendant's motion for stay pending arbitration); *Johnson v. Dentsply Sirona Inc.*, No. 16-CV-0520-CVE-PJC, 2016 WL 5875023, at *3-6 (N.D. Okla. Oct. 7, 2016) (denying plaintiff's motion to remand case to state court, and granting in part and denying in part defendant's request for dismissal or stay pending arbitration).  There is no reason why that should not occur in this case.

The Court will not be unduly burdened by requiring Plaintiff to respond to the Motion to Compel Arbitration while the Motion to Remand remain pending.  If the Court chooses to determine the Motion to Remand first and ultimately decides to remand the case to state court, the Court need not devote substantial time and resources to deciding the Motion to Compel Arbitration.  However, if the Court determines that the Motion to Remand should be denied, the Court will be in a position to make a prompt ruling on the Motion to Compel Arbitration if it is already fully briefed.

Likewise, Plaintiff will not be prejudiced by a requirement that she respond to the Motion to Compel Arbitration before the Court rules on the Motion to Remand.  As Plaintiff acknowledges in her Motion to Stay, GreenSky can and will file the Motion to Compel Arbitration in the state court in the unlikely event that Motion to Remand is granted.  As a consequence, Plaintiff will have to file a response to the Motion to Compel Arbitration, regardless of whether the case is in federal court or state court.  If this case

were remanded to state court after Plaintiff filed a response to the Motion to Compel Arbitration in this Court, she could simply re-file the same response in state court when GreenSky re-files its Motion to Compel Arbitration. Because Plaintiff will have to respond to the Motion to Compel Arbitration one way or the other, there is no undue prejudice in requiring Plaintiff to respond now when filing a response will enable the Court to send this case to arbitration more quickly if the Court determines the case is not subject to remand.

## **Conclusion and Requested Relief**

In sum, Plaintiff has not shown in her Motion to Stay that she is entitled to delay filing a response to the Arbitration Motion. Accordingly, GreenSky respectfully requests this Court deny Plaintiff's Motion to Stay, and grant GreenSky any other and further relief of any nature to which GreenSky may be justly entitled.

Respectfully submitted,

Dated: May 17, 2023

*s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
**Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC**

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

*Attorneys for Plaintiffs*

*s/ Kyle R. Prince*