# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN PARISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-23-115-R |
| | ) |
| C CASHION WINDOWS, LLC, d/b/a | ) |
| RENEWAL BY ANDERSON OF | ) |
| OKLAHOMA; and | ) |
| BMO HARRIS BANK, NA, d/b/a | ) |
| GREENSKY, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Susan Parisi brings this putative class-action suit against Defendants C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma ("Cashion")[1] and BMO Harris Bank, NA, d/b/a GreenSky, LLC ("GreenSky")[2] alleging violation of the Oklahoma Consumer Credit Code ("OCCC") for Defendants' failure to provide accurate disclosures to Oklahoma consumers while issuing consumer loans. Okla. Stat. tit. 14A, §§ 3-306, 5-203; (Doc. No. 1-3, at 2-4). Plaintiff asserts that Cashion sold windows to

---

[1] In her Motion to Remand, Plaintiff states that C Cashion Windows, doing business as "Renewal By Andersen of Oklahoma," sold windows to Plaintiff and the class members and arranged the financing. (Doc. No. 8, at 1, ¶ 3). However, in her Reply, Plaintiff acknowledges that Cashion Windows is an incorrectly named entity and that "Oklahoma Windows & Doors, LLC d/b/a Renewal of Anderson of Oklahoma" is the intended entity. (Doc. No. 19, at 3-5). Plaintiff's Motion to Amend her Petition to correct the local Defendant's name (Doc. No. 16) is pending before the Court.

[2] Defendant GreenSky contends that it is incorrectly identified as BMO Harris Bank, NA. (Doc. No. 1, at 4 n.2).

homeowners in Oklahoma, door-to-door, by fraudulently issuing consumer loans without accurately disclosing the terms. (*Id.* at 4, ¶¶ 13-14, 21). The loans were subsequently assigned to GreenSky who ratified Cashion's actions by reporting negatively to consumer reporting agencies and demanding payments in writing and over the phone. (*Id.* ¶ 14).

The case was filed in the District Court of Oklahoma County; however, Defendant GreenSky removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. (Doc. No. 1). Plaintiff subsequently filed a Motion to Remand (Doc. No. 8) seeking to return the case to state court for four reasons: (1) Defendant GreenSky did not obtain the approval of co-Defendant Cashion to remove the case to federal court; (2) Defendant GreenSky failed to demonstrate that the amount in controversy is greater than $5 million as required by CAFA, § 1332(d)(2); (3) the local controversy exception to CAFA applies requiring the Court to remand pursuant to § 1332(d)(4)(A); and (4) the discretionary exception to CAFA applies in favor of remand, § 1332(d)(3). GreenSky has responded in opposition to Plaintiff's Motion (Doc. No. 13), and Plaintiff has replied (Doc. No. 19). Upon consideration of the filings, Plaintiff's Motion to Remand (Doc. No. 8) is DENIED for the following reasons.

I.   **Removal under CAFA was Proper**

CAFA gives federal courts jurisdiction over particular class actions "if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84–85 (2014); *see* 28 U.S.C. § 1332(d). The burden is "on removing parties to establish that [CAFA's] basic requirements are met." *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262

(10th Cir. 2014), "[O]nce a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions." *Id.* (citations omitted) The party seeking remand "must show the applicability of a CAFA exception by a preponderance of the evidence." *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739 (10th Cir. 2018) (citations omitted). Courts should read CAFA's provisions broadly, "with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart*, 574 U.S. at 89 (cleaned up) (quoting S. Rep. No. 109–14, p. 43 (2005)).

At the outset, the Court concludes that GreenSky was not required to obtain Cashion's approval before removing the case to federal court because a "[class] action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). As to Plaintiff's amount in controversy argument, when a defendant removes a case, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. If, however, the plaintiff contests the defendant's amount-in-controversy allegation, "both sides submit proof," and the district court must decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."[3] *Id.* at 88-89. The amount in controversy "is not 'the amount the plaintiff will recover,' but rather 'an estimate of the amount that

---

[3] The House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 observes: "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met . . . defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies." H.R. Rep. No. 112-10, p. 16 (2011).

will be put at issue in the course of the litigation.'" *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

Here, Plaintiff alleges that she agreed for Cashion to install nine windows on her home "with zero money down, zero interest on the loan for two years, and zero payments for 24 months after the installation." (Doc. No. 1-3, at 13, ¶¶ 61, 64). GreenSky notified Plaintiff approximately two weeks later that it had made an advanced payment of $8,871.50 to Cashion, and that she was to begin making payments to GreenSky six months after the windows were installed. (*Id.* ¶ 69). Despite promptly informing GreenSky that she had not agreed to these terms, Plaintiff alleges that GreenSky continued to harass her and send her bills. (*Id.* at 16, ¶ 96). Moreover, she asserts that GreenSky did not notify the credit bureaus to whom it reported the loan that she disputed the debt. (*Id.* at 14, ¶ 77). Plaintiff contends that her claims are typical of those of the class she seeks to represent in that she "was solicited to purchase replacement windows without [being] provid[ed] mandatory disclosures of the consumer credit extension loan." (*Id.* at 6, ¶ 23).

