**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SUSAN PARISI | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No.:  CIV-23-115-R |
| C CASHION WINDOWS, LLC | ) | |
| d/b/a RENEWAL BY ANDERSEN OF | ) | |
| OKLAHOMA, and BMO HARRIS | ) | (Removed from the District Court |
| BANK, NA d/b/a GREENSKY, LLC, | ) | of Oklahoma County, State of |
|     Defendants. | ) | Oklahoma, Case No.: CJ-21-1681) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF
IN SUPPORT OF MOTION TO AMEND PETITION
TO CORRECT NAMED DEFENDANT**

COMES NOW the Plaintiff, Susan Parisi (Plaintiff), by and through her counsel of record, M. Kathi Rawls and Minal Gahlot of Rawls Gahlot, PLLC, and files her supplemental brief in response to this Court's June 5, 2023, Order [Doc. No. 26].   Defendant BMO Harris Bank, NA, d/b/a GreenSky, LLC  ("GreenSky") argues that Plaintiff's proposed amendment to correct one of the named defendants is "futile" due to the expiration of the statute of limitations.  GreenSky curiously ignores the Federal Rules and Supreme Court precedent on amendments that relate back to claims in original pleadings.  Plaintiff's proposed amendment should be allowed because it asserts claims that relate back to the timely filed original pleading pursuant to Fed. R. Civ. P. 15 (c), the proposed named defendant has had notice of Plaintiff's claims, and there is no undue prejudice.

### I.    **Background Facts**

The facts are more fully set forth in Plaintiff's Amended Petition and Motion to Amend Petition to Correct the Named Defendant (Doc. Nos. 1-3 and 16).  For the Court's convenience, a brief background is included here.  Plaintiff filed her Petition in the District Court of Oklahoma County

1

on November 22, 2022. *See* Doc. No. 1-1. Thereafter, she filed an Amended Petition and Motion to certify a class claim on December 22, 2022 in Oklahoma State Court.  See Doc. No. 1-3.  Two defendants are named in the Amended Petition, C Cashion Windows, LLC, d/b/a Renewal by Andersen of Oklahoma ("Cashion"), and GreenSky.  GreenSky removed this action on February 2, 2023, followed by Plaintiff's motion to remand (Doc. No. 8).  On April 28, 2023, Plaintiff filed its Motion to Amend Petition (Doc. No. 16).  This Court denied Plaintiff's Motion to Remand on June 5, 2023. (Doc. No. 25) (hereafter, "Remand Denial Order").

In its Remand Denial Order, the Court noted that GreenSky argued against Cashion being characterized as a significant defendant for purposes of the local controversy rule because it was an inactive entity. Remand Denial Order, at p. 8 (citing Doc. Nos. 13-1; 13-2; 13-3; 13-4).  In fact, Cashion sold its business in 2020 to the entity that Plaintiff seeks to now add to this litigation, Oklahoma Windows and Doors LLC d/b/a Renewal by Andersen of Greater Oklahoma City and Greater Tulsa ("Oklahoma Windows").(Exhibit 1-Declaration of M. Kathi Rawls)  Oklahoma Windows, a Delaware Corporation, registered with Oklahoma's Secretary of State ("SOS") to do business in Oklahoma on September 29, 2020 with a registered principal office location of 4440 N. Cooper Ave Oklahoma City, Oklahoma,  73118. Exhibit 1; ¶5. On that same date, Cashion's manager, Chris J. Cashion, informed the Oklahoma SOS that Cashion consented to Oklahoma Windows using its business name and that Cashion would "cease to do business."(Doc. 19-7). Both the entity originally named as a defendant, Cashion, and the entity it allowed to use its business name after it ceased "to do business", had nearly identical d/b/a's, *i.e.*, Renewal by Andersen of Oklahoma (Cashion) and Renewal by Andersen of Greater Oklahoma City and Greater Tulsa (Oklahoma Windows).

Cashion's decision to cease doing business predated Plaintiff's meeting with the Renewal by Andersen sales representative, Russell Kelley, on November 23, 2021, and preceded any purported contract for installation of nine windows at Plaintiff's residence. (Doc. No. 16-3, ¶¶ 60, 67). Later, when Plaintiff suddenly received notice from GreenSky that a loan for her windows had been funded – a loan that she had not authorized – GreenSky informed her that it would reach out to her merchant. Doc. No. 16-3, Exhibit 2. Unbeknownst to Plaintiff, but known to GreenSky, that merchant was Oklahoma Windows.

A.  Oklahoma Windows knew the details of Plaintiff's Petition in 2021

As indicated in her multiple pre-litigation communications with GreenSky, Plaintiff was never made aware of the merchant that assigned her loan to GreenSky but later confirmed that Oklahoma Windows was indeed informed of the facts of her complaint through GreenSky. (Exhibit 2-Parisi Declaration- ¶ 14).

For example, on December 1, 2021, GreenSky emailed Plaintiff, indicating it was investigating her claims:

> "I will be you[r] case manager for the case. We, at GreenSky, care about everything associated with your experience. This includes assisting you with any concerns, questions or issues you experience with a loan and/or your contractor/provider".

