### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-23-115-R** |
| | ) | |
| (1) C CASHION WINDOWS, LLC | ) | |
| d/b/a RENEWAL BY ANDERSON | ) | |
| OF OKLAHOMA, | ) | |
| and | ) | |
| (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO <u>AMEND PETITION TO CORRECT NAMED DEFENDANT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Order dated June 5, 2023 [Doc. 26] (the "Order") in this case, Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), subject to and without waiving its Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration [Doc. 17], files this response to Plaintiff's Supplemental Motion to Amend Petition to Correct Named Defendant and the Caption of the Case [Doc. 27] (the "Supplemental Motion to Amend"). In opposition to the Supplemental Motion to Amend, GreenSky respectfully shows as follows:

1

**I.**

**PLAINTIFF FAILED TO PROVIDE THE BRIEFING REQUIRED IN THE ORDER, AND HAS THEREFORE WAIVED ANY ARGUMENTS RELATED TO THE APPLICATION OF 28 U.S.C. § 1447(e)**

In its original Response to Plaintiff Susan Parisi's Motion to Amend Petition to Correct the Named Defendant and the Caption of the Case [Doc. 22] (the "Original Response to Motion to Amend"), GreenSky presented briefing to the Court supporting its arguments that Plaintiff's request to amend her pleadings to add Oklahoma Windows & Doors, LLC d/b/a Renewal by Andersen of Oklahoma ("Oklahoma Windows") as a defendant (1) is barred by the statute of limitations and is, therefore, futile[1] and (2) is an attempt to avoid federal jurisdiction.[2]  In its Order, the Court directed Plaintiff to file a supplemental brief addressing both of these arguments.  Despite being ordered by the Court to brief GreenSky's argument that the Motion to Remand is an improper attempt to avoid federal jurisdiction, Plaintiff included no reference at all to that argument in her Supplemental Motion to Amend, instead focusing solely on the futility argument.  By limiting her Supplemental Motion to Amend to the futility argument, Plaintiff has waived any right to contest Defendant's argument that Plaintiff's attempt to join Oklahoma Windows as a defendant is an improper effort to avoid federal jurisdiction.  *See, e.g., Midwest City Regional Hosp. v. General Ins. Co. of Am.*, 108 F.3d 1388 (10th Cir. 1997); *Cousin v. Colvin*, Case No. CIV-15-150-D, 2015 WL 13741826, at *3 n.3 (W.D. Okla. Dec. 22, 2015).

---

[1] These arguments are set forth on pp. 3-6 of the Response.

[2] These arguments are set forth on pp. 6-10 of the Response.

2

## II.
## PLAINTIFF'S MOTIVE IN ATTEMPTING TO JOIN OKLAHOMA WINDOWS IS TO ATTEMPT TO AVOID FEDERAL JURISDICTION

Although Plaintiff has not expressly contested GreenSky's argument that her request to join Oklahoma Windows as a defendant is an attempt to avoid federal jurisdiction, the Supplemental Motion to Amend actually includes evidence and admissions supporting GreenSky's argument that Plaintiff's motive in seeking to join Oklahoma Windows as a defendant is to attempt to provide grounds to support a remand of this case to state court.

In Plaintiff's Motion to Remand (the "Motion to Remand") [Doc. 8], Plaintiff sought to avoid federal jurisdiction under the Class Action Fairness Act ("CAFA") by arguing there is a local Oklahoma defendant against which she has substantial claims. *See* Motion to Remand, pp. 6, 9-10. If Plaintiff fails to establish there is such a "local defendant," her efforts to remand this case to state court will fail. *See Dutcher v. Matheson*, 840 F.3d 1183, 1190-91, 1194 (10th Cir. 2016); *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014). Initially, Plaintiff asserted that "local defendant" was C Cashion Windows, LLC d/b/a Renewal by Andersen of Oklahoma ("Cashion Windows").

Although GreenSky had no previous notice of any service upon Cashion Windows, Plaintiff alleges in the Supplemental Motion to Amend that she served Cashion Windows in this case through the mail on or about December 29, 2022. *See* Supplemental Motion to Amend, Exhibit 1 (¶ 7). Even if Cashion Windows was properly served by mail, there has been no appearance filed by Cashion Windows in this case. Yet, Plaintiff did absolutely nothing to take a default judgment against Cashion Windows or otherwise pursue her

claims against Cashion Windows in the several months that passed after service would have been effected.

