**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a) | | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, and (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, OBJECTION TO USE OF CONSENT ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), files this Objection to Plaintiff's proposed use of a 2021 Consent Order in a previous administrative proceeding before the United States Consumer Financial Protection Bureau (the "Consent Order") to attempt to establish the factual bases of her claims and those of the purported class she seeks to represent in this case.

In her Amended Petition and Motion to Certify a Class Action (the "Petition"), Plaintiff asserts that GreenSky's alleged conduct violated a Consent Order dated July 12, 2021 issued by the United States Consumer Financial Protection Bureau (the "Consent Order"). *See* Petition, ¶ 85. Plaintiff has also referenced the Consent Order in her Response

1

in Opposition to Defendant GreenSky, LLC's Motion to Compel Arbitration as to All

Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending

Arbitration.  The Consent Order has no effect on Plaintiff's claims in this lawsuit, and is

not even admissible in evidence.  As a consequence, Plaintiff's allegations in the Petition

and proposed use of the Consent Order in this proceeding are completely unavailing.

Consent orders are considered to be contractual in nature.  *Reynolds v. Roberts*, 207

F.3d 1288, 1300 (11th Cir. 2000); *Dunn v. Carey*, 808 F.2d 555, 559 (7th Cir. 1986);

*Reynolds v. Alabama Dep't of Transp.,* 185 F. Supp. 2d 1275, 1279–80 (M.D. Ala. 2000).

The United States Supreme Court has described consent orders as follows:

> Consent decrees are entered into by parties to a case after
> careful negotiation has produced agreement on their precise
> terms. The parties waive their right to litigate the issues
> involved in the case and thus save themselves the time,
> expense, and inevitable risk of litigation. Naturally, the
> agreement reached normally embodies a compromise; in
> exchange for the saving of cost and elimination of risk, the
> parties each give up something they might have won had they
> proceeded with the litigation. Thus, the *decree* itself cannot be
> said to have a purpose; rather the *parties* have purposes,
> generally opposed to each other, and the resultant decree
> embodies as much of those opposing purposes as the respective
> parties have the bargaining power and skill to achieve.

*Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S.

501, 522, (1986) (quoting *United States v. Armour & Co.,* 420 U.S. 673, 681-82 (1971)).

The Consent Order between GreenSky and the U.S. Consumer Financial Protection

Bureau is no exception.  It reflects that GreenSky consented to the issuance of the Consent

Order "without admitting or denying any of the findings of fact or conclusions of law."

Consent Order, ¶ 2.  The Consent Order reflects an agreement rather than a judgment on

the merits entered after a full and fair litigation of the issues that are the subject of the Consent Order.  Further, Plaintiff was not a party to the Consent Order.  As a consequence, the Consent Order does not have res judicata or collateral estoppel effect on any of the issues in this case.  *See Dennis v. County of Fairfax,* 55 F.3d 151, 154 (4th Cir.1995) (finding that an employer's signing of a consent decree in a Title VII case was not a confession of liability and did not bind the parties in future litigation as an admission of wrongdoing).

Aside from the fact the Consent Order does not establish any facts for purposes of Plaintiff's claims, the Consent Order is not even admissible in evidence in this case. Plaintiff was not a part of the proceeding in which the Consent Order was entered, and the Consent Order does not in any way address Plaintiff's claims.  Based on the allegations in the Petition and subsequent filings of Plaintiff, GreenSky anticipates Plaintiff will attempt to use the Consent Order to assert that GreenSky allegedly acted improperly with respect to Plaintiff's loan transaction in this case.  It is clear, however, that Plaintiff cannot use the Consent Order for that purpose in this case.  *See Gribben v. United Parcel Serv., Inc.,* 528 F.3d 1166, 1172 (9th Cir. 2008) (upholding exclusion of "no fault" consent decree based on finding it was "irrelevant and would have been unduly prejudicial, confusing, and misleading"); *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982) (holding prior consent decree was not admissible in evidence where there was no finding of culpability of defendant); *Option Res. Grp. v. Chambers Dev. Co.,* 967 F. Supp. 846, 850 (W.D. Pa. 1996) (holding "evidence pertaining to the fact of compromise and settlement of the SEC administrative proceedings and the Consent and Final Judgment issued in the

related civil proceeding in this Court must be excluded under Rule 408, which includes statements and conduct made in the course of compromise negotiations").

Further, evidence of the Consent Order is not admissible because it constitutes statements and conduct made in the course of settlement negotiations. *See* FED. R. EVID. 408; *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 535–37 (D.N.J. 2008) ("Courts have consistently held that Rule 408's exclusionary provision is not limited to settlements between private parties, but also applies to civil consent decrees between private parties and government agencies."); *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 658–59 (E.D.N.Y. 2012) (holding a plaintiff may not rely on a consent decree, the respondent to which disputed the findings but nevertheless settled the claims); *Option Res. Grp. v. Chambers Dev. Co.,* 967 F. Supp. 846, 850 (W.D. Pa. 1996) (holding "evidence pertaining to the fact of compromise and settlement of the SEC administrative proceedings and the Consent and Final Judgment issued in the related civil proceeding in this Court must be excluded under Rule 408, which includes statements and conduct made in the course of compromise negotiations").

Accordingly, GreenSky objects to Plaintiff's proposed use of the Consent Order in this case for any purpose.

Respectfully submitted,

Dated: September 7, 2023

*s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

    -and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
***Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC***

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com

***Attorneys for Plaintiffs***

*s/ Kyle R. Prince*