**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a | ) | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, and (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, BRIEF IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**

Defendant, GreenSky, LLC (hereinafter "GreenSky"), incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), subject to and without waiving its motion to compel arbitration, files this Brief in Support of Motion to Dismiss All Claims asserted by Plaintiff Susan Parisi ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(3). This case is based on a loan agreement involving Plaintiff, which contains a mandatory arbitration provision directing the parties to resolve and dismiss or stay Plaintiff's claims in this case pending the outcome of arbitration. In support of the Motion, GreenSky respectfully shows as follows:

1

## I.
## <u>INTRODUCTION</u>

In her Amended Petition and Motion to Certify a Class Action (the "Petition"), Plaintiff has filed a putative class action against GreenSky and purports to assert claims against GreenSky under the Oklahoma Consumer Credit Code. Plaintiff's claims against GreenSky, which arise from a loan document captioned "Installment Loan Agreement" (hereinafter "Loan Agreement"), should be resolved through arbitration. The Loan Agreement contains, among other provisions: (1) an arbitration agreement; (2) an agreement to arbitrate "any claim, dispute or controversy of every kind and nature, whether based in law or equity, between you and us arising from or relating to your Loan Agreement . . . , including the validity, enforceability or scope of this Arbitration Provision or the Agreement"; and (3) an agreement to arbitrate all "Claims" individually.

Based on the arbitration provision contained in the Loan Agreement, this Court is not the proper forum to decide the claims and issues raised in the Petition. Accordingly, GreenSky seeks dismissal of this case under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

## II.
## <u>RULE 12(b)(3) APPLICABILITY AND STANDARDS</u>

Federal Rule of Civil Procedure 12(b)(3) provides that a claim for improper venue may be raised in the form of a motion instead of a responsive pleading. FED. R. CIV. P. 12(b)(3). A Rule 12(b)(3) motion may raise issues relating to arbitration. *See Rock Roofing, LLC v. Travelers Cas. And Sur. Co. of Am.*, 413 F. Supp.3d 1122, 1128-32

(D.N.M. 2019); *Samson Offshore Co. v. Chevron U.S.A., Inc.*, No. 11-CV-0109-CVE-TLW, 2011 WL 1238435, at *3 n.7 (N.D. Okla. Mar. 30, 2011).

The Court may properly consider evidence in connection with a Rule 12(b)(3) motion without converting the motion into a motion for summary judgment. *See Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260 (10th Cir. 2012) (noting that motions claiming improper venue based on an arbitration clause are reviewed as motions to dismiss for improper venue under Rule 12(b)(3) and that in reviewing such motions, the Court may "consider[ ] evidence outside the complaint such as ... affidavits"). Once challenged, Plaintiff bears the burden of proving proper venue. *See Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). To that end, the facts alleged in the Petition are taken as true, but only "to the extent that such facts are uncontroverted by [GreenSky's evidence]." *Stevens Trucking Co. v. Amazon.com Servs., LLC*, No. CIV-22-64-J, 2022 WL 19403833, at *2 (W.D. Okla. Apr. 26, 2022) (quoting *Pierce*, 137 F.3d at 1192).

## III.
## EVIDENCE

GreenSky offers the following evidence in support of this Motion to Dismiss:

1.      Defendant GreenSky, LLC's, Incorrectly Identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration filed in this case on April 28, 2023 [Doc. 18] without exhibits, which is attached as Exhibit 1 (hereinafter referred to as the "Motion to Compel Arbitration").

2.      Plaintiff's Petition filed on August 21, 2023 [Doc. 36] without exhibits, which is attached as Exhibit 2.

3.      GreenSky Shopping Pass, which is attached as Exhibit 3.

4.      Installment Loan Agreement/Non-Negotiable Consumer Note (the "Loan Agreement"), which is attached as Exhibit 4.

5.       Declaration of Timothy D. Kaliban dated April 27, 2023 ("Kaliban Declaration"), with Exhibits 1-4 attached thereto, which is attached as Exhibit 5.

## IV.
## FACTS AND ALLEGATIONS RELATED TO PLAINTIFF'S CLAIMS

1.  On November 23, 2021, Plaintiff claims that she met with a representative of Defendant Oklahoma Windows and Doors, LLC d/b/a Renewal by Andersen of Oklahoma ("Andersen") to discuss the purchase and installation of replacement windows for her home.  *See* Petition, ¶ 60.

2.  Plaintiff claims that the above representative explained a financing option, serviced through GreenSky, for Plaintiff to purchase the replacement windows.  *See id.*, ¶ 61.

3.  Plaintiff alleges that said representative told her that she could purchase the replacement windows with zero money down and zero interest on the loan for two years, and that payments would not be due until two years after the installation.  *See id.*

4.  Further, Plaintiff alleges that she discussed with said representative that she wanted to replace nine windows.  *See id.*, ¶ 63-64.

