IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN PARISI,<br><br>                     Plaintiff,<br><br>v.<br><br>OKLAHOMA WINDOWS AND DOORS, LLC d/b/a RENEWAL BY ANDERSON OF OKLAHOMA, and BMO HARRIS BANK, NA d/b/a GREENSKY, LLC,<br><br>                     Defendant. | Case No.: 5:23-cv-00115-R |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GREENSKY, LLC'S OBJECTION TO USE OF CONSENT ORDER**

Plaintiff, Lt. Col. Susan Parisi (Ret.) ("Parisi") responds in opposition to Defendant GreenSky, LLC's ("GreenSky") Objection to Use of Consent Order (the "Objection") [Doc. No. 43] and states:

Defendant's Objection is improper, directly in violation of Fed. R. Civ. P 7(b) and Local Rule LCvR7.1., and lacks any other basis in this Court's local rules or the Federal Rules of Civil Procedure. Notwithstanding that GreenSky's Objection is not pursuant to and in violation of the federal and local rules, it is substantively without merit.

The Consent Order (in its entirety) has been part of this Court's record on this matter since May 1, 2023. *See* Doc. No. 19 and Exhibit, Doc. No. 19-1 attached (Consent Order). At no point previously in over four months since Parisi filed the Consent Order has GreenSky moved to strike it from the record, and thus GreenSky's objection to its use "in

this case for any purpose" has been waived (even if GreenSky's Objection was pursuant to federal and local rules of civil procedure, which is not the case). The Consent Order is admissible and highly probative, and any prejudice to Greensky is far outweighed by its relevance to the court's analysis of the issues before it.  GreenSky's Objection should be denied.

I.     **ARGUMENT**

    A.     **Background**

This lawsuit is about the deceptive practices that GreenSky uses to lock consumers like Parisi into unauthorized loan agreements. This same conduct by GreenSky was the central issue in the Consent Order issued by the Consumer Financial Protection Bureau ("CFPB"), which details GreenSky's scheme to lure consumers into paying on loans they never authorized. As a result of GreenSky's conduct, the CFPB required the company to refund or cancel millions in loans for customers harmed by its illegal practices, pay a $2.5 million civil penalty, and implement new procedures to prevent future fraudulent loans.[1]

Under the terms of the Consent Order, GreenSky was required to rectify its conduct in exchange for resolving its potential liability for violations of law.  However, as Parisi's Amended Petition and Motion to Certify a Class Action ("Petition") allege, Greensky's prohibited practices continue. GreenSky cannot now attempt to whitewash the record with

---

[1] *See* CFPB website, newsroom, available at https://www.consumerfinance.gov/about-us/newsroom/cfpb-takes-action-against-fintech-company-greensky-for-enabling-merchants-to-secure-loans-for-consumers-without-their-authorization/#:~:text=The%20CFPB%20issued%20a%20consent,to%20prevent%20future%20fraudulent%20loans (last visited September 21, 2023).

its belated and untethered demand to exclude critical, highly relevant evidence, simply because it is unfavorable. GreenSky's objection to the use of the Consent Order "for any purpose," prior to class certification, let alone trial, and long after the evidence was first entered into the record is due to be denied.

### B. Greensky's Objection Has No Basis Under Federal or Local Rules and Is Untimely

GreenSky provides no authority in either federal or local rules that permit Greensky's Objection. Fed. R. Civ. P. 7 (b) provides that a request for a court order must be made by motion. This Court's local rule provides that "[e]ach brief shall be clearly titled to show whether it is an opening, response, reply, or supplemental and the particular motion or proceeding to which it relates. LCvR7.1. GreenSky's Objection is clearly in violation of these federal and local rules.

Furthermore, the Consent Order (in its entirety) has been part of the record since at least May 1, 2023. *See* Doc. No. 19-1. Greensky did not object to the exhibit until now, and has thus waived any objection. *See Burke v. Regalado*, 935 F. 3d 960, 1014 (10th Cir. 2019) (citing Fed. R. Evid. 103(a)(1)(B)) (A party forfeits an evidence objection by failing to timely object or move to strike). The Supreme Court made this clear in *Puckett v. United States*:

> If a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue. If he fails to do so in a timely manner, his claim for relief from the error is forfeited. "No procedural principle is more familiar to this Court than that a ... right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).

