## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SUSAN PARISI, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-23-115-R |
| | ) |
| (1) C CASHION WINDOWS, LLC d/b/a | ) |
| RENEWAL BY ANDERSON OF | ) |
| OKLAHOMA, and (2) BMO HARRIS | ) |
| BANK, NA d/b/a GREENSKY, LLC, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT GREENSKY, LLC'S, INCORRECTLY IDENTIFIED AS BMO HARRIS BANK, NA D/B/A GREENSKY, LLC, REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS ALL CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)

Defendant, GreenSky, LLC (hereinafter "GreenSky"), incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, subject to and without waiving its motion to compel arbitration, files this Reply Brief in Support of its Motion to Dismiss All Claims asserted by Plaintiff Susan Parisi ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(3) (the "Motion"). Dkt.#46; Dkt.#47. This Reply Brief is in reply to Plaintiff's Response in Opposition to GreenSky's Second and Redundant Motion to Dismiss (the "Response"). Dkt.#56. This case is based on a loan agreement involving Plaintiff, which contains a mandatory arbitration provision directing the parties to resolve and dismiss or stay Plaintiff's claims in this case pending the outcome of arbitration. In the Motion, GreenSky seeks dismissal of this case based on the mandatory arbitration provision. In

1

further support of the Motion, and in reply to the Response, GreenSky respectfully shows as follows:

**I.**
**PLAINTIFF'S CLASS ACTION CLAIMS ARE PREDICATED ON HER ALLEGED STATUS AS A "DEBTOR" UNDER OKLAHOMA CONSUMER DISCLOSURE STATUTES**

In her Response, Plaintiff asserts she is not bound to the arbitration provision in her Installment Loan Agreement/Non-Negotiable Consumer Note dated November 23, 2021 (the "Loan Agreement")[1] because there was no meeting of minds as to the terms of the loan agreement, and therefore no loan agreement in the first place.  Plaintiff has pleaded this case as a class action case.  The problem with Plaintiff's assertion in the Response that there was no contract between Plaintiff and GreenSky is that it is fatally inconsistent with the class action relief she is seeking in her Complaint.

In Plaintiff's Amended Petition and Motion to Certify a Class Action (the "Petition"), Plaintiff asserts "the principal legal question common to [Plaintiff] and to each class member is whether adequate consumer credit disclosures were provided to class members *prior to consummation or liability for the loans originated by Andersen and later sold to [GreenSky]*."  Petition, ¶ 22 (emphasis added).  If there is no agreement at all with respect to any loan, as Plaintiff is asserting in her Response, it necessarily follows that there would have been *no* "consummation or liability" on any loan with respect to Plaintiff.

---

[1] The Loan Agreement is attached as Exhibit 4 to Defendant GreenSky, LLC's, Incorrectly Identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, Brief in Support of Motion to Dismiss All Claims Pursuant to Federal Rule of Civil Procedure 12(b)(3) (hereinafter referred to as the "Brief").

As set forth in the Petition, Plaintiff's proposed "class" claims are based on GreenSky's alleged failures to provide certain disclosures applicable to consumer loans that are set forth in OKLA. STAT. ANN. tit. 14A, § 3-306 (the "Consumer Disclosure Requirements"). The Consumer Disclosure Requirements state that the required disclosures are to be provided to the "debtor," which, of course, means that Plaintiff must qualify as a "debtor" to have standing to assert claims based on the Consumer Disclosure Requirements. *See id.* §3-306(2) (stating "[t]he lender shall give to the *debtor* the following information") (emphasis added).

There does not appear to be a statutory definition of "debtor" that specifically applies to the Consumer Disclosure Requirements. However, the term "debtor" is generally defined as a person who owes an obligation or is subject to some form of liability. *See, e.g., Racher v. Lusk*, No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013) ("'Debtor' means a person who is liable on a claim."); *State ex rel. State Ins. Fund v. Houston*, No. 97,553, 2003 WL 25284639, at *2 (Okla. Civ. App. Aug. 12, 2003) (stating the term "account debtor" means a person "obligated on an account") (citing 12A O.S.2001 § 1–9–102(a)(3)). By asserting class claims based on the Consumer Disclosure Requirements, Plaintiff is necessarily asserting she is a "debtor" who is liable on a claim.

