IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a) | | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, and (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
|     *Defendants*. | ) | |

**DEFENDANT GREENSKY, LLC'S**
**MOTION TO RECONSIDER ORDER (DOC. 66) AND BRIEF IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 54 and 59, Defendant GreenSky, LLC,

incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC ("GreenSky") moves

the Court to reconsider the Court's Order (Doc. 66) denying GreenSky's Motion to Compel

Arbitration (Doc. 17) and Motion to Dismiss All Claims Pursuant to Federal Rule of Civil

Procedure 12(b)(3) (Doc. 46), and shows:

**I.      SUMMARY**

Plaintiff Susan Parisi filed a putative class action against GreenSky and purports to

assert claims against GreenSky under the Oklahoma Consumer Credit Code, with respect

to Parisi's GreenSky application for a loan from third parties to purchase windows for her

residence. (Doc. 36). GreenSky moved to compel arbitration (Doc. 17, 18) and moved

under Rule 12 to dismiss or to stay Parisi's claims pending contractual arbitration. (Doc.

46, 47). This Court later denied GreenSky's motions. (Doc. 66).

After GreenSky moved to compel arbitration, Parisi added Oklahoma Windows, the merchant with whom she contracted to purchase windows, as a Defendant. (Doc. 36). Oklahoma Windows has also moved to dismiss or to stay Parisi's claims pending contractual arbitration. (Doc. 68, 69). In support, Oklahoma Windows provided a written Agreement between it and Parisi containing an arbitration provision, which provides that "Buyer and Contractor agree that any dispute...arising under or in connection with this Agreement, or the products and services to be provided by Contractor... will be determined by binding arbitration...." (Doc. 69, p.2) (emphasis added).

Such Agreement was not before the Court at the time GreenSky filed its motions. Accordingly, in addition to the arguments GreenSky previously raised regarding arbitration and dismissal, the Oklahoma Windows arbitration clause covers the claims Parisi has raised against GreenSky, as her claims "arise under or in connection with" the Oklahoma Windows Agreement and/or the products and services Oklahoma Windows was to provide to Parisi. GreenSky has joined Oklahoma Windows's motion, and adopted the arguments and evidence provided. (Doc. 72). For these reasons, reconsideration is appropriate. Further, without waiving GreenSky's right to arbitration, this Court should allow GreenSky to conduct limited discovery from Parisi and Oklahoma Windows regarding the parties' agreements and contract formations, and reconsider on the basis of such narrowly-tailored discovery and the additional evidence filed by Oklahoma Windows.

## II.    ARGUMENTS AND AUTHORITIES

### A.    Legal standards for reconsideration

This Court has discretion to reconsider an interlocutory ruling.  FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment"); *see also* FED. R. CIV. P. 59(d)-(e) (motion to alter or amend).  Grounds supporting reconsideration may include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  This motion is based on the second and third grounds.

### B.    This Court should reconsider its Order because the arbitration Agreement between Parisi and Oklahoma Windows was not previously part of the record, and the arbitration provision applies to Parisi's claims against GreenSky

Federal policy favors arbitration, as codified in the Federal Arbitration Act.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); 9 U.S.C. § 4.  The FAA mandates that district courts "shall" enforce arbitration agreements "in accordance with the terms of the agreement."  *Id.*; *see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  This provision codifies the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted).  Further, under the FAA, a district court should dismiss or stay a suit involving an arbitration clause under the following circumstances:

If any suit or proceeding be brought in any of the courts of the United

> States upon <u>any issue referable to arbitration under an agreement in writing</u> for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).   Additionally, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."   *Reeves v. Enter. Products Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021), *citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

As detailed in GreenSky's prior briefing (adopted herein by reference), the transaction at issue involved Parisi's desire to finance the purchase of residential windows to be installed by Oklahoma Windows. (Doc. 18, pp. 2-4).  Parisi applied for a loan funded by a third-party financer, through the GreenSky® Program.  (Doc. 18-3).  The Loan Agreement contained an arbitration provision; GreenSky has briefed such issues and provided evidence on that issue.  (Doc. 17, 18, 46, 47).  After GreenSky moved to compel arbitration, Parisi added Oklahoma Windows as a Defendant.  (Doc. 36).

