**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

SUSAN PARISI,

        **Plaintiff,**

v.

OKLAHOMA WINDOWS AND
DOORS, LLC d/b/a RENEWAL BY
ANDERSON OF OKLAHOMA, and
BMO HARRIS BANK, NA d/b/a
GREENSKY, LLC,

        **Defendants.**

Case No.: 5:23-cv-00115-R

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GREENSKY'S NOTICE
OF JOINDER IN DEFENDANT OKLAHOMA WINDOWS AND DOORS, LLC
d/b/a RENEWAL BY ANDERSON OF OKLAHOMA'S MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT (OR STAY)
<u>AND COMPEL ARBITRATION</u>**

Defendant BMO Harris Bank, NA, d/b/a GreenSky, LLC ("GreenSky") attempts

yet another bite at the apple with its Notice of Joinder (the "Notice") [ECF Doc. No. 70] in

Defendant Oklahoma Windows and Doors, LLC d/b/a Renewal by Anderson of

Oklahoma's ("Anderson") Motion to Dismiss the Amended Class Action Complaint (or

Stay) and Compel Arbitration ("Anderson Motion). GreenSky's purported Notice is

improper and Plaintiff Susan Parisi ("Parisi"), by and through her undersigned counsel,

asks this Court to deny or strike it.  *See United States v. Nacchio*, 555 F.3d 1234, 1252

(10th Cir. 2009) ("Courts are not disposed to allow litigants to have two or more bites at

the proverbial apple.") (*en banc*).

## BACKGROUND

The facts of this case are set forth by Parisi in other filings and in this Court's Order issued on December 1, 2023. [ECF Doc Nos. 39, 56, 66]. The relevant procedural history is noted here for the Court's convenience. GreenSky first asked this Court to compel arbitration and dismiss or stay Parisi's claims on April 28, 2023. [ECF Doc. No. 18]. After Parisi amended her Complaint to name co-defendant, Anderson, GreenSky again sought to compel arbitration and dismiss or stay Parisi's claims on September 25, 2023. [ECF Doc. Nos. 46, 47]. This Court denied GreenSky's motions to compel arbitration on December 1, 2023. [ECF Doc. No. 66]. In addition to GreenSky's instant Notice, GreenSky has filed a motion for reconsideration of the Court's Order [ECF Doc. No. 72] and a notice of appeal [ECF Doc. No. 73].

## ARGUMENT

**A.    GreenSky's Notice is Prohibited by the Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 12(g)(2) prohibits a party from filing a second Rule 12 motion that raises "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). GreenSky invites error by this Court in its attempt to join the Anderson Motion, which has the effect of GreenSky filing a second Rule 12 motion. This is obviously prohibited under Rule 12(g)(2)'s plain language, and the rule's two exceptions have no application here.[1]  GreenSky previously argued, pursuant to

---

[1] 12(g) provides that: *Except as provided in Rule 12(h)(2) or (3),* a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." FED. R. CIV. P. 12(g)(2) (emphasis added).  These exceptions do not apply here.

Rule 12, that Parisi was obligated to arbitrate her claims against GreenSky. [ECF Doc. Nos. 18, 46, 47]. GreenSky's Notice even expressly states that it "previously moved under Rule 12 to dismiss or stay Parisi's claims pending contractual arbitration." [ECF Doc. No. 70].

Now GreenSky notices joinder on the Anderson Motion, which sets forth the argument by Anderson that Parisi is obligated to arbitrate her claims against Anderson. If GreenSky omitted arguments made in the Anderson Motion regarding GreenSky's right to compel Parisi to arbitrate her claims, those arguments were certainly available to GreenSky when it previously filed its Rule 12 motions to dismiss and compel arbitration. Those omitted arguments, if any, are waived. *See* Fed. R. Civ. P. 12(h) ("A party waives any defense listed in Rule 12(b)(2)-(5) by (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)").

Nevertheless, GreenSky attempts to further delay the progress of this case with this improper Notice. *See Hunt v. Hamm*, 2016 WL 10565462, *2 (D. N.M. May 31, 2016) (holding that Rule 12(g)(2) prohibited a successive Rule 12(b)(6) motion and noting that the 10th circuit would find that Rule 12(g)(2) means what it says). "Rule 12(g)(2) is designed to avoid unnecessary delay at the pleading stage by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.'" *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 702 (10th Cir. 2014) (quoting Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1384 (3d ed. 2014)). This

Court should not permit GreenSky to blithely ignore the federal rules of civil procedure while it tries yet again to compel Parisi to arbitrate her claims against GreenSky.[2]

