**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a | ) | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, and (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENSKY, LLC'S REPLY IN SUPPORT OF ITS NOTICE OF
JOINDER IN DEFENDANT OKLAHOMA WINDOWS AND DOORS, LLC'S
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT
(OR STAY) AND COMPEL ARBITRATION**

Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a

GreenSky, LLC ("GreenSky"), subject to and without waiving its motion to compel

arbitration, provides additional briefing in support of its joinder in the Motion to Dismiss

the Amended Class Action Complaint (or Stay) and Compel Arbitration [Doc. 68] and

Memorandum of Law in Support [Doc. 69] filed by co-defendant Oklahoma Windows and

Doors, LLC d/b/a Renewal by Anderson of Oklahoma ("Oklahoma Windows"), and

shows:

**I.
REPLY ARGUMENT AND AUTHORITIES**

**A.   Joinder in other parties' motions is allowed under the procedural rules**

Plaintiff Susan Parisi has objected to GreenSky's notice of joinder in Oklahoma

Windows's motion, and specifically argues Rule 12(g)(2) precludes such joinder.  (Doc.

1

76, pp. 2-3). Parisi is wrong, because Oklahoma Windows's motion is not a Rule 12 motion. (Doc. 68). And—even assuming it were—the rule itself allows supplementation.

Parties may join in a variety of motions filed by other parties. *Smith v. Smart Buy Homes*, No. CIV-08-89-C, 2008 WL 5122840, at *1 (W.D. Okla. Dec. 4, 2008) ("Since the case was removed, Defendant Southern Energy has filed an Answer, joined in the Motion to Dismiss for Arbitration, and joined Defendant Smart Buy in opposing Plaintiffs' request for remand."); *United States v. Dyer*, No. CR-22-00209-JD, 2023 WL 1998924, at *1 (W.D. Okla. Feb. 12, 2023) (defendant "joins in, adopts, and incorporates on his behalf" discovery motion filed by co-defendant); *Peralta v. Am. Home Assur. Co.*, No. 06-CV-02082-REB-MEH, 2007 WL 2786425, at *3 (D. Colo. Sept. 24, 2007) (second defendant joined the motion to stay filed by first defendant). In a case with similar facts, the Tenth Circuit recognized that a motion to compel arbitration is not limited to a single arbitration provision between one set of parties; courts are required to consider all arbitration agreements that apply to the issues, including by joining another party's motion.

In *Ferrell v. Cypress Envtl. Mgmt.-TIR, LLC*, the first defendant moved to compel arbitration based on its contract, and the district court denied relief. No. 20-5092, 2021 WL 5576677, at *1 (10th Cir. Nov. 30, 2021) (cited as persuasive under FED. R. APP. P. 32.1 and 10th CIR. R. 32.1.). The second defendant then moved to compel arbitration based on its own separate contract with the plaintiff, and the first defendant joined that. *Id*. Significantly, the second contract's arbitration clause covered "any dispute, controversy or claim arising out of or related to in any way to the parties' employment relationship," and also required any disputes about the enforcement of the arbitration clause had to be decided

2

by the arbiter.  *Id.*  The district court denied this as well.  *Id.* at \*2.  The Tenth Circuit reversed, holding it was appropriate for the non-signatory defendant to join the second defendant's motion, and enforceability of the second defendant's arbitration clause had to be decided by the arbiter, not the district court.  *Id.* at \*3-4; *see also Reeves v. Enter. Products Partners, LP*, 17 F.4th 1008, 1014 (10th Cir. 2021) (holding an arbitration clause addressing "any concern arising" out of the agreement at issue was broad enough to include claims against a non-signatory).  The same analysis applies here.

This Court denied GreenSky's motion to compel arbitration and to dismiss, both of which were based on the contract between GreenSky and Parisi, and the arbitration clause contained therein.  (Doc. 66).  Later, Oklahoma Windows moved to dismiss or to stay Parisi's claims pending contractual arbitration, based on the arbitration provision contained in its contract with Parisi.  (Doc. 68; Doc. 69).  In support, Oklahoma Windows provided a written Agreement between it and Parisi containing an arbitration provision, which provides that "Buyer and Contractor agree that *any dispute...arising under or in connection with* this Agreement, *or the products and services to be provided* by Contractor... will be determined by binding arbitration...."  (Doc. 69, p.2) (emphasis added).

