**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

SUSAN PARISI,

         **Plaintiff,**

v.

OKLAHOMA WINDOWS AND
DOORS, LLC d/b/a RENEWAL BY
ANDERSON OF OKLAHOMA, and
BMO HARRIS BANK, NA d/b/a
GREENSKY, LLC,

         **Defendants.**

Case No.: 5:23-cv-00115-R

**PLAINTIFF'S OPPOSITION TO GREENSKY'S
MOTION TO RECONSIDER ORDER**

Defendant BMO Harris Bank, NA, d/b/a GreenSky, LLC ("GreenSky") just *can't*
*quit* attempting to force Plaintiff Susan Parisi ("Parisi") to arbitrate her claims, despite this
Court's well-reasoned Order denying GreenSky's motions to compel arbitration and
dismiss all claims (the "Order") [ECF Doc. No. 66]. Now GreenSky, having failed with
its successive attempts to compel arbitration [ECF Doc. Nos. 17, 46], raises the same
arguments it already previously raised with this instant "Motion to Reconsider Order (Doc.
66) and Brief in Support" ("Motion to Reconsider") [ECF Doc. No. 72]. GreenSky fails to
meet the standard necessary for this Court to reconsider its Order, and therefore the Motion
to Reconsider should be denied.

## I.    Background Facts and Procedural History

The facts of this case have been set forth by Parisi in other filings and in this Court's Order issued on December 1, 2023. [ECF Doc. Nos. 39, 56, 66]. For the Court's convenience, an abbreviated procedural history is included here. GreenSky first asked this Court to compel arbitration and dismiss or stay Parisi's claims on April 28, 2023. [ECF Doc. No. 18]. After Parisi amended her Complaint to name co-defendant, Oklahoma Windows and Doors LLC d/b/a Renewal by Anderson of Oklahoma ("Anderson"), GreenSky again sought to compel arbitration and dismiss or stay Parisi's claims on September 25, 2023. [ECF Doc. Nos. 46, 47].  This Court denied GreenSky's motions to compel arbitration on December 1, 2023. [ECF Doc. No. 66]. On December 7, 2023, Anderson moved to dismiss Parisi's Amended Complaint and compel arbitration. [ECF Doc. No. 69]. On December 28, 2023, GreenSky filed a purported Notice of Joinder in Anderson's motion to compel arbitration. Parisi filed her Response in Opposition to that Notice of Joinder on January 10, 2023. [ECF Doc. No. 76]. GreenSky has also filed a notice of appeal of this Court's denial of its motions to compel arbitration. [ECF Doc. No. 73].

## II.    Standard of Review

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018). Nevertheless, "a district court always has the inherent power to reconsider its interlocutory rulings" before entry of final judgment. *Id.* (quoting *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). The Tenth Circuit has held that grounds for a motion to reconsider include (1) an intervening change in the

2

controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F. 3d. at 1012.

III.    **Argument**

A.    **GreenSky Rehashes Old Arguments and Fails to Demonstrate Clear Error**

GreenSky's Motion to Reconsider fails to meet the standard required for reconsideration. GreenSky concedes there has been no intervening change in the controlling law, but fails to raise any new evidence previously unavailable or demonstrate a need to correct clear error or prevent manifest injustice. *See DiTucci v. First American Title Insurance*, 2023 WL 382923, *5 (10th Cir. Jan. 25, 2023) ("A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (cleaned up, citations omitted). This Court did not misapprehend the facts, GreenSky's position, or the controlling law.

GreenSky simply revisits its former arguments about the "liberal federal policy favoring arbitration," and even goes so far as to incorporate by reference its prior briefing. *See* Motion to Reconsider, p. 4.  According to GreenSky, this Court should reconsider its Order "because the arbitration Agreement between Parisi and Oklahoma Windows was not previously part of the record, and the arbitration provision applies to Parisi's claims against

GreenSky." *See* Motion to Reconsider, p. 3. Likewise, GreenSky claims that it could not have raised arguments related to its co-Defendant Oklahoma Windows' purported agreement previously because "the Oklahoma Windows Agreement was not before the Court at the time GreenSky filed its motions." Motion to Reconsider, p. 6. These assertions are flat-out wrong. The "Oklahoma Windows Agreement" was part of the record when GreenSky filed its second motion to compel arbitration (*and* when GreenSky filed a reply brief in support of its first motion to compel arbitration).

