**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUSAN PARISI, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| **v.** | )    **No. CIV-23-115-R** |
| | ) |
| OKLAHOMA WINDOWS AND | ) |
| DOORS, LLC, d/b/a RENEWAL BY | ) |
| ANDERSEN OF OKLAHOMA; and | ) |
| BMO HARRIS BANK, NA, d/b/a | ) |
| GREENSKY, LLC, | ) |
| | ) |
|       **Defendants.** | ) |

## <u>ORDER</u>

Before the Court is Defendant GreenSky, LLC's Motion for Reconsideration [Doc. 72] of the Court's prior Order [Doc. 66] denying GreenSky's Motion to Compel Arbitration [Doc. 17] and Motion to Dismiss for Improper Venue [Doc. 46]. Plaintiff responded, and the matter at issue [Doc. 81]. The Motion is DENIED.

Previously, the Court denied GreenSky's Motions because it found that Plaintiff and GreenSky did not, as a matter of law, enter into the contract containing the arbitration clause.[1] GreenSky now argues that a later-filed motion to compel arbitration [Doc. 68] by its co-defendant, Renewal by Andersen of Oklahoma, LLC, presents additional information that may alter the Court's decision in its prior Order.

---

[1] The factual basis for this suit has been well-documented in previous Orders [Docs. 66, 82], so the Court does not do so here.

GreenSky's motion is reviewable under FED. R. CIV. P. 54(b) as reconsideration of an interlocutory order. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Rule 54(b)). The review of an interlocutory order is guided by the same standards as a motion to alter or amend a judgment under FED. R. CIV. P. 59(e). *Carbajal v. Lucio*, 832 F. App'x 557, 569 (10th Cir. 2020). Parties agree the grounds supporting reconsideration are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The purpose of a motion to reconsider is not "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

In this instance, GreenSky suggests the second and third grounds for reconsideration support its Motion. It concedes there has been no change in the controlling law. However, GreenSky's argument is inherently flawed. The "new evidence" GreenSky points to was, in fact, available. Accordingly, there was no clear error or manifest injustice.

GreenSky suggests the signed agreement between Parisi and Renewal by Andersen was not before the Court when it ruled on GreenSky's Motion. That is false. The purported contract that Andersen submitted as part of its Motion [Doc. 69-1 at p. 6-35] has been part of the record since August 2023. The same document was submitted by Plaintiff in her Response to Greensky's Motion to Compel Arbitration [Doc. 39-1 at p. 9-38] and Response to GreenSky's Motion to Dismiss [Doc. 56-1 at p. 10-39]. Parisi referred to the purported contract in her sworn declaration [Doc. 39-1 at p.5, ¶¶ 33-38]. The Court even referred to the contract in its Order denying GreenSky's Motions [Doc. 66 at 4-5 nn. 4-5]. GreenSky

had opportunities to utilize the agreement to advance its arguments in its respective Reply briefs [Doc. 42, 65]. GreenSky did not do so. Its disregard of the record is no reason for this Court to reconsider its Order.[2]

GreenSky also urges the Court to reconsider its prior Order in light of the arguments Andersen propounds in its Motion to Compel Arbitration. The Court has done so. The Court denied Andersen's motion and finds no reason to depart from its prior Order denying GreenSky's motions.

GreenSky's Motion for Reconsideration is DENIED for the reasons set forth above.

**IT IS SO ORDERED** this 14th day of February 2024.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Counsel for GreenSky is reminded of its obligations under Rule 11 of the Federal Rules of Civil Procedure.