<b>FILED</b><br>
<b>United States Court of Appeals</b><br>
<b>Tenth Circuit</b>

<b>UNITED STATES COURT OF APPEALS</b>

<b>FOR THE TENTH CIRCUIT</b><br>
_____

<b>March 15, 2024</b>

<b>Christopher M. Wolpert</b><br>
<b>Clerk of Court</b>

SUSAN PARISI,

    Plaintiff - Appellee,

v.

GREENSKY, LLC, (incorrectly identified as BMO Harris Bank, NA, d/b/a Greensky, LLC),

    Defendant - Appellant,

and

OKLAHOMA WINDOWS AND DOORS LLC, d/b/a Renewal by Andersen of Oklahoma,

    Defendant.

_____

SUSAN PARISI,

    Plaintiff - Appellee,

v.

OKLAHOMA WINDOWS AND DOORS LLC, d/b/a Renewal by Andersen of Oklahoma,

    Defendant - Appellant,

and

No. 23-6218<br>
(D.C. No. 5:23-CV-00115-R)<br>
(W.D. Okla.)

No. 24-6043<br>
(D.C. No. 5:23-CV-00115-R)<br>
(W.D. Okla.)

GREENSKY, LLC, (incorrectly identified
as BMO Harris Bank, NA, d/b/a Greensky,
LLC),

    Defendant.

_____

## ORDER

_____

These matters are before the court on our own motion for case management

purposes. The above-captioned appeals arise from the same proceeding in the United

States District Court for the Western District of Oklahoma. The defendants have appealed

interlocutory orders denying the defendants' motions to dismiss or stay the underlying

case on the ground that a contractual provision mandates arbitration of the plaintiffs'

claims (ECF Nos. 66 & 82). *See* 9 U.S.C. § 16. Although the orders are separate and

apply to different defendants, there is significant overlap in the district court's analysis of

and conclusions regarding the motions.

Accordingly, these two appeals are procedurally consolidated for preparation of

the appendix, briefing, oral argument (if granted), and submission to a panel of judges.

All future filings in these appeals shall be captioned for and filed in both appeals, unless

good cause exists for filing a document in only one of the appeals.

Notwithstanding our consolidation of these appeals, the parties shall complete all

outstanding preliminary filing requirements in Case No. 24-6043.

Appellants shall file a single, consolidated opening brief raising all claims of error

in both appeals. Appellee shall file a single, consolidated response brief, and, if

Appellants choose to file a reply brief, it shall be a single, consolidated reply.

Notwithstanding our procedural consolidation, all briefs shall conform to the type-volume limitations for a single brief set forth in Federal Rule of Appellate Procedure 32(a)(7).

The parties shall collaborate to prepare a consolidated joint appendix that contains the portions of the district court record that are necessary for this court to consider all issues the parties intend to raise in both appeals.

The briefing schedule previously set in Case No. 23-6218 is vacated. Appellants' consolidated opening brief and the consolidated appendix will be due 40 days from the district court's notification that the record is complete for appellate purposes in Case No. 24-6043. *See* 10th Cir. R. 31.1(A)(1). The remainder of the briefing in these appeals will proceed in accordance with the applicable Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

The briefs and appendix shall be filed electronically in each case, but the parties need forward only seven hard copies of the briefs and one hard copy of the appendix to the Clerk's Office.

Entered for the Court
CHRISTOPHER M. WOLPERT, Clerk

*Lara Smith*

by: Lara Smith
    Counsel to the Clerk