## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) OKLAHOMA WINDOWS AND DOORS d/b/a RENEWAL BY ANDERSON OF OKLAHOMA and (2) BMO HARRIS BANK, NA d/b/a GREENSKY, LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANT GREENSKY, LLC'S MOTION TO DISMISS ALL CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND SUPPORTING BRIEF

---

Sean W. Fleming, *Admitted Pro Hac Vice*
Texas State Bar No. 24027250
Macdonald Devin Madden
Kenefick & Harris, P.C.
12770 Coit Road, Ste .1100
Dallas, Texas 75251
T: (214) 744-3300 │F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600 │F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

*Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC*

August 12, 2025

## TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ARGUMENT .......................................1

II.     STANDARDS FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL
        PROCEDURE 12(b)(6) ................................................................... 3

III.    ARGUMENTS AND AUTHORITIES...............................................................4

        A.    PLAINTIFF CANNOT ENFORCE THE CONSUMER DISCLOSURE
              REQUIREMENTS AS A PURPORTED CLASS REPRESENTATIVE ...5

              1.    Plaintiff Must Be a Member of the Class of "Debtors" Under the
                    Oklahoma Uniform Consumer Credit Code ...........................................5

              2.    Plaintiff is Not a "Debtor" Under the Oklahoma Uniform Consumer
                    Credit Code ...............................................................................7

                    a.    A debtor is a person who enters into a loan agreement ...................7

                    b.    The Court has already determined that Plaintiff did not enter into
                          loan agreement ..............................................................9

              3.    Plaintiff Cannot Assert Class Claims Because She is Not a Member of
                    the Class ...............................................................................11

        B.    PLAINTIFF'S PURPOSED "CLASS" IS NOT CLEARLY
              ASCERTAINABLE...............................................................................13

        C.    THE ALLEGED CLASS DEFININATION CANNOT INCLUDE
              CONSUMERS WHO ENTERED INTO AN ARBITRATION
              AGREEMENT................................................................................20

        D.    PLAINTIFF'S CLAIMS OTHERWISE FAIL TO STATE A CAUSE
              OF ACTION ................................................................................22

              1.    There is No Cause of Action for Alleged Violations of Specific
                    Disclosure Provisions in Section 3-306 of the Oklahoma Uniform
                    Consumer Credit Code.................................................................22

              2.    Plaintiff is Not a "Debtor" with Standing to Maintain a Claim
                    Based on Alleged Lack of Disclosure................................................23

IV.     CONCLUSION................................................................................23

i

# TABLE OF AUTHORITIES

**Cases:**

*Allen v. Medrano,* 416 U.S. 802 (1974) .......................................................................... 11

*Arizona v. California,* 460 U.S. 605, 618 (1983) .......................................................... 10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................... 3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ................................................. 3, 4

*Black v. Premier Co.,* No. CIV.A. 01-4317, 2002 WL 32122658, at *5 (E.D. Pa. Sept. 13, 2002) ..................................................................................................................... 14

*Braver v. Northstar Alarm Servs., LLC,* 329 F.R.D. 320 (W.D. Okla. 2018).......... 13, 17

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.,* 867 F.3d 434, 439 n.3 (3d Cir. 2017) ........................................................................................................................ 13

*Cline v. Sunoco, Inc. (R&M),* 333 F.R.D. 676 (E.D. Okla. 2019) ................................. 18

*Colton v. Sandridge Exploration and Production, LLC,* No. CIV-22-00986-JD, 2025 WL 1387798, at *4 (W.D. Okla. May 13, 2025) ........................................................... 11

*Cooper v. Coil Chem., LLC,* No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016) ........................................................................................................ 11

*Dunn v. Midwest Buslines, Inc.,* 94 F.R.D. 170 (E.D. Ark. 1982) ................................ 19

*Eddy v. Bricktown Hospitality, LLC,* No. CIV-18-1051-SLP, 2019 WL 13113722, at *4 (W.D. Okla. May 28, 2019)....................................................................................... 23

*Ford v. TD Ameritrade Holding Corp.,* 995 F.3d 616 (8th Cir. 2021) .......................... 16

*Gipson v. Sprint Communications Co., L.P.,* 81 P.3d 65, 71 (Okla. App. 2003).......... 17

*Guerrero v. Halliburton Energy Servs., Inc.,* 231 F. Supp.3d 797, 807-08 (E.D. Cal. 2017)...................................................................................................................................... 4

*Hagen v. City of Winnemucca,* 108 F.R.D. 61 (D.C. Nev. 1985) ................................. 19

*Harrison v. Leviton Mfg. Co.,* No. 05CV0491CVEFHM, 2006 WL 2990524, at *4

(N.D. Okla. Oct. 19, 2006) ................................................................................. 11

*Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349 (3d Cir. 2013) ........................................ 13

*Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124 (3d Cir. 2000) .......... 5

*In re BCD Corp.*, 221 B.R. 534 (D. Utah 1998) .............................................................. 10

*In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, No. 12-ML-2048-C, 2014 WL 104964, at *2 (W.D. Okla. Jan. 9, 2014) .................................................. 13, 18

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 1180550, at *31 n.33 (D. Kan. 2020) ............................................................. 16

*In re White*, 64 F.4th 302 (D.C. Cir. 2023) .................................................................... 17

*John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443 (5th Cir. 2007) ............................ 4

*Jones v. People's Heritage Bank*, 433 F. Supp.2d 1328 (S.D. Ga. 2006) ....................... 9

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012) ........................ 13, 18, 21

