IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

SUSAN PARISI,

          **Plaintiff,**

v.

OKLAHOMA WINDOWS AND
DOORS, LLC d/b/a RENEWAL
BY ANDERSON OF OKLAHOMA,
and BMO HARRIS BANK, NA
d/b/a GREENSKY, LLC,
          **Defendants.**

**Case No.: 5:23-cv-00115-R**

**MOTION FOR RECONSIDERATION OF DENIED
MOTION FOR LEAVE TO AMEND THE PETITION AND
FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiff Susan Parisi, on behalf of herself and all others similarly situated, pursuant to Federal Rules of Civil Procedure 54 and 59, respectfully seeks reconsideration of the Court's denial of Plaintiff's Motion for Leave to Amend the Petition and File Second Amended Class Action Complaint (the "Order") [D.E. 113]. The Court's decision to deny Plaintiff's Motion for Leave to Amend based on untimeliness was clear error and should be reversed to prevent manifest justice. Clear error involves a "definite and firm conviction that a mistake has been committed." *Maul v. Logan Cnty. Bd. of Cnty. Comm'rs,* No. CIV-05-605-C, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006) (internal quotation marks and citation omitted). Manifest injustice requires "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law." *Navarette v.*

*Corizon LLC*, No. 18-CV-0057 WJ/SMV, 2020 WL 209317, at *2 (D.N.M. Jan. 14, 2020) (internal quotation marks and citation omitted)). The Court's denial of Plaintiff's Motion to Amend is fundamentally unfair in light of the procedural posture of the case and the liberal pleading standard provided by Rule 15. *Minter v. Prime Equipment Co.*, 451 F. 3d 1196, 1207 (Tenth Cir. 2006) ("Rule 15… was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result.").

The Court has discretion to determine whether to permit an amendment of the Complaint pursuant to Fed. R. Civ. P. 15(a)(2).  But that discretion is not unlimited. *Frank v. U.S. West, Inc.*, 3 F. 3d 1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.").  Plaintiff asks the Court to reconsider its decision because it was clear error to suggest that Plaintiff's Motion to Amend came after "her years-long delay in bringing these claims." Order, at 7. This statement misapprehends the case timeline, and fails to adequately account for the case being effectively stayed during the pendency of the Defendants' appeal to the Tenth Circuit. Despite the passage of time, there has been no "undue" delay on Ms. Parisi's part in filing her Motion for Leave to Amend shortly after the case was remanded, and there is no prejudice to Defendants whatsoever if this Court were to grant Ms. Parisi's Motion for Leave to Amend under the liberal standard set forth in Rule 15. There is no scheduling order in place at this time, no discovery has been conducted yet, and no trial date has been set. The substantive litigation in the case is only just beginning. The

2

Court has not granted Defendants' Motions to Dismiss. There has simply been no "undue" delay which would warrant overlooking the liberal pleading standard of Rule 15. *Minter, supra*, at 1205 (quoting *R.E.B., Inc. v. Ralton Purina Co.*, 525 F. 2d 749, 751 (10th Cir. 1975) ("Emphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment.'"). Accordingly, Plaintiff respectfully requests that this Court reconsider its decision to deny Ms. Parisi's Motion and grant her Motion to Amend. [D.E. 105].

I.      **History and Background**

Susan Parisi ("Plaintiff") filed her lawsuit against Defendant Greensky in state court in 2022. At that time, she also named C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma as a defendant. Defendant Greensky then removed the case to this Court on February 2, 2023. [D.E. 1]. Plaintiff sought remand. [D.E. 8].  Plaintiff became aware that C Cashion Windows was incorrectly named as a defendant, and on April 28, 2023, prior to the Court's decision on Plaintiff's Motion to Remand, and in order to ensure that the Court was in possession of all necessary facts to decide the motion, she sought to amend the Complaint to name defendant Oklahoma Windows and Doors LLC d/b/a/ Renewal by Anderson of Oklahoma, and revise the caption of the case. [D.E. 16]. Plaintiff had concluded that any additional modification to the operative complaint would not be appropriate until after the Court decided her Motion to Remand since the filing of an amended complaint would have mooted the pending motions. If the case was going to be remanded, the amendment could be filed in the

State Court. The Court denied Plaintiff's Motion to Remand on June 5, 2023. [D.E. 25].

