# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SUSAN PARISI,

    Plaintiff,

 vs.

OKLAHOMA WINDOWS AND DOORS,
LLC d/b/a RENEWAL BY ANDERSON OF
OKLAHOMA AND BMO HARRIS
BANK, NA d/b/a GREENSKY, LLC,

    Defendants.

_____/

CASE NO. CIV-23-cv-115-R

(Removed from the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2022-5727)

_____

## DEFENDANT, OKLAHOMA WINDOWS AND DOORS, LLC

## d/b/a RENEWAL BY ANDERSON OF OKLAHOMA'S MEMORANDUM OF

## LAW IN SUPPORT OF ITS MOTION TO DISMISS

_____

Dated:  January 16, 2026        Respectfully submitted,

| | |
|---|---|
| _/s/ Diane J. Zelmer_____<br>Diane J. Zelmer, Esq. (pro hac vice)<br>FL Bar No. 27251<br>BERENSON LLP<br>4495 Military Trail, Suite 203<br>Jupiter, Florida 33458<br>Telephone: 561-429-4496<br>Email: djz@berensonllp.com | Sheila D. Sayne, Esq.<br>OBA # 31213<br>Sayne Law PLLC<br>P.O. Box 33309<br>Tulsa, Oklahoma 74153-3309<br>Telephone: 918-740-3013<br>sheila.sayne@outlook.com<br>*Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC* |



| *Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC* | |



**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ iii

TABLE OF AUTHORITIES ......................................................................................... iv

A.    SUMMARY OF ARGUMENT ................................................................................ 1

B.    ARGUMENT ........................................................................................................... 2

   I.    PLAINTIFF DOES NOT ALLEGE THAT OKLAHOMA WINDOWS IS AN ARRANGER OF CREDIT UNDER 14A O.S. § 3-301(4). .......................................... 2

   II.    PLAINTIFF'S THIRD AMENDED COMPLAINT DOES NOT IDENTIFY OKLAHOMA WINDOWS AS AN AGENT. ................................................................. 4

   III.    PLAINTIFF'S CLASS CLAIMS MUST EXCLUDE CONSUMERS WHO ENTERED INTO ARBITRATION AGREEMENTS ..................................................... 6

CERTIFICATE OF SERVICE ........................................................................................ 8



# **TABLE OF AUTHORITIES**

**Cases**

*Beckenstein v. Potter & Carrier, Inc.*, 191 Conn. 120 (1983)..............................................5

*Bentley v. Greensky Trade Credit, LLC*, 156 F Supp 3d 274 (D. Conn. 2015)...................5

*LeBlanc v. New Eng. Raceway, LLC*, 116 Conn. App. 267 (2009).....................................5

*Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298 (D. Colo. Dec. 4, 2024)............................................................................................................................6

*Stewart v. Dollar Fed. Sav. & Loan Ass'n*, 523 F Supp 218 (S.D. Ohio 1981)...................3

*Wesley v. Schaller Subaru, Inc.*, 277 Conn. 526, 893 A.2d 389 (2006).............................5

**Statutes**

14A O.S. § 3-301(4) .......................................................................................................1, 3

**Rules**

Rule 12(b)(1) .........................................................................................................................1

Rule 12(b)(6) .........................................................................................................................1

Rule 12(f)................................................................................................................................1



Defendant, OKLAHOMA WINDOWS AND DOORS, LLC d/b/a RENEWAL BY ANDERSON OF OKLAHOMA ("OKLAHOMA WINDOWS" or the "Defendant"), pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure, by and through their undersigned counsel, hereby files this Reply Memorandum of Law in Support of its Motion to Dismiss the Third Amended Complaint[1] (hereinafter "Complaint") [Doc No. 36], and states as follows:

### A.   SUMMARY OF ARGUMENT

Plaintiff apparently concedes that OKLAHOMA WINDOWS is not a "lender" or "creditor" defined under the OCCC as it makes no attempt to dispute OKLAHOMA WINDOWS' position.  Instead, Plaintiff makes a last ditch effort to include OKLAHOMA WINDOWS as a party who is obligated under the OCCC as a party who "regularly arranges for the extension of consumer loans" or an "agent" of GreenSky.  [Doc. No. 117, pp. 10-11, 13, 16].  However, the first problem with this position is that Plaintiff never alleged OKLAHOMA WINDOWS was an arranger of credit under the OCCC nor an agent of GreenSky, and additionally, Plaintiff never cited to 14A O.S. § 3-301(4), in any version of its pleadings.  This Court has ruled that Plaintiff is not entitled to amend its pleadings at this late stage of the game, and thus, Plaintiff's claim against OKLAHOMA WINDOWS is entirely barred and should be dismissed.

