# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SUSAN PARISI,

     Plaintiff,

 vs.

OKLAHOMA WINDOWS AND DOORS,
LLC d/b/a RENEWAL BY ANDERSON OF
OKLAHOMA AND BMO HARRIS
BANK, NA d/b/a GREENSKY, LLC,

     Defendants.

_____/

CASE NO. CIV-23-cv-115-R

(Removed from the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2022-5727)

_____

## DEFENDANT, OKLAHOMA WINDOWS AND DOORS, LLC

## d/b/a RENEWAL BY ANDERSON OF OKLAHOMA'S MEMORANDUM OF

## LAW IN SUPPORT OF ITS RESPONSE TO PLAINTIFF'S MOTION FOR

## RECONSIDERATION OF ITS MOTION FOR LEAVE TO AMEND

_____

Dated:  January 16, 2026       Respectfully submitted,

| /s/ Diane J. Zelmer | Sheila D. Sayne, Esq. |
|---|---|
| Diane J. Zelmer, Esq. (pro hac vice) | OBA # 31213 |
| FL Bar No. 27251 | Sayne Law PLLC |
| BERENSON LLP | P.O. Box 33309 |
| 4495 Military Trail, Suite 203 | Tulsa, Oklahoma 74153-3309 |
| Jupiter, Florida 33458 | Telephone: 918-740-3013 |
| Telephone: 561-429-4496 | sheila.sayne@outlook.com |



| Email: djz@berensonllp.com | *Attorney for Defendant, OKLAHOMA* |
| *Attorney for Defendant, OKLAHOMA* | *WINDOWS AND DOORS, LLC* |
| *WINDOWS AND DOORS, LLC* | |



## **TABLE OF CONTENTS**

TABLE OF CONTENTS.........................................................................................................iii

TABLE OF AUTHORITIES .................................................................................................. iv

A.    SUMMARY OF ARGUMENT ................................................................................... 1

B.    STANDARD OF REVIEW ........................................................................................ 2

C.    ARGUMENT .............................................................................................................. 2

   I.    PLAINTIFF INAPPROPRATELY SEEKS TO REVISIT ISSUES RAISED IN PRIOR

   BRIEFING. ..................................................................................................................... 2

   II.    PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS UNTIMELY............................. 3

   III.   PLAINTIFF'S AMENDMENT WOULD PREJUDICE OKLAHOMA DOORS. ............. 4

   IV.   PLAINTIFF'S EFFORTS ARE FUTILE ........................................................................ 5

   V.    OKLAHOMA WINDOWS REINCORPORTES ARGUMENTS MADE IN RESPONSE

   TO PLAINTIFF'S MOTION FOR LEAVE ....................................................................... 6

CERTIFICATE OF SERVICE .............................................................................................. 7

## **TABLE OF AUTHORITIES**

**Cases**

*Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993) ................................................................ 4

*L.V. Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182 (10th Cir. 1990) ........................... 4

*Llacua v. W. Range Ass'n*, 930 F.3d 1161 (10th Cir. 2019) ......................................................... 4

*McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718 (10th Cir. 2011) ................................ 5

*Paycom Payroll, LLC v. Richison*, CIV-09-488-W, 2011 WL 13112289 (W.D. Okla. June 8, 2011)

.................................................................................................................................................. 5

*Price v. Driscoll*, No. CIV-21-100-GLJ, 2025 WL 1912756 (E.D. Okla. July 8, 2025) ............... 4

*Servants of Paraclete v. Does*, 204 F.3d 1005 (10th Cir. 2000) .................................................. 2

*Sims v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, CIV-23-780-R, 2024 WL 4593880 (W.D.

   Okla. Oct. 28, 2024) ................................................................................................................ 2, 3

*Van Skiver v. United States*, 952 F.2d 1241 (10th Cir. 1991) ...................................................... 2

*Voelkel v. General Motors Corp.*, 846 F.Supp. 1482 (D. Kan. 1994) .......................................... 2

*Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239 (10th Cir. 2007) ........................................... 2

*Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 2009) .................................................................... 6

*Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185 (10th Cir. 2015) .......................................... 4

**Statutes**

15 U.S.C. § 1601 *et seq.* ............................................................................................................. 4, 5

15 U.S.C. § 1693i ....................................................................................................................... 4, 5

15 U.S.C.A. § 1640 (a), (e) .......................................................................................................... 6

Okla. Stat. tit. 12, § 95 ................................................................................................................. 6

Okla. Stat. tit. 14A, § 5-203(1), (6) ............................................................................................. 6

