## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) SUSAN PARISI,** | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-115-R** |
| | ) | |
| **(1) OKLAHOMA WINDOWS AND** | ) | |
| **DOORS D/B/A RENEWAL BY** | ) | |
| **ANDERSON OF OKLAHOMA,** | ) | |
| **(2) BMO HARRIS BANK, NA,** | ) | |
| **and (3) GREENSKY, LLC,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT GREENSKY, LLC AND BMO HARRIS BANK, NA'S REPLY
BRIEF SUPPORTING MOTION TO DISMISS ALL CLAIMS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) [DKT. 99]**

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

***Attorneys for Defendants GreenSky, LLC and BMO Harris Bank, NA***

Defendants GreenSky, LLC and BMO Harris Bank, NA (hereinafter, collectively referred to as "GreenSky") provide additional reply briefing in support of its Rule 12(b)(6) motion to dismiss [Dkt. 99] (the "MTD"), and show:

## I.    INTRODUCTION

In the MTD, GreenSky established that all of the claims asserted against GreenSky in Plaintiff's Amended Petition and Motion to Certify a Class Action (the "Petition") fail to state a claim upon which relief can be granted, and that such claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff Susan Parisi filed her Response, seeking to salvage her non-viable claims.  The Response improperly relies largely on arguments that are not relevant to the issues raised in the MTD.  Additionally, the Response mischaracterizes the legal issues raised by GreenSky in the MTD.  In fact, the Response does nothing at all to credibly refute any of the grounds identified in the MTD for dismissal of this case.  Accordingly, this Court should grant the MTD and dismiss all claims against GreenSky in this case.[2]

---

[1]    After GreenSky filed its MTD, this Court permitted Plaintiff to file an amended complaint solely for the limited purpose of expressly naming BMO Harris Bank, NA as a defendant.  [Dkt.#113].  Plaintiff filed her Third Amended Class Complaint [Dkt.#115], and it is identical to her pleading that is the subject of the MTD other than the express naming of BMO Harris Bank, NA.  Accordingly, GreenSky asserts its MTD should cover and support the dismissal of all claims in Plaintiff's live pleading.

[2]    This Reply Brief is not intended to be a comprehensive document that details all arguments raised by Plaintiff in the Response.  Any failure to address any such arguments herein should not be considered an admission or acknowledgment that they are somehow valid.  Likewise, any failure to address any arguments raised in the MTD should not be considered as an abandonment of such arguments.

## II.    RULE 12(b)(6) IS AN APPROPRIATE VEHICLE TO CHALLENGE PLAINTIFF'S STANDING TO ASSERT CLAIMS UNDER THE OKLAHOMA UNIFORM CONSUMER CREDIT CODE

In her Response, Plaintiff asserts it is premature for GreenSky to challenge her standing to assert class claims under the Oklahoma Uniform Consumer Credit Code (the "OCCC").  According to Plaintiff, the MTD is nothing more than a "hybrid 12(b)(1) Motion mixed with an Opposition to Class Certification[,]" which is premature.  Response, pp. 2-3.  Contrary to Plaintiff's assertion, numerous courts have recognized class claims can be properly dismissed under Rule 12(b)(6).  *See, e.g., John v. National Sec. Fire & Cas. Co.,* 501 F.3d 443, 444-45 (5th Cir. 2007); *Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at \*11 (D. Kan. May 17, 2023); *Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at \*4 (D. Colo. Feb. 23, 2021).  Consequently, Plaintiff's assertion that GreenSky's MTD is somehow procedurally deficient is wholly without merit.

## III.    THIS COURT CAN DISMISS CLAIMS ASSERTED ON BEHALF OF A PROPOSED CLASS THAT IS NOT VIABLE

Plaintiff argues courts cannot dismiss class action claims until substantial discovery has been completed with respect to such claims, and that the class definition may properly be revised as discovery proceeds.  Response, p.12. That is not true in every case, however.

