**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-115-R |
| | ) | |
| (1) OKLAHOMA WINDOWS AND | ) | |
| DOORS D/B/A RENEWAL BY | ) | |
| ANDERSON OF OKLAHOMA, | ) | |
| (2) BMO HARRIS BANK, NA, | ) | |
| and (3) GREENSKY, LLC, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS GREENSKY, LLC AND BMO HARRIS BANK, NA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DENIED MOTION FOR LEAVE TO AMEND THE PETITION AND FILE SECOND AMENDED CLASS ACTION COMPLAINT [DKT. 114]**

Defendants GreenSky, LLC and BMO Harris Bank, NA (collectively, "GreenSky") oppose Plaintiff's Motion for Reconsideration of Denied Motion for Leave to Amend the Petition and File Second Amended Class Action Complaint (the "Reconsideration Motion") [Dkt. 114], and show:

## I.   INTRODUCTION

Once again, Plaintiff Susan Parisi seeks to completely change her claims in this case by requesting leave to assert numerous new claims and causes of action against GreenSky, more than three years after filing this lawsuit.  On November 25, 2025, this Court entered an Order denying Plaintiff's unduly delayed request to include these new additional claims and causes of action in her pleadings (the "Denial Order").   Plaintiff filed her

Reconsideration Motion, asking this Court to completely reverse its ruling in the Denial Order and improperly enable her to advance her scheme to effectively plead a whole new lawsuit against GreenSky. The issues related to Plaintiff's requested pleading amendment have previously been fully briefed and the Court issued its well-reasoned Denial Order correctly denying Plaintiff's motion for leave to amend her pleadings. There is nothing new in the Reconsideration Motion that the Court has not already considered and rejected. Accordingly, Plaintiff's Reconsideration Motion is without merit and should be denied.

## II.   PERTINENT PROCEDURAL HISTORY

Plaintiff originally filed this case in state court in November of 2022, asserting class action claims against GreenSky under Oklahoma Consumer Credit Code Section 3-306 ("Section 3-306"). Her Section 3-306 claims alleged GreenSky purportedly failed to provide certain specific disclosures to members of the putative class in connection with loan transactions.[1] These alleged disclosures are specifically stated in Section 3-306, and they include, for example, the identity of the lender's assignee, the right to obtain a written itemization of amount financed, and the amount that is or will be paid to the debtor.[2] In December, 2022, Plaintiff amended her state court petition, but did not include the

---

[1]     GreenSky, LLC is the program administrator for a loan program offered by participating banks, and licenses a technology platform and the "GreenSky®" program name to banks, who then use that technology, program name, and other services provided by GreenSky, LLC to offer loans. GreenSky, LLC, through its affiliate, is also a loan servicer for those loans. GreenSky, LLC is not a lender, and GreenSky, LLC asserts that any disclosure or other requirements applicable to lenders do not apply to GreenSky, LLC.

[2]     GreenSky, LLC is not a lender, but a program administrator and loan servicer pursuant to contracts with various lenders.

additional claims and causes of action she now seeks to assert.  In August of 2023, after removal to this Court, Plaintiff moved for and received leave to file her Amended Petition and Motion to Certify a Class Action (the "Amended Petition") [Dkt. 36].  Again, Plaintiff made no effort at that time to assert the claims and causes of action against GreenSky that are the subject of her current requested amendment.  The allegations in the Amended Petition represent the current pleading allegations against GreenSky in this case.[3]

The claims and causes of action in the Amended Petition are limited to Section 3-306.  There is no effort to assert any other claims.  Moreover, Plaintiff's putative class is limited to "[a]ll Oklahoma consumers who, since one year prior to the filing of this litigation, [failed to provide the various specific disclosures required under Section 3-306]."  [Dkt. 36, pp. 6-7].  In other words, even the class definition is specifically limited to specific alleged disclosure requirements, as opposed to other claims and causes of action based on other purported acts or omissions of GreenSky.

It was only after GreenSky moved to dismiss Plaintiff's non-meritorious claims under Section 3-306 that Plaintiff effectively acknowledged the futility of those claims and sought to craft a whole new lawsuit through her proposed pleading amendment.  Plaintiff's

---

[3]    In the Denial Order, the Court permitted Plaintiff to file an amended complaint for the limited purpose of adding BMO Harris Bank, NA as a defendant and correcting the case caption to reflect the proper names of the parties.  Denial Order, p. 1, n.2.  On December 9, 2025, Plaintiff filed her Third Amended Class Action Complaint, which does not include any of the additional claims and causes of action Plaintiff seeks to add in her Reconsideration Motion.  Instead, the claims, allegations, and causes of action in Plaintiff's Third Amended Class Action Complaint are the same as those in the Amended Petition, and GreenSky asserts the Denial Motion applies equally to the Third Amended Class Action Complaint.

