**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

SUSAN PARISI,

      **Plaintiff,**

v.

OKLAHOMA WINDOWS AND
DOORS, LLC d/b/a RENEWAL BY
ANDERSEN OF OKLAHOMA,
BMO HARRIS BANK, NA, and
GREENSKY, LLC,

      **Defendants.**

**Case No.: 5:23-cv-00115-R**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION AND IN RESPONSE TO OKLAHOMA
WINDOWS OPPOSITION TO RECONSIDERATION**

## I.    INTRODUCTION

Oklahoma Windows and Doors, LLC d/b/a Renewal By Anderson of Oklahoma ("Oklahoma Windows" or "Defendant") has not identified any basis for the Court to deny Plaintiff Susan Parisi's Motion for Reconsideration ("Parisi") [Doc. No. 114]. Oklahoma Windows does not dispute that the Court denied leave to amend solely on the ground of untimeliness. But instead of providing any argument that addresses Parisi's contention that the Court's application of undue delay jurisprudence was clear error under controlling Tenth Circuit law, Oklahoma Windows simply repeats the language in the Court's Order and Parisi's Motion for Leave to Amend, claims prejudice from Parisi's proposed amendment even though the Court's Order did not address prejudice, argues that Parisi's amendment would be futile, even though

the Court's Order did not address futility, and purports to incorporate GreenSky's 26 page Opposition to Parisi's Motion for Leave into its brief. [Doc. No. 121].

Oklahoma Windows argues only that the Court "already" considered the timing of Parisi's Motion to Remand [Doc. No. 8], Defendants' Motions to Compel Arbitration [Doc. No. 17, Doc. No. 68], and subsequent appeals to the Tenth Circuit. [Doc. No. 73, 86]. But Parisi's Motion for Reconsideration is grounded in the contention that the Court did not fully account for the practical and procedural constraints those proceedings imposed on Parisi's ability to amend, which include the extended time that the parties spent briefing Defendants' motions to compel arbitration in this Court and at the Tenth Circuit. Tenth Circuit law requires courts to consider these constraints when evaluating undue delay. Oklahoma Windows incorrectly frames the Motion for Reconsideration as an attempt to "revisit" issues already decided. But that framing misunderstands both the reconsideration standard and the basis of the Court's Order. Reconsideration is warranted here because the Court misapprehended the procedural posture and practical realities that prevented Parisi from filing her Motion for Leave to Amend prior to the resolution of Defendants' motions to compel arbitration. Generally, in this circuit, "[l]ateness does not of itself justify the denial of the amendment." *Minter v. Prime Equipment Company*, 451 F.3d 1196, 1205 (10th Cir. 2006) (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

## II.    ARGUMENT

### A.    Reconsideration Is Proper Where the Court Misapprehended the Procedural Posture.

Under Tenth Circuit law, a court can reconsider an interlocutory order where it has "misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Oklahoma Windows does not dispute that standard. Instead, it simply reiterates the Court's decision. But the basis of Parisi's Motion for Reconsideration is that the Court's Order treated elapsed calendar time as "undue delay" without accounting for the procedural history that impacted and constrained Parisi's ability to amend. That is precisely the type of misapprehension warranting reconsideration – the need to correct clear error and prevent manifest injustice. *Id*. (citing *Brumark Corp. v. Samson Resources Corp*., 57 F.3d 941, 948 (10th Cir.1995) (Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.)).

### B.    Oklahoma Windows Conflates "Delay" with "Undue Delay"

The Tenth Circuit has repeatedly emphasized that delay alone is insufficient to deny leave to amend. In *Minter v. Prime Equipment Co*., the court explained that "the focus is on the reasons for the delay," not on the passage of time in the abstract. 451 F.3d at 1206. Delay becomes "undue" only when it is unexplained or results in prejudice. Yet, Oklahoma Windows does not refute Parisi's explanation for the timing of the amendment. It simply argues that the "Court properly denied her explanation

