**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

SUSAN PARISI,

       **Plaintiff,**

v.

OKLAHOMA WINDOWS AND
DOORS, LLC d/b/a RENEWAL BY
ANDERSEN OF OKLAHOMA,
BMO HARRIS BANK, NA, and
GREENSKY, LLC,

       **Defendants.**

**Case No.: 5:23-cv-00115-R**

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION AND IN RESPONSE TO GREENSKY'S
<u>RESPONSE IN OPPOSITION TO RECONSIDERATION</u>**

## I.    INTRODUCTION

Parisi's Motion for Reconsideration seeks correction of a legal error that resulted in manifest injustice. A court commits legal error when it equates the mere passage of time with "undue delay" and denies leave to amend without evaluating the reasons amendment was not practicable earlier.

Here, the Court denied leave to amend based solely on elapsed time, without fully accounting for the procedural posture that governed Parisi's ability to amend including pending motions to compel arbitration and an interlocutory appeal. Where amendment is denied at the pleading stage, without discovery, without a scheduling

order, and without any showing of prejudice, that legal error works a manifest injustice by foreclosing adjudication of claims on their merits.

GreenSky's opposition does not cure this defect. It reasserts the passage of time as dispositive, without addressing the procedural constraints recognized by Rule 15 and Tenth Circuit law. The Amended Complaint did not introduce new facts. Rather, it recast the previously stated claims into proper causes of action because there had been no substantive amendment since its original filing in state court. Reconsideration is therefore warranted to correct the legal error and prevent manifest injustice.

## II.    ARGUMENT

### A.    The Court's Legal Error was Equating Delay with Undue Delay.

Legal error warrants reconsideration where the court has "misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005 (2000). Here, the Court legally erred by equating the passage of calendar time with undue delay, unjustly holding Parisi responsible. Parisi's Motion does not simply disagree with the Court's decision, but explains that the Court's denial was fundamentally flawed based on controlling law. GreenSky's Opposition conclusorily repeats "undue delay" or "unduly delayed" eleven times, but never addresses Parisi's argument that her decision to seek leave to amend when she did was not undue delay or untimely but based on the procedural position and practical realities that prevented Parisi from filing her Motion for Leave to Amend prior to the resolution of Defendants' motions to compel arbitration. The only question in Parisi's Motion for

2

Reconsideration is whether the Court clearly erred in denying leave to amend based solely on untimeliness. It did. That was an abuse of the Court's discretion and was fundamentally unfair in light of governing law.

The claims in Parisi's Amended Complaint should be decided on their merits; thus, justice requires that the Court should have granted Parisi leave to amend. *Calderon v. Kansas Dep't of Soc. & Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (The "liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits."). Leave to amend is governed by Fed. R. Civ. P. 15, which instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). The United States Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc--Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).

Denial of leave to amend was not justified based solely on delay. And though it is entirely within the Court's discretion to deny amendment on untimeliness alone, untimeliness is not the same as the passage of time. The district court abused its discretion in finding that Parisi's delay in seeking leave to amend her claim was undue and was not a function of the case procedural posture and Defendants' litigation strategy from the time the case was removed to federal court.

Moreover, Parisi did not attempt to assert new facts or claims based on additional or separate events unknown to the Defendant or the Court. To the contrary, all additional causes of action arose out of the same conduct and events previously pled. Accordingly, the effect of her amendment would only increase her *own* burden of proof for each additional cause of action, not prejudice Defendants. While there was an amendment at the time of Removal, it was limited to an attempt to name the proper party defendant prior to the Court ruling on the pending Motion to Remand.[1] GreenSky insists that Parisi's claims "do not represent a natural extension of claims Plaintiff has already asserted in her case," but fails to argue (and cannot) that Parisi's proposed causes of actions do not arise from the same conduct, transaction, or occurrence she alleged in her initial pleading. Thus, Parisi has not advanced "a scheme to effectively plead a whole new lawsuit against GreenSky," but has simply sought to bring appropriate causes of action to match the conduct, transaction, and occurrences that Parisi has alleged from the beginning.

B.    The Court's Legal Error Causes Parisi Manifest Injustice.

A party is not required to plead specific legal theories as long as any shift in the case is not prejudicial to defendants. *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (The purpose of "fact pleading," as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint

---

[1] At that time, Oklahoma Windows had not yet been served.

is filed and the parties have opportunity for discovery.) In *Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*, the court stated:

> **A party is not required to plead specific legal theories as long as a late shift in the thrust of the case is not prejudicial** to the other party in maintaining its defense on the merits; a party need only give fair notice of the claims it is asserting. *Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1116--17 (10th Cir.2003).

