UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN PARISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-23-115-R |
| | ) |
| OKLAHOMA WINDOWS AND | ) |
| DOORS, LLC d/b/a RENEWAL BY | ) |
| ANDERSON OF OKLAHOMA; | ) |
| BMO HARRIS BANK, NA, and | ) |
| GREENSKY, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff Susan Parisi's Motion for Reconsideration [Doc. No. 114] of this Court's Order [Doc. No. 113] denying her Motion for Leave to File Second Amended Class Action Complaint [Doc. No. 105]. Defendants Oklahoma Windows and Doors, LLC d/b/a Renewal by Anderson of Oklahoma, BMO Harris Bank, NA, and GreenSky, LLC filed Responses [Doc. Nos. 121, 125] and Plaintiff replied [Doc. Nos. 126, 127]. The matter is now at issue.

**FACTUAL BACKGROUND**[1]

This litigation arises from a purported loan agreement to finance the installation of new windows in Plaintiff's home.[2] Doc. No. 115. GreenSky participates in loan origination

---

[1] The facts as alleged are drawn from the Third Amended Complaint [Doc. No. 115], which is the current operative pleading in this case.
[2] The Court described the events of this case at length in a previous Order [Doc. No. 66] and therefore limits its recitation of the facts here.

1

and servicing activities on behalf of GreenSky Program Banks such as Harris Bank. *Id.* ¶ 42. Greensky works with merchants to provide loans to consumers who need to finance their purchases. *Id.* ¶ 43. Anderson is one such merchant, with whom consumers deal directly by providing information to an Anderson representative to apply for a loan from Harris and GreenSky. *Id.* ¶¶ 43-48, 65. Plaintiff alleges an Anderson representative told her she could purchase nine windows for her home with zero money down and no interest or payments for two years. *Id.* ¶¶ 59, 61, 65. Later, however, Plaintiff discovered GreenSky had approved a loan agreement with a high interest rate requiring payments in six months. *Id.* ¶¶ 69, 73. Despite Plaintiff's multiple attempts to dispute the loan, Harris and GreenSky continued billing Plaintiff in accordance with the high interest loan and reporting the loan under her name and credit history. *Id.* ¶¶ 73, 77, 79, 83, 86, 88, 96, 99. Plaintiff thereafter brought this class action lawsuit against Defendants asserting violations of the Oklahoma Consumer Credit Code, OKLA. STAT. tit. 14A, § 2-301, *et seq.* [*See* Doc. Nos. 1-1, 1-3, 36, 115].

## PROCEDURAL BACKGROUND

Plaintiff first brought this lawsuit in state court against Defendants Anderson[3] and Greensky on November 22, 2022. Original Pet., Doc. No. 1-1. Although the first paragraph of her Original Petition contained a single reference to class action claims, the rest of the

---

[3] In her two state court Petitions, Plaintiff improperly named C Cashion Windows, LLC d/b/a Renewal by Anderson of Oklahoma as a Defendant instead of the intended entity Oklahoma Windows and Doors, LLC d/b/a Renewal by Anderson of Oklahoma. Plaintiff's Amended Complaint [Doc. No. 36] corrected this misidentification and for clarity's sake, the court refers to the intended entity only.

petition revolved around Plaintiff individually. *Id.* at p. 1. On December 22, 2022, Plaintiff filed an Amended Petition, Doc. No. 1-3, in which she (1) more fully alleged class action claims against Defendants based on the same underlying facts of her Original Petition and (2) more clearly alleged violations by all Defendants of the Oklahoma Consumer Credit Code. Defendant Greensky properly removed the case to this Court on February 2, 2023 [Doc. Nos. 1, 25].

This Court later granted Plaintiff's Motion to Amend the Petition to properly name Anderson as a Defendant and to correct the case caption [Doc. Nos. 16 & 35]. Plaintiff filed her Amended Complaint—the third iteration of her pleadings—on August 21, 2023. Doc. No. 36. The parties thereafter engaged in extensive motion practice. In December of 2023, this Court denied Defendant Greensky's Motion to Compel Arbitration [Doc. No. 17] and Motion to Dismiss All Claims Pursuant to Federal Rule of Civil Procedure 12(b)(3) [Doc. No. 46]. Doc. No. 66. Defendant Anderson likewise filed a Motion to Dismiss and Compel Arbitration [Doc. Nos. 68, 69], which this Court denied in February of 2024 [Doc. No. 82]. Both Defendants appealed to the Tenth Circuit [Doc. Nos. 73, 86], which consolidated the appeals [Doc. No. 89] before affirming this Court's denials in June of 2025 [Doc. Nos. 94, 95].