Plaintiff has not specified the amount of damages sought by the class members; the only dollar figure referenced in the Amended Petition is the unauthorized $8,871.50 loan she allegedly incurred. In her Motion to Remand, Plaintiff states that she "does not assert that her damages are $8,871.00 [sic]; only that she received a notice of charges in that amount." (Doc. No. 8, at 13). In her Reply brief, however, Plaintiff acknowledges that she has "allege[d] $8,871.56 in damages" and that "the entire amount of the loan is in controversy as to [her]." (Doc. No. 19, at 2).

Defendant GreenSky's notice of removal contains a short plain statement of the grounds for removal and alleges that the total amount in controversy exceeds $5 million. (Doc. No. 1, at 5-6). Plaintiff contests GreenSky's amount in controversy allegation, thus, the Court must decide whether GreenSky has shown by a preponderance of the evidence that the amount in controversy exceeds $5 million based on evidence presented by the parties. A defendant can make such a showing:

> by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*Frederick*, 683 F.3d at 1247 (citation omitted).

To demonstrate that the amount in controversy exceeds $5 million, Timothy Kaliban, GreenSky's Chief Strategy Officer, submitted a signed declaration averring that he examined GreenSky's records and identified 1,651 GreenSky customers who were potential members of the class. (Doc. No. 1-6, at 2). GreenSky then calculated the aggregate amount in controversy using the Amended Petition's allegations by assuming that if each potential member of the class were to win $8,871.50 in damages—the amount offered by Plaintiff—the value of this case would exceed $14 million (1,651 customers x $8,871.50 = $14,646,846.50). (Doc. Nos. 1-6, at 2, ¶ 5; 13, at 20). Plaintiff argues that this damage amount is speculative because it assumes that each class member agreed to purchase windows of the same type, quantity, and price. (Doc. No. 8, at 12-13). Defendant responds that "Plaintiff's loan in the amount of $8,871.50 would actually be substantially below the average loan made to members of the putative class." (Doc. No. 13, at 20).

5

Moreover, Defendant asserts that the "actual, consequential, statutory and exemplary damages . . . along with . . . attorney fees and costs" claimed by Plaintiff should be "included in the amount in controversy for establishing federal court jurisdiction." (*Id.*).

At this stage of litigation, the amount in controversy is somewhat speculative because the parties have not begun discovery. While some class members may have lesser damages, others may have damages exceeding those alleged by Ms. Parisi. In fact, she acknowledges that "[t]hese loans typically range from a few thousand dollars to tens of thousands of dollars." (Doc. No. 1-3, at 11, ¶ 47). Even if the average class member's damages were half the amount of the loan incurred by Plaintiff, the amount in controversy would still exceed the jurisdictional threshold by more than $2 million.

Additionally, under the OCCC:

> [T]he total recovery other than for actual damages in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of Five Hundred Thousand Dollars ($500,000.00) or one percent (1%) of the net worth of the creditor.

Okla. Stat. tit. 14A, § 5-203(1)(b)(ii). If a party is successful in enforcing liability under § 5-203(1)(b)(ii), that party may be entitled to "the costs of the action together with reasonable attorney fees as determined by the court." § 5-203(1)(c). *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (attorneys' fees and "[p]unitive damages may be considered in determining the requisite jurisdictional amount."); *Frederick*, 683 F.3d at 1247 ("The preponderance of the evidence standard must be applied to all damages counted toward the total amount in controversy, including punitive damages."). Considering the nature of Plaintiff's accusation—that Defendants

6

deceptively defrauded consumers in violation of the OCCC—members of the class may recover additional damages beyond actual damages. *See Gilbert v. Security Finance Corp. of Oklahoma, Inc.*, 152 P.3d 165, 176 (Okla. 2006) (holding that punitive damages could be awarded for conduct that was legal under the Oklahoma Consumer Credit Code but done in a fraudulent or unconscionable manner), *abrogated on other grounds by Montgomery v. Airbus Helicopters, Inc.*, 414 P.3d 824 (Okla. 2018). Assuming that Plaintiff's loan is typical of the class she seeks to represent (Doc. No. 1-3, at 6, ¶ 23), the Court is satisfied that GreenSky has demonstrated by a preponderance of the evidence that the amount in controversy exceeds CAFA's $5 million jurisdictional threshold.