*See* Parisi Dec., ¶9, h. D.

On December 10, 2021, GreenSky, wrote to Plaintiff stating:

> "I am sorry and understand your frustration. I have reached out to the merchant about your concerns. Our records show you signed agreeing to the loan terms. Loan plan 7541, you will not be billed until the project is fully completed. Once completed, you will have 24 months with interest waived and required minimum payment due. Please call me if you have further questions."

*See* Parisi Executed Dec., ¶14,

3

Thus, it would be incredible for Oklahoma Windows to say it was not informed of the complaint's allegations, as it had begun to do business under Cashion's name back in 2020 and as successor to Cashion, was the area's only active entity using the trade name, Renewal by Andersen. *See* Doc. No. 16, Exhibit 2 (SOS Registration).  Clearly GreenSky was communicating with "the merchant", who by the time of Plaintiff's purported contract was none other than Oklahoma Windows.  Moreover, Cashion's attorney contacted undersigned counsel on January 20, 2023, to inform Plaintiff of the misidentified Defendant in the action, but did not provide the proper party identification (despite stating that he conducted the Cashion sale). Oklahoma Windows had notice of the Plaintiff's claims as indicated by Cashion's counsel during the above referenced call, followed by an email thread.  (Exhibit 1, Rawls Executed Declaration, ¶¶7 & 8)(Exhibit 1.3-Davidson Email to Rawls)(Exhibit 1.1-Certified Mail to Cashion).  Additionally, Oklahoma Windows was timely placed on notice of Plaintiff's claims when its Assignee, GreenSky, investigated her claims, making contact with Oklahoma Windows during its "investigations".  See Exhibit 2, Executed Parisi Declaration, ¶14)

B.  <u>Cashion and Oklahoma Windows Purposefully Misidentified Themselves</u>

A primary example of Oklahoma Window's purposeful "misdirection" is the fact that Oklahoma Windows refers to itself in its purported contract with Plaintiff, as "Renewal by Andersen of Oklahoma"; providing her only estimates of its Truth in Lending Act disclosures. (Exhibit 2- Installment Loan Agreement Estimates).  Plaintiff's mistake naming Cashion, rather than Oklahoma Windows as a Defendant was unavoidable; given Oklahoma Windows ambiguous use of franchise affiliation (Renewal by Andersen), rather than its true legal name.  Moreover, as the business card received by Plaintiff below makes clear, Oklahoma Windows door-to-door

salesman, Russell Kelley, likewise made no reference to his employer, Oklahoma Windows, instead simply identifying the entity behind him as Renewal by Andersen of Oklahoma:

---

RUSSELL KELLEY
Project Consultant
rkelley@renewalokIahoma.com

Phone 405 859 7472
Renewal by Andersen
5129 S. 110th E. Ave.
Tulsa, OK 74146
renewalbyandersen.com

RENEWAL
™ by/ANDERSEN of Oklahoma

---

See Exhibit 2, Executed Parisi Declaration, ¶5 ) ( Exhibit 2.1 Russ Kelley Business Card)

Not only does Defendant's business card fail to identify either Cashion or Oklahoma Windows as the entity seeking Plaintiff's business, it also has a different address than that listed as Oklahoma Windows' registered address with the Oklahoma SOS.

C.  Oklahoma Windows is Intentionally Deceptive in its Advertising Materials

It is noteworthy that even prior to Plaintiff's interactions with Defendants' salesman, Oklahoma Windows door-to-door salespersons, web sites, and telephone numbers are provided with the intent of confusing Oklahoma consumers like Plaintiff.  The following table represents the various business cards, direct mail and door-to-door advertisements that Plaintiff received before, during, and after her interaction with Oklahoma Windows' salesperson, Russell Kelly:

| See EXB.# | Web Site | Telephone | Named Agent | Address |
|---|---|---|---|---|
| 2.14 | Expertwindowchoice.com | 405-421-9297 | Jason Cashion | 50 NW 44th St OKC, OK |
| 2.15 | Anniversarywindowsale.com | 405-212-9710 | Jason Cashion | n/a |
| 2.21 | ExpertWindowChoice.com | 405-421-9297 | Jason Cashion | n/a |
| 2.12 | Finishmywindows.com | 405-400-1785 | Brian L. | 9201 Polaris Dr. Suite 200 OKC, OK |

## II.    Argument

### A.  Plaintiff's Amended Claims relate back to her original Petition

In its Response and Objection to Plaintiff's Motion to Amend, GreenSky completely ignores the fact that Plaintiff's proposed amendment relates back to her original petition and is therefore not futile. FRCP 15(c) provides, where an amendment would change a party or the naming of the party against whom a claim is asserted, "relation back" can occur if the party to be brought in by the amendment "has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." *Brown v. Uniroyal, Inc.*, 108 F.3d 1306, 1307 (10th Cir. 1997). Here, there will be no prejudice to Oklahoma Windows, which had notice of the claims through its assignee, GreenSky.

Relation back requires satisfaction of four factors:  (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed

6

limitations period. *Id.* (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986)). Importantly, relation back "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) (finding entitlement for relation back where Defendants were on notice of claims and litigation prior to expiration of limitations period). Here, Oklahoma Windows was placed on notice of Plaintiff's claims in 2021 at the time she disputed the alleged contract and loan charges with GreenSky. This fact is borne out by multiple emails informing Plaintiff of the details of its "investigation" and repeated assurances that it was in touch with "the merchant," none other than Oklahoma Windows.

Plaintiff's proposed claims against Oklahoma Windows relate back to the same set of facts as outlined in her original petition against Cashion; all of which are related to Oklahoma Windows, as Cashion's successor in interest. Thus, Oklahoma Windows knew about Plaintiff's purported contract and would have been informed of her dispute by its assignee GreenSky. *White v. Lewis,* No. CIV-13-862-C, 2014 WL 4444051, at *2 (W.D. Okla. Sept. 9, 2014) (quoting *Krupski*, 560 U.S. at 554) (focus should be on "what the prospective *defendant* knew or should have known . . . not what the plaintiff knew or should have known."). In this case, Plaintiff simply did not know that Oklahoma Windows was the successor to Cashion. But "it matters not whether the Plaintiff knew or could have known of the proper name for Defendants. Rather the focus must be on whether or not, within the time limits set forth by the federal rules, Defendants knew or should have known that an action existed." Here the facts demonstrate that Oklahoma Windows was on notice of Plaintiff's claims and this litigation.

B.  <u>Plaintiff Meets Three Prong Test of Conduct, Identity of Interest, and No Undue Prejudice</u>

In a very recent case, *Garza v. Fusion Indus.*, LLC, No. CIV-20-336-D, 2023 WL 2752854, at *5–7 (W.D. Okla. Mar. 31, 2023), the Court employed a three-part test used in several other circuits in order to determine whether plaintiffs' claims related back to the original pleading date. *Id.*, *5.  First, the Court noted that the approach was consistent with Fed. R. Civ. P. 15 (c)'s purpose "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."  *Id.* (quoting *Krupski*, 538 U.S. at 550).  Next the Court examined three prongs to determine relation back of the plaintiffs' claims: (1) conduct, transaction, or occurrence; (2) identity of interest; and (3) undue prejudice.  The Court found in *Garza*, as it is here, that it was evident that the conduct giving rise to the proposed amended claims mirrored the claims of conduct described in the original pleading.  *Id.*, *6.  Because the claims were identical, as they are here, the Court found the claims necessarily arose "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading. *Id.*

Next, although sufficiency of identity of interest was considered on the plaintiffs' side on behalf of an opt-in plaintiff class in *Garza*, the principles are the same. The Court analyzed whether the claims of the parties originally in the litigation were similar to those of the parties sought to be added. *Id.*  Here it is simply a question of whether the proposed Defendant is actually standing in the shoes of the original Defendant, and responsible for the same conduct of which Plaintiff complains.  Surely the fact that the proposed defendant is the successor in interest to the original defendant, and clearly had notice of Plaintiff's claim through its communications with its assignee, GreenSky, means that there is sufficient identity of interest.

8

Finally, the Court concluded in *Garza* that there did not appear to be prejudice to Defendant if the claims were permitted to relate back to the original pleading. *Id*., \*7.  That is also the case here where the litigation is in its very preliminary stages.  No scheduling order has been entered, and discovery has not yet begun.  There is no undue prejudice to the proposed Defendant in such circumstances. Viewing Plaintiff's Petition in the light most favorable to her, Oklahoma Windows should be a named Defendant. *See also Ferlaino v. Crossland Constr. Co*., *Inc*., No. CIV-20-939-C, 2020 WL 7480136, at \*1 (W.D. Okla. Dec. 18, 2020) (proper inquiry is what proposed defendant knew or should have known with court's determination based on the allegations in plaintiffs petition, viewing those allegations in the light most favorable to plaintiffs). Prior to the filing of this action, Oklahoma Windows was aware that its assignee GreenSky was dealing with Plaintiff's disputed contract and was successor in interest to named Defendant, Cashion.  Thus, it is clear that at the time of filing the lawsuit these two Defendants were related companies. Viewing these facts in the light most favorable to Plaintiff, Oklahoma Windows knew or should have known "that it was the proper defendant and would have been sued but for a mistake concerning the identity of the proper party[.])". *Anderson v. Deere & Co*., 852 F.2d 1244, 1247 (10th Cir. 1988) (internal citation marks omitted) (relation back "flows as a consequence of the application of the Rule [15 (c)]").

## III.   Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court grant Plaintiff's good faith Motion to Amend her Petition and allow the proper Defendants to be named in this action.

Respectfully Submitted,

/s/M. Kathi Rawls
M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145
Rawls Gahlot, PLLC
2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225
Email: kathi@rawlsgahlot.com
Email: minal@rawlsgahlot.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on June 20th, 2023 a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

/s/M. Kathi Rawls

10