After allegedly mailing citation to Cashion Windows, Plaintiff's counsel states that she received a telephone call from an attorney for Cashion Windows in January, 2023, advising her that Plaintiff had "misidentified" the window company that had contracted with Plaintiff to install the windows at her house, and that Cashion Windows had been sold in 2020 (prior to the events alleged in this case). *See* Supplemental Motion to Amend, Exhibit 1 (¶¶ 8); (Exhibit 1 – 3.1.23 Davidson Email to Rawls). Nevertheless, Plaintiff apparently made no effort to investigate these statements of the Cashion Windows lawyer or otherwise join Oklahoma Windows as a defendant in this case, even though Plaintiff admits she received a mailer identifying Oklahoma Windows as the window provider in August of 2022 – well before she ever filed this lawsuit. *See* Original Motion to Amend, Plaintiff's Exhibit 1. Instead, thinking she had an Oklahoma-based entity to block diversity jurisdiction, Plaintiff filed her Motion to Remand on March 6, 2023, asserting, among other things, that there was a "substantial" claim against a "local defendant" to preclude federal court jurisdiction under CAFA. *See* Motion to Remand, pp. 6, 9-10. Thus, with full knowledge there was a question as to whether she had sued the right window provider, Plaintiff nevertheless attempted to use Cashion Windows as the "local defendant" to argue this case should be remanded to state court.

In its Response to Plaintiff's Motion to Remand (the "Remand Response") [Doc. 13], filed on April 10, 2023, GreenSky established that Cashion Windows is *not* an Oklahoma citizen, but is instead a Texas limited liability company with its principal place

of business in Texas. *See* Remand Response, pp. 5-6. It was only *after* GreenSky showed Cashion Windows was not, in fact, a local defendant that Plaintiff filed her Motion to Amend seeking to join Oklahoma Windows as an Oklahoma-based defendant on April 28, 2023. Clearly, Plaintiff's concern is not that she have the *right* window merchant as a defendant, but an *Oklahoma* defendant as a potential ticket back to state court.

In sum, the following timeline shows the progression of Plaintiff's efforts to attempt to name a "local defendant" to attempt to avoid jurisdiction in this Court:

| DATE | EVENT |
|---|---|
| August, 2022: | Plaintiff receives mailer identifying Oklahoma Windows as window provider; |
| November 22, 2022: | Plaintiff files this Lawsuit naming Cashion Windows, not Oklahoma Windows, as a defendant; |
| December 29, 2022: | Plaintiff allegedly mails citation to Cashion Windows; |
| January 20, 2023: | Attorney for Cashion Windows contacts counsel for Plaintiff to advise Cashion Windows is not a proper defendant; |
| March 6, 2003: | Plaintiff files Motion to Remand, asserting she has substantial claims against Cashion Windows, and that Cashion Windows is an Oklahoma defendant; |
| April 10, 2023: | GreenSky files Remand Response showing that Cashion Windows is a Texas company with its principal place of business in Texas; |
| April 28, 2023: | Plaintiff files her Original Motion to Amend and join Oklahoma Windows as a defendant, asserting Oklahoma Windows is an Oklahoma defendant; |
| May 17, 2023: | GreenSky files its Original Response, asserting, among other things, that Plaintiff's purpose in seeking to join Oklahoma Windows is to provide basis for remand; |

June 5, 2023:  The Court enters the Order directing Plaintiff to provide briefing on GreenSky's argument that Plaintiff's purpose in seeking to join Oklahoma Windows is to provide basis for remand;

June 20, 2023:  Plaintiff files Supplemental Motion to Remand that does not address GreenSky's argument that Plaintiff's purpose in seeking to join Oklahoma Windows is to provide basis for remand.

## III.
## THE COURT SHOULD EXERCISE ITS DISCRETION UNDER 28 U.S.C. § 1447(e) TO DENY PLAINTIFF'S ATTEMPT TO JOIN OKLAHOMA WINDOWS TO CREATE GROUNDS TO REMAND THIS CASE TO STATE COURT

As discussed in GreenSky's response to the Motion to Remand, Congress anticipated that parties like Plaintiff would attempt to undo the removal of cases to federal court by joining non-diverse defendants after removal and then seeking to remand the case to state court. In 28 U.S.C. § 1447, Congress gave federal courts discretion to deny these post-removal joinder requests if it appears they are for the purpose of destroying federal court jurisdiction. 28 U.S.C. § 1447(e). *See* 28 U.S.C. § 1447(e); *Barton v. Foremost Ins. Co.,* No. CIV-09-245-D, 2010 WL 11508451, at *1–2 (W.D. Okla. Jan. 13, 2010). Although courts may consider a number of factors in determining whether to permit joinder of a local defendant after remand, "[d]etermining whether the purpose of the amendment is to defeat federal jurisdiction is the most important factor when reviewing a motion to amend a complaint under § 1447(e)." *Davis v. Owners Ins. Co*., 29 F. Supp.3d 938, 943 (E.D. Ky. 2014). Under the circumstances outlined above, it is apparent that is Plaintiff's true motive in this case.

6

Aside from the fact that Plaintiff has done nothing to actually pursue a claim against either Cashion Windows or Oklahoma Windows other than pleading allegations, and that Plaintiff waited until after it was clear her Motion to Remand would fail before she sought to join Oklahoma Windows, Plaintiff does not need Oklahoma Windows as a defendant in this case for any purpose other than to attempt to defeat federal court jurisdiction. Plaintiff's proposed class action claims are based on alleged deficiencies in disclosures related to consumer financing. GreenSky – not Cashion Windows or Oklahoma Windows – was the entity involved with financing. The loan agreement is solely between Plaintiff and BMO Harris Bank N.A. with GreenSky as the servicing agent. The only claims Plaintiff could properly assert against Oklahoma Windows would be claims related to the windows themselves. Any such claims involving the windows and Plaintiff's unique interactions with Oklahoma Windows involving the windows could not be the proper subject of a class action suit, as such claims would be based on facts and circumstances specific to each person who purchased windows.

Moreover, there is no basis for Plaintiff to assert that GreenSky somehow lacks the assets to satisfy any judgment in this case. In fact, it is Cashion Windows and Oklahoma Windows that may have difficulty satisfying any judgment. Under the circumstances, Plaintiff cannot show that she is somehow prejudiced in her ability to pursue her financial disclosure claims and collect on such claims in the unlikely event she is successful. *See Barton,* 2010 WL 11508451, at *1 (stating that "whether the plaintiff will be significantly injured if joinder is not allowed" is a factor in determining whether to permit joinder); *see also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v.*

*Bayer CropScience* L.P., 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).

Significantly, 28 U.S.C. § 1447(e) is designed and intended to protect the original defendant's interest in the choice of the federal forum in cases that have been removed to federal court.   *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Accordingly, the Court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure. *Id.; see Kleopa v. Prudential Inv. Management, Inc.,* No. 08–81386–CIV, 2009 WL 2242606, at *2 (S.D. Fla. 2009).   The Court should deny leave to amend unless strong equities support the amendment.  *Smith v. White Consol. Industries, Inc.,* 229 F.Supp.2d 1275, 1281 (N.D. Ala.2002).

In the Supplemental Motion to Amend, Plaintiff completely ignores the fact that the standards for granting a motion to join a non-diverse defendant after removal under 28 U.S.C. § 1447 are far more stringent than the general rule for granting pleading amendments set forth in Federal Rule of Civil Procedure 15.  In fact, none of the cases cited by Plaintiff in her Supplemental Motion to Amend involved post-removal joinder of an additional defendant. *See, e.g., Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1247 (10th Cir. 1988); *Garza v. Fusion Indus.*, No. CIV-20-336-D, 2023 WL 2752854, at *5-7 (W.D. Okla. Mar. 31, 2023); *Ferlaino v. Crossland Constr. Co., Inc*., No. CIV-20-939-C, 2020 WL 7480136, at *1 (W.D. Okla. Dec. 18, 2020).   Accordingly, those cases applied the liberal pleading amendment rules of Federal Rule of Civil Procedure 15 instead of the stricter requirements

8

of 28 U.S.C. § 1447(e).  Because those cases used a different standard than the standard that actually applies here, they do not support Plaintiff's claim that she should be permitted to join Oklahoma Windows as a defendant after removal in this case.[3]

**IV.**
**CONCLUSION AND REQUESTED RELIEF**

In sum, Plaintiff has not shown in her Supplemental Motion to Amend that she is entitled to amend her pleading to join Oklahoma Windows as an additional defendant. Accordingly, GreenSky respectfully requests this Court deny Plaintiff's Motion to Remand and Supplemental Motion to Amend.  GreenSky also requests that the Court direct Plaintiff to respond to consider and rule on GreenSky's Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration [Doc. 17], and to consider and rule on that motion since the earlier motion to remand has been denied.  Finally, GreenSky prays that the Court grant GreenSky any other and further relief of any nature to which GreenSky may be justly entitled.

---

[3] Although this Response primarily addresses the 28 U.S.C. § 1447(e) argument, GreenSky does not intend to waive its futility arguments as set forth in its Original Response to Motion to Amend, which are incorporated by reference herein.  *See* Original Response to Motion to Amend, pp. 3-6.  In addition, while acknowledging Oklahoma Windows would have to have knowledge of this lawsuit for the relation back rule to apply, Plaintiff has not shown that Oklahoma Windows had knowledge of the *lawsuit*, as opposed to any claim that may have eventually resulted in the lawsuit.  Accordingly, GreenSky asserts Plaintiff has not established the application of the relation back rule to Oklahoma Windows in this case.

Respectfully submitted,

Dated: June 27, 2023

*s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
**Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC**

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of June, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com
***Attorneys for Plaintiffs***

*s/ Kyle R. Prince*

11