5.  A split plan installation was also discussed whereby five out of the nine windows would be installed first, with the remaining four windows installed later. *See id.*, ¶ 64.

6.  Plaintiff claims that she was shown on an iPad that she was approved for the loan terms mentioned above. *See id.*, ¶ 65.

7.  Plaintiff claims that based on her conversation with the representative described above, she agreed to purchase the replacement windows. *See id.*, ¶ 67.

8.  Further, Plaintiff claims that she was never shown the disclosures or informed of the interest that she would have to pay on the loan. *See id.*, ¶ 68.

9.  Because Plaintiff agreed to purchase the replacement windows and was approved for a loan with BMO Harris Bank, NA, serviced by GreenSky, a Loan Agreement was created that established Plaintiff's contractual agreement with GreenSky, as the servicing agent of Plaintiff's loan with BMO Harris Bank, NA. *See* Exhibit 4, Loan Agreement, ¶ 25.

10.    The Loan Agreement contains an arbitration agreement mandating that all claims between Plaintiff and GreenSky "will be resolved through binding arbitration" conducted pursuant to the Federal Arbitration Act (the "FAA"). *Id.*

11.    The terms and provisions of in the arbitration agreement are set forth in Paragraph 25 of the Loan Agreement attached as Exhibit 4.  Such terms and provisions are also more fully described on pages 4-6 of the Motion to Compel Arbitration, which is attached as Exhibit 1.

12.    The facts and circumstances surrounding Plaintiff's approval and use of the Loan Agreement are set forth in Paragraphs 7-30 of the Kaliban Declaration, which is attached as Exhibit 5.  Such facts and circumstances are also more fully described on pages 6-10 of the Motion to Compel Arbitration, which is attached as Exhibit 1.

## V.
## ARGUMENTS AND AUTHORITIES

The FAA codifies a national policy in favor of arbitrating claims when parties contract to settle disputes by arbitration, and compels judicial enforcement of a wide range of written arbitration agreements. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). Section 4 of the FAA empowers a "party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration" to "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

The FAA mandates that district courts "shall" enforce arbitration agreements "in accordance with the terms of the agreement." *Id.*; *see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). This provision codifies the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The court is to make this determination by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Mitsubishi Motors Corp. v. Soler Chrysler-*

6

*Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2 (1983)). The "parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Id.* And, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *See id.*

Further, under the FAA, a district court should dismiss or stay a suit involving an arbitration clause under the following circumstances:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

In this case, there was clearly an agreement to arbitrate between GreenSky and Plaintiff, as reflected in the extensive language set forth in the Loan Agreement. See Exhibit 4, ¶ 25. Also, there is no question that Plaintiff understood and agreed to have GreenSky service a loan so she could receive services from Andersen. *See* Exhibit 5, Kaliban Declaration, ¶¶ 12-17. Moreover, BMO Harris Bank, NA offered to lend funds to Plaintiff, with GreenSky acting as the servicing agent, as reflected in the terms and conditions of the Loan Agreement. *See id.*; *see also* Exhibit 3, GreenSky Shopping Pass, p. 1 (stating Plaintiff was "approved" for loan proceeds up to $17,744.00).

It is undisputed that Plaintiff had the opportunity to review the Loan Agreement, containing the arbitration provision and class action waiver, when the Loan Agreement was sent to a valid email address that Plaintiff herself provided on her loan application with GreenSky, and then later used that same email address to communicate with GreenSky. *See* Exhibit 5, Kaliban Declaration, ¶¶ 23-27.  Plaintiff authorized the loan proceeds to be disbursed to Andersen, under the terms of the Loan Agreement, which contained the arbitration and class action waiver provisions. *See id.* ¶ 28.

GreenSky's right to arbitration is further supported by the arguments and legal authorities set forth on pages 10-18 of the Motion to Compel Arbitration, which is attached as Exhibit 1 and fully incorporated by reference herein.  Additionally, GreenSky incorporates all of the briefing, arguments and authorities set forth in Defendant Greensky, LLC's, Incorrectly Identified as BMO Harris Bank, NA d/b/a Greensky, LLC, Reply Brief in Support of Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration [Doc. 42] filed in this case.

## VI.
## CONCLUSION

WHEREFORE, GreenSky respectfully requests that this Court grant this Motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and dismiss all of Plaintiff's claims against GreenSky in this case so such claims can be decided in arbitration.

Respectfully submitted,

Dated: September 25, 2023

s/ Kyle R. Prince
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
**Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC**

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of September, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com

*Attorneys for Plaintiffs*

*s/ Kyle R. Prince*