556 U.S. 129, 134 (2009).

This court has likewise concluded that any evidentiary objections must be made at the time that the evidence is offered. *See Sorensen v. City of Aurora*, 984 F.2d 349, 355 (10th Cir.1993) (failure to make timely objection effectively precludes consideration of issue on appeal.) (emphasis added); *Vallejos v. C.E. Glass Co.*, 583 F.2d 507, 511 (10th Cir.1978) (The proper time to object to the admission of evidence is at the time it is offered.). GreenSky waited over four months to object to this Court's consideration of the Consent Order and makes no attempt to explain its failure. Accordingly, GreenSky's attempt to rule out use of the Consent Order should be denied.

    **C.**    **The Consent Order with CFBP is Admissible Evidence and the Court can take Judicial Notice of It**

Greensky claims that the Consent Order is prohibited from introduction by Federal Rule of Evidence 408, which generally bars the introduction of settlement agreements as evidence of prior wrongdoing. This is incorrect.

The Consent Order is admissible evidence and this Court can take judicial notice of it. Under Federal Rule of Evidence 201, "[t]he [C]ourt ... must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). "The [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Such sources include a Consent Order available on the CFPB website. *See Navaho Nation v. Wells Fargo & Co.,* 2018 WL 6173755, *2 (D. N.M. June 20, 2018) (citing to fed. R. Evid. 201(c), and noting that sources

whose accuracy cannot reasonably be questioned include public records, such as judicial and administrative filings and documents available on a federal agency website) (citing *New Mexico ex rel. Richardson v. Bureau of Land Mgmt.*, 565 F.3d 683, 702 n.22 (10th Cir. 2009).

Indeed, "that courts may take judicial notice of consent orders and similar agreements is settled beyond peradventure." *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609, 649 (N.D. Ill. 2019) (citing *e.g., Vill. of DePue, Ill. v. Viacom Int'l, Inc.*, 713 F.Supp.2d 774, 776 n.3 (C.D. Ill. 2010) ("Judicial notice of the Consent Order is appropriate here, as its terms are not subject to reasonable dispute.") (citing *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997)); *Commodity Futures Trading Comm'n v. Co. Petro Mktg. Grp., Inc.*, 680 F.2d 573, 584 (9th Cir. 1982) (taking judicial notice of consent judgments entered against defendant because "evidence was relevant to show Goldstein's familiarity with commodities laws and was admissible to rebut Goldstein's contention that Co. Petro's actions were, at worst, innocent, technical violations"); *Shadow v. Midland Credit Mgmt., Inc.*, No. 3:17-CV-02277-L-BLM, 2018 WL 4357980, at *3 n.1 (S.D. Cal. Sept. 13, 2018) (consent decree between CFPB and Midland Credit Management); *Spence v. Basic Research*, 2018 WL 1997310, at *6 (D. Utah Apr. 27, 2018) (taking judicial notice of consent order between defendants and the Federal Trade Commission); *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, 2017 WL 4049253, at *4 (S.D.N.Y. June 28, 2017) (taking judicial notice of consent order between Deutsche Bank and the New York State Department of Financial Services).

Consent Orders are also admissible, at a minimum, to show notice or knowledge that issues were brought to a party's attention. *See Saccameno v. Ocwen Loan Servicing*, LLC, 372 F. Supp. 3d at 650 (citing *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1055 (9th Cir. 2015) ("Consent decrees can be introduced... to show notice or knowledge"). And whether the probative value outweighs any potential prejudice is left to the sound discretion of the Court in any case. None of GreenSky's cited, out of circuit cases, addressed this, and only one of them is a class action. In *Kramas v. Sec. Gas & Oil Inc*., 672 F. 2d 766, 772 (9th Cir. 1982), the appellate court only found it was not reversible error for the trial court to exclude evidence at trial of a consent decree entered in a prior SEC enforcement proceeding because "whether the danger of prejudice from admission of evidence of other wrongful acts outweighed its probative value was committed to the trial court's sound discretion." The 9th Circuit found too that the probative value of the consent decree was limited because it related to alleged misrepresentations of a different kind while the prejudicial impact of the evidence upon the jury was substantial. *Id*. At present, this is not a trial setting, no jury is present, and the Consent Order is highly probative because it relates to the exact same alleged misrepresentations and abusive conduct.

GreenSky's other cases on F.R.E. 408 are likewise unhelpful to its Objection: *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 535–37 (D.N.J. 2008) involved a pre-trial motion *in limine* in a discrimination case that the court granted less than a week prior to trial to exclude a consent decree, but did so without prejudice to the renewal of the plaintiff's request to introduce evidence of pre-decree bylaw changes if the defendant controverted feasibility of alternative policies in its defense; *Mendez v. Bank of*

6

*Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 658-59 (E.D.N.Y. 2012) was a decision on a motion to dismiss where the court found the plaintiff's cause of action was based on the defendant's violation of the consent decree; *Option Res. Grp. v. Chambers Dev. Co.*, 967 F. Supp. 846, 850 (W.D. Pa. 1996) was based on a pre-trial motion *in limine* where the court, while excluding the consent decree, actually found that the factual findings and conclusions by the SEC were not excluded under F.R.E. 408 because findings and conclusions rendered pursuant to the SEC's independent obligations to enforce securities law and not as part of compromise negotiations were not governed by Rule 408. The court noted that findings of an administrative agency which it is authorized to make in matters within its expertise can be contested at trial just like expert witness testimony, but those findings were plainly relevant on the issues. *Id*.

Despite GreenSky's assertion to the contrary, the Consent Order is not a confidential settlement agreement. Settlement agreements, by their nature, typically require each party to perform under the terms of the agreement. The CFPB, however, has no obligation to GreenSky under the terms of the Consent Order. Moreover, unlike private settlement agreements, the Consent Order is a publicly available order pursuant to federal law that requires certain conduct by GreenSky, *e.g.*, that GreenSky obtain and retain evidence of a consumer's authorization of a loan, and if a consumer complains about a loan authorization, that GreenSky delete any credit inquiries unless it obtains evidence of the consumer's authorization. *See* Doc. No. 19-1, at 20-21. It also requires GreenSky to implement training and monitoring programs for its agents and merchants, specifically regarding policies and procedures related to preventing merchants from applying for loans without consumers'

7

authorization or using Shopping Pass numbers without consumers' consent. *Id.*, at 22, 25. The Consent Order requires GreenSky to cancel any loan within 7 business days after a complaint on an unauthorized loan is resolved in the consumer's favor. *Id.* at 23. It requires GreenSky to establish affirmative loan activation steps after a loan application is submitted and before disbursement of a consumers' loan proceeds, as well as the obtaining and retaining of evidence of consumers' approval of transactions before GreenSky disburses loan proceeds to a merchant. *Id.* at 22-23. All of these are highly relevant here, and were required of GreenSky before Parisi's allegations against GreenSky accrued.[2] The Consent Order is therefore highly probative in this proceeding, relevant and admissible at a minimum to show GreenSky's awareness and notice of the key issues, and it is proper that this Court should take judicial notice of it.

### D. The Probative Value of the Consent Order Far Outweighs Any Possibility of Undue Prejudice

This matter is in its early stages. The Court is considering GreenSky's Motion to Compel Arbitration [Doc. No. 17] and Parisi's Opposition [Doc. No. 39]. The Court has yet to consider Parisi's motion for Class Certification and has yet to set a trial schedule. Yet GreenSky objects to the use of the Consent Order "for any purpose." Not only has GreenSky forfeited its ability to complain about the entry of the Consent Order into the

---

[2] The Consent Order also imposed monetary redress provisions in the form of cash redress to consumers totaling between $750,000 and $3,000,000, and loan cancellations in an amount no more than $6,000,000. *Id.*, at 30. It imposed a civil monetary penalty on Greensky in the amount of $ 2.5 million. *Id.* at 41.

record, its sweeping "ask" of this Court to prohibit use of the Consent Order "for any purpose" is highly prejudicial to Parisi, particularly at such an early stage.

Parisi should be able to use the Consent Order, a public document available on a federal agency website, for a number of purposes, even if not for the truth of the facts therein. For example, Parisi may wish to use the Consent Order on summary judgment to highlight GreenSky's knowledge of the need for training its agents and merchants to ensure authorization of the use of the Shopping Pass before proceeds are disbursed to merchants. Parisi may want to use the Consent Order to rebut certain GreenSky defenses at trial. Parisi may wish to use the Consent Order during class certification proceedings to inform the court's analysis of common and predominating questions. Importantly, courts have found that the application of the Federal Rules of Evidence is not required at the class certification stage. *See, e.g., Gonzalez v. Millard Mall Servs., Inc.*, 281 F.R.D. 455, 459 (S.D. Cal. 2012) ("Since a motion to certify a class is a preliminary procedure, courts do not require strict adherence to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. . . . Therefore, the Court may consider inadmissible evidence at the class certification stage.").[3]

---

[3] *See also, In re Hartford Sales Practices Litig.*, 192 F.R.D. 592, 597 (D. Minn. 1999) (holding that "courts will consider evidence that may not be admissible at trial" during class certification proceedings, in part because it is a preliminary matter (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (describing a court's determination of class certification as based on "tentative findings, made in the absence of established safeguards" and describing a class certification procedure as "of necessity ... not accompanied by the traditional rules and procedures applicable to civil trials")); *Thompson v. Bd. of Educ. of the Romeo Cmty. Schs.*, 71 F.R.D. 398, 401 n.2 (W.D. Mich. 1976) (following *Eisen's* position that the FRE should not apply to preliminary matters like class certification proceedings (citing *Eisen*, 417 U.S. at 178)), *rev'd on other grounds*, 709 F.2d 1200 (6th Cir. 1983); *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562 n. 14 (8th Cir.1982) ("Hearsay testimony may be admitted to demonstrate typicality.") (citing *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830–31 n. 3 (8th Cir.1977)); *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010) ("On a motion for class certification, the Court makes no findings

Nor is use of the Consent Order unduly prejudicial. At present, there is no jury that could even be arguably confused by the implications of the Consent Order. The Court is perfectly capable of determining the weight the Consent Order should be given. But even if it were prejudicial, its probative value far outweighs any prejudice. A trial court has broad discretion to determine the relevance and probative value of evidence. *See Hill v. Bache Halsey Stuart Shields Inc.*, 790 F. 2d 817, 825 (10th Cir. 1986). Moreover, the relevance of evidence must "be *substantially* outweighed by the danger of confusion" to be excluded. *See id.*, at 826 (cleaned up) (emphasis in original); *see also Mattenson v. Baxter Healthcare Corp.*, 438 F.3d 763, 771 (7th Cir. 2006) ("probative value of the evidence must not merely be outweighed, it must be substantially outweighed, by its negative consequences, to be excludable"). Here, the Consent Order's probative value and relevance far outweighs any concerns of prejudice. Despite Greensky's protestations, the Consent Order is highly relevant and probative. It should not be excluded.

## CONCLUSION

For the reasons stated above, this Court should deny GreenSky's Objection.

---

of fact and announces no ultimate conclusions on Plaintiffs' claims. Therefore, the [FRE] take on a substantially reduced significance, as compared to a typical evidentiary hearing or trial."); *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 505 (E.D. Cal. 2014) ("Since a motion to certify a class is a preliminary procedure, courts do not require strict adherence to the Federal Rules of Civil Procedure or the Federal Rules of Evidence."); *In re Front Loading Washing Mach. Class Action Litig.*, 2013 WL 3466821, at *10 (D.N.J. July 10, 2013) ("The Federal Rules of Evidence are not stringently applied during class certification and courts may consider evidence that might later be ruled inadmissible at trial."); *Sherman v. Am. Eagle Express, Inc.*, 2012 WL 748400, at *3 (E.D. Pa. Mar. 8, 2012) ( Evidence in support of class certification need not be admissible at trial).

Respectfully submitted this 28th day of September, 2023.

**Varnell & Warwick, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL 33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**Rawls Gahlot, PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145
2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

***Attorneys For Plaintiffs***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2023, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

<div style="text-align: right;">

/s/ Janet R. Varnell
Janet R. Varnell

</div>