Consistent with the assertion she is a "debtor," Plaintiff states in the Petition that "the principal legal question common to [Plaintiff] and to each class member is whether adequate consumer credit disclosures were provided to class members *prior to consummation or liability for the loans originated by Andersen and later sold to [GreenSky]*." Petition, ¶ 22 (emphasis added). In other words, Plaintiff's class action

claims are necessarily predicated upon Plaintiff having consummated and/or otherwise become subject to liability under a loan agreement. This is especially true because Plaintiff cannot represent a class in which she is not a member. *See Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff ... be a part of that class, that is, he [or she] must possess the same interest and suffer the same injury shared by all members of the class he [or she] represents."); *see also Rector v. City of Denver,* 348 F.3d 935, 949 (10th Cir. 2003). Plaintiff does *not* identify any agreement or any terms *other that those set forth in the Loan Agreement* under which she could have become liable and thus become a "debtor" under the Consumer Disclosure Requirements. Accordingly, if Plaintiff is a "debtor" with alleged rights under the Consumer Disclosure Requirements, then the basis for her obligations under the loan would necessarily be the terms of the Loan Agreement.

## II.
## IF PLAINTIFF IS A DEBTOR WITH STANDING UNDER THE CONSUMER DISCLOSURE REQUIREMENTS, SHE WOULD BE SUBJECT TO THE ARBITRATION PROVISIONS IN THE LOAN AGREEMENT

It is undisputed the Loan Agreement was sent to Plaintiff, both electronically and through the U.S. mail at the email and physical addresses she provided on November 23, 2021, prior to the advancement of funds under the Loan Agreement. *See* Motion, Exhibit 5 (Declaration of Timothy D. Kaliban [hereinafter, the "Kaliban Declaration"]), ¶¶ 18-21, 23-24 (Dkt.#18-3, pp. 4-5). It is also undisputed that neither the electronic nor written correspondence from GreenSky to Plaintiff containing the Loan Agreement was returned as undelivered. *Id*., ¶ 22, 25-27 (Dkt.#18-3, pp. 5-6).

Significantly, Plaintiff asserts that she received a letter from GreenSky stating that GreenSky had sent a payment for $8,871.50 directly to Oklahoma Windows "on or around November 26, 2021 to November 29, 2021." Response, Exhibit A (Declaration of Susan Parisi [hereinafter, the "Parisi Declaration"]), ¶ 40. GreenSky's records show that Plaintiff's Shopping Pass was not used and that GreenSky did not release any sums under the Loan Agreement until November 29, 2021. *See* Motion, Exhibit 5 (Kaliban Declaration), ¶¶ 28-30 & Exhibit 4. In any event, the allegations in the Parisi Declaration show that Plaintiff did, in fact, receive mail from GreenSky regarding the transaction before the Shopping Pass was used, which indicates Plaintiff would have received the copy of the Loan Agreement that had been mailed on November 23, 2021 prior to the release of any funds on November 29.

Plaintiff was not required to sign the Loan Agreement or the arbitration provision for the arbitration provision to be valid and enforceable under the Federal Arbitration Act. *See Seawright v. American General Financial Services, Inc.* 507 F.3d 967, 978 (6th Cir. 2007). In fact, Plaintiff was not required to have even reviewed and specifically approved the arbitration provision for arbitration to be enforceable. *See Wilmore v. Charter Communications LLC,* No. 3:21-cv-01271 (JAM), 2023 WL 2503306, at *5 (D. Conn. Mar. 14, 2023); *Hulwick v. CBOCS East, Inc.,* No. 1:17-CV-468-TLS, 2018 WL 2933684, at *4 (N.D. Ind. Jun. 11, 2018).

In her Response, Plaintiff admits she applied for financing from GreenSky, and indicates she would have borrowed money through the GreenSky program if the financing terms had been different. Response, Exhibit A, Parisi Declaration, ¶¶ 7-10. In other words,

5

Plaintiff does not state there was no basis at all for any financing transaction with GreenSky in connection with her purchase of windows from Oklahoma Windows.  Instead, Plaintiff's complaint with the terms of the final Loan Agreement relates to the *financing terms,* which Plaintiff alleges did not reflect her original agreement.  Regardless of the financing terms, any loan agreement through the GreenSky program would have the same arbitration agreement contained in the final Loan Agreement, as all GreenSky loan agreements contain the same arbitration agreement.  Thus, the alleged change in the financing terms to which Plaintiff allegedly agreed would not have affected the existence or terms of the arbitration agreement.

If Plaintiff insists on maintaining class action claims that require her to be a "debtor," then the terms of any such relationship would be defined in the Loan Agreement. Plaintiff has not provided any other agreement between her and GreenSky with terms that differ from the Loan Agreement.  Because the Loan Agreement contains the arbitration provision, GreenSky is entitled to arbitration of the claims asserted in this case that require Plaintiff to qualify as a "debtor," such as the Consumer Disclosure Requirements.  On the other hand, to the extent Plaintiff's claims are based on allegations she was not a debtor, then she is not a member of the class of "debtors" she purports to represent.  This would preclude her from maintaining her class action claims in this case.  *See Schlesinger,* 418 U.S. at 216; *Rector v. City of Denver,* 348 F.3d 935, 949.

Plaintiff cannot have her cake and eat it, too.  Either she is a "debtor" with claims under the Consumer Disclosure Requirements, or she is not.  Plaintiff should not be able to maintain she is a "debtor" when she believes it helps her class action claims under the

6

Consumer Disclosure Requirements, while asserting she is not a "debtor" when she believes it would help her claim that she is not subject to the arbitration provisions in the Loan Agreement.  If she is a "debtor," then her claims are subject to arbitration under the Loan Agreement.  If she is not a "debtor," then her class action claims must fail.

**III.**
**GREENSKY OBJECTS TO THE CONSENT ORDER ATTACHED AS EXHIBIT B TO THE RESPONSE**

In her Response, Plaintiff has attached as Exhibit B a 2021 Consent Order in a previous administrative proceeding before the United States Consumer Financial Protection Bureau (the "Consent Order") to attempt to establish the factual bases of her claims and those of the purported class she seeks to represent in this case.  For the reasons set forth in GreenSky's Objection to Use of Consent Order, filed on September 7, 2023 (Docket No. 43) and GreenSky's Reply to Plaintiff's Response in Opposition to Defendant GreenSky, LLC's Objection to Use of Consent Order, filed on October 30, 2023 (Docket No. 54), both of which are in the Court's file and are fully incorporated by reference herein, GreenSky objects to Plaintiff's proposed use of the Consent Order because such Consent Order has nothing to do with Plaintiff's class action claims based on the Consumer Disclosure Requirements.  *See Gribben v. United Parcel Serv., Inc.,* 528 F.3d 1166, 1172 (9th Cir. 2008); *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982); *Option Res. Grp. v. Chambers Dev. Co.,* 967 F. Supp. 846, 850 (W.D. Pa. 1996).  GreenSky also objects to the Consent Order because it constitutes evidence of compromise or offers to compromise claims under Federal Rule of Evidence 408.  *See* FED. R. EVID. 408; *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982); *see also Bowers v. Nat'l*

7

*Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 535–37 (D.N.J. 2008); *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 658–59 (E.D.N.Y. 2012); *Option Res. Grp.,* 967 F. Supp. at 850.

**IV.**
**CONCLUSION**

WHEREFORE, GreenSky respectfully requests that this Court grant its Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and dismiss all of Plaintiff's claims against GreenSky in this case so such claims can be decided in arbitration.  GreenSky also requests any further relief of any nature to which it may be justly entitled.

Respectfully submitted,

Dated: November 7, 2023

s/ Kyle R. Prince
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

        -and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
**Attorneys for Defendant GreenSky, LLC,
incorrectly identified as BMO Harris Bank,
NA d/b/a GreenSky, LLC**

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com
-and-
Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
*Attorneys for Plaintiffs*

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com
*Attorney for Defendant*
*Oklahoma Windows and Doors, LLC d/b/a*
*Renewal by Anderson of Oklahoma*

*s/ Kyle R. Prince*

10