A motion to compel arbitration is not limited to a single arbitration provision between one set of parties; courts are required to consider all arbitration agreements that apply to the issues.  In *Ferrell v. Cypress Envtl. Mgmt.-TIR, LLC*, the first defendant moved to compel arbitration based on its contract, and the district court denied relief.  No. 20-5092, 2021 WL 5576677, at *1 (10th Cir. Nov. 30, 2021) (cited as persuasive under FED. R. APP. P. 32.1 and 10th CIR. R. 32.1.).  The second defendant then moved to compel arbitration based on its own separate contract with the plaintiff, and the first defendant

joined that. *Id.* Significantly, the second contract's arbitration clause covered "any dispute, controversy or claim arising out of or related to in any way to the parties' employment relationship," and also required any disputes about the enforcement of the arbitration clause had to be decided by the arbiter. *Id.* The district court denied this as well. *Id.* at *2. The Tenth Circuit reversed, holding it was appropriate for the non-signatory defendant to join the second defendant's motion, and enforceability of the second defendant's arbitration clause had to be decided by the arbiter, not the district court. *Id.* at *3-4.

Here, Oklahoma Windows has also moved to dismiss or to stay Parisi's claims pending contractual arbitration. (Doc. 68, 69). Oklahoma Windows provided a written Agreement between it and Parisi containing an arbitration provision, which provides in relevant part:

> Arbitration: <u>Buyer and Contractor agree that any dispute</u> between them, or any of their respective affiliates, officers, directors, employees, agents or owners <u>arising under or in connection with this Agreement, or the products and services to be provided by Contractor</u>, that has been not resolved through mediation, will be determined by binding arbitration administered by the AA pursuant to its then-current Construction Industry Fast Track Procedures.

(Doc. 69, p.2) (emphasis added). Accordingly, in addition to the arguments GreenSky previously raised regarding arbitration and dismissal, the Oklahoma Windows arbitration clause covers the claims Parisi has raised against GreenSky, as her claims "arise under or in connection with" the Oklahoma Windows Agreement and/or the products and services Oklahoma Windows was to provide to Parisi. *Ferrell*, 2021 WL 5576677; *see also Reeves*, 17 F.4th at 1013 (holding plaintiffs were equitably estopped from avoiding arbitration, where one arbitration agreement covered all of plaintiffs' allegations against defendants).

Such arguments could not have been raised in GreenSky's prior briefing, because the Oklahoma Windows Agreement was not before the Court at the time GreenSky filed its motions. *Servants of Paraclete*, 204 F.3d at 1012. For these reasons, this Court should reconsider the Order, and grant GreenSky relief.

**C.      Alternatively, this Court should allow limited discovery on the factual issues raised in its Order and reconsider in order to correct clear error or prevent manifest injustice**

In its Order, this Court noted that it made factual determinations based on the parties' affidavits and evidence. (Doc. 66, pp. 1-8). Relevant to its decision to deny GreenSky's motions, the Court made findings regarding Parisi's awareness of the GreenSky contract terms, and communications between Parisi and Oklahoma Windows regarding the terms of the GreenSky contract. (Doc. 66, pp. 7-8). This Court ultimately held Parisi did not agree to the GreenSky contract, and the included arbitration provisions. (Doc. 66, p.15).

Now that Parisi has added Oklahoma Windows as a party to this litigation, this Court should consider the arguments and evidence Oklahoma Windows supplied regarding communications between the parties, and reconsider in light of such additional evidence. To prevent manifest injustice, this should include the evidence included with Oklahoma Windows's currently pending motion, any reply or additional briefing it files, and limited discovery on these issues. Further, to prevent clear error and manifest injustice, the parties and issues should all be sent to arbitration, to avoid inconsistent results and a waste of judicial resources.

6

Respectfully submitted,

Dated: December 29, 2023

*/s/ Sean W. Fleming*

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

***Attorneys for Defendant GreenSky, LLC, incorrectly
identified as BMO Harris Bank, NA d/b/a
GreenSky, LLC***

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2023, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com

***Attorneys for Plaintiffs***

*/s/ Sean W. Fleming*

3004943