**B.      <u>GreenSky's Failure to Explain How the Anderson Motion Arguments Apply to GreenSky Should Waive its Attempt at Joinder of the Anderson Motion</u>**

Even if this Court were to find that GreenSky's Notice was not violative of Rule 12(g)(2) (and it is), GreenSky's Notice fails entirely to explain how the arguments made by Anderson apply to GreenSky. Such "textbook perfunctory" treatment should waive GreenSky's attempts to adopt by reference Anderson's arguments. *See United States v. Ramirez-Rivera*, 800 F.3d 1, 11 n. 1 (1st Cir. 2015), abrogated on other grounds by *United States v. Leoner-Aguirre*, 989 F.3d 310 (1st Cir. 2019) (explaining that adoption by reference of a co-party's brief or motion "cannot occur in a vacuum and the arguments must actually be transferable from the proponent's to the adopter's case. . .where [adopter] offers no explanation as to why arguments pertained to [adopter] such 'textbook perfunctory' treatment waives the [adopter's] attempt to adopt-by-reference [the proponent's] case.") (quoting *U.S. v. Brown*, 669 F. 3d 10, 16 n. 5 (1st Cir. 2012)); *see also, United States v. Straker*, 800 F.3d 570, 594 n.5 (D.C. Cir. 2015) ("adoption by reference is permitted only to the extent we can readily apply the proponent's arguments to the adopter's case.").

---

[2] Actually, this is GreenSky's third attempt to dismiss Parisi's claims and compel arbitration. Its first Motion to Dismiss [ECF Doc. No. 18] was fully briefed when Parisi amended her complaint to name the proper co-defendant, Oklahoma Windows. GreenSky then made virtually the same arguments in its subsequent Motion to Dismiss (or Stay) and Compel Arbitration [ECF Doc No. 46] and Memorandum in Support [ECF Doc. No. 47] filed against Parisi's Amended Complaint. [ECF Doc No. 36].

**C.**    **The Anderson Motion Arguments are Inapplicable to GreenSky**

Even if GreenSky's attempt at joinder of the Anderson Motion does not violate Fed. R. Civ. P. 12(g)(2) (which it clearly does), and even if GreenSky's bare-boned "textbook perfunctory" Notice does not waive any attempt to adopt by reference Anderson's arguments (it should), GreenSky would be hard-pressed to explain how Anderson's arguments *apply* to GreenSky, given that GreenSky already argued before this Court that an entirely different contract than the contract at issue in the Anderson Motion applied to Parisi's claims.    GreenSky should be estopped from now arguing that the purported contract upon which the Anderson Motion is based is operative. [ECF Doc. Nos. 18, 46, 47].

Moreover, the Anderson Motion that GreenSky seeks to join is based on (1) an illusory contract that was (2) entirely lacking in consideration, (3) the terms of which were never agreed to (or even seen) by Parisi, (4) who did not intend to enter a contract but instead believed her signature was needed for a credit check. *See* Parisi's Response in Opposition to Anderson's Motion to Dismiss and Compel Arbitration [ECF Doc. No. 71]. There was no meeting of the minds.  *See South Central Industries v. Kerrtas Marketing, LLC*, 2022 WL1518935, *2 (W.D. Ok. February 7, 2022) ("[A] meeting of the minds [must be] on all essential terms of the contract.").

Even if, arguendo, the Court finds a contract was formed between Anderson and Parisi, only the parties to the contract can enforce it.  *Wells Fargo Bank, N.A. v. Heath*, 280 P. 3d 328, 334 (Okla. 2012) (quoting *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla.1982) ("Contracts are binding only upon those who are parties thereto, and are

enforceable only by the parties to a contract or those in privity with it. . .")).  GreenSky is not a party, or a third-party beneficiary, to the contract, and as such cannot enforce its terms.  *See Knudson v. Weeks*, 394 F. Supp. 963, 976 (W.D. Okla. 1975) (Under 15 O.S. 2011 §29 "a third party beneficiary may not recover under a contract unless it is expressly made for his benefit.").  In other words, GreenSky is a non-signatory to the purported arbitration agreement and as a non-signatory, cannot compel arbitration.  *See Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022) (holding that a court must not devise novel rules to favor arbitration over litigation, and explaining that arbitration agreements are as enforceable as other contracts, but not more so).

## CONCLUSION

For all the reasons above, GreenSky's Notice of Joinder should be denied or stricken.

Respectfully submitted this 10th day of January, 2024.

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**RAWLS GAHLOT, PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145
2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225

6

kathi@rawlsgahlot.com
minal@rawlsgahlot.com

***Attorneys For Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2024, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Janet R. Varnell
Janet R. Varnell