Such Agreement was not before the Court at the time GreenSky filed its motions, as Oklahoma Windows first made an appearance in December 2023, over seven months after GreenSky moved to compel arbitration.  (Doc. 17; Doc. 69).  Therefore, in addition to the arguments GreenSky previously raised regarding arbitration and dismissal, the Oklahoma Windows/Parisi Agreement's arbitration clause covers the claims Parisi has raised against GreenSky, as her claims "arise under or in connection with" the Oklahoma

3

Windows Agreement and/or the products and services Oklahoma Windows was to provide to Parisi. Accordingly, as in *Ferrell,* GreenSky properly joined Oklahoma Windows's motion, and adopted the arguments and evidence provided. (Doc. 72).

Further, Rule 12(g) precludes a party from filing a subsequent Rule 12 motion, but only as to "a defense or objection *that was available to the party* but omitted from its earlier motion." FED. R. APP. P. 12(g)(2) (emphasis added). Here, GreenSky moved to compel arbitration (Doc. 17) and for dismissal under Rule 12(b)(3) (Doc. 46), based on the arbitration provision contained in its own contract with Parisi. The Oklahoma Windows/Parisi Agreement was not part of the pleadings in this case at that time, so was not available to GreenSky to argue. Accordingly, even if Rule 12(g) applies—which GreenSky denies—the exception under Subsection (2) allows joinder.

**B.     GreenSky's joinder is consistent with its motion for reconsideration, both of which provided the basis for GreenSky's inclusion in the Oklahoma Windows/Parisi Agreement's arbitration provision**

Parisi complains that GreenSky did not explain its joinder to her satisfaction. (Doc. 76, p.4). In its joinder notice, GreenSky cited as persuasive authority the *Ferrell* opinion which, as detailed above, is on point with the facts and procedural posture of this case. Further, in its motion for reconsideration (Doc. 70), filed the day after the joinder notice, GreenSky elaborated on the application of *Ferrell* and related authorities to the Oklahoma Windows/Parisi Agreement and explained why the arbitration clause includes GreenSky. For the reasons stated above, as well as those stated GreenSky's joinder and reconsideration motion, GreenSky has explained the basis for its joinder.

**C.**    **The Oklahoma Windows/Parisi Agreement's arbitration provision applies to GreenSky, as Parisi's claims against GreenSky "arise under or in connection with" such Agreement**

Parisi argues that only the parties to a contract may enforce said contract. (Doc. 76, pp. 5-6). This is not the law with respect to arbitration agreements. As detailed above, in *Ferrell*, the Tenth Circuit directly addressed whether a plaintiff was estopped from avoiding arbitration, where his claims against the two defendants (one with an arbitration clause contract) were "inherently inseparable." *Id*., *citing Reeves v. Enter. Products Partners, LP*, 17 F.4th 1008, 1014 (10th Cir. 2021) (holding an arbitration clause addressing "any concern arising" out of the agreement at issue was broad enough to include claims against a non-signatory).

Here, Parisi has pled there is "an unlawful and deceptive pattern of wrongdoing followed by Defendant, Andersen [Oklahoma Windows], in concert with its co-defendant, Harris/GreenSky (jointly Defendants), in its credit extension sale of consumer goods and services in the State of Oklahoma." (Doc. 36, p.2, ¶8). Parisi further lumps both Defendants together throughout her pleading, accusing both of concerted actions with respect to prospective consumers and herself in particular. Again, the Oklahoma Windows/Parisi Agreement contains an arbitration provision, which provides that "Buyer and Contractor agree that *any dispute...arising under or in connection with* this Agreement, *or the products and services to be provided* by Contractor... will be determined by binding arbitration...." (Doc. 69, p.2) (emphasis added). Consequently, the Agreement applies to Parisi's claims against GreenSky. *See Wohlford v. Am. Auto Shield, LLC*, No. CIV-22-520-SLP, 2023 WL 1107891, at *1 (W.D. Okla. Jan. 30, 2023), appeal dismissed, No. 23-

6025, 2023 WL 5570138 (10th Cir. Mar. 22, 2023) (holding plaintiffs' claims against non-signatory defendants were "inextricably intertwined" and fell within the broad scope of the arbitration provisions, which included "any legal dispute" related to the vehicle service contract at issue). Accordingly, GreenSky's joinder in Oklahoma Windows's motion to compel arbitration is proper.

Respectfully submitted,

Dated: January 17, 2024

*s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
***Attorneys for Defendant GreenSky, LLC,
incorrectly identified as BMO Harris Bank,
NA d/b/a GreenSky, LLC***

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

-and-

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
*Attorneys for Plaintiffs*

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com

Diane J. Zelmer
*Admitted Pro Hac Vice*
Florida Bar No.: 27251
djz@berensonllp.com
*Attorneys for Defendant*
*Oklahoma Windows and Doors, LLC d/b/a*
*Renewal by Anderson of Oklahoma*

*s/ Kyle R. Prince*

7