**B.    GreenSky Could Have Made Arguments Based on the "Oklahoma Windows Agreement" in its Earlier Briefing But Declined to Do So.**

Parisi's Response in Opposition to GreenSky's first Motion to Compel Arbitration was supported by Parisi's declaration, which referred to the "Oklahoma Windows Agreement" in paragraph 33:

> "The contract attached to Mr. Kelley's email shows Loan Plan 3541 with a 24-month promotional period and interest waived if the balance is paid off before the promotional period ends.  A true and accurate copy of the Loan Plan 3541 I discovered in my spam email folder is attached hereto as Exhibit 1."

[ECF Doc. No. 39-1, p. 5]

Exhibit 1 to Parisi's Declaration is Loan Plan 3541, the "Oklahoma Windows Agreement" GreenSky claims was not previously part of the record. [ECF Doc. No. 39-1, pp. 9-38].  Likewise, Parisi's Opposition to GreenSky's Second and Redundant Motion to Dismiss includes the "Oklahoma Windows Agreement" as an exhibit to Parisi's Declaration in Support of her Opposition.  [ECF Doc. No. 56-1, pp. 6, 10-39]. GreenSky

therefore cannot claim that the "Oklahoma Windows Agreement" was not previously part of the record simply because GreenSky elected to forego arguments grounded upon it.[1]

GreenSky's attempt to repackage its previous arguments to suggest that the "Oklahoma Windows Agreement" – an illusory contract lacking in consideration for which there was no meeting of the minds – is now somehow applicable to GreenSky's cause, should be denied.  Like it did the first two times it moved to dismiss Parisi's claims and compel her to arbitration, GreenSky tries to conflate two distinct "agreements" in its Motion to Reconsider by referring to a Loan Agreement (capitalized but not defined). Motion to Reconsider, p. 4. This is a repeat of GreenSky's previous tactic of pretending that two different purported contracts are one, despite this Court's clear rejection of GreenSky's sleight of hand. [ECF Doc. No. 66], p. 13. ("A different plan is a different offer. Parisi's apparent consent to the Zero-Interest Loan's terms is not simply transposed to the High-Interest Loan offer.")[2]  Likewise, GreenSky repeats its previous argument that

---

[1] In fact, GreenSky refers to Parisi's Response in a footnote in its Reply supporting its first Motion to Dismiss and Compel Arbitration, stating that "[r]egardless of the financing terms, any loan agreement through the GreenSky program would have the same arbitration agreement contained in the *final* Loan Agreement, as all GreenSky loan agreements contain the same arbitration agreement." [ECF Doc. No. 42], p. 7, fn. 4. (emphasis added). However, a comparison between the "Oklahoma Windows Agreement" arbitration provision and the "final Loan Agreement" arbitration provision reveals several differences. Cf., [ECF Doc. No. 39-1], pp. 16-17 with [ECF Doc. No. 47-4], pp. 4-5. GreenSky makes the same argument again in its Reply in Support of its second Motion to Dismiss and Compel Arbitration, this time in the body of its brief rather than in a footnote. [ECF Doc. No. 65], pp. 5-6.

[2] Parisi did not consent to the "Oklahoma Windows Agreement" terms because she never had a chance to review them; when she provided her iPad signature to the Anderson representative, she believed that it was for a credit check and part of the application process for the loan she hoped to, but never did, receive.  [ECF Doc. No. 71-1], pp. 2-3.

5

Parisi, by simply applying for a loan, made a commitment to arbitrate her claims. *See* Motion to Reconsider, p. 4.  She did not. GreenSky then reiterates that it "has briefed such issues and provided evidence on that issue." *Id*.  Thus, by GreenSky's own account, it fails to raise new evidence unavailable previously.

### C.    GreenSky's Cited Caselaw Is Inapposite.

GreenSky cites to *Ferrell v. Cypress Envtl. Mgmt.-TIR, LLC*, 2021 WL 5576677, *1 (10th Cir. Nov. 30, 2021) for its untethered theory that "[a] motion to compel arbitration is not limited to a single arbitration provision between one set of parties" and that "courts are required to consider all arbitration agreements that apply to the issues." *Ferrell*, a putative collective action case for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §216(b), is 1) inapposite, and 2) a decision issued prior to the Supreme Court's opinion in *Morgan v. Sundance*, 596 U.S. 411, 416 (2022).

*Ferrell* involved the claims of an oil and natural gas pipeline inspector who had signed an employment agreement with a sub-subcontractor containing an arbitration agreement. 2021 WL 5576677, *1. The prime contractor moved to compel arbitration based on the employment agreement, but *before* the district court ruled on the prime contractor's motion, the sub-subcontractor intervened and moved to compel arbitration, also based on the employment agreement. *Id*. (emphasis added). The prime contractor then joined the sub-subcontractor's motion. *Id*.  The prime and sub-subcontractor argued that Ferrell, the pipeline inspector, should be equitably estopped from avoiding arbitration. *Id.*, *2.  The 10th Circuit reversed the district court's denial of the joint motion, holding that a "concerted misconduct estoppel" applied, with its analysis "driven" by Ferrell's attempt

"to use his employment contract to his advantage when it suits him and disavow it when it does not." *Id*., *4 ("Ferrell's attempt to avoid the arbitration provision he agreed to in his contract with Cypress through artful pleading is the epitome of a party 'playing fast and loose with the courts.'") (further citations omitted). The 10th circuit concluded that the appropriate course of action "is to require Ferrell to honor the contract he agreed to." *Id*. Of course, Ferrell never disputed that he signed the employment agreement at issue. By contrast, Parisi disputes that she ever agreed to the "Oklahoma Windows Agreement" and her claims are certainly not based on its terms. Thus, equity would not be served by application of an equitable estoppel theory, nor has GreenSky even advanced such a theory (which it could have done in its previous motion to compel arbitration but did not).

GreenSky also cites to the 10th circuit decision in *Reeves v. Enterprise Products Partners, LP*, a putative collective action also in the employment context where the plaintiff admitted he was jointly employed by the signatory and the non-signatory.17 F. 4th 1008, 1015 (10th Cir. 2021). The *Reeves* court held that a non-signatory could compel arbitration because the signatory was attempting to enforce the agreement's benefits while also seeking to avoid its arbitration provisions. *Id*., at 1015. Unlike the instant action, there was no dispute in *Reeves* that the signatory had agreed to the contract containing the arbitration provision. *Id*., at 1010. Moreover, the actual arbitration clause is not quoted in the *Reeves* opinion, so its scope does not appear to have been a factor impacting the court's decision. *See* Part III (D), *supra*.

Importantly, in *Morgan v. Sundance*, *supra*, decided after *Ferrell* and *Reeves*, the Supreme Court clarified that the Federal Arbitration Act's "policy favoring arbitration"

7

does not "authorize federal courts to invent special, arbitration-preferring procedural rules." *Morgan*., 596 U.S. at 418. The policy is "to make arbitration agreements as enforceable as other contracts, but not more so." *Id*. (further citations omitted). Putting a fine point on it, the Supreme Court held that the federal policy is "not about fostering arbitration." *Id*. Accordingly, GreenSky's misguided attempt to read into *Ferrell* and *Reeves* that "a motion to compel arbitration is not limited to a single arbitration provision between one set of parties" or that "courts are required to consider all arbitration agreements that apply to the issues," should not be sustained in light of *Morgan v. Sundance*.

> **D.**    **Even if this Court Finds That the "Oklahoma Windows Agreement" is Valid, GreenSky Cannot Enforce Its Arbitration Provision.**

Even if arguendo, the Court finds that there was a meeting of the minds between Parisi and Anderson and a contract was formed (it should not), the contract language expressly limits arbitration to any dispute *between Anderson and Parisi* or their respective affiliates, officers, directors, employees, agents, or owners.  [ECF Doc. No. 39-1] pp. 16-17.  Therefore, the purported agreement itself forecloses GreenSky's argument that the "Oklahoma Windows arbitration clause covers the claims Parisi has raised against GreenSky." Motion to Reconsider, p. 5. GreenSky confuses the fact that the arbitration provision may be broad in the sense that it might apply to claims that "arise under or in connection with" the "Oklahoma Windows Agreement" with the fact that the agreement is expressly limited to disputes that arise "between them," meaning Anderson and Parisi or "any of their respective affiliates, officers, directors, employees, agents, or owners."  The

arbitration provision is therefore not broad enough to include GreenSky, which is not an affiliate, officer, director, employee, agent, or owner of Anderson. *See e.g.*, *Fucci v Bowser*, 2023 WL 6391506, *10 (D. Utah Oct. 2, 2023) (citing *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, 845 F.3d 1351, 1356 (11th Cir. 2017) ("If the parties had consented in the arbitration clause to arbitrate any disputes concerning the validity, interpretation, etc., of the contract, instead of consenting to arbitrate only 'disputes arising between them' ... the [nonsignatories] may have been able to use equitable estoppel to require [the plaintiff] to arbitrate the dispute between it and them. But, as the 'between them' language shows, that is not what the parties to the agreement consented to do in the arbitration provision."); *See also, Daphne Auto., LLC v. E. Shore Neurology Clinic, Inc.*, 245 So. 3d 599, 606 (Ala. 2017) (holding that arbitration provision limited to "disputes between them" had a narrow scope that precluded nonsignatories from compelling arbitration).

In *Daphne*, the court explained that arbitration agreements like the one at issue are broad insofar as they apply to "all claims, demands, disputes or controversies of every kind or nature." *Id*., at 606. But the agreements are limited to disputes that arise "between them," *i.e*, the parties. *Id*. Thus, even were the Court to find that Parisi had intentionally entered into the "Oklahoma Windows Agreement" containing the arbitration provision, the provision's scope is not broad enough to encompass GreenSky.

The "Oklahoma Windows Agreement" further expresses its narrow scope with language declaring the arbitration commitment will be null and void if a third party's claims must be joined. *See* ECF Doc. No. 39-1 ("Neither of the parties nor the arbitrator

9

will have any authority or power to proceed with any claim as a class action or *otherwise to join or consolidate any claim with any other claims or any other proceeding involving third parties*. In the event a court determines that this limitation on joinder or class action claims is unenforceable, then this entire commitment to arbitrate will become null and void and the parties must submit all claims to the jurisdiction of the courts.") Thus, joining Parisi's claims against GreenSky into a dispute between Parisi and Anderson would nullify any purported commitment to arbitrate.

        **E.**        <u>**Limited Discovery on Factual Issues is Unnecessary and Inappropriate**</u>

GreenSky has not explained why the "evidence included with Oklahoma Windows's currently pending motion" is a basis for reconsideration of the Court's Order. Motion to Reconsider, p. 6. Nor has GreenSky explained how the Court's reconsideration of its decision on GreenSky's motions to dismiss and compel arbitration would "prevent manifest injustice." *Id*. GreenSky's plea for limited discovery "to prevent clear error and manifest injustice" simply regurgitates the standard for reconsideration with no attempt to tie the Court's opinion denying GreenSky's motions to the standard. Accordingly, GreenSky has utterly failed to explain the necessity of "limited discovery" on "these issues." *Id*.

Because Anderson's attempt to compel Parisi to arbitration based on an illusory contract entirely lacking in consideration should fail, inconsistent results should not be an issue. Nor would inconsistent results stemming from two different contracts be a reason to allow a nonsignatory to compel arbitration with a party who did not consent to arbitration. "Arbitration under the [FAA] is a matter of consent, not coercion . . ." *Volt Info. Sciences,*

*Inc. v. Board of Trustees,* 489 U.S. 468, 469 (1989). Furthermore, GreenSky's docket activity in this litigation does not demonstrate a serious concern with the waste of judicial resources. Motion to Reconsider, p. 6.

## IV.    Conclusion

For the reasons stated above, this Court should deny GreenSky's Motion to Reconsider.

Respectfully submitted this 19th day of January, 2024.

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**RAWLS GAHLOT, PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA # 22145

2404 S. Broadway
Moore, Ok 73160
Phone: 405-912-3225
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

***Attorneys For Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2024, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

/s/ Janet R. Varnell
Janet R. Varnell