*Martinez v. Equifax Inc.*, No. CV 15-2100 (SRC), 2016 WL 226639, at *2–3 (D.N.J. Jan. 19, 2016) .................................................................................................. 13

*Messner v. Northshore Univ. HealthSystem* .................................................................. 16

*McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031 (10th Cir. 2000) ......................... 10

*Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 53 (D. Conn. 2004) ............................. 17

*Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *5 (D. Colo. Dec. 4, 2024) ............................................................................................. 21

*Nussbaum v. Mortgage Serv. Am. Co.*, 913 F. Supp.1548 (S.D. Fla. 1995) ................. 12

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ...................................................................... 11

*Orduno v. Pietrzak*, 932 F.3d 710 (8th Cir. 2019) ........................................................ 17

*Parsons v. Philadelphia Parking Auth.*, No. CV 13-0955, 2016 WL 538215, at *5–6 (E.D. Pa. Feb. 11, 2016) .............................................................................................. 13

*Papasan v. Allain,* 478 U.S. 265, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) .................. 4

*Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943 (6th Cir. 2011)...................... 4, 5

*Racher v. Lusk,* No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013).................................................................................................................... 7

*Rector v. City of Denver,* 348 F.3d 935 (10th Cir. 2003)........................................ 11, 13

*Ramsay v. Frontier, Inc.,* No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *8-9 (D. Colo. July 30, 2020)........................................................................................ 4

*Randleman v. Fid. Nat. Title Ins. Co.,* 646 F.3d 347 (6th Cir. 2011) ..................... 16, 17

*Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir. 1995) ............................. 10

*Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,* 280 F.3d 384 (3d Cir. 2002) ........................ 8

*Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208 (1974)...... 5, 11, 13

*Selby v. Principal Mut. Life Ins. Co.,* 197 F.R.D. 48, 55 (S.D.N.Y. 2000).............. 14, 19

*Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at *6 n.3 (D. Colo. Feb. 23, 2021).......................................................... 4, 16

*Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *10 (D. Kan. May 17, 2023) .................................................. 4, 16, 17

*State ex rel. State Ins. Fund v. Houston,* No. 97,553, 2003 WL 25284639, at *2 (Okla. Civ. App. Aug. 12, 2003).......................................................................... 7

*Thompson v. Williams,* 406 P.2d 599 (Okla. Ct. App. 2017)........................................ 23

*TST Truck Ins., Ltd. v. First Nat. Bank of Wamego,* No. 09-4158-SAC, 2014 WL 1047993, at *4 (D. Kan. Mar. 18, 2014) .................................................................. 10

*United States v. Monsisvais,* 946 F.2d 114, 115 (10th Cir. 1991) ............................... 10

*Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011) ........................................ 18

*Weske v. Samsung Elecs., Am., Inc.,* 934 F. Supp. 2d 698, 706-07 (D.N.J. 2013) ......... 5

**United States Codes**

15 U.S.C. § 1601 ........................................................................................ 12

15 U.S.C. § 1631(a) ..................................................................................... 6

15 U.S.C. § 1634 ......................................................................................... 8

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1

FED. R. CIV. P. 23(a)(2) ............................................................................. 18

**Oklahoma Statutes**

OKLA. STAT. ANN. tit. 12A, § 1-9-102(a)(3) ............................................ 7

OKLA. STAT. ANN. tit. 14A, § 3-301 .................................................. 7, 19

OKLA. STAT. ANN. tit. 14A, § 3-301(2) .............................................. 8, 22

OKLA. STAT. ANN. tit. 14A, § 3-306 ................................................... 5, 22

OKLA. STAT. ANN. tit. 14A, § 3-306(2) .................................................... 6

OKLA. STAT. ANN. tit. 14A, § 3-306(2)(b)(1) ........................................... 8

OKLA. STAT. ANN. tit. 14A, § 3-306(2)(f) ................................................. 8

**Oklahoma State Codes**

Oklahoma Uniform Consumer Credit Code ............................................ 8, 18

**Acts**

Federal Consumer Credit Protection Act. .................................................... 8

**Miscellaneous**

Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class Certification,* 81 FORDHAM L. REV. 2769, 2782 (2013) ..................................................... 16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) C CASHION WINDOWS, LLC d/b/a | ) | |
| RENEWAL BY ANDERSON OF | ) | |
| OKLAHOMA, and (2) BMO HARRIS | ) | |
| BANK, NA d/b/a GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GREENSKY, LLC'S MOTION TO DISMISS ALL CLAIMS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6),
AND SUPPORTING BRIEF**

Defendant, GreenSky, LLC (hereinafter "GreenSky"), incorrectly identified as

BMO Harris Bank, NA d/b/a GreenSky, LLC (hereinafter "GreenSky"), files this Motion

to Dismiss All Claims asserted by Plaintiff Susan Parisi ("Plaintiff") pursuant to Federal

Rule of Civil Procedure 12(b)(6) and Supporting Brief.

**I.
INTRODUCTION AND SUMMARY OF ARGUMENT**

Plaintiff's Amended Petition and Motion to Certify a Class Action (the "Petition")

asserts claims against GreenSky under the Oklahoma Uniform Consumer Credit Code and

purports to seek certification of a putative class.  Plaintiff's claims against GreenSky are

1

fatally flawed and should be dismissed in their entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Plaintiff claims that GreenSky failed to comply with a laundry list of alleged disclosure requirements under the Oklahoma Uniform Consumer Credit Code in connection with a consumer lending transaction.[1]   However, Plaintiff alleges, and this Court has ruled, as a matter of law, that Plaintiff never actually entered into any loan transaction.  Because there was no loan transaction, Plaintiff is not a "debtor" under the Oklahoma Uniform Consumer Credit Code.

Nevertheless, Plaintiff seeks to bring these Oklahoma Uniform Consumer Credit Code claims against GreenSky as a representative of a class of *debtors* who were allegedly wrongfully denied these disclosures in separate transactions in which GreenSky acted as a program administrator for various lenders.  Plaintiff cannot represent a class to which she does not belong.  Because she is not a debtor in a loan transaction herself, Plaintiff does not have a claim and she cannot represent other consumers who were actually debtors.  Moreover, Plaintiff's proposed "class" is a convoluted mess that would require individual

---

[1]    GreenSky denies that it was a lender in connection with any transaction involving Plaintiff, and GreenSky does not admit that it was a party to any loan transaction.  Instead, GreenSky merely administers a loan program on behalf of various lenders and licenses to the lenders a technology platform and program brand names for the lenders to use in connection with the lenders' origination of consumer loans for their own accounts.  Because this is a Rule 12(b)(6) motion, however, GreenSky cannot dispute the facts alleged in the Petition in the context of this motion.  Nothing in this motion should be considered an admission or acknowledgment of GreenSky that it served as a lender in this case or that it was a party to any loan agreement.

fact findings of liability as to each individual to determine whether such individual is even in the class.

Additionally, Plaintiff asserts that GreenSky violated the Oklahoma Uniform Consumer Credit Code because GreenSky allegedly failed to provide specific disclosures listed in a particular section of the Oklahoma Uniform Consumer Credit Code. These specific disclosures are not required, however, as another section of the Oklahoma Uniform Consumer Credit Code clearly permits a person providing disclosures to disregard those specific disclosures in favor of other disclosure requirements contained in the Federal Consumer Credit Protection Act. Under the circumstances, Plaintiff has failed to state a claim for which relief can be granted, and all of her claims in this case must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.
## STANDARDS FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotation marks, citations and footnote omitted).

While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). The complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A complaint does not state a claim if it offers nothing more than "naked assertion[s]" devoid of "further factual enhancement." *Twombly,* 550 U.S. at 557. Additionally, a complaint does not state a claim if the relief sought by the plaintiff is not available as a matter of law. *See Guerrero v. Halliburton Energy Servs., Inc.,* 231 F. Supp.3d 797, 807-08 (E.D. Cal. 2017); *Ramsay v. Frontier, Inc.,* No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *8-9 (D. Colo. July 30, 2020).

### III.
### ARGUMENTS AND AUTHORITIES

The claims asserted by Plaintiff in the Petition primarily involve alleged class claims. Courts have considered whether class claims are appropriate in the context of a motion under Rule 12(b)(6), and GreenSky seeks such relief in this case. *See John v. National Sec. Fire & Cas. Co.,* 501 F.3d 443, 444-45 (5th Cir. 2007); *Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *11 (D. Kan. May 17, 2023); *Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at *4 (D. Colo. Feb. 23, 2021). Alternatively, GreenSky seeks to strike Plaintiff's class definition under Rule 12(f). *See Pilgrim v. Universal Health Card,*

4

*LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *but see Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 706-07 (D.N.J. 2013).

## A.    PLAINTIFF CANNOT ENFORCE THE CONSUMER DISCLOSURE REQUIREMENTS AS A PURPORTED CLASS REPRESENTATIVE

### 1.    Plaintiff Must Be a Member of the Class of "Debtors" Under the Oklahoma Uniform Consumer Credit Code

As a putative class representative, Plaintiff must be a member of the class she seeks to represent. If her claims differ from the claims of the class, then she does not have standing to serve as a representative of that class. *See Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff ... be a part of that class, that is, he [or she] must possess the same interest and suffer the same injury shared by all members of the class he [or she] represents."); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000) (stating "a plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class").

The only claims asserted by Plaintiff in her Amended Petition and Motion to Certify a Class Action [Doc. 36] (the "Petition") are based on GreenSky's alleged violations of certain disclosure requirements in the Oklahoma Uniform Consumer Credit Code. *See* Petition, ¶ 10.[2] The disclosure requirements that are the bases for Plaintiff's claims are set forth in OKLA. STAT. ANN. tit. 14A, § 3-306 (the "Consumer Disclosure Requirements").

---

[2]    GreenSky denies that it failed to make any required disclosures to Plaintiff. In the unlikely event this case is not dismissed under Rule 12(b)(6), GreenSky will provide

In the Petition, Plaintiff asserts "the principal legal question common to [Plaintiff] and to each class member is whether adequate consumer credit disclosures were provided to class members *prior to consummation or liability for the loans originated by Andersen and later sold to [GreenSky].*"[3] Petition, ¶ 22 (emphasis added). In other words, the "class" Plaintiff seeks to represent in this case is a class of persons who ultimately became debtors by consummating loans and incurring liability under loan agreements. The Consumer Disclosure Requirements state that the required disclosures are to be provided to the "debtor." *See id.* §3-306(2) (stating "[t]he lender shall give to the *debtor* the following information") (emphasis added); *see also* 15 U.S.C. § 1631(a) (stating disclosures under federal Truth in Lending statute are for "the person who is obligated on a consumer lease or a consumer credit transaction"). Plaintiff cannot represent a class of debtors in connection with claims asserted under the Consumer Disclosure requirements if she is not a debtor herself.

---

evidence that all of the disclosures required under applicable law were actually made to Plaintiff in the context of this case.

[3]     GreenSky denies that Andersen originated loans and later sold those loans to GreenSky. Instead, lenders participating in the finance program administered by GreenSky directly originated loans for customers of Andersen. Because this is a 12(b)(6) motion, however, that issue is not discussed in this motion. Nothing in this motion should be considered an admission or acknowledgment of GreenSky that Andersen originated loans or that GreenSky bought loans from Andersen.

**2.    Plaintiff is Not a "Debtor" Under the Oklahoma Uniform Consumer Credit Code**

*a.    A debtor is a person who enters into a loan agreement*

There does not appear to be a statutory definition of "debtor" that specifically applies to the Consumer Disclosure Requirements. However, the term "debtor" is generally defined as a person who owes an obligation or is subject to some form of liability. *See, e.g., Racher v. Lusk*, No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013) ("'Debtor' means a person who is liable on a claim."); *State ex rel. State Ins. Fund v. Houston*, No. 97,553, 2003 WL 25284639, at *2 (Okla. Civ. App. Aug. 12, 2003) (stating the term "account debtor" means a person "obligated on an account") (citing 12A O.S.2001 § 1–9–102(a)(3)).

Applying the definition of "debtor" as a person who owes an obligation or is subject to liability makes sense in the context of a claim based on the Consumer Disclosure Requirements. These requirements are for the benefit of "the debtor to whom credit is extended with respect to a consumer loan." OKLA. STAT. ANN. tit. 14A, § 3-301. The term "loan" is defined in the Oklahoma Uniform Consumer Credit Code as either "the creation of debt" or the "forbearance of debt." *Id.*, § 3-106. If there is no loan, there is no debt. If there is no debt, there is no debtor.

In fact, many of the required disclosures are based on information that does not even *exist* until there is actually a valid and enforceable loan agreement, such as the "amount financed." *See, e.g.,* OKLA. STAT. ANN. tit. 14A, § 3-306(2)(b)(1) (defining "amount financed" as "the amount of credit of which the debtor has actual use"). If there is no loan

7

agreement, there would be no amount financed and therefore nothing to disclose. Even if there are disclosures that could be made before a loan is consummated, any such disclosures would be inconsequential if no loan agreement ever actually comes into existence. For example, disclosures regarding the "identity of the lender required to make the disclosure" and the "number, amount, and due dates or period of payments" would be disclosed prior to the consummation of loan, but those disclosures become pointless if a loan agreement is not consummated. *See* OKLA. STAT. ANN. tit. 14A, § 3-306(2)(a), (f).

Aside from the fact that any disclosure requirements relate to actual loan agreements, the Federal Consumer Credit Protection Act, which is partially incorporated in the Oklahoma Uniform Consumer Credit Code,[4] includes a provision that evidences an intent that consumer disclosure requirements should not become vehicles for liability when circumstances change. Section 1634 of the Federal Consumer Credit Protection Act states: "If information disclosed in accordance with this part is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part." 15 U.S.C. § 1634; *see Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 392-93 (3d Cir. 2002). Although this provision typically relates to post-agreement circumstances, the principles supporting the provision apply equally where there is never any agreement. With respect to any pre-consummation disclosures, the ultimate changed circumstance

---

[4]    The Oklahoma Uniform Consumer Credit Code permits compliance with the Federal Consumer Credit Protection Act disclosure requirements in lieu of the Consumer Disclosure Requirements in the Oklahoma Uniform Consumer Credit Code. *See* OKLA. STAT. ANN. tit. 14A, § 3-301(2).

would be the failure to agree to the terms of a loan agreement. In that event, any disclosures made (or the failure to make any disclosures) would have no relevance to any rights or obligations of any party.

Finally, a plaintiff cannot sustain an injury that would have been caused by a failure to disclose information about a transaction that never actually came into existence. The point of the Consumer Disclosure Requirements is to ensure that each consumer who enters into a loan transaction knows and understands the terms of that transaction, including his or her obligations under the loan agreement. *See Jones v. People's Heritage Bank*, 433 F. Supp.2d 1328, 1334 (S.D. Ga. 2006) (stating "the main purposes of the Truth in Lending Act disclosure provisions are to allow consumers to price their credit and to prevent any hidden or unreasonable charges"). In the absence of an actual loan agreement, there are no terms or obligations to be understood.

### b.     *The Court has already determined that Plaintiff did not enter into a loan agreement*

This Court has ruled as a matter of law in this case that Plaintiff never entered into any loan agreement or loan transaction. *See* Order dated December 1, 2023 [Doc. 66] (the "Contract Order"), p. 15 ("As a matter of law, the parties did not agree to the High-Interest Loan[.]"). This ruling has recently been affirmed by the Tenth Circuit. *See* 10th Circuit Order and Judgment dated June 6, 2025 [Doc. 89-1 in Appellate Case 23-6218] ("Order Affirming Contract Order"), p. 18 ("The district court did not err in ruling, in light of the undisputed material facts, that no reasonable factfinder could find that [Plaintiff] had manifested assent to the Loan Agreement.").

9

"[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). This case is similar to another case in which a court held that the Tenth Circuit's ruling that there was no meeting of the minds to create a contract was binding with respect to a party's continued claims based on the existence of such a contract. *In re BCD Corp.*, 221 B.R. 534, 536 (D. Utah 1998). In the *BDC Corp.* case, the court stated as follows:

> All of Golfland's claims against BCD flow from the failure to perform under the February Contract. The Tenth Circuit has ruled that there was no meeting of the minds as to the February Contract and therefore no contract existed. If there was no contract, Golfland does not have a remedy at law. Although this may not be exactly the kind of case that the "law of the case" doctrine typically applies to, this court cannot reverse the Tenth Circuit's ruling that there was no contract between the parties which is what would have to be done in order for the appellant to have a cause of action.

*Id.* Because this Court and the Tenth Circuit have held as a matter of law that there was no loan transaction involving Plaintiff, the absence of any loan agreement has been established as the law of this case. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1034 (10th Cir. 2000); *see also TST Truck Ins., Ltd. v. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2014 WL 1047993, at *4 (D. Kan. Mar. 18, 2014) (holding Tenth Circuit's

10

finding that plaintiff was intended beneficiary of contract was "law of the case" that precluded defense based on assertion plaintiff was not intended beneficiary).

Because Plaintiff did not enter into any loan agreement, it necessarily follows that Plaintiff had no "obligation," "liability" or "debt" with respect to the events that are the subject of this case. *See Colton v. Sandridge Exploration and Production, LLC*, No. CIV-22-00986-JD, 2025 WL 1387798, at *4 (W.D. Okla. May 13, 2025) (stating court must determine whether plaintiff has stated "a plausible entitlement to relief" as a prerequisite to a class claim) (quoting *Cooper v. Coil Chem., LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016). As a person who never became subject to any debt, Plaintiff does not qualify as a "debtor" under the Consumer Disclosure Requirements.

### 3. Plaintiff Cannot Assert Class Claims Because She is Not a Member of the Class

Because Plaintiff is not a member of this putative "class" of debtors she identifies in the Petition, Plaintiff cannot maintain any claim as a class representative. *Schlesinger*, 418 U.S. at 216; *see also Rector v. City of Denver*, 348 F.3d 935, 949 (10th Cir. 2003) (holding named plaintiffs could not represent class of persons required to pay late fees on parking citations; such plaintiffs lacked standing because they were not themselves required to pay any late fees). Plaintiff cannot maintain her class claims based on injuries allegedly sustained by other members of the class. *Allen v. Medrano,* 416 U.S. 802, 828-29 (1974); *O'Shea v. Littleton,* 414 U.S. 488, 675 (1974). Accordingly, Plaintiff's class action claims must be dismissed. *See Harrison v. Leviton Mfg. Co.*, No. 05CV0491CVEFHM, 2006 WL 2990524, at *4 (N.D. Okla. Oct. 19, 2006) ("Plaintiff may

11

not represent a putative class if he has not actually suffered the injury for which the class seeks redress. The named representative of the class must have standing to bring a lawsuit or the court must dismiss the proposed class action.").

Even if Plaintiff could somehow qualify as a "debtor" herself in the context of the allegations in this case (which she cannot), the circumstances surrounding her claim would still be substantially different from other putative class members who had actually consummated loan agreements and become obligated to pay debts. As a person who never entered into a loan agreement and never became obligated to pay any debt, any alleged failure of GreenSky to make any disclosures would affect Plaintiff differently than consumers who actually signed loan agreements and made payments under the terms of those agreements. The purpose of the disclosure requirements is to ensure that consumers who actually enter into loan agreements do not become obligated to make payments they were not reasonably expecting to make. *See, e.g.*, 15 U.S.C. § 1601 (stating that purpose of consumer disclosure requirements is "to protect the consumer against inaccurate and unfair credit billing and credit card practices"); *Nussbaum v. Mortgage Serv. Am. Co.*, 913 F. Supp.1548, 1553 (S.D. Fla. 1995) (stating "[d]isclosure was meant to protect consumers in lending situations from becoming unknowingly obligated to pay hidden and unreasonable charges imposed by lenders and to permit them to meaningfully compare the terms of credit extended by different lenders"). That did not happen with respect to Plaintiff because she never became obligated to make any payments. *See* Contract Order, p. 15; Order Affirming Contract Order, p. 18. Thus, there is a fundamental disconnect between Plaintiff and the members of the putative class she purports to represent that is

12

fatal to her class claims in this case. *See, e.g., Schlesinger,* 418 U.S. at 216; *Rector,* 348 F.3d at 949.

**B.    PLAINTIFF'S PURPORTED "CLASS" IS NOT CLEARLY ASCERTAINABLE**

Aside from the fact that Plaintiff is not a member of the class she seeks to represent, the putative "class" itself is not a class that can be properly certified. That alone is an independent basis for dismissing Plaintiff's class action claims in this case.

Class membership must be clearly ascertainable, and it must be administratively feasible to determine whether a particular person is a class member. *See Marcus v. BMW of N. Am., LLC,* 687 F.3d 583, 592-93 (3d Cir. 2012); *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349, 354–55 (3d Cir. 2013). The Western District of Oklahoma has "applied a standard of ascertainability which requires: first, that the class be defined with reference to objective criteria; and second, a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Braver v. Northstar Alarm Servs., LLC,* 329 F.R.D. 320, 334 (W.D. Okla. 2018); *see also In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.,* No. 12-ML-2048-C, 2014 WL 104964, at *2 (W.D. Okla. Jan. 9, 2014) (quoting *Hayes,* 725 F.3d at 355).

An identifiable class exists if its members can be ascertained by reference to objective criteria, but not if membership is contingent on a prospective member's state of mind. *See City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.,* 867 F.3d 434, 439 n.3 (3d Cir. 2017); *Martinez v. Equifax Inc.,* No. CV 15-2100 (SRC), 2016 WL 226639, at *2–3 (D.N.J. Jan. 19, 2016); *Parsons v. Philadelphia Parking Auth.,* No. CV 13-0955, 2016 WL 538215, at *5–6 (E.D. Pa. Feb. 11, 2016). Further, class certification is not appropriate

13

where it requires addressing the central issue of liability in the case. *See Selby v. Principal Mut. Life Ins. Co.,* 197 F.R.D. 48, 55 (S.D.N.Y. 2000); *Black v. Premier Co.,* No. CIV.A. 01-4317, 2002 WL 32122658, at *5 (E.D. Pa. Sept. 13, 2002).

In her Petition, Plaintiff defines the "class" she seeks to represent as being "composed of all Oklahoma consumers who, since one year prior to the filing of this litigation":

> a) Defendants failed to deliver all material disclosures, prior to consummation, in a form the Class Representative or its members may keep in violation of 14A O.S. § 3-306;
>
> b) Defendants failed to give the Class Representative or its members the identity of the lender's assignee in violation of 14A O.S. § 3-306 2(a);
>
> c) Defendants failed to accurately disclose to the Class Representative or its members "the amount financed" or to disclose the amount of credit to which the debtor has use, or to segregate those amounts from other amounts in violation of 14A O.S. § 3-306 2(b) (i);
>
> d) Defendants failed to disclose the Class Representative or its members a statement of the debtor's right to obtain, upon a written request, a written itemization of the amount financed, and included spaces for a "yes" and "no" indication to be initialed by the debtor to indicate whether the debtor wants a written itemization of the amount financed.
>
> e) Upon receiving an affirmative indication, the lender shall provide, at the time other disclosures are required to be furnished, a written itemization of the amount financed in violation of 14A O.S. § 3-306 2(cc) (ii);
>
> xii. the amount that is or will be paid directly to the debtor;
>
> xiii. the amount that is or will be credited to the debtor's account to discharge obligations owed to the lender;

14

xiv. each amount that is or will be paid to third persons by the lender on the debtor's behalf, together with an identification of or reference to the third person; and

xv. the total amount of any charges described in the division (cc) of subparagraph (i) of this paragraph.

xvi. The sum of the amount financed and the finance charge, which shall be termed the "total of payments".

xvii. (f) The number, amount, and due dates or period of payments scheduled to repay the total of payments.

xviii. (g) Descriptive explanations of the terms "amount financed", "finance charge", "annual percentage rate" and "total of payments", as specified by the Administrator.

xix. Any dollar charge or percentage amount which may be imposed by a lender solely on account of a late payment, other than a deferral or extension charge.

xx. (j) A statement indicating whether or not the debtor is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise, if the obligation involves a precomputed finance charge. A statement indicating whether or not a penalty will be imposed in those same circumstances if the obligation involves a finance charge computed from time to time by application of a rate to the unpaid principal balance.

xxi. (k) A statement that the debtor should refer to the appropriate contract document for any information such document provides about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment rebates and penalties;

xxii. The preceding list of disclosure violations by Defendants, as it relates to the loans issued to the Class Representative or its members, are prohibited under 14A O.S. § 3-306 2(aa) through (k).

Petition, ¶ 24.

15

Aside from the fact this class "definition" is convoluted and largely nonsensical, it is outcome-determinative. Significantly, the proposed class definition quoted above is identical to Plaintiff's list of GreenSky's alleged "violations" of the Consumer Disclosure Requirements set forth in the Petition. *See* Petition, ¶ 10. In other words, the members of the proposed class are consumers who were allegedly subjected to purported violations of numerous disclosure requirements. The problem with this definition is that the criteria for identifying class members is *not objective*. Instead, the Court would have to look at each individual class member and make an individualized determination that GreenSky violated the Consumer Disclosure Requirements with respect to that consumer in order to determine whether that consumer is a member of the class.

Where, as here, a Petition seeks to define a class based on the merits of a claim, courts have labeled such a proposed class as a "fail-safe class." *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 2020 WL 1180550, at *31 n.33 (D. Kan. 2020). "A class definition creates a fail-safe class when the class definition bases membership in the class on the validity of the plaintiff's claims." *Simmons*, 2021 WL 5513744, at *6 n.3 (quoting Erin L. Geller, *The Fail-Safe Class as an Independent Bar to Class Certification,* 81 FORDHAM L. REV. 2769, 2782 (2013)); *see also Stallbaumer*, 2023 WL 3496245, at *10 ("A fail-safe class is one in which determining membership turns on the merits of the individual class members' claims.") (internal citations omitted).

16

Any proposed fail-safe class presents two sets of problems that are fatal to class certification. "First, if the only members of fail-safe classes are those who have viable claims on the merits, then class members either win or, by virtue of losing, are defined out of the class, escaping the bars of res judicata and collateral estoppel." *Stallbaumer*, 2023 WL 3496245, at *10 (quoting *In re White*, 64 F.4th 302, 313 (D.C. Cir. 2023)). Second, with a fail-safe class definition it is "difficult—if not impossible—to determine class membership early on in the case" because the court must "conduct an individual inquiry regarding the merits of each proposed plaintiff's claim ...." *Stallbaumer*, 2023 WL 3496245, at *10 (quoting *Mike v. Safeco Ins. Co. of Am.*, 223 F.R.D. 50, 53 (D. Conn. 2004)). "Not only does this complicate identifying and certifying a class, but it creates significant issues in even managing the case as a class action." *Stallbaumer*, 2023 WL 3496245, at *10; *see also Orduno v. Pietrzak*, 932 F.3d 710, 716–17 (8th Cir. 2019) ("A fail-safe class is also unmanageable ... because the court cannot know to whom notice should be sent."). Accordingly, proposed fail-safe classes are not proper. *See Gipson v. Sprint Communications Co., L.P.*, 81 P.3d 65, 71 (Okla. App. 2003); *see also Messner*, 669 F.3d at 825; *Randleman*, 646 F.3d at 352; *Ford*, 995 F.3d at 624.

This is not a case in which, for example, there is an alleged defect in a certain automobile model and the class would consist of all purchasers of that particular model. Ascertaining the members of that class would only require application of objective criteria (i.e., the purchase of an automobile of a certain make and model) to determine the identities of class members, not individualized findings as to each owner's particular claim against the automobile manufacturer. *See, e.g., Braver*, 329 F.R.D. at 334 (class was objectively

17

ascertainable where class members could be identified solely by reviewing defendant's telephone records); *In re Cox Enters.*, 2014 WL 104964, at *2 (class was objectively ascertainable through review of defendant's customer list).

In contrast, Plaintiff's lengthy and convoluted proposed class definition in this case lists some 14 different types of disclosures that GreenSky allegedly failed to make. What if a particular consumer was provided some disclosures, but allegedly not others? Would that consumer be a member of the class or would the class be limited to consumers who were allegedly provided none of the 14 listed disclosures? If that consumer received some, but allegedly not all of the disclosures, would he or she be entitled to the same compensation as a consumer who had not received any disclosures? What if a consumer had actual knowledge of the matters that were allegedly not disclosed? Would that individual consumer's claim be affected?[5]

In this case, it is not possible to determine who is a member of the class of persons Plaintiff seeks to represent without resolving fact questions and effectively litigating the underlying issues as to each individual class member to determine whether they received the disclosures and other information allegedly required under the Oklahoma Uniform Consumer Credit Code. *See Marcus*, 687 F.3d at 593 ("If class members are impossible to

---

[5] These questions demonstrate that Plaintiff's proposed class also fails the "commonality" requirements for a valid class action claim. *See* FED. R. CIV. P. 23(a)(2) (requiring "questions of law or fact common to the class"); *Cline v. Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 683 (E.D. Okla. 2019) (stating plaintiff must show that "the class members have suffered the same injury," and that the "common contention ... is capable of classwide resolution ... [and] will resolve an issue that is central to the validity of each ... claim[] in one stroke.") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

18

identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."); *Hayes,* 725 F.3d at 356 ("This petition for class certification will founder if the only proof of class membership is the say-so of putative class members or if ascertaining the class requires extensive and individualized fact-finding."). In fact, it would be necessary to factually determine the central issues of liability (i.e., whether each putative individual class member was provided certain disclosures) *before* a determination could be made as to whether each individual person properly falls within the class, which is improper. *See, e.g., Selby,* 197 F.R.D. at 55 (stating courts "will not consider the merits of the plaintiff's claims in [their] analysis [as to class certification]"); *Black,* 2002 WL 32122658, at *5 (rejecting class certification of all persons "who have been discriminated against" because "such a definition, dependent on the finding of discrimination, would require a mini-hearing on the merits of each individual's case to determine class membership"); *see also Hagen v. City of Winnemucca,* 108 F.R.D. 61, 63 (D.C. Nev. 1985) (holding class certification was improper because it would require the court "to determine whether a person's rights had actually been violated in order to determine whether that person was a class member"); *Dunn v. Midwest Buslines, Inc.,* 94 F.R.D. 170 (E.D. Ark. 1982) (determining that class certification was improper because it required "a finding of discrimination in order to define the class"). Under the circumstances, there could be no proper class based on the class definition proposed by Plaintiff.

19

**C.    THE ALLEGED CLASS DEFINITION CANNOT INCLUDE CONSUMERS WHO ENTERED INTO AN ARBITRATION AGREEMENT**

Plaintiff's class definition should also be stricken because it includes consumers who entered into arbitration agreements. The record in this Court and on appeal is replete with factual disputes concerning the arbitration agreement that Plaintiff entered into with GreenSky. Most, if not all, of the putative class would be subject to the very same arbitration agreements that Parisi disputed in this case. Regardless, as indicated by the District Court of Colorado below, Plaintiff cannot meet the typicality, adequacy, commonality or superiority requirements of Rule 23 for those consumers subject to arbitration:

> Plaintiff also argues that, even if the arbitration agreements exist, "the Court has no way of evaluating whether [they] are enforceable." Dkt. 120 at 15. This argument is flawed for a few reasons. First, as one who is not party to an arbitration agreement, Plaintiff has no standing to challenge the provisions of the other putative members' contracts, i.e., it is not Plaintiff's argument to make.7 *Radulescu v. W. Union Co.*, No. 1:19-cv-03009-DDD-SKC, 2023 WL 9035367, at *4 (D. Colo. Nov. 27, 2023) (citing *Vallagio at Inverness Residential Condo. Ass'n, Inc. v. Metro. Homes, Inc.*, 412 P.3d 709, 718, (Colo. App. 2015), aff'd, 395 P.3d 788 (Colo. 2017)). Second, no one in the present action can know what position other putative class members might take regarding their arbitration agreements—will they honor them, challenge them in litigation, pursue settlement, or suggest other courses. These uncertainties caution against using these proceedings to render a judgment about other putative members' contracts. *Id.* at *5. **Third, the uncertainties about whether other putative class members can properly litigate in this Court at all highlights that common issues do not predominate for the large majority of the putative class and undermines Plaintiff's ability to fulfill the typicality and adequacy requirements of Rule 23(a)(3) and (4) and the common question and superiority requirements of Rule 23(b). At the very least,**

should this case proceed as the class is currently constituted, Plaintiff would not be able to raise arbitration-related defenses that would inevitably become a point of focus for a majority of the class. None of this is acknowledged in Plaintiff's class allegations, which describe a class of potential litigants that is too broadly defined to satisfy Rule 23. As a result, I grant DFL's motion and deny certification of Plaintiff's proposed class. **Plaintiff's amended complaint must narrow the putative class to include individuals who, like him, have not entered into an arbitration agreement. Plaintiff may then seek to have that class certified under Rule 23.**

*Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *5 (D. Colo. Dec. 4, 2024) (emphasis added).

In this case, the Tenth Circuit's Order Affirming Contract Order is based entirely upon the specific factual circumstances surrounding whether there was any loan agreement. This same analysis would have to be applied to each individual member of the putative class, as a consumer who entered into a loan agreement containing an arbitration provision would have to pursue his or her claims in arbitration rather than through a court proceeding. In other words, the certifying the "class" Plaintiff seeks to represent would impermissibly require the Court to consider the unique factual circumstances of each putative class member and require multiple mini-trials and appeals. As recognized in *Nagel*, such a "class" cannot properly be certified. *See id.; see also Marcus*, 687 F.3d at 593 ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."); *Hayes*, 725 F.3d at 356 ("This petition for class certification will founder if the only proof of class membership is the say-so of putative class members or if ascertaining the class requires extensive and individualized fact-finding.").

21

**D.    PLAINTIFF'S CLAIMS OTHERWISE FAIL TO STATE A CAUSE OF ACTION**

The allegations in the Petition are not clear as to whether and to what extent Plaintiff is asserting any individual claims aside from her claims as a purported class representative. In any event, Plaintiff has failed to state any individual or class claim in the Petition.

**1.    There is No Cause of Action for Alleged Violations of Specific Disclosure Provisions in Section 3-306 of the Oklahoma Uniform Consumer Credit Code**

Plaintiff's sole cause of action in this case is based on alleged violations of certain enumerated disclosure requirements in the Oklahoma Uniform Consumer Credit Code. *See* Petition, ¶ 10. These alleged violations relate specifically to the Consumer Disclosure Requirements in OKLA. STAT. ANN. tit. 14A, § 3-306. *See id.* However, these specific Consumer Disclosure Requirements are not actually *required* to be made under the Oklahoma Uniform Consumer Credit Code. Instead, Section 3-301 states: "The lender shall disclose to the debtor to whom credit is extended with respect to a consumer loan the information required by *either* this part *or* the Federal Consumer Credit Protection Act and *compliance with either is sufficient*." OKLA. STAT. ANN. tit. 14A, § 3-301(2) (footnote omitted) (emphasis added). Because a person making disclosures could comply with *either* the Consumer Disclosure Requirements *or* the requirements of the Federal Consumer Credit Protection Act, any failure to comply with the Consumer Disclosure Requirements would not, in itself, violate the Oklahoma Uniform Consumer Credit Code. Accordingly, all of Plaintiff's claims must fail as a matter of law.

22

**2.    Plaintiff is Not a "Debtor" with Standing to Maintain a Claim Based on Alleged Lack of Disclosure**

As discussed above, This Court has ruled as a matter of law that Plaintiff never entered into any loan agreement or incurred any debt. *See* Contract Order, p. 15; Order Affirming Contract Order, p. 18.  Because she is not a debtor, Plaintiff is not within the class of persons who are protected by the Consumer Disclosure Requirements. *See* OKLA. STAT. ANN. tit. 14A, § 3-301 (stating Consumer Disclosure Requirements are for the benefit of "the debtor to whom credit is extended with respect to a consumer loan"). Accordingly, Plaintiff lacks standing to enforce the Consumer Disclosure Requirements against GreenSky. *See, e.g., Thompson v. Williams,* 406 P.2d 599, 599-600 (Okla. Ct. App. 2017) (holding plaintiff could not maintain claim based on duties imposed under herd law because he was not within class of persons Legislature intended to protect); *Eddy v. Bricktown Hospitality, LLC*, No. CIV-18-1051-SLP, 2019 WL 13113722, at *4 (W.D. Okla. May 28, 2019) (holding plaintiff could not maintain claim based on duties imposed under dram shop statute because she was not within class of persons intended to be protected by such statute).  Because there was no loan transaction and Plaintiff is not a debtor, the disclosure requirements Plaintiff seeks to enforce in this case do not apply to her and she has no valid individual or class claim for relief under the Oklahoma Uniform Consumer Credit Code.

## IV.
## CONCLUSION

It is apparent from Plaintiff's pleading allegations and the law of this case that Plaintiff seeks to represent a class of which she is not a member and to pursue claims based

23

on a loan agreement that was never consummated. Moreover, Plaintiff seeks to maintain claims based on specific statutory disclosure provisions that do not necessarily apply to this case. Accordingly, GreenSky is entitled to a dismissal of all of Plaintiff's claims in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, GreenSky respectfully requests that this Court grant this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismiss all of Plaintiff's claims against GreenSky in this case. GreenSky also requests any other and further relief of any nature to which it may be justly entitled.

Respectfully submitted,

Dated: August 12, 2025

*/s/ Kyle R. Prince*
Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

-and-

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com
*Attorneys for Defendant GreenSky, LLC, incorrectly identified as BMO Harris Bank, NA d/b/a GreenSky, LLC*

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August, 2025, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
mkr@rawlslawoffice.com

-and-

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
**Attorneys for Plaintiffs**

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com

Diane J. Zelmer
*Admitted Pro Hac Vice*
Florida Bar No.: 27251
djz@berensonllp.com
**Attorneys for Defendant**
**Oklahoma Windows and Doors, LLC d/b/a**
**Renewal by Anderson of Oklahoma**

*s/ Kyle R. Prince*

26