Also on June 5, 2023, the Court determined it required supplemental briefing in order to decide Plaintiff's pending Motion to Amend. [D.E. 26]. Accordingly, on June 20, 2023, Plaintiff filed her Supplemental Brief in Support of the Motion to Amend, setting forth the basis of the confusion as to the proper defendant doing business as Renewal by Anderson. [D.E. 27]. Plaintiff also requested oral argument on the Motion to Amend. [D.E. 28]. On July 17, 2023, the Court granted the request for oral argument, hearing the argument on August 3, 2023. [D.E. 34]. On August 14, 2023, the Court granted Plaintiff's Motion to Amend [D.E. 35], and on August 21, 2023, the amended complaint with the correct Renewal by Anderson defendant, Oklahoma Windows and Doors, LLC, was filed on August 21, 2023. [D.E. 36]. The summons was issued to Oklahoma Windows and Doors on August 21, 2023. [D.E. 37].

From that point forward, beginning on August 24, 2023, all docket entries other than administrative ones, including all briefing, was related exclusively to the Motions to Compel Arbitration filed by Defendants. [D.E. 38 – 83]. The Court denied Greensky's Motion to Dismiss [D.E. 46] and Motion to Compel [D.E. 17] on December 1, 2023. [D.E. 66]. And though unmentioned in the Court's Order, the Court likewise denied Oklahoma Windows' Motion to Dismiss and Compel Arbitration [D.E. 68, 69] on February 14, 2024 [D.E. 82]. The Court also denied Greensky's Motion for Reconsideration on February 14, 2024. Thereafter, Defendants both appealed to the Tenth Circuit, and on March 15, 2024, the Tenth

4

Circuit consolidated the appeals. [D.E. 89]. For over a year, no further litigation took place in this Court, with the exception of administrative docket entries. [D.E. 90 – 94].

On June 6, 2025, the Tenth Circuit affirmed this Court's denial of the motions to compel arbitration and/or dismiss. [D.E. 94].  The USCA Mandate was issued on June 30, 2025. [D.E. 95].  On July 14, 2025, Defendants filed an unopposed Motion for Extension of Time to Respond to the Complaint, which the Court granted on July 15, 2025, extending time for Defendants to answer to August 12, 2025.  [D.E. 97, 98]. Although a scheduling conference was initially scheduled for August 5, 2025 [D.E. 96], it was later stricken by the Court to be reset for a later time. [D.E. 98].  On August 12, 2025, Defendant Greensky filed a Motion to Dismiss [D.E. 99], as did Defendant Oklahoma Windows. [D.E. 100, 101]. Plaintiff filed an unopposed Motion for Extension of Time to respond to Defendants' Motions to Dismiss [D.E. 102], which the Court granted, giving Plaintiff up to and including October 2, 2025, to file her responses. [D.E. 103].

On September 30, 2025, Plaintiff filed an unopposed Motion to Stay or Suspend Deadlines for Plaintiff's Response to Defendants' Motions to Dismiss [D.E. 104] and her Motion for Leave to Amend, along with a proposed Second Amended Class Action Complaint on October 1, 2025. [D.E. 105]. On October 2, 2025, the Court granted Plaintiff's Motion to Stay or Suspend Deadlines. [D.E. 108]. The purpose of the Amended Complaint, among other things, was to address the pleading deficiencies argued in Defendant's Motion to Dismiss.

On November 25, 2025, the Court denied Plaintiff's Motion to Amend other than to allow Plaintiff to add BMO Harris as a defendant and correct the case caption to reflect the proper names of the parties. [D.E. 113].

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 54(b), this Court can revise any order or decision as to any of the claims or parties before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.  Fed. R. Civ. P. 54(b); *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir.2003) (reversing district court and noting motion for reconsideration pursuant to Fed. R. Civ. P. 54(b) reviewed de novo rather than for abuse of discretion).

The Court may choose to also consider the legal standards applicable to Rule 59(e), a motion to alter or amend judgment. Grounds warranting a motion to reconsider pursuant to Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.1995). Plaintiff's Motion for Reconsideration is based on the last grounds – the need to correct clear error or prevent manifest injustice.

## III.    Argument

This Court committed clear error under Rule 15 and Tenth Circuit law by denying Plaintiff's Motion for Leave to amend on untimeliness grounds  when (1) the defendant delayed the case for 16 months by appealing the Court's arbitration decision; (2) the deadline for amending the complaint has not passed; (3) the motion

to dismiss has not been heard, (4) where discovery has not even started, and (5) where no prejudice would come to Defendants.  The Supreme Court, as well as the Tenth Circuit, have consistently held that pursuant to Rule 15, leave should be freely granted under such circumstances. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Rule 15(a)(2)); *see also, R.E.B., Inc. v. Ralton Purina Co.*, 525 F. 2d at 751 (Rule 15(a) "contemplates allowing amendments freely when justice requires.").

Although the Court cites *Minter, supra*, for the proposition that untimeliness can justify denying a motion to amend, *Minter* made very clear that where there is no prejudice to the non-moving party – as here – there is no basis to deny leave to amend. 451 F. 3d, at 1208 ("Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'") (citation omitted). In fact, in *Minter*, the Tenth Circuit explained that "[m]ost often, [prejudice] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. (citing *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"), *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir.1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"), and *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d at 751–52 (finding no prejudice when "[t]he amendments did not propose substantially different issues").

Significantly, the additional claim by the *Minter* plaintiff was first added only in the pretrial order over 18 months after the case was filed (in federal court) and long after the deadline to amend pleadings and discovery had closed. *Id.*, at 1202. Before the start of opening arguments, the plaintiff made a Rule 15(b) motion for an amendment to conform to the evidence, which the district court later denied at the end of the plaintiff's case. *Id.*, at 1203. In reversing the district court, the Tenth Circuit held that there was (as here) an adequate explanation for the delay. *Id.*, at 1206. It further held that prejudice to the non-moving party is the most important fact in deciding a motion to amend the pleadings. *Id.*, at 1207. The *Minter* court found that the new claim against the defendant had significant overlap in the factual underpinnings and defenses, and thus rejected the defendant's argument that it was unprepared for the additional claim. *Id.*, at 1209. In fact, the Tenth Circuit stated that "[w]e believe that concerns about prejudice run the other way." *Id.*, at 1210. That is exactly the impact of the Court's denial of Plaintiff's Motion to Amend.

The Court in the instant case found that "the claims in the proposed Second Amended Complaint stem from the same business model used by Greensky and Anderson," and "arise from Defendant's alleged failure to provide adequate disclosures regarding her credit transaction and the allegedly unauthorized electronic transfer of funds related to that transaction." Order, at 6-7. In other words, the Court found that there was "significant overlap in the factual underpinnings" between the operative and proposed complaints. *Minter, supra*.

The Court's Order states that Plaintiff filed her Amended Complaint on August 21, 2023 and that the parties "thereafter engaged in extensive motion practice." Order, at 3. But the "extensive motion practice" the parties engaged in was entirely directed to the Defendants' Motions to Compel Arbitration and/or Dismiss Plaintiff's Complaint. Although the Court noted that in December of 2023, the Court Denied Greensky's Motion to Compel Arbitration and Motion to Dismiss Plaintiff's Claims, a decision the Tenth Circuit later affirmed, the Court failed to mention that it did not deny Oklahoma Windows' Motion to Compel Arbitration and Dismiss Plaintiff's Claims until February 14, 2024, and the Tenth Circuit did not issue its decision on the Defendants' appeal until June 6, 2025, with the mandate issuing on June 30, 2025. This means that from August 21, 2023 until June 30, 2025, the Defendants' efforts to compel Plaintiff to arbitration were the sole focus of the litigation and were the sole cause of any delay. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). *Coinbase* involved an appeal from a district court's order denying a motion to compel arbitration. *Id.* at 739. The Supreme Court explained that because "the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741 (quoting *Griggs*, 459 U.S. at 58). So, the district court "was required to stay its proceedings" pending appeal. *Id.* at 747.

9

In its Order denying Plaintiff's Motion to Amend, the Court simply did not give fair weight to the effect that the Defendants' Motions to Compel Arbitration had on the purported "delay" in the case. It is fundamentally unfair to conclude that Plaintiff should have taken steps earlier when, in fact, the Plaintiff was unable to do so because this Court was divested of jurisdiction. And, if Defendant's delay caused by the appeal is overlooked while Plaintiff's minor delay in amending her complaint is not, a clear error will have occurred. Considering all the facts, denial of leave to amend was clear error, and if allowed to stand, will be manifestly unjust. *See Parga v. Board of County Commissioners of County of Tulsa*, No. 18-cv-0298-CVE-JFJ, 2019 WL 1231675, at \*2 (N.D. Okla. Mar. 15, 2019) (granting Rule 59(e) motion to reconsider where plaintiffs' counsel clarified that the court misread the amended complaint).

The Court properly pointed out that "[l]ateness does not of itself justify the denial of [an] amendment." Order, at 5 (citing *Minter*, 451 F.3d at 1205). But the Court continued, the Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." Order, at 5 (cleaned up, citing *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d at 1365-66)). But neither *Minter*, nor as discussed further below, *Pallottino* or *Frank*, supports the Court's conclusion.

In *Minter*, the plaintiff sought to insert a new claim into the pre-trial order just three weeks before the scheduled trial start. *Id.*, at 1206. The district court struck the claim finding it prejudicial and untimely, but the Tenth Circuit reversed. *Id.*, at 1207-

08. The Tenth Circuit found that where the new claim arose out of the same facts as the previous claims, there could be no prejudice to defendants.

Here, throughout its Order, the Court stated that Plaintiff's attempt to amend was untimely and that she had unduly delayed amending her Complaint, which is simply not the case when the actual timeline of the case and the interlocutory appeal is carefully considered. *See e.g.*, Order at 5, 6, 8.  Unlike *Minter*, where the additional claim was added a mere few weeks before the trial, Plaintiff seeks to amend at what is the very beginning of the substantive litigation, regardless of when the initial complaint was filed. And in *Minter*, the Tenth Circuit reversed the striking of the additional claim, where, like here, the circumstances adequately explained the timing, and there was no prejudice to defendants because the new claims arose out of the same facts as the previous ones.

The clear error here is plain - Plaintiff did not delay at all; she simply fought the battle in front of her, which was the relentless pursuit of arbitration by Defendants. That effort included responding to two Motions to Compel Arbitration, a Motion to Dismiss based on the arbitration provision, a Motion for Joinder, a Motion for Reconsideration, and briefing for the Tenth Circuit appeal. The Court appears to discount this work, stating, "Plaintiff's excuse [i]s that her focus was elsewhere," (Order, at 7), but from the date that Plaintiff's Motion to Amend to file her Second Amended Class Action Complaint was granted (and that amendment was prepared prior to the Court's decision on remand), **all** briefing over the next two years was related to Defendants' Motions to Compel Arbitration. It would make no sense to

11

amend a Complaint that was bound for arbitration.  In fact, amending at such a time and forcing the parties and the Court to re-brief the same arbitration motion under the new complaint would have been a waste of resources all around. If the case had been sent to arbitration, the amended complaint would have been filed there. Thus, Plaintiff had good reason to wait for the arbitration ruling before amending her complaint. Accordingly, there *was no actual delay* on Plaintiff's part. All litigation stopped in order for the arbitration dispute to play out. Therefore, the Court's reference to Plaintiff's "years long delay" in bringing her claims was clear error. Plaintiff was not untimely; she did not miss a scheduling order deadline for amending the complaint, or move to amend after extensive discovery had taken place (no discovery has taken place at all yet), or after pre-trial motions were filed and a trial date scheduled. No summary judgment motions have been filed or ruled on.  No class certification motion has been filed or ruled on. The Court has not even ruled on Defendants' Motions to Dismiss yet, which have not even been fully briefed.

The Tenth Circuit, which consolidated the Defendants' appeals on March 15, 2024, only ruled on their appeals on June 5, 2025, with the mandate not issuing until the end of June of 2025. Defendants, after extensions of time were granted by the Court, filed their Motions to Dismiss – the first substantive Motions to Dismiss – on August 12, 2025. Plaintiff timely sought a stay on responding to those Motions once she determined that amending her Complaint was important in order to have her case decided on the merits and in light of the pleading deficiencies raised in the Motion to Dismiss. And Plaintiff timely filed her Motion to Amend because it was filed before

her response to the Motions to Dismiss were due. Accordingly, it was clear error for the Court to deny Plaintiff's Motion to Amend due to untimeliness.

The Court cites the inapposite *Hedger v. Kramer*, No. CIV-13-0654-HE, 2015 WL 13357593, at *5 (W.D. Okla. Sept. 24, 2015) to imply that Plaintiff has made her complaint a "moving target." Order, at 7. This case too is distinguishable. *Kramer* was a wrongful death case in which the court needed to decide whether to allow the plaintiffs to add a willful and malicious tort claim in addition to their negligence claim "after two rounds of motions to dismiss, after several revisions of the complaint and long after the deadline for amendments has passed." *Id.*, at *2. Most importantly, in that case and in the cases cited therein, the plaintiffs attempted to amend their pleadings well after the scheduling order deadline for amending pleadings had passed, invoking Rule 16 and its good cause standard rather than Rule 15 and its liberal standard here. *Id.* And the courts in those cases found that plaintiffs had not offered an adequate explanation for their delayed requests. *Id.* But in the instant case, no scheduling order has been entered, no amendment deadline missed. And Plaintiff here had only one amendment in this Court to correct one of the defendant's names before the Court decided on whether to remand the case back to state court. There was no other appropriate time for Plaintiff to amend her complaint, as from that point forward until after the Tenth Circuit ruled on Defendants' appeal everything focused on the arbitration dispute. That *was* an adequate explanation, and it was clear error for the Court to misapprehend why the timeline in the case made any earlier motion for amendment impractical.

The Court's citation to *Pallottino v. City of Rio Rancho*, 31 F.3d at 1027, is likewise unavailing, because in that case, involving a §1983 complaint alleging excessive force, the plaintiff moved to amend his complaint to add additional claims after the court had ruled on a partial summary judgment against the plaintiff and dismissed related claims. The Tenth Circuit held that there was no abuse of discretion where the motion to amend followed two other previous amendments and a summary judgment ruling: "Much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory." *Id.*, at 1027.  Thus, when the court noted that "equal attention should be given to the proposition that there must be an end finally to a particular litigation," it was referring to an attempt to amend a complaint following an adverse summary judgment ruling that had been made after discovery and well into the case. *Id.*  To apply that same concept here is clear error – the court has not even ruled on Defendants' Motions to Dismiss, and the case posture is nowhere near summary judgment rulings where no discovery has yet to take place.

The Court also took issue with Plaintiff's proposed amendment because it determined that "Plaintiff is not merely clarifying her claims – she is adding entirely new ones based on facts she has known for years." Order, at 6.  But the "facts she has known for years" are the same facts that the Defendants, Court, and Tenth Circuit all focused on to determine if Plaintiff should be compelled to arbitrate her case against

14

Defendants. It is only if Defendant were prejudiced by new claims that such an argument would matter. There is no prejudice whatsoever to Defendants from allowing Plaintiff to add new claims that arise out of the same facts already pled. Whether the facts could have led to Plaintiff asserting those claims from the get-go or not should not be a basis to deny Plaintiff's Motion to Amend. Order, at 5 (citing *Frank v. U.S. West, Inc.*, 3 F. 3d at 1365-66). The Court's cited case, *Frank, supra*, like several others the Court cites, concerned plaintiffs who sought to amend their complaint after the deadline for amending pleadings had passed under Rule 16.  *Id.*, at 1366.

Here, no amendment deadline has passed and consideration is under the liberal amendment standard of Rule 15. If plaintiffs were required to assert all their potential claims from the first or second version of a complaint, the rules would say that and there would be no need for Rule 15. If Plaintiff's new claims can further the task of allowing justice to be accomplished at the very beginning of the substantive litigation following the Tenth Circuit affirmation on arbitration, the Court's discretion should be utilized for that purpose. To not do so in the context of this case is manifestly unjust.

Tenth Circuit courts have consistently emphasized the importance of Rule 15(a)(2)'s liberal standard for granting leave to amend, the purpose of which is to allow claims to be decided on their merits rather than on procedural technicalities. In *Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 693 (D. Kan. 2022), the court reiterated that amendments should be allowed unless there is evidence of bad faith or prejudice to the non-moving party.   Similarly, in *Lucero v. Board of Directors of Jemez Mountains Cooperative, Inc.*, the court highlighted that the purpose of Rule 15(a) is to provide

15

litigants the maximum opportunity for claims to be decided on their merits. 495 F.Supp.3d 1135 (2020). Plaintiff has proposed an amended complaint that identifies new claims based on the same facts previously pled, but because of the timing of the decision on the motion to remand and the lengthy time for the arbitration decision, justice will be served by allowing those claims to proceed.

Moreover, the arbitration issue here has been decided.  None of Plaintiff's additional claims impact that decision. These are simply additional causes of action that Plaintiff, with the benefit of the time afforded by the nearly two years of briefing and rulings related to arbitration, now understands apply to her situation. The two years that passed was in no way a delay caused by Plaintiff, and she should not be seen by this Court as being the one who caused that passage of time.

In any case, passage of time alone is not the same as untimeliness.  For example, the *TransAm Trucking* court recognized that the specific circumstances of the case must be considered. In that case, plaintiffs – a group of truck driver applicants and drivers – alleged that defendant TransAm Trucking and other defendants failed to pay them properly under the Fair Labor Standards Act and other state consumer protection laws. *TransAm Trucking*, 341 F.R.D. at 690.  After two amendments and 18 months, plaintiffs sought to amend their complaint a third time and add a federal Truth in Leasing ("TIL") claim.  *Id.*, at 691.  The plaintiffs included 69 new factual allegations to support the alleged TIL claim, ten paragraphs of facts to support the TIL class action claim, and modified the proposed class definition. *Id.*, at 690. The defendants argued that the plaintiffs unduly delayed bringing their motion and defendants would suffer

undue prejudice if the amendments were allowed. *Id*. In exercising its discretion, the court considered that it needed to be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." *Id*., at 692 (citation omitted). The court likewise noted that Rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties, especially in the absence of bad faith by an offending party or prejudice to a non-moving party." *Id*. (cleaned up, citations omitted). The court then distinguished inapposite situations where a motion to amend is filed after summary judgment, partial summary judgment, or after the court's deadline to amend passed. *Id*., at 693. Finally, the court considered the defendant's prejudice argument, but held that the discovery deadline had not passed and the claims arose out of the facts and parties identified in the previous complaint. *Id*., at 693-694. Because the court found that defendants had the ability to prepare a defense and there was time to engage in any additional discovery deemed necessary to prepare a defense, there was no undue prejudice. *Id*.

Here, Plaintiff has filed her motion to amend before any scheduling order has even been issued; there has been no summary judgment or partial summary judgment motion filed. Not only has no discovery deadline been missed, no discovery has even been conducted. Defendants will have the ability to engage in discovery and to prepare a defense, and the underlying facts of the case remain the same. Thus, there is no prejudice to Defendants, let alone undue prejudice.

17

Nor should a modification to the class definition be reason to deny the Motion to Amend. Class definitions can be modified throughout the litigation. Fed. R. Civ. P. 23(c)(1)(c); *Carriuolo v. General Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016) (power of district court to alter or amend class certification orders at any time prior to decision on merits "is critical, because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims."). As discovery unfolds, class definitions can contract or expand depending on the development of the case. As the Supreme Court has emphasized, class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) (internal quotation marks omitted). Indeed, a court must conduct a "rigorous analysis" to determine that the prerequisites of Rule 23(a) are met. *Id*. "That is so because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id*. (cleaned up, citations omitted).

This case raises important issues impacting consumers throughout the state of Oklahoma, and though the decision to grant or deny a motion to amend rests within the discretion of the Court, Plaintiff has neither exhibited bad faith nor undue delay in attempting to have her claims decided on their merits. There is certainly no prejudice to Defendants. The Court's assertion that Plaintiff failed to assert claims for "at least three years despite having the facts to do so" is simply a mischaracterization of the procedural background of this litigation and therefore clear error. The Court's Order

inaccurately implies that because Plaintiff waited until Defendants filed "new" Motions to Dismiss before seeking leave to amend, her Motion is somehow a way to salvage a lost case in an effort to avoid dismissal. Order, at 7. That ignores that parties commonly amend complaints under Rule 15 in response to motions to dismiss. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F. 3d 1228, 1236 (10th Cir. 2020) ("When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time. Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss."). Further, the court quoting *Pallottino*'s "equal attention should be given to the proposition that there must be an end [] to a [particular] litigation"[1] (Order, at 7) is fundamentally inapplicable when litigation is just now beginning following a nearly two-year delay due to Defendants' attempt to compel Plaintiff to arbitration when she never agreed to arbitrate. Instead, the Court committed clear error when it held that Plaintiff's request to "make claims she has failed to assert for at least three years despite having the facts to do so is untimely."  Plaintiff's request was not untimely – it was not made following a ruling on summary judgment (like in *Pallottino*) or even on a motion to dismiss; it was not made after a scheduling order deadline for amending pleadings; and it was not made after discovery had closed (discovery has not even "opened.").

---

[1] *Pallottino*, 31 F.3d at 1027.

## IV.     Conclusion

For the reasons stated herein, and to prevent clear error and manifest injustice, Plaintiff respectfully requests that the Court reconsider its decision to deny her Motion to Amend, reverse its decision, and grant her Motion.

Respectfully Submitted,                    **VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**RAWLS LAW OFFICE PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
222 NW 13th  St.
Oklahoma City,  OK  73103
Kathi@carfraud.net
mkr@rawlslawoffice.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

/s/ Janet R. Varnell
Janet R. Varnell

20