---

[1] Parisi filed its Third Amended Complaint on December 10, 2025 while RBA's Motion to Dismiss its (Second) Amended Petition and Motion to Certify Class Action was pending. The Court indicated that the filing of the Plaintiff's Third Amended Complaint (limited to naming the proper parties and correcting the case caption) would not moot Defendants' Motions to Dismiss. [ECF No. 113].



Further, Plaintiff erroneously argues that the class issues cannot be resolved at the pleading stage.  To the contrary, OKLAHOMA WINDOWS is requesting the Court to require Plaintiff to narrow her class and exclude any members who have arbitration agreements with OKLAHOMA WINDOWS.  This is entirely appropriate at the pleading stage, and necessary to meet the typicality and adequacy requirements of Rule 23.

Accordingly, OKLAHOMA WINDOWS requests the Court to entirely dismiss OKLAHOMA WINDOWS from the Complaint, or alternatively, requests the Court to require Plaintiff to exclude those with arbitration agreements from her class.

### B.    ARGUMENT

### I.    PLAINTIFF DOES NOT ALLEGE THAT OKLAHOMA WINDOWS IS AN ARRANGER OF CREDIT UNDER 14A O.S. § 3-301(4).

Plaintiff erroneously asserts that it has alleged that OKLAHOMA WINDOWS is responsible for disclosures under the OCCC as one who "regularly arrange" consumer credit.  This term remains undefined in the OCCC, however, Federal Courts have defined this term under prior versions of TILA.  The 1981 regulations defined one who "arrange for the extension of credit as follows:

> To provide or offer to provide consumer credit or a lease which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit or lease (1) Receives or will **receive a fee**, compensation, or other consideration for such service, or (2) Has knowledge of the credit or lease terms and **participates in the preparation of the contract documents** required in connection with the extension of credit or the lease. **It does not include \*223 honoring a credit card or similar device where no finance charge is imposed at the time of that transaction**.



*Stewart v. Dollar Fed. Sav. & Loan Ass'n*, 523 F Supp 218, 223 (S.D. Ohio 1981) (e.s.) (citing 12 C.F.R. s 226.2(h) (1981)). In *Stewart*, Plaintiff argued that "Home Roofing" was an arranger of credit because it made all the arrangements for the loan. *Id*. However, the District Court held that Home Roofing did not fall under the definition of "arranger of credit" because (1) Plaintiff conceded that Home Roofing received no fee, and thus, did not meet the first prong. *Id*. In addition, Home Roofing did not meet the second prong because Plaintiff only stated that a representative from Home Roofing was with her when she signed the promissory note. *Id*.

Parisi states that OKLAHOMA WINDOWS is an arranger of credit because Parisi alleges 1) Andersen marketed the financing in her home, 2) initiated or facilitated the credit application on its device, 3) accessed the GreenSky Shopping Pass without authorization, 4) triggered the disbursement of loan proceeds 5) to itself, not Parisi, before Parisi knowingly accepted any loan. [Doc. No. 117, p. 13] (citing Complaint, ¶¶ 2, 8, 12, 13, 14, 22, 90, 91).

First and foremost, Parisi does **not** allege in the Complaint that OKLAHOMA WINDOWS regularly "arranges" credit. Indeed, the Section of the OCCC upon which Parisi relies in alleging OKLAHOMA WINDOWS is an arranger of credit, **14A O.S. § 3-301(4)**, *is not even referred to in its Complaint.* Thus, this position is waived as the Court has ruled that Plaintiff is not entitled to amend her complaint to add additional allegations against the parties. [Doc. No. 113].

Further, even if Plaintiff was allowed to amend her pleadings to now allege that OKLAHOMA WINDOWS is liable as an arranger of credit under the OCCC, it would be



futile.  Plaintiff never alleges that OKLAHOMA WINDOWS received a fee, and thus, that alone prevents Plaintiff from alleging OKLAHOMA WINDOWS is an arranger of credit. *Stewart*, 523 F Supp at 223.   Second, Plaintiff does not allege that OKLAHOMA WINDOWS participated in the "preparation of the contract documents" in connection with the loan.  Indeed, Parisi only alleges that Russell "showed Ms. Parisi an Ipad to evidence that she had been approved for that type of loan" (2 years and zero payments for 24 months).  [Doc. No. 115, ¶ 65].  The allegations in the Complaint are insufficient, and do not allege that OKLAHOMA WINDOWS is an arranger of credit under the OCCC.

## II.   PLAINTIFF'S THIRD AMENDED COMPLAINT DOES NOT IDENTIFY OKLAHOMA WINDOWS AS AN AGENT.

In addition to the newly raised position that OKLAHOMA WINDOWS is an arranger of credit, Plaintiff also now contends that it is a "question of fact as to whether Anderson acted as the agent of Defendant GreenSky in the extension of credit to Parisi." [Doc. No. 117, p. 8].  However, once again, Plaintiff does ***not*** allege in its Complaint that OKLAHOMA WINDOWS is an agent of GreenSky.  This is an entirely newly raised allegation in Plaintiff's briefing, and has been waived.  [Doc. No. 113] (denying Plaintiff's motion for leave to amend her complaint).

Nevertheless, to establish the existence of an agency relationship, a party must show:

> "'(1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking.'"



*Bentley v. Greensky Trade Credit, LLC*, 156 F Supp 3d 274, 294 (D. Conn. 2015) (quoting *Wesley v. Schaller Subaru, Inc.*, 277 Conn. 526, 893 A.2d 389, 400 (2006) (quoting *Beckenstein v. Potter & Carrier, Inc.*, 191 Conn. 120, 464 A.2d 6, 13–14 (1983)).

Under very similar circumstances, Courts have held that an agency relationship did not exist because GreenSky (1) did not exercise a sufficient amount of control over the alleged agent, and (2) the alleged agent did not have the power to bind GreenSky by submitting applications for their approval. *Id*. at 295 (citing *LeBlanc v. New Eng. Raceway, LLC*, 116 Conn. App. 267, 976 A.2d 750, 758–59 (2009) (finding that no agency relationship existed where, among other factors, the purported agent had no actual or apparent authority to directly bind the alleged principal in a contract).

Plaintiff has not even ***alleged*** that GreenSky had control over OKLAHOMA WINDOWS or that it had power to bind GreenSky; therefore, the allegation that OKLAHOMA WINDOWS is an agent of GreenSky is not even reflected in the pleadings. In any event, courts have found that relationships similar to this one did not create an agency relationship. *See e.g., Wesley*, 893 A.2d at 401–08 (holding that an agency relationship did not exist between a car dealership and a financing company because the financing company "does not control the actual negotiation of the initial transaction" between the dealership and its customers). Further, such a finding has no bearing on liability on OKLAHOMA WINDOWS; rather, agency imposes liability on the principal for the agent's actions. *Bentley*, 156 F. Supp 3d. at 294 (GreenSky argues that it cannot be held vicariously liable for the actions of its co-Defendants because it did not have an agency relationship with them). Thus, Plaintiff's position that OKLAHOMA WINDOWS is liable under the OCCC for disclosure as an agent of GreenSky entirely fails.



**III.    PLAINTIFF'S CLASS CLAIMS MUST EXCLUDE CONSUMERS WHO ENTERED INTO ARBITRATION AGREEMENTS**

Plaintiff erroneously states that OKLAHOMA WINDOWS raises class certification arguments that cannot be resolved at the pleading stage.   [Doc. No. 117, p. 29]. OKLAHOMA WINDOWS seeks for the Court to require Plaintiff to appropriately narrow the class to exclude individuals who have arbitration agreements with OKLAHOMA WINDOWS.  It is entirely appropriate for the Court to limit the class accordingly at the pleading stage.  *Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *5 (D. Colo. Dec. 4, 2024) (e.s.).  Indeed, to the extent the class is not so limited, it will require discovery of class members who are bound by arbitration clauses and not subject to the jurisdiction of this Court.   As stated in *Nagel*, to fulfill the typicality and adequacy requirements of Rule 23, "Plaintiff's amended complaint must narrow the putative class to include individuals who, like him, have not entered into an arbitration agreement. Plaintiff may then seek to have that class certified under Rule 23."

WHEREFORE, Defendant, OKLAHOMA WINDOWS requests this Court grant its Motion to Dismiss the Third Amended Complaint [Doc. No. 115] against OKLAHOMA WINDOWS, and for such other and further relief as is just and proper.

**BERENSON** LLP
Counsel to the Remodeling and Home Improvement Industry
4495 MILITARY TRAIL, SUITE 203, JUPITER, FL 33458          6 | P a g e

Dated:  January 16, 2026          Respectfully submitted,

                             _/s/ Diane J. Zelmer_____
Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, OKLAHOMA WINDOWS*
*AND DOORS, LLC*

Sheila D. Sayne, Esq., OBA # 31213
Sayne Law PLLC
P.O. Box 33309
Tulsa, Oklahoma 74153-3309
Telephone: 918-740-3013
sheila.sayne@outlook.com
*Attorney for Defendant, OKLAHOMA WINDOWS*
*AND DOORS, LLC*



<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served electronically using CM/ECF, which is served upon all parties of record on the list for this case on this 16th day of January, 2026.

Respectfully submitted,

<u>/s/ Diane J. Zelmer</u>
Diane J. Zelmer, Esq., Fla. Bar 27251