OKLA. STAT. tit. 15, § 751 *et seq.* ............................................................................................... 5



Defendant, OKLAHOMA WINDOWS AND DOORS, LLC d/b/a RENEWAL BY ANDERSON OF OKLAHOMA ("OKLAHOMA WINDOWS" or the "Defendant"), by and through their undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion for Reconsideration [Doc. No. 114], and states as follows:

### A.    SUMMARY OF ARGUMENT

This Court should not reconsider Plaintiff's Motion for Leave to further amend its complaint.  Plaintiff merely attempts to bolster arguments that were already raised, which the Court denied.  Such arguments are improper on a motion for reconsideration.

Further, as this Court recognized, Plaintiff amendment is entirely untimely. [Doc. Nos. 113, p. 8].  Since the inception of this case over three years ago on November 22, 2022, Plaintiff has had *several* bites at the apple.  Indeed, when it added OKLAHOMA WINDOWS on August 21, 2023 – as its third iteration of her pleadings -- as a party defendant, Plaintiff's claims against OKLAHOMA WINDOWS were already past the statute of limitations.  Plaintiff is now on its Third Amended Complaint – her fourth reiteration of the pleadings -- in which the Court generously allowed Plaintiff to name the proper parties, and Plaintiff added yet another party BMO HARRIS BANK, N.A.  [Doc. No. 115].

Moreover, any amendment would be entirely futile.  Plaintiff has no claim against OKLAHOMA WINDOWS for failure to provide lender disclosures.  As indicated in its briefing on its Motion to Dismiss, OKLAHOMA WINDOWS is not a lender, creditor or arranger of credit. [Doc. Nos. 100, 101].  Further, new class claims do not relate back and are time barred.  Finally, any class claims are entirely moot since OKLAHOMA



WINDOWS, as a matter of practice, enters into contracts that include arbitration agreements of the type that Parisi disputed on appeal. Thus, the Court should not allow Plaintiff to amend its claims against OKLAHOMA WINDOWS.

### B.  STANDARD OF REVIEW

> "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of FL*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. (citations omitted). Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

*Sims v. Bd. of Cnty. Commissioners for Oklahoma Cnty.*, CIV-23-780-R, 2024 WL 4593880, at *1 (W.D. Okla. Oct. 28, 2024).

### C.  ARGUMENT

### I.  PLAINTIFF INAPPROPRATELY SEEKS TO REVISIT ISSUES RAISED IN PRIOR BRIEFING.

Plaintiff requested this Court for leave to amend its pleading [Doc No. 105].  In its motion for leave, Plaintiff expressly addressed the issue of undue delay, and stated:

> 10.   Ms. Parisi has not unduly delayed amending her Complaint; rather she first was confronted with Defendants' removal to federal court, and once in federal court, needed to defend against being unfairly compelled to arbitrate her claims. Now that the Tenth Circuit has affirmed this Court's rulings



denying Defendants' arbitration efforts, the substantive case is just beginning.

11.    No scheduling order has been entered yet in the case, and thus no deadline has been set for motions to join parties or amend claims. No trial or pretrial dates have been set in the case. No court deadlines will therefore be affected by the requested relief.

Defendants' responded arguing that Plaintiff did unduly delay [Doc. Nos. 109 & 110], and Plaintiff did not file a reply.

In her motion for reconsideration, Plaintiff is merely seeking a second bite at the apple to bolster arguments that already failed.  [Doc. No. 114].  The Court already considered her explanation of delay where she stated she was "adding factual specificity to clarify her allegations" and that "she was previously focused on Defendants' attempts to remove the case and compel arbitration and that the substantive case is only just now beginning." [Doc. No. 113, p. 6].  The Court properly denied her explanation of delay because she was attempting to add entirely new claims "based on facts she has known for years." *Id*.  For this reason alone, the Court should deny the motion for reconsideration.

## II.    <u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND IS UNTIMELY.</u>

Further, in her motion for reconsideration, Plaintiff now seeks to add facts for the court to consider concerning her untimelieness in seeking the amendment.  However, there is still "noticeably absent [] any attempt to adequately explain her delay in seeking leave to amend." *Sims v. Bd. of Cnty. Commissioners for Oklahoma Cnty.,* CIV-23-780-R, 2024 WL 4593880, at *2 (W.D. Okla. Oct. 28, 2024).



Here, Plaintiff's justification for the delay is that she is now aware of additional causes of action against the Defendants due to "the benefit of the time afforded by the nearly two years of briefing and rulings related to arbitration." [Doc. No. 114, p. 16]. This reason falls woefully short of Plaintiff meeting her burden to justify the delay where the facts are already known to Plaintiff as they were here. [Doc. No. 113, p. 6]; *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (quoting *L.V. Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). *See also Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1188-90 (10th Cir. 2019); *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1196 (10th Cir. 2015); *Price v. Driscoll*, No. CIV-21-100-GLJ, 2025 WL 1912756, at *3 (E.D. Okla. July 8, 2025). Moreover, the explanation provided by Plaintiff further justifies denial of the leave to amend as the parties have been extended significant resources in briefing based on the prior claims raised in the Second Amended Complaint. *See, infra*, Part III.

### III.  PLAINTIFF'S AMENDMENT WOULD PREJUDICE OKLAHOMA DOORS.

In addition, Plaintiff's amendment would prejudice OKLAHOMA WINDOWS. Contrary to Plaintiff's contentions, her amendment does not seek just to "clarify the nature of the claims"; rather, she seeks to add counts based on the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and the Electronic Fund Transfer Act. 15 U.S.C. § 1693i. Adding such claims would necessarily "result in expensive and extensive new discovery or cause substantial difficulty in litigating the lawsuit because the moving parties, through the proposed amendment, either have changed tactics or theories or intend to bring entirely



new and separate claims for relief, including complicated legal and/or factual issues." *Paycom Payroll, LLC v. Richison*, CIV-09-488-W, 2011 WL 13112289, at *2 (W.D. Okla. June 8, 2011).  OKLAHOMA WINDOWS has been actively involved in litigation and extended significant resources since it added OKLAHOMA WINDOWS as a party defendant over two (2) years ago.  All actions in this litigation were based on a prior reiteration of the pleading, which was limited in nature.  If Plaintiff were allowed to add and amend her claims, *which largely include additional class claims*, it would substantially prejudice the Defendants.

### IV.    <u>PLAINTIFF'S EFFORTS ARE FUTILE</u>

Ultimately, Plaintiff is attempting to keep alive a class action case against OKLAHOMA WINDOWS, which it ultimately knows will fail based on the current pleading.  However, Plaintiff's efforts to raise new claims against OKLAHOMA WINDOWS are futile.  As raised in OKLAHOMA WINDOWS' briefing on its motion to dismiss, OKLAHOMA WINDOWS is not a lender, creditor or arranger of credit, and OKLAHOMA WINDOWS is not an agent of GreenSky.  Therefore, OKLAHOMA WINDOWS is not liable under Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 *et seq.* or the Electronic Fund Transfer Act. 15 U.S.C. § 1693i.

Moreover, the new claims OKLAHOMA WINDOWS seeks to add do not relate back and are barred by the statute of limitations:  one year statute of limitations for OCCC, TILA and E-SIGN; three year statute of limitations for OCPA claims.  *McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718 (10th Cir. 2011) (class claims do not relate



back); 15 U.S.C.A. § 1640 (a), (e); *Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 2009); Okla. Stat. tit. 12, § 95; Okla. Stat. tit. 14A, § 5-203(1), (6).

Finally, any class claims will be barred as OKLAHOMA WINDOWS, as a matter of course, enters into arbitration agreements with its consumers, which include a class action waiver.  [Doc. No. 69-1, p. 14].

## V.    OKLAHOMA WINDOWS REINCORPORTES ARGUMENTS MADE IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE

OKLAHOMA WINDOWS, reincorporates Defendants' arguments made in response to Plaintiff's motion for leave to amend the Complaint.  [Doc. Nos. 109 & 110].

WHEREFORE, Defendant, OKLAHOMA WINDOWS requests this Court deny Plaintiff's Motion for Reconsideration to amend its pleadings [Doc. No. 114], and for such other and further relief as is just and proper.

Dated:  January 16, 2026            Respectfully submitted,

 _/s/ Diane J. Zelmer_____
Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
4495 Military Trail, Suite 203
Jupiter, Florida 33458
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC*

Sheila D. Sayne, Esq., OBA # 31213
Sayne Law PLLC
P.O. Box 33309
Tulsa, Oklahoma 74153-3309



Telephone: 918-740-3013
sheila.sayne@outlook.com
*Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served electronically using CM/ECF, which is served upon all parties of record on the list for this case on this 16th day of January, 2026.

Respectfully submitted,

/s/ Diane J. Zelmer
Diane J. Zelmer, Esq., Fla. Bar 27251