Suppose, for example, Plaintiff attempted to assert claims on behalf of a class consisting of all persons who visited Mars and contracted an alien virus.  It would be absurd to require the parties to conduct discovery related to the U.S. space program before dismissing claims based on that proposed class.  While not as extreme, Plaintiff's proposed

3

class in the Petition is equally futile, as it consists of consumers who did not receive specific disclosures required by the OCCC.

The problem with this proposed class is that a failure to provide the referenced disclosures is itself a violation of the OCCC (subject to certain exceptions), so that members of the proposed class are defined by their success in asserting an OCCC claim. As discussed in the MTD, courts have referred to such a proposed class as a "fail-safe class." *See Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). Moreover, courts have rejected claims on behalf of proposed "fail-safe" classes (regardless of whether the "fail-safe" terminology was used). *See Gipson v. Sprint Communications Co., L.P.*, 81 P.3d 65, 71 (Okla. App. 2003); *see also Ford*, 995 F.3d at 624; *Messner*, 669 F.3d at 825; *Randleman*, 646 F.3d at 352. Thus, Plaintiff's assertion that she should somehow be able to maintain these proposed class claims indefinitely through the discovery process is disingenuous. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012) ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate."); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 354–55 (3d Cir. 2013) ("This petition for class certification will founder if the only proof of class membership is the say-so of putative class members or if ascertaining the class requires extensive and individualized fact-finding.").

Plaintiff's assertion that the proposed class identified in the Petition can be properly revised based on additional facts learned through discovery is equally unavailing. The

discovery that would be relevant to Plaintiff's OCCC claims relates solely to whether the OCCC disclosures were made to each member of the proposed class. This is not going to support any revision of the proposed class definition that would make the proposed class anything other than a fail-safe class, as any discovery would be focused on the delivery of the disclosures required under the OCCC to the members of the proposed class, which is both the definition for class membership and the purported basis for liability.

## IV.   PLAINTIFF IS NOT A DEBTOR WITH STANDING TO ASSERT OCCC CLAIMS

As discussed above and in the MTD, the only class cause of action asserted in the Petition is based on allegations that GreenSky allegedly failed to provide certain specific disclosures enumerated in the OCCC. *See* Petition, ¶ 24. In fact, the proposed class identified in the Petition is exclusively defined based on the specific OCCC disclosure requirements, and it consists solely of consumers who allegedly did not receive such disclosures. *See id*., ¶ 24.[3]

---

[3]   In the Response, Plaintiff generally references a consent order issued by the Consumer Financial Protection Bureau. This is a red herring that has nothing to do with the grounds supporting the MTD. The MTD addresses the claims and causes of action that are in the Petition, which are the alleged failure to make certain specific disclosures under the OCCC. In the MTD, GreenSky asserts (among other things) that Plaintiff does not have standing to assert such claims because she was not a debtor and is not a member of the proposed class identified in the Petition. The Petition alleges only that the consent order relates to alleged violations of "Consumer Financial Protection Bureaus' rules when accepting assignment of loans from entities such as Andersen." Petition, ¶ 89. The Petition does not assert that the consent order has anything to do with the OCCC, and it does not include a copy of the consent order. Plaintiff's OCCC claims in the Petition do not relate at all to the purported assignment of loans from Andersen, and any such issues are not the subject of the MTD. Accordingly, the passing reference to the consent order in the Response is completely irrelevant to any issues to be decided by the Court under the MTD.

In the MTD, GreenSky established that the OCCC disclosure requirements are to be made to "debtors". *See* OKLA. STAT. ANN. tit. 14A, § 3-306(2) (stating "[t]he lender shall give to the *debtor* the following information") (emphasis added); *see also* 15 U.S.C. § 1631(a) (stating disclosures under federal Truth in Lending statute are for "the person who is obligated on a consumer lease or a consumer credit transaction"). GreenSky has also established that a "debtor" is a person who is "liable on a claim." *Racher v. Lusk*, No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013) ("'Debtor' means a person who is liable on a claim."); *see also State ex rel. State Ins. Fund v. Houston*, No. 97,553, 2003 WL 25284639, at *2 (Okla. Civ. App. Aug. 12, 2003) (stating the term "account debtor" means a person "obligated on an account") (citing 12A O.S.2001 § 1–9–102(a)(3)).

Because this Court and the Tenth Circuit have previously held Plaintiff never entered into any loan agreement, it necessarily follows that Plaintiff was never obligated to pay anything in this case. *See* 10th Circuit Order and Judgment dated June 6, 2025 [Doc. 89-1 in Appellate Case 23-6218] ("Order Affirming Contract Order"), p. 18 ("The district court did not err in ruling, in light of the undisputed material facts, that no reasonable factfinder could find that [Plaintiff] had manifested assent to the Loan Agreement."); Order dated December 1, 2023 [Doc. 66] (the "Contract Order"), p. 15 ("As a matter of law, the parties did not agree to the High-Interest Loan[.]"). In other words, Plaintiff was never a "debtor" who would be subject to any loan requirements, and, as such, Plaintiff does not have standing to complain if the disclosures were allegedly not made in this case. *See Jones v. People's Heritage Bank*, 433 F. Supp.2d 1328, 1334 (S.D. Ga. 2006) (stating "the

main purposes of the Truth in Lending Act disclosure provisions are to allow consumers to price their credit and to prevent any hidden or unreasonable charges").

In her Response, Plaintiff seeks to avoid this obvious result by mischaracterizing the findings related to the Contract Order and the Order Affirming Contract Order (collectively, the "Orders"). Bizarrely, Plaintiff tries to assert that these Orders are somehow limited to a finding that the arbitration provision in the proposed loan agreement was unenforceable. Significantly, however, the Orders were not based on anything specific to the arbitration provision.

Instead, the basis for the ruling in both Orders was that, as a matter of law, there was never any meeting of minds to create any loan agreement. In other words, the arbitration provision was unenforceable, not because there was anything defective about that provision itself, but because there was no contract at all. *See* Order [Doc. 66] (the "Contract Order"), p. 15 ("As a matter of law, the parties did not agree to the High-Interest Loan[.]"); 10th Circuit Order and Judgment dated June 6, 2025 [Doc. 89-1 in Appellate Case 23-6218] ("Order Affirming Contract Order"), p. 18 ("The district court did not err in ruling, in light of the undisputed material facts, that no reasonable factfinder could find that [Plaintiff] had manifested assent to the Loan Agreement."). Based on the rulings set forth in the Orders, GreenSky could not properly assert a counterclaim against Plaintiff for breach of contract under the proposed loan agreement because this Court and the Tenth Circuit have already ruled there is no contract. The issue of whether there was a loan obligation has been decided, and that ruling effectively governs all further proceedings in

7

this case.[4] *See In re BCD Corp.*, 221 B.R. 534, 536 (D. Utah 1998); *see also McIlravy v. Kerr-McGee Coal Corp.,* 204 F.3d 1031, 1034 (10th Cir. 2000).

Significantly, Plaintiff acknowledges in her Response that the OCCC defines a "loan" as the "creation of debt." Response, p. 4 (quoting OKLA. STAT. ANN. tit. 14A, § 3-106(1)). Even though Plaintiff declined to agree to creation of a debt, Plaintiff asserts that the OCCC disclosure requirements somehow apply simply because GreenSky allegedly *assumed* there was a debt when, in fact, no such debt existed. As stated above, however, a "debt" is an actual *obligation*. *See Racher*, 2013 WL 6037122, at \*9; *Houston*, 2003 WL 25284639, at \*2. This Court and the Tenth Circuit held there was no obligation, so it necessarily follows there can be no "debt" and Plaintiff is not a "debtor."

Plaintiff also asserts she has a cause of action under the OCCC because the disclosures required under the OCCC would have to be made *before* a consumer credit transaction was consummated. This argument disregards the *purpose* of disclosure statutes

---

[4]   The finding there was no meeting of minds and therefore no loan agreement was essential to the rulings in the Orders. If there had been a loan agreement in place, the issue of the validity and enforceability of the arbitration provision in the loan agreement would have been subject to determination through arbitration based on the language of the proposed loan agreement. *See Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.,* 748 F.3d 249, 262-63 (5th Cir. 2014); *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.,* 687 F.3d 671, 674-75 (5th Cir. 2012); *see also* Proposed Loan Agreement attached as Exhibit 2 to Defendant GreenSky, LLC's, Incorrectly Identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration [Dkt. 18], at ¶ 25 (stating that any dispute regarding validity, enforceability, or scope of arbitration agreement was to be decided through arbitration).

such as the OCCC, which is to protect consumers from hidden or unreasonable charges. *See Jones*, 433 F. Supp.2d at 1334.[5] Here, a loan agreement was issued to Plaintiff with all legally required disclosures and terms. Further, viewing the evidence in the light most favorable to Plaintiff, she declined to accept a loan with allegedly different terms *based on* the disclosure of those terms, which complied with the purpose of the OCCC.

Additionally, Plaintiff complains that GreenSky "reported a debt in her name, attempted to collect payment, and refused to correct or withdraw the tradeline despite her disputes." Response, p.5. These complaints have nothing to do with the only cause of action pled: whether certain OCCC disclosures were made. Accordingly, such complaints cannot support any assertion Plaintiff has standing to maintain an OCCC claim for alleged failure to disclose certain terms in a loan transaction that was rejected by Plaintiff. *See, e.g., Garrett v. Trans Union, L.L.C.*, No. 2:04-CV-00582, 2006 WL 2850499, at *11 (S.D. Ohio Sept. 29, 2006) (plaintiff could not show causation for emotional distress in Fair Credit Reporting Act case because he "offered no facts proving his alleged damages were actually caused by any inaccuracies contained in his credit report rather than being caused by the stress of going bankrupt or losing his home business").

---

[5]  In her Response, Plaintiff cites *Dalton v. City of Tulsa*, 560 P.2d 955, 956 (Okla. 1977) to purportedly support her assertion that the OCCC disclosure requirements can somehow be enforced by prospective buyers, even if there is ultimately no purchase. Response, p. 5. *Dalton* had absolutely nothing to do with the issues in this case. The court in that case held that a municipality could not be subject to the OCCC based on claims it did not properly disclose a penalty added to consumers' water bills when not paid on time. *See Dalton*, 560 P.2d at 955-58.

## V.    PLAINTIFF DOES NOT STATE A CLAIM UNDER THE OKLAHOMA CONSUMER PROTECTION ACT

Plaintiff asserts in her Response that she has stated a claim under the Oklahoma Consumer Protection Act.  This Court denied Plaintiff leave to tardily add such claims. [Doc.#113, p.6].  Plaintiff's proposed class and proposed class claims as pleaded in the Petition relate exclusively to the OCCC.  Accordingly, Plaintiff has no basis to assert her class claims can somehow be twisted into claims under the unreferenced Oklahoma Consumer Protection Act.  *See, e.g.*, *McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 730 (10th Cir. 2011) (holding previously-pleaded claims did not encompass different claims filed later in amended pleading); *Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *2-3 (E.D. Tenn. Nov. 21, 2016) (same).

## VI.    CONCLUSION

Plaintiff seeks to represent a class that cannot be certified as a matter of law, and to maintain claims based on a proposed loan agreement that she rejected.  Accordingly, under the grounds stated in the MTD, GreenSky is entitled to a dismissal of all of Plaintiff's claims in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, GreenSky respectfully requests: that this Court grant its Rule 12(b)(6) motion and dismiss all of Plaintiff's claims against GreenSky in this case; and grant GreenSky any other and further relief of any nature to which it may be justly entitled.

Respectfully submitted,

Dated: January 16, 2026

*/s/Thomas A. Paruolo*
Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

**Attorneys for Defendants GreenSky, LLC and BMO Harris Bank, NA**

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com

**Attorneys for Plaintiff Susan Parisi**

                                      /s/Thomas A. Paruolo

12