Motion for Leave to Amend the Petition and file Second Amended Class Action Complaint [Dkt. 105] (the "Motion to Amend") and the proposed Second Amended Class Action Complaint for Monetary and Injunctive Relief (the "Proposed Amendment") that are the subject of the Reconsideration Motion do not represent a natural extension of claims Plaintiff has already asserted in this case. Instead, the proposed claims Plaintiff seeks to add are completely different from the claims asserted in the Amended Petition. As stated above, the class claims in the Amended Petition are limited to specific disclosure requirements under Section 3-306. The only class claims relate to alleged failures to make those specifically enumerated disclosures.

The new claims and causes of action in the proposed amended pleading that is the subject of the Reconsideration Motion, however, include statutory claims under the Truth in Lending Act ("TILA") (15 USCA §1631), The Electronic Fund Transfer Act ("EFTA") (1693i - Issuance of cards or other means of access), and the Oklahoma Consumer Protection Act ("OCPA").[4] Plaintiff now attempts to completely redefine the purported class as "All Oklahoma consumers who, from November 23, 2019, through the present, had a GreenSky Shopping Pass account opened in their name where the acceptance of the loan terms was made through the use of the Shopping Pass number by a GreenSky Merchant." Proposed Amendment [Dkt. 105-1], ¶ 94.[5]

---

[4]     GreenSky refers to the TILA, EFTA and OCPA claims as the "New Claims."

[5]     This completely changed class definition will hereinafter be referred to as the "New Class."

Once again, Plaintiff improperly seeks to effectively start all over in the creation of a New Class almost three years into this lawsuit and to add the New Claims, as well as to significantly expand the class period.   Plaintiff's only explanation for her undue delay in seeking to amend her pleadings, to redefine the class, and to allege the New Claims is that she was focused on opposing arbitration.  This explanation does not justify her undue delay in filing the Motion to Amend, and it certainly does not merit reconsideration of the Motion to Amend after the Court has already denied the requested pleading amendment.

## II.     ARGUMENTS AND AUTHORITIES

### A.     The Reconsideration Motion is Based on Facts Which Were Available and Previously Considered by the Court in Connection with the Motion to Amend

The Reconsideration Motion, which is brought at least partially under Federal Rule of Civil Procedure 59,[6] is a request that the Court reconsider its ruling on Plaintiff's previous Motion to Amend to introduce all of the New Claims and the New Class.  The issues in the Reconsideration Motion have been fully briefed in the context of Plaintiff's Motion to Amend, which is the subject of the Denial Order.  A motion for reconsideration is "an inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); see also Boevers v. City of Piedmont, Oklahoma, No. CIV-14-1048-F, 2016 WL 8650476, at *3 (W.D. Okla. Jan. 26, 2016) (reconsideration is not intended to "rehash" old arguments).

---

[6]     See Reconsideration Motion, p. 1.

Plaintiff's Reconsideration Motion is not based on any new evidence or facts that were not available when Plaintiff filed her Motion to Amend. The crux of Plaintiff's request to set aside the Denial Order in her Reconsideration Motion is that there was a time period during which the Tenth Circuit was considering an appeal relating to GreenSky's earlier request to dismiss this case in favor of arbitration. This is not a "new" fact that arose or was first discovered after the Denial Order. In fact, it is not even a new argument. Plaintiff previously argued that her delay in seeking to assert all of the new claims was somehow justified because she was focused on the arbitration dispute. *See* Motion to Amend, ¶¶ 5, 10. This Court considered and rejected that argument in the Denial Order, expressly referencing the Tenth Circuit appeal. *See* Denial Order, p. 3 n.3.

Regardless, the Court does not need the parties to point out the procedural history of this case. The Court is well aware of previous proceedings in this case, which are a matter of public record. The Reconsideration Motion is nothing more than a regurgitation of facts and issues that were already known to the Court and rejected in the Denial Order. As a consequence, the Reconsideration Motion is improper and should be denied.

**B.    This Court's Denial of the Motion to Amend is Not "Clear Error" Resulting in "Manifest Injustice"**

Plaintiff asserts the basis of the Reconsideration Motion is to correct "clear error" and prevent "manifest injustice." These asserted grounds do not justify any relief in this case. Clear error is defined as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001) (quoting *Brown v. Presbyterian Healthcare Serv.*,

6

101 F.3d 1324, 1331 (10th Cir. 1996)); *see also Coffin v. Magellan HRSC, Inc.,* No. CIV 20-0144 JB/GJF, 2021 WL 2589732, at *31 (D.N.M. June 24, 2021). Manifest injustice is defined as a "direct, obvious, and observable error in a trial court." *Carton v. Carroll Ventures, Inc*., No. CIV 17-0037 KG/SCY, 2018 WL 443328, at *2 (D.N.M. Jan. 16, 2018) (quoting Black's Law Dictionary (10th ed. 2014)).

There is absolutely nothing that is "arbitrary, capricious, whimsical, or manifestly unreasonable" about the Denial Order, and this Court's Denial Order does not present any "direct, obvious, and observable error." As the Court recognized, Plaintiff had numerous opportunities to include the proposed New Claims and New Class in her pleadings during the extended time period when the arbitration appeal was *not* pending. In fact, there was a period of approximately seventeen months while this case was pending and there was no appeal. During that time, Plaintiff filed three separate pleadings in which she could have added the New Claims and New Class but did not. Plaintiff does not (and cannot) assert she was only able to uncover these New Claims and identify the proposed New Class at or near the time of the Motion to Amend. The only excuse she offers to support her undue delay is that she did not think of the New Claims and the New Class until GreenSky pointed out the deficiencies in the claims asserted in her 2AC. Reconsideration Motion, p. 12 ("Plaintiff timely sought a stay on responding to [the motions to dismiss] once she determined that amending her Complaint was important in order to have her case decided on the merits and in light of the pleading deficiencies raised in the Motion to Dismiss"). That excuse is not sufficient to justify Plaintiff's undue delay in seeking to bring the New Claims and identify the New Class.

**C.      The Case Law Cited in the Reconsideration Motion Does Not Support Plaintiff's Request to Vacate the Denial Order**

In her Reconsideration Motion, Plaintiff cites various cases that purportedly support her untenable position that the Court's ruling in the Denial Order was somehow "arbitrary, capricious, whimsical, or manifestly unreasonable."  These cases do not support her position.  In *Minter v. Prime Equipment Co.*, 451 F.3d 1196 (10th Cir. 2006), which Plaintiff attempts to use to justify her undue delay in seeking to add the New Claims and the New Class, the Tenth Circuit properly found the plaintiff's delay in asserting new claims was justified because the defendant misled the plaintiff for several months regarding the facts supporting the new claims by failing to provide required disclosures that revealed the bases for such claims.  *See id.* at 1207.  In the present case, however, there is no dispute Plaintiff had knowledge of the alleged facts supporting the New Claims and New Class from the inception of the case.  Simply put, *Minter* does not support Plaintiff's assertion that the Court's Denial Order was clearly erroneous and manifestly unjust.

Plaintiff also asserts that the case of *Parga v. Board of Commissioners of County of Tulsa*, No. 18-CV-0298-CVE-JFJ, 2019 WL 1231675 (N.D. Okla. Mar. 15, 2019) somehow supports her request to reconsider the Denial Order.  It does nothing of the sort. The court in *Parga* reconsidered its ruling because it determined it had misinterpreted the pleading allegations in the proposed amended pleading.  *See id.* at *2-3.  There are no "misinterpretation" issues in this case.  This Court has not misinterpreted the New Claims and the New Class to somehow be the same claims as those asserted previously in the Amended Petition.  In fact, Plaintiff does not even attempt to assert these proposed new

claims are anything other than the completely new claims and causes of action they are. This Court correctly denied Plaintiff's request to amend her pleadings to change the entire landscape of this case by asserting the New Claims on behalf of the New Class.

Plaintiff also argues *Hedger v. Kramer*, No. CIV-13-0654-HE, 2015 WL 13357593 (W.D. Okla. Sept. 24, 2015) does not support the Court's Denial Order. To the contrary, the *Hedger* case does, in fact, provide such support. Like Plaintiff in this case, the plaintiffs in Hedger amended their pleadings multiple times before the requested pleading amendment that was the subject of the court's opinion in that case. *Id.* at *2. Moreover, like this case, the *Hedger* plaintiffs had knowledge of the alleged facts and circumstances surrounding the claims they were seeking to add since long before the inception of the lawsuit. *Id.* at *4. Because the proposed pleading amendment was not based on new facts that had previously been unknown, the *Hedger* court denied the plaintiffs' motion for leave to amend, holding:

> For whatever reason, plaintiffs made a calculated decision to sue defendant Kramer solely for negligence, despite having sufficient information in their possession at the time they filed this lawsuit to allege that she acted willfully and maliciously. They then waited approximately two years after the case was filed and nine months after the deadline for amending pleadings to seek leave to amend their complaint. They have not, though, provided an adequate justification for the untimeliness of their motion to amend. In these circumstances, the court concludes plaintiffs' motion to amend was "unduly delayed" and leave to amend should be denied.

*Id.* at *5 (internal footnotes and citations omitted). With respect to *Hedger*, it is important to note that Plaintiff incorrectly asserts that the court in that case conducted its analysis on

9

the plaintiffs' request for leave under Federal Rule of Civil Procedure 16 "and its good cause standard rather than Rule 15 and its liberal standard here." Reconsideration Motion, p. 13. There is no reference in *Hedger* to Rule 16, and the court in that case clearly identifies Rule 15 as the basis for its analysis, which is the rule applicable to the present case. *See Hedger*, 2015 WL 13357593, at *2 ("The proposed amendment is governed by Fed.R.Civ.P. 15(a).").

In her Reconsideration Motion, Plaintiff also argues *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994) does not support the Court's ruling in the Denial Order. As this Court correctly recognized, *Pallottino* does provide such support. *Pallottino* expressly refutes Plaintiff's assertion in the Reconsideration Motion that a motion to amend cannot be denied solely on the basis of undue delay. In fact, the Tenth Circuit in *Pallottino* states: "We have often found *untimeliness alone* a sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'" *Id.* at 1027 (emphasis added) (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir.1993) (listing cases)). Significantly, like this case, the Tenth Circuit in *Pallottino* refused to grant leave for the plaintiff to amend his pleadings because there was simply no excuse for the delay in seeking the proposed amendment. Specifically, the Tenth Circuit stressed in upholding the district court's denial of the proposed amendment that such amendment "was not based on new evidence unavailable at the time of the original filing [of the case]." *Pallottino*, 31 F.3d at 1027. Moreover, it is important to note that the Tenth Circuit held that denial of the proposed amendment in *Pallottino* was improper where the plaintiff's "motion for leave to amend was filed eight

10

months after the original complaint and over five months after a previous amended complaint." *Id.* Even if the time of the appeal in this case is not considered, Plaintiff's Motion for Leave was not filed until approximately 17 months after this lawsuit was filed.

Plaintiff additionally argues *Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689 (D. Kan. 2022) supports its Reconsideration Motion. *Roberts* does not provide such support because it is clearly distinguishable from this case in a very significant way. In *Roberts*, the court granted a motion to amend to assert new claims because the *defendants,* rather than the plaintiff, had the information necessary to identify the new claims, and the defendants did not provide such information until well after that lawsuit was filed. Further, even when the information was provided, it was buried in a production consisting of more than 90,000 pages of documents. *Id.* at 692. Under the circumstances, the court correctly determined the proposed pleading amendment including the new claims based on the information provided by the defendants was timely because of the defendants' delay in providing such information. *Id.* at 692-93. Unlike *Roberts*, there is no dispute in this case that Plaintiff had full knowledge of all alleged facts necessary to assert the New Claims on behalf of the New Class at the time this lawsuit was originally filed.

Finally, Plaintiff argues *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228 (10th Cir. 2020) justifies her undue delay in seeking to assert the New Claims and certify the New Class. Barnett has nothing to do with the issues in the present case. The plaintiff in that case never sought leave to file an amended pleading as required under Rule 15, and the court held that leave to file is not required to be granted where it has not been sought. *See id.* at 1236 (citing *Burnett v. Mortgage Elec. Registration Sys.,*

*Inc.*, 706 F.3d 1231,1238 n.4 (10th Cir. 2013)).  The procedural issue of filing a motion for leave is not pertinent to the present case.  Instead, Plaintiff filed the Motion for Leave and the issue is whether the Court's ruling denying the motion was clearly erroneous and manifestly unjust (which it was not).  The court in *Barnett* did not address any issue as to whether a motion for leave to amend would have been granted because such a motion had never been filed.  *See Barnett*, 956 F.3d at 1236.

**D.    This Court Correctly Entered the Denial Order**

Untimeliness alone may be a sufficient basis for denying a party leave to amend her pleadings.  *Elliott v. State Farm Fire and Cas. Co.,* No. 21-cv-02168-REB-MEH, 2022 WL 1198966, at *2 (D. Colo. Jan. 5, 2022); *see Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).  This is especially true where the party seeking to amend would have had knowledge of facts or theories of recovery from the inception of the lawsuit.  *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *Campion v. Old Republic Home Prot. Co.*, 861 F. Supp. 2d 1139, 1152–53 (S.D. Cal. 2012); *Garcia v. Vilsack*, 628 F. Supp. 2d 1306, 1312 (D.N.M. 2009).

Here, Plaintiff did not have to wait for discovery from GreenSky to formulate the New Claims and the New Class, as those were based on facts and theories Plaintiff knew or should have known before she ever filed this lawsuit.  Moreover, Plaintiff's counsel acknowledged in the Reconsideration Motion that they did not focus on formulating the New Claims and the New Class until GreenSky filed the Motion to Dismiss pointing out the obvious deficiencies in Plaintiffs claims set forth in the Amended Petition.  Plaintiff

cannot hold back claims and causes of action that should have been brought and then try to assert them when her existing claims are exposed as legally deficient. *See Acri v. Int'l Ass'n of Machinist and Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986) (late inclusion of cause of action by plaintiff was sought to avoid possibility of adverse summary judgment ruling); *Nw. Env't Advocates v. U.S.E.P.A.*, 268 F. Supp.2d 1255, 1274 (D. Or. 2003) (motion to amend complaint after summary judgment motion was filed).

In her Reconsideration Motion, Plaintiff attempts to draw a distinction between motions for summary judgment and 12(b)(6) motions to dismiss, asserting that she can somehow defeat motions to dismiss that are filed by filing motions for leave to amend her pleadings. This is a distinction without a difference. Plaintiff should not be able to indefinitely respond to dismissal motions with proposed amended pleadings, particularly where, as here, she already filed three separate pleadings without referencing the New Claims or the New Class. Under the circumstances, Plaintiff has unduly delayed bringing these additional claims and causes of action, and this Court correctly entered the Denial Order. *See Engle Cases*, 767 F.3d at 1123 ("Rule 15's liberal amendment standard is not an unqualified license to fix every new defect as the court uncovers them.").

Aside from the undue delay in asserting the New Claims and the New Class—which itself is sufficient to justify the Court's ruling in the Denial Order—the proposed 2AC would be futile for various reasons outlined in Defendant GreenSky, LLC's, Incorrectly Identified as BMO Harris Bank, NA d/b/a GreenSky, LLC, Response to Plaintiff's Motion for Leave to Amend the Petition and File Second Amended Class Action Complaint, pp. 12-30 [Dkt. 109] (the "Response to Motion for Leave") that are fully incorporated by

13

reference here.  A court may properly deny a motion to amend a pleading if the amendment would be futile.  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *Copeland v. Lawrence,* No. CIV 17-603-F, 2017 WL 6551296, at \*3 (W.D. Okla. Oct. 25, 2017).

## III.    CONCLUSION

In her Reconsideration Motion, Plaintiff seeks to effectively create a whole new lawsuit out of a case that has already been on file for three years.  The Court has already considered all of Plaintiff's arguments supporting the addition of the New Claims and the New Class, and those arguments have been properly rejected in the Denial Order.  The New Claims and New Class are properly subject to denial because they were unduly delayed.  Further, Plaintiff's new claims in the proposed 2AC are futile because they are barred by the applicable statutes of limitations, and because they do not satisfy the requirements for a proper class (as discussed in Seneca's Response to Motion for Leave. Accordingly, this Court should deny Plaintiff's Reconsideration Motion.

WHEREFORE, GreenSky respectfully requests that the Court in all things deny the Reconsideration Motion.  GreenSky also requests any other and further relief of any nature to which it may be justly entitled.

14

Respectfully submitted,

Dated: January 16, 2026          /s/Thomas A. Paruolo

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

**Attorneys for Defendants GreenSky, LLC and BMO Harris Bank, NA**

15

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of January, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
Minal Gahlot, OBA #22145
kathi@rawlsgahlot.com
minal@rawlsgahlot.com

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com

***Attorneys for Plaintiff Susan Parisi***

*/s/Thomas A. Paruolo*