of delay because she was attempting to add entirely new claims 'based on facts she has known for years.'" Opposition, at 7. Its opposition therefore fails under *Minter*. Oklahoma Windows' citation to *Frank v. U.S.* is inapposite and therefore unavailing because in that case, the plaintiff moved for leave to amend four months after the scheduling deadline to amend pleadings. *Frank*, 3 F.3d 1357, 1366 (10th Cir. 1993). Likewise, the denial of the motion for leave to amend in *Zisumbo v. Ogden Regional Medical Ctr.* was based on the plaintiff missing the scheduling order deadline to amend pleadings (also by 4 months) and failing to provide an explanation for the delay. 801 F. 3d 1185, 1196 (10th Cir. 2015). But no such deadline exists in this case as no scheduling order has been entered yet. Oklahoma Windows has little to say about Parisi's explanation for the delay and never addresses the distinction between cases where the party attempted to amend after an amendment deadline, and this case, where no scheduling order has been entered and no deadline for amendments has passed. Ultimately, Oklahoma Windows' opposition to Parisi's Motion for Reconsideration and to her attempt to amend the Complaint is that it believes that Parisi's delay in seeking to amend is unreasonable. However, Oklahoma Windows does not even begin to address the reason behind the delay as required by *Minter*. 451 F.3d at 1206.

Oklahoma Windows characterizes Parisi's Motion for Reconsideration as a "second bite at the apple," arguing that the Court already considered undue delay when it denied leave to amend. But Parisi does not seek reconsideration to reargue the same explanation previously offered. Rather, reconsideration is warranted because the

4

Court's undue delay analysis did not fully account for the procedural posture that governed Parisi's ability to amend. Specifically, the pendency of Defendants' motions to compel arbitration and the interlocutory appeal to the Tenth Circuit impacted Parisi's ability to seek to amend her Complaint prior to the resolution of those issues. The motion for leave addressed whether Parisi had delayed; the motion for reconsideration addresses whether the Court properly evaluated *why* amendment could not practicably occur earlier under controlling Tenth Circuit law. That distinction places this motion squarely within the recognized grounds for reconsideration.

**C.      Absence of Prejudice Is the Most Important Factor and No Prejudice is Present.**

The Tenth Circuit has made clear that prejudice is the "most important factor" in deciding whether to deny leave to amend. *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). The Court's Order did not reach the issue of prejudice, and Oklahoma Windows' opposition does not demonstrate that any cognizable prejudice exists here. Oklahoma Windows cannot plausibly claim prejudice from "expensive and extensive new discovery" where no discovery has occurred. And in any case, "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Id.*, at 1230. Nor can Oklahoma Windows demonstrate prejudice based on the nature of the proposed claims. The facts upon which the proposed amendment's claims are based have not changed. Oklahoma Windows does not explain how it is prejudiced by amendment where the operative facts remain unchanged and have been known

throughout the litigation, and where the proposed amendment merely seeks to reframe the claims that are based on the operative facts.

Oklahoma Windows argues that "[a]ll actions in this litigation were based on a prior reiteration of the pleading, which was limited in nature." Opposition, at 9. But Oklahoma Windows identifies no concrete litigation step that would need to be undone or redone if amendment were permitted. The record reflects that the parties' litigation activity to date has focused almost exclusively on threshold issues of removal and arbitration, not on merits discovery or trial preparation. Here, there has been no discovery, no scheduling order has been entered, and no trial date has been set. Amendment therefore would not disrupt discovery, scheduling, or trial preparation. Such circumstances can hardly suffice to deny Parisi the right to have her case decided on the merits with appropriate causes of action.

Moreover, Oklahoma Windows' declaration that, "[i]f Plaintiff were allowed to add and amend her claims, *which largely include additional class claims*, it would substantially prejudice the Defendants" (emphasis in original) is conclusory. Opposition, at 9. Oklahoma Windows offers no explanation of how additional class allegations, at this early stage and before consideration of a class certification motion, could create undue prejudice. In fact, class definitions frequently change throughout litigation as the case develops. Rule 23 expressly permits district courts to alter or amend class certification orders at any time before final judgement. Fed. R. Civ. P. 23(c)(1)(c). The Tenth Circuit has repeatedly recognized that class certification decisions are "inherently tentative" and may be modified as discovery proceeds and

the factual record develops. *Carpenter v. Boeing Co.,* 456 F.3d 1183, 1191 (10th Cir. 2006) ("We recognize that Rule 23(c)(1)(C) permits the district court to alter or amend a certification decision. And parties may suggest such changes as the factual record and legal theories develop.); *In re Integra Realty Resources, Inc.,* 354 F.3d 1246 (10th Cir. 2004) (holding that a trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify at any time before final judgment).

Because Parisi's amendment would not disrupt the orderly progression of the case, and Oklahoma Windows has not identified any concrete undue prejudice, denial of leave to amend based solely on delay was unwarranted. *Frank v. U.S. West*, Inc., 3 F.3d 1357, 1365–66 (10th Cir. 1993).

### D.    Oklahoma Windows Argument of Futility is Not a Basis to Oppose Reconsideration of the Court's Order.

Oklahoma Windows argues that Parisi's efforts to raise new claims against it are futile.  Opposition, at 9.  But the Court's Order denying Parisi's Motion for Leave to Amend did not reach futility.  Because the Court's sole basis for denying Parisi the ability to amend her Complaint was untimeliness, and Parisi's explanation for the delay was misapprehended or unfairly disregarded by the Court, Oklahoma Windows argument about futility is not a basis for the Court to deny Parisi's Motion for Reconsideration. In any event, Oklahoma Windows' arguments about its role in the financing scheme and its claims that the amendment would fall outside the applicable statute of limitations are both flawed. Indeed, questions regarding whether Oklahoma

Windows acted as a lender, creditor, or arranger of credit are factual determinations that must be decided by the jury. And Oklahoma Windows' arguments relating to statute of limitations misapplies the cited law and ignores the plain language of Fed.R.Civ.P. 15(c)(1)(B) allowing for relation back of amendments arising out of the same "conduct, transaction, or occurrence set out … in the initial pleading.

**E.    Oklahoma Windows' Incorporation of Prior Arguments is Inappropriate and Should Be Disregarded.**

Oklahoma Windows "reincorporates" Defendants' prior opposition to Parisi's leave to amend. Opposition, at 6.  But Oklahoma Windows' Opposition to Parisi's Motion for Leave to Amend was a two-page joinder of Defendant GreenSky's Opposition. [Doc. No. 110].  And GreenSky's opposition brief was 26 pages long. [Doc. No. 109]. Thus, if these arguments are incorporated into Oklahoma Windows' Opposition brief here, Oklahoma Windows has wildly exceeded the page limit, submitting a 34-page brief.  Accordingly, any such back door arguments to circumvent the page limit should be disregarded.  *See e.g., Bank of Commerce v. State Auto. Mut. Ins. Co.*, No. CIV-23-204-D (W.D. Okla. June 20, 2023) (DeGiusti, C.J.) ("In a footnote of their Reply Brief, Defendants purport to incorporate their arguments in another brief. . .This improper tactic, which would result in a brief far exceeding the page limit of LCvR7.1(i), is disregarded."); *see also, Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811-D (W.D. Okla. Sept. 20, 2023) (DeGiusti, C.J.) (same). In any case, reconsideration here turns on whether the reason the Court denied Parisi's Motion for Leave to Amend was legally sound—not whether Oklahoma Windows continues to

8

disagree with whether Parisi should be able to amend. Incorporating prior arguments opposing Parisi's motion to amend does not speak to the question on reconsideration and does not cure the Court's underlying Rule 15 error.

## III.    CONCLUSION

Because the denial of leave to amend based on untimeliness rested on the Court's misapplication of the Tenth Circuit's undue delay jurisprudence, reconsideration is required to correct legal error and prevent manifest injustice.

Dated: January 30, 2026

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**RAWLS LAW OFFICE PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
222 NW 13th  St.
Oklahoma City,  OK  73103
Kathi@carfraud.net
mkr@rawlslawoffice.com

**NATIONAL ASSOCIATION OF CONSUMER ADVOCATES**
Eric Zell, Ohio Bar #0084318
1215 17th St. NW, 5th Floor
Washington, DC 20006
202-452-1989 x111
eric@consumeradvocates.org

*Attorneys for Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

/s/ Janet R. Varnell
Janet R. Varnell