389 B.R. 222, 229 (W.D. Okla. 2008) (emphasis added). And in *Palace Exploration Co.*, the Tenth Circuit, citing the earlier *Evans* case, *supra*, said:

> As a general rule, **a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover**, "provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1219 at 194 (1990); see, e.g., Hanson v. Hoffmann, 628 F.2d 42, 53 n. 11 (D.C.Cir.1980). The purpose of "fact pleading," as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery. See Wright & Miller, §§ 1215, 1219, at 136--147, 188--194.

316 F.3d at 1117 (emphasis added); *see also, Green Country Food Mkt., Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1280 (10th Cir.2004) (emphasizing pleading rules are "to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel[.]").

GreenSky argues that "there was a period of approximately seventeen months while this case was pending and there was no appeal." *Id*. This blatantly mischaracterizes the procedural history of this case. As Parisi explained in her Motion, she first awaited the Court's decision on the Motion to Remand [Doc. No. 8],

determining that the newly discovered correct party needed to be named before the Court decided the Motion for Remand. Motion for Reconsideration, at 3-4. All briefing from the date the Court decided the Motion to Remand was limited to Defendants' pending motions to compel arbitration. *Id.*, at 4. Once the Court ruled on those arbitration motions, Defendants noticed their appeals. *Id.* GreenSky does not attempt to explain how an amended complaint during the time the Court was assessing Defendants' motions to compel arbitration would have been practical or an efficient use of the Court's or the parties' resources.

The manifest injustice and legal error in the Court's Order lie in its conclusion that Parisi failed to adequately explain a purported "years-long delay" in asserting claims based on "facts she has known for years." Order [Doc. No. 113], at 7. Rather, the timing of amendment was dictated by the procedural posture of the case, including pending motions to compel arbitration and an interlocutory appeal.

The Court further recognized that Parisi's proposed claims "stem from the same business model" and arise from the same alleged failure to provide required disclosures and unauthorized electronic transfers. Those findings underscore the absence of any conceivable prejudice to Defendants from amendment—yet prejudice, the most important Rule 15 factor, was not addressed at all.

The Court's reliance on *Hedger v. Kramer*, 2015 WL 13357593, at *5 (W.D. Okla. Sept. 24, 2015), was likewise misplaced. *Hedger* involved a motion to amend filed after the amendment deadline and in a materially different procedural posture.

6

Here, no scheduling order has issued, no discovery has occurred, and no merits rulings have been made. This case is at its earliest substantive stage.

For the same reason, *Pallottino v. City of Rio Rancho*, 31 F.3d 1023 (10th Cir. 1994), does not support denial of leave to amend. There, amendment was sought only after partial summary judgment had been entered against the plaintiff. By contrast, this Court has not ruled on any motion to dismiss, much less summary judgment. Invoking the need for "an end finally to a particular litigation" in this posture is inconsistent with Rule 15 and controlling Tenth Circuit precedent.

Finally, GreenSky's assertion that there is no meaningful distinction between amendment sought after a motion to dismiss and amendment sought after summary judgment is incorrect. The pending motions to dismiss are the first substantive dismissal motions in the case, and Rule 15 expressly contemplates amendment at this stage in the absence of prejudice. See *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999); *United States v. Hougham*, 364 U.S. 310, 316 (1960). Because the Court denied leave to amend based solely on untimeliness—without accounting for the procedural posture—that ruling constitutes legal error resulting in manifest injustice.

C.     Parisi's Proposed Amended Complaint was Neither Untimely nor Futile.

GreenSky cites numerous cases for the proposition that untimeliness alone may be a sufficient basis for denying a party leave to amend. Opposition, at 12. But this was never disputed by Parisi. Parisi's Motion is based on her contention that her Motion for Leave to Amend was ***not*** untimely, and that the Court erred as a matter of

law in finding that it was. Once again, GreenSky cites cases decided at the summary judgment phase to argue that Parisi should not be permitted to amend her complaint to address alleged deficiencies in the operative pleading at the motion to dismiss phase. Opposition, at 12-13 (citing *e.g.*, *Acri v. Int'l Ass'n of Machinist and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986); *Las Vegas Ice and Cold Storage. Co. v. Far West Bank*, 893 F. 2d 1182, 1184 (10th Cir. 1990); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001); *Garcia v. Vilsack*, 628 F. Supp. 2d 1306, 1312 (D.N.M. 2009); and *Nw. Env't Advocates v. U.S.E.P.A.*, 268 F. Supp.2d 1255, 1274 (D. Or. 2003). This is bolstered, as previously noted, by GreenSky's unsupported assertion that the difference between amending following a motion to dismiss is no different than amending following a motion for summary judgment, which is wrong for obvious reasons. Opposition, at 13. And the Court has not "uncovered" any defect in the pleadings because it has yet to rule on Defendants' Motions to Dismiss, despite GreenSky (mis)citing the inapposite *In re Engle Cases*, 767 F. 3d 1082, 1123 (11th Cir. 2014).  Opposition, at 13.

Even though the Court did not base its decision on any futility analysis, GreenSky still attempts to toss that into the mix as well.[2] Rather than address Parisi's argument that the Court should reconsider its denial for the reasons set forth in her

---

[2] GreenSky improperly seeks to incorporate by reference its arguments on futility "outlined in" pages 12-30 in its Response to Plaintiff's Motion for Leave to Amend. Opposition, at 13-14 (citing Doc. No. 109]. But if these arguments are incorporated into GreenSky's brief, its Opposition is 32 pages, exceeding page limit rules. Accordingly, any such arguments should be disregarded. *See e.g.*, *Bank of Commerce v. State Auto. Mut. Ins. Co.*, No. CIV-23-204-D (W.D. Okla. June 20, 2023) (DeGiusti, C.J.); *Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811-D (W.D. Okla. Sept. 20, 2023) (DeGiusti, C.J.)

Motion, GreenSky continues to make conclusory arguments that the Court properly denied Parisi's Motion for Leave to Amend. But where a plaintiff's ability to amend is constrained by the procedural posture of the case, delay is not undue. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Here, removal, remand proceedings, motions to compel arbitration, and an intervening appeal materially shaped the litigation. Plaintiff moved to amend after the case returned to active posture and is right at the very beginning of the substantive case. Treating that timing as undue delay is inconsistent with *Minter* and *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993). Nor did the Court's Order reach prejudice. Nevertheless, GreenSky could not claim "prejudice" from having to defend claims it believes are weak or time-barred. Prejudice means "undue difficulty in defending a lawsuit because of a change of tactics or theories," not exposure to liability. *Hilkene v. WD-40 Co.,* 2005 WL 8160831, at*4 (D. Kan. Feb. 10, 2005) *(citing LeaseAmerica Corp. v. Eckel,* 710 F.2d 1470, 1474 (10th Cir. 1983)). The Tenth Circuit further provides that where the subject matter of an amendment was alleged in the original complaint, defendant is not prejudiced. *See Childers v. Independent School Dist.*, 676 F.2d 1338, 1343 (10th Cir. 1982) (holding district court's denial of leave to amend was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"); *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (concluding district court abused its discretion in denying motion to amend where amended "claims track the factual situations set forth" in original complaint); *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751-52 (10th Cir. 1975) (holding grant of motion to leave was within court's

discretion where "amendments did not propose substantially different issues").There is no discovery prejudice here, no lost evidence, and no disruption to a scheduling order. Under *Bylin v. Billings,* 568 F.3d 1224, 1230 (10th Cir. 2009) (prejudice most important factor in deciding whether to deny leave to amend), the absence of prejudice weighs decisively in favor of amendment.

## III.    CONCLUSION

Because the Court's denial of leave to amend rested on a legal error—equating delay with undue delay without accounting for the procedural posture of the case—and because that error results in manifest injustice by foreclosing amendment at the pleading stage absent any prejudice, reconsideration is warranted under controlling Tenth Circuit authority. Parisi respectfully requests that the Court grant her Motion for Reconsideration and permit amendment so that her claims may be resolved on their merits as commanded by Rule (15).

Dated: January 30, 2026

**VARNELL & WARWICK, P.A.**

/s/ Janet R. Varnell
Janet R. Varnell, FBN: 0071072
400 N. Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (352) 753-8600
jvarnell@vandwlaw.com

**RAWLS LAW OFFICE PLLC**

/s/ M. Kathi Rawls
M. Kathi Rawls, OBA #18814
222 NW 13th  St.
Oklahoma City,  OK  73103
Kathi@carfraud.net
mkr@rawlslawoffice.com

**NATIONAL ASSOCIATION OF
CONSUMER ADVOCATES**

Eric Zell, Ohio Bar #0084318
1215 17th St. NW, 5th Floor
Washington, DC 20006
202-452-1989 x111
eric@consumeradvocates.org

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, a true and correct copy of the above and foregoing document was served in accordance with the Local Rules on all counsel of record via the Court's electronic filing system.

/s/ Janet R. Varnell
Janet R. Varnell

11