Defendants Greensky and Anderson thereafter filed Motions to Dismiss [Doc. Nos. 99, 100, 101]. Instead of responding, Plaintiff filed a Motion for Leave to Amend the Petition and File a Second Amended Class Action Complaint. Doc. No. 105. Plaintiff's proposed complaint added new claims and causes of action and included a new definition

for the purported class [Doc. No. 105-1]. In her five-paged[4] Motion for Leave to Amend, Plaintiff argued, among other things, that her amendments were not unduly delayed because prior to moving for leave to amend, she was focused on the issues of removal and arbitration. Doc. No. 105. Defendant GreenSky filed a 25-paged Response, arguing that (1) amendment would be futile and (2) Plaintiff's proposed Second Amended Complaint was untimely and unduly prejudicial [Doc. No. 109].

Despite Defendant's robust assertions of untimeliness and futility and the sparseness of Plaintiff's Motion for Leave to Amend, Plaintiff did not reply. This Court found Plaintiff's excuses inadequate to explain her years-long delay in bringing claims regarding facts she had known for years. Doc. No. 113 at pp. 5-6 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)) ("The Tenth Circuit has 'often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay.'") (quotation omitted).

Plaintiff now asks the Court to reconsider, pursuant to Federal Rules of Civil Procedure 54 and 59, its denial of her amendment. Despite the insufficiency of Plaintiff's earlier briefing on her Motion for Leave to Amend, the Court has considered the arguments raised in her Motion for Reconsideration. In the interest of providing Plaintiff the "maximum opportunity for [her claims] to be decided on [their] merits rather than on procedural niceties," the Court finds it appropriate to grant Plaintiff leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted).

---

[4] Page six of the Motion does not include any substantive arguments.

## LEGAL STANDARD

The Court may reconsider interlocutory rulings pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. However, the Rule contains no limit or governing standard regarding the Court's ability to modify a prior ruling. Instead, the Court "can use whatever standard it wants to review a motion to reconsider an interlocutory order." *United States ex rel. Kuriyan v. HCSC Ins. Servs. Co.*, No. CIV-16-1148 JB/KK, 2021 WL 5998603, at *27 (D.N.M. Dec. 20, 2021) (citation omitted). "For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)." *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished).

The Court opts to apply the standard applicable to reconsideration motions under Rule 59(e). Thus, for reconsideration to be proper, Plaintiff must show one of the following: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law[,]" but "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* (citations omitted). Stated another way, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

## DISCUSSION

Plaintiff contends this Court's denial of leave to amend resulted in manifest injustice, which is defined as a "'direct, obvious, and observable error in a trial court.'" *Carton v. Carroll Ventures, Inc.*, No. CIV-17-0037 KG/SCY, 2018 WL 443328, at *2 (D.N.M. Jan. 16, 2018) (quoting BLACK'S LAW DICTIONARY (10th ed. 2014)). Plaintiff's Motion boils down to three main arguments:

- The Court misapprehended the case timeline when finding Plaintiff unduly delayed seeking leave to amend;
- The Court misapprehended the procedural posture of the case; and
- Defendants will not be prejudiced by the filing of Plaintiff's Fourth Amended Complaint.[5]

Plaintiff contends she waited to seek leave to amend due to the necessity of litigating arbitration and other issues first. On April 28, 2023, Defendant Greensky filed a Motion to Compel Arbitration. Doc. No. 17. Briefing on the Motion to Compel Arbitration was stayed pending the Court's ruling on Plaintiff's Motion to Remand [*See* Doc. Nos. 8, 24]. The Court denied remand in June of 2023, and the parties began litigating in earnest upon the matters of (1) arbitration and (2) Greensky's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). Doc. No. 46. On December 1, 2023, the Court denied Greensky's Motions. Doc. No. 66. Anderson also filed a Motion to Dismiss and Compel

---

[5] Though it denied Plaintiff's Motion for Leave to File a Second Amended Class Action Complaint, the Court permitted Plaintiff to file a Third Amended Complaint to name the proper parties and correct the case caption. Doc. No. 113. Plaintiff did so. Doc. No. 115. Accordingly, the proposed pleading document Plaintiff seeks to file would be the Fourth Amended Complaint, and the Court will refer to it as such.

Arbitration, which the Court denied. Doc. Nos. 68, 69, 82. Greensky filed a Motion for Reconsideration [Doc. No. 72] of the Court's denial. The Court denied Greensky's Motion for Reconsideration in February of 2024 [Doc. No. 83]. GreenSky and Anderson appealed the denials of compelled arbitration to the Tenth Circuit [Doc. No. 73, 86].

Proceedings before this Court necessarily halted while the appeal was pending, from February 21, 2024, until the Tenth Circuit affirmed this Court's denial of the Motions to Compel Arbitration in June of 2025. Doc. Nos. 94, 95. Thereafter, Defendants Greensky and Anderson filed Motions to Dismiss. Doc. Nos. 99, 100, 101. Plaintiff subsequently filed a Motion for Leave to Amend the Petition and File Second Amended Class Action Complaint, Doc. No. 105, to "address the pleading deficiencies argued in Defendant's Motion to Dismiss." Doc. No. 114 at p. 5. This Court denied Plaintiff's Motion because it found her request to amend was untimely.

Plaintiff contends the Court did not fairly consider the effect the appeal process had on the delay of the case. She cites *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023), which held the district court must stay pre-trial and trial proceedings while interlocutory appeals are ongoing. "An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Plaintiff asserts that because this Court's proceedings were stayed for the 16 months during which Greensky's appeal was pending before the Tenth Circuit, her focus was upon fighting

7

compelled arbitration. This, according to Plaintiff, adequately excuses her delay.[6] *See Minter*, 451 F.3d at 1205 (quotation omitted) (The Tenth Circuit focuses on *reasons* for delay because "[l]ateness does not of itself justify the denial of the amendment.").

Plaintiff further argues that because of the case's current procedural posture, any "delay" in seeking to add her claims and alter the class definition was not "undue." She points to several cases where leave to amend was denied for undue delay/untimeliness, and highlights that most were decided after the deadline for amended pleadings had passed and/or after summary judgment motions had been filed or ruled upon. *See Pallottino*, 31 F.3d at 1025, 1027; *Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993); *Hedger v. Kramer*, No. CIV-13-0654-HE, 2015 WL 13357593, at *5 (W.D. Okla. Sept. 24, 2015). By contrast, Plaintiff's request to amend came on the heels of a Tenth Circuit appeal and before a scheduling order was entered, discovery was conducted, a trial was set, or Defendants' Motions to Dismiss were granted. *See Roberts v. TransAm Trucking, Inc.*, 341 F.R.D. 689, 692-94 (D. Kan. 2022) (plaintiffs' motion to file third amended complaint was not "unduly delayed" because it was filed well before the amendment deadline). The possibility that Plaintiff unduly delayed seeking leave to amend or is merely presenting "theories seriatim" to make her complaint a moving target are much less forceful when the procedural posture

---

[6] Plaintiff also argues it was entirely appropriate to wait until after the Defendants' Motions to Dismiss to seek leave to amend. *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time. Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss.").

of the instant case is considered. *See Hedger*, 2015 WL 13357593, at *5 (quoting *Minter*, 451 F.3d at 1206).

GreenSky argues Plaintiff is merely advancing new arguments and supporting facts which were available at the time she originally sought leave to amend. *See Servants of Paraclete*, 204 F.3d at 1012. Plaintiff replies that the Court (1) did not fully account for the practical and procedural constraints on her ability to amend and (2) improperly equated passage of time with untimeliness when denying leave to amend. The Court agrees with Plaintiff. Her delay in seeking leave to amend was not undue, but rather a "function of the case procedural posture" and the delay caused by the arbitration appeal.

Finally, Plaintiff argues the Court should have permitted amendment because it would not prejudice Defendants. "As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (quotation omitted). "The . . . most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice . . . when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* at 1208 (citations omitted).

Plaintiff contends the additional claims in the Fourth Amended Complaint arise from the same subject matter as those in the current operative complaint and would not

9

prejudice Defendants. Plaintiffs' arguments regarding prejudice are in tension with the principle that "'[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Frank*, 3 F.3d at 1366 (quoting *L.V. Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). When denying Plaintiff leave to amend, the Court noted Plaintiff's amendments were based on facts she had known since the beginning of the litigation. Doc. No. 113 at p. 6. Moreover, the Court did not deny Plaintiff's Motion for Leave to Amend based on prejudice grounds.

Nevertheless, the Court notes the Tenth Circuit's holding in *Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982), wherein the court found no justification for a district court's denial of leave to amend. There, the "court's refusal was particularly egregious . . . because the subject matter of the amendment was already alleged in the complaint, and because the motion to dismiss was granted upon grounds that would have been eliminated by the proposed amendment." *Id.* This Court has already indicated that, as in *Childers*, the claims in Plaintiff's Fourth Amended Complaint stem from the same set of background facts as those in the operative complaint. Doc. No. 113 at pp. 6-7.

Despite the subject matter similarities, Defendant Anderson briefly contends Plaintiff's Fourth Amended Complaint would substantially prejudice Defendants by necessitating expensive and extensive new discovery and causing substantial difficulty. But the single case cited by Anderson in support of its argument is another in which leave to amend was denied *after* the deadline for amending the pleadings had passed, discovery had occurred, depositions had been taken, and Rule 56 and *Daubert* Motions had been filed.

Doc. No. 121 at pp. 4-5 (quoting *Paycom Payroll, LLC v. Richison*, No. CIV-09-488-W, 2011 WL 13112289, at *2-3 (W.D. Okla. June 8, 2011)).

The Court has also examined Defendants' arguments regarding prejudice in their Response to Plaintiff's Motion for Leave to Amend.[7] Defendant's brief contentions regarding prejudice assert that Plaintiff's Fourth Amended Complaint completely changes the claims at issue, would involve a class that does not satisfy commonality and ascertainability requirements, and Defendants incurred great effort and expense to prepare their motions to dismiss the operative complaint.

Issues of commonality and ascertainability are more appropriately discussed in the context of a Rule 12 Motion. *See infra* n.7. Furthermore, the deadline for amended pleadings has not yet passed, no discovery has occurred, and Defendants' Motions to Dismiss have not been ruled upon. Given the case's procedural posture and the relationship of the claims in Plaintiff's Fourth Amended Complaint to the current operative pleading, the Court is confident Defendants will be able to maintain their defenses on the merits if Plaintiff is allowed leave to amend.

Defendants do not provide any more detailed arguments regarding how amendment at this point would prejudice their ability to defend themselves. *See Minter*, 451 F.3d at 1208 ("[Defendant] repeatedly asserts that the addition of [a new claim] to the pleadings would result in 'obvious' prejudice to it, but offers little explanation as to how it would be prejudiced in light of the similarities between the complaint and the amended claim. . . .").

---

[7] Defendants incorporate by reference the arguments made in their Responses to Plaintiff's Motion for Leave to Amend.

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quotation omitted). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." *Id.* "[O]utright refusal to grant the leave without any justifying reason for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules." *Id.* In light of this Court's findings that Plaintiff's Motion for Leave to Amend was not untimely or unduly delayed, but rather a function of the case timeline and procedural posture, to deny Plaintiff leave to amend at this early stage is unjustified and would work a manifest injustice on her case.

The Court thus finds reconsideration of its Order denying Plaintiff's Motion for Leave to Amend is proper. To prevent manifest injustice, and to allow Plaintiff's claims the maximum opportunity to be decided on their merits rather than procedural niceties, Plaintiff's Motion for Reconsideration is GRANTED. Plaintiff shall have seven days from the date of this Order to file her Fourth Amended Complaint.[8]

---

[8] Though Defendants incorporate by reference the arguments they asserted in their Rule 15(a) opposition briefs regarding the Fourth Amended Complaint's futility, the Court finds that at this early stage of litigation, when deadlines have not yet been set, it would be more efficient to address Defendants' arguments in the context of a Rule 12 motion. *See Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."); *Est. of Dixon v. Bd. of Cnty. Comm'rs of Crowley Cnty.*, No. 15-cv-02727-NYW, 2016 WL 931274, at *3 (D. Colo. Mar. 11, 2016) ("[R]egarding the futility inquiry, to the extent that Defendants 'have viable

IT IS SO ORDERED this 17th day of February, 2026.

                                                            /s/ David L. Russell
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

grounds for dismissing' the proposed First Amended Complaint, 'such arguments are more efficiently raised in the context of their Rule 12 motion, rather than indirectly under Rule 15(a).'") (quoting *Adams v. FedEx Ground Package Sys., Inc.*, No. 11-CV-02333-LTB-CBS, 2013 WL 61448, at *1 (D. Colo. Jan. 4, 2013)).