Plaintiff has not contested GreenSky's assertions that the class has more than 100 members or that the parties are minimally diverse, and the Court concludes that GreenSky properly removed this case under CAFA. Consequently, Plaintiff bears the burden of establishing by a preponderance of the evidence that exercising jurisdiction would be improper under one of CAFA's exclusionary provisions. Plaintiff asserts that both the local controversy exception, 28 U.S.C. § 1332(d)(4)(A), and the discretionary exception, § 1332(d)(3), apply in favor of remand.

## II.   CAFA's Exclusionary Provisions Do Not Apply in Favor of Remand

### a. Local Controversy Exception

The local controversy exception "is a narrow exception" and "all doubts are resolved in favor of exercising jurisdiction over the case." *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006)) (brackets, internal quotation marks omitted). To fall within the

exception, the plaintiff must demonstrate that (1) more than two-thirds of the class are citizens of the forum state, (2) a significant defendant is a citizen of the forum state, (3) the injuries occurred there, and (4) there are no other class actions asserting similar factual allegations against any of the defendants on behalf of the same persons in the preceding three-year period. § 1332(d)(4)(A).

GreenSky argues against application of the local controversy exception because Plaintiff has not demonstrated that a significant defendant is a citizen of Oklahoma. A "significant defendant" is defined as one:

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed.

§ 1332(d)(4)(A)(i)(II). GreenSky is a citizen of the State of Georgia, thus, it cannot be a "significant defendant." (Doc. No. 1, at 4, ¶¶ 14-15). Moreover, Cashion is not a "significant defendant" because it is an inactive entity whose principal place of business was in Austin, Texas, and its alleged conduct did not form a significant basis for the claims asserted by the proposed plaintiff class. (Doc. Nos. 13-1; 13-2; 13-3; 13-4). In her Reply, Plaintiff acknowledges that Defendant Cashion is an incorrectly named party and "no longer an active entity in Oklahoma." (Doc. No. 19, at 5). Accordingly, the Court finds that Plaintiff has not established that a significant defendant is a citizen of Oklahoma.[4]

---

[4] The Court's determination that Plaintiff has failed to show that a significant defendant is a citizen of Oklahoma is limited to an analysis of the named Defendants in the Amended Petition: Cashion and GreenSky. (Doc. No. 1-3). Jurisdictional facts are determined at the

Considering that all doubts are to be resolved in favor of exercising jurisdiction, the Court concludes that Plaintiff has failed to demonstrate by a preponderance of the evidence that the local controversy exception applies requiring remand.

### b. Discretionary Exception

Federal courts may decline to exercise jurisdiction over a class action otherwise covered by CAFA under the discretionary exception. *See* § 1332(d)(3). For the exception to apply, Plaintiff "must first establish two prerequisites: '[1] greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and [2] the primary defendants are citizens of the State in which the action was originally filed.'" *Dutcher*, 840 F.3d at 1194 (quoting § 1332(d)(3)). In *Dutcher*, the Tenth Circuit held that "the phrase 'the primary defendants are citizens of the State' in the CAFA setting requires a showing that *all* primary defendants are citizens of the relevant state." *Id.* at 1194-95.

Here, GreenSky and Cashion are primary defendants because they have been sued directly and accused of being responsible for harm to the proposed class. *See Woods*, 771 F.3d at 1266 ("The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class.")

---

time of removal. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570, 582 (2004) (recognizing the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing); *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

(quoting S.Rep. No. 109–14 at 38); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) (adopting the approaches of the Third and Fifth Circuits to determine a primary defendant). Because neither Defendant is an Oklahoma citizen, Plaintiff cannot show that *all* primary defendants in this matter are citizens of Oklahoma. Accordingly, the Court may not remand the case under the discretionary exception.

## Conclusion

The Court concludes that Defendant GreenSky has shown that removal is proper. Plaintiff has not demonstrated by a preponderance of the evidence that the case should be remanded pursuant to a CAFA exception. The Court, therefore, DENIES Plaintiff's Motion to Remand (Doc. No. 8).

**IT IS SO ORDERED** this 5th day of June 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE