# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. CIV-23-115-R** |
| | ) | |
| (1) OKLAHOMA WINDOWS AND | ) | |
| DOORS D/B/A RENEWAL BY | ) | |
| ANDERSON OF OKLAHOMA, | ) | |
| (2) BMO HARRIS BANK, NA, | ) | |
| and (3) GREENSKY, LLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS GREENSKY, LLC AND BMO HARRIS BANK, NA'S MOTION TO DISMISS ALL CLAIMS IN PLAINTIFF'S FOURTH AMENDED CLASS ACTION COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF [DKT. 129] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), AND SUPPORTING BRIEF

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK HARRIS QUINN, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

*Attorneys for Defendants GreenSky, LLC, and BMO Harris Bank, NA*

**TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.   ARGUMENTS AND AUTHORITIES ......................................... 2

      A.    PLAINTIFF'S CLAIMS UNDER THE OCCC SHOULD BE DISMISSED ..... 3

            1.  Plaintiff is Not a "Debtor" Under the OCCC ............................... 3

                a.  A debtor is a person who enters into a loan agreement .......... 3

                b.  The Tenth Circuit has ruled there was no loan agreement ...... 5

            2.  Plaintiff Cannot Assert Class Claims Because She Is Not a
                Member of the Putative Class of "Debtors" Under the OCCC .... 6

      B.    PLAINTIFF'S NEW CLAIMS AND CLASS CLAIMS ARE TIME-BARRED .. 8

            1.  Plaintiff's Class Claims under the OCCC are Time-Barred ......... 8

            2.  Plaintiff's Individual and Class TILA Claims are Time-Barred .. 9

            3.  Plaintiff's Individual and Class OCPA Claims are
                Time-Barred ................................................................ 10

            4.  Plaintiff's Individual and Class EFTA Claims are
                Time-Barred ................................................................ 12

            5.  The 4AC Adds New Putative Plaintiffs Whose Claims Do Not
                Relate Back ................................................................. 13

            6.  Plaintiff's New TILA, OCPA and EFTA Claims Do Not Relate
                Back .......................................................................... 16

      C.    THE AP CLASS IS NOT A PROPER CLASS ....................................... 19

            1.  On Its Face, the AP Class Fails the Commonality Requirement
                for Class Claims ........................................................... 19

            2.  On Its Face, the AP Class Fails the Ascertainability
                Requirement for Class Claims .......................................... 22

D.    PLAINTIFF LACKS STANDING UNDER ARTICLE III ..........................24

E.    ALTERNATIVELY, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS
DEFINITION ..............................................................................25

III.    PRAYER FOR RELIEF ..............................................................................25

## TABLE OF AUTHORITIES

## Cases

*Allen v. Medrano,* 416 U.S. 802, (1974) ......................................................... 7

*AMC W. Hous. LP v. NIBCO, Inc.*, No. CIV-18-959-D, 2019 WL 4491331, at *4–5
(W.D. Okla. Sept. 18, 2019)..............................................................................10

*Arizona v. California,* 460 U.S. 605 (1983) .....................................................6

*Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147 n. 3 (1984)...................17

*Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619 (S.D. Tex. 2010) ...............9, 10

*Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 334 (W.D. Okla. 2018).......22

*City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 439 n.3 (3d Cir.
2017) .................................................................................................... 23

*Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113 (11th Cir. 2004) ........................16

*Cline v. Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 683 (E.D. Okla. 2019)....................19, 20

*Colton v. Sandridge Exploration and Production, LLC*, No. CIV-22-00986-JD, 2025
WL 1387798, at *4 (W.D. Okla. May 13, 2025)...........................................6

*Connell v. CitiMortgage, Inc.*, No. 11-0443-WS-C, 2012 WL 5511087, at *8 (S.D.
Ala. Nov. 13, 2012) ......................................................................................10

*Cooper v. Coil Chem., LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla.
Dec. 8, 2016) ..............................................................................................7

*F.D.I.C. v. Conner,* 20 F.3d 1376, 1385-86 (5th Cir. 1994) ........................................17

*Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021) ......... 22, 23

*Guerrero v. Halliburton Energy Servs., Inc*., 231 F. Supp.3d 797 (E.D. Cal. 2017)......3

*Harrison v. Leviton Mfg. Co.*, No. 05CV0491CVEFHM, 2006 WL 2990524, at *4
(N.D. Okla. Oct. 19, 2006) ......................................................................................7

*Hayden v. Fifth Third Bank, Inc.*, No. 3:12-CV-00824-H, 2013 WL 2242760, at *3-4
(W.D. Ky. May 21, 2013)..........................................................................................5

*Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349 (3d Cir. 2013) ................................21, 22

*Hernandez v. Valley View Hosp. Ass'n,* 684 F.3d 950 (10th Cir. 2012). ...........17, 18-19

*Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124 (3d Cir. 2000) ..........7

*Hunter v. JP Morgan Chase Bank N.A.*, No. H-24-491, 2024 WL 1887060, at *5 (S.D.
Tex. Apr. 30, 2024) ...............................................................................................10

*In re Mack Industries., Ltd.,* No. 17 B 09308, 2021 WL 192000 at *2 (Bankr. N.D.
Ill. 2021); ..............................................................................................................17

*In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, No. 12-ML-2048-C,
2014 WL 104964, at *2 (W.D. Okla. Jan. 9, 2014)  ................................................. 22

*In re Universal Factoring Co., Inc.,* 279 B.R. 297 (Bankr. N.D. Okla. 2002) ............17

*John v. National Sec. Fire & Cas. Co*., 501 F.3d 443 (5th Cir. 2007)...........................2

*Jones v. People's Heritage Bank*, 433 F. Supp.2d 1328, 1334 (S.D. Ga. 2006).............5

*Kellom v. Quinn*, 86 F.4th 288, 294–95 (6th Cir. 2023), *cert. denied sub nom* ............15

*Kellom v. United States*, 144 S. Ct. 2661, 219 L. Ed. 2d 1286 (2024).....................15-16

*Khan v.Children's Nat'lHealth Sys.,* 188 F. Supp.2d 524, 533 (D. Md. 2016)  .......... 24

*KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 WL
3153687, at *17 (D. Kan. Aug. 8, 2022) ...................................................................16

*Laufer v. Looper*, No. 20-cv-02475-NYW, 2021 WL 5299585, at *5 (D. Colo. Jan 27,
2021) ....................................................................................................................... 24

*Legacy Crossing, L.L.C. v. Travis Wolff & Co., L.L.P.*, 229 F. App'x 672, 682–83

(10th Cir. 2007) ................................................................................. 10, 11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ......................................... 24

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012).........................20-21, 22

*Mayfield v. Fid. State Bank of Cleveland*, 121 Okla. 179, 249 (1926) ....................... 25

*Mayle v. Felix,* 545 U.S. 644 (2005) ........................................................... 13

*McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 730 (10th Cir. 2011) .. 15, 19

*Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *2-3 (E.D. Tenn. Nov. 21, 2016)............................................................... 15

*Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) .. 22, 23

*Morgan v. McCotter*, 365 F.3d 882,  888 (10th Cir. 2004) ........................................ 24

*Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298 at *5 (D. Colo. Dec. 4, 2024) ....................................................................... 21, 25

*Nazar v. Wolpoff & Abramson, LLP*, 530 F. Supp.2d 1161 (D. Kan. 2008)....... 9, 11, 13

*Nussbaum v. Mortgage Serv. Am. Co.*, 913 F. Supp.1548 (S.D. Fla. 1995) ................... 8

*O'Shea v. Littleton,* 414 U.S. 488 (1974) ....................................................... 7

*Onyx Props. LLC v. Board of County Commissioners of Elbert County*, 916 F. Supp.2d 1191 (D. Colo. 2012)......................................................................... 15

*Racher v. Lusk*, No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013) ..................................................................................................... 3

*Ramsay v. Frontier, Inc.,* No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *8-9 (D. Colo. July 30, 2020) ................................................................................ 3

*Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011) ............ 22, 23

*Rector v. City of Denver,* 348 F.3d 935 (10th Cir. 2003)......................................... 7, 8

*Reveredge Dentistry Partnership v. City of Cleveland*, No. 1:22-CV-1007, 2024 WL 639689, at *18-20 (N.D. Ohio Feb. 15, 2024) ............................................. 15

*Rodgers v. Ally Bank*, No. CV25-1351 PA (ADSX), 2025 WL 2019380, at *7
(C.D. Cal. July 3, 2025)..................................................................................5

*Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181 (10th Cir. 1995)...........................6

*Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384 (3d Cir. 2002).........4

*Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570 (7th Cir. 2006)...........17

*Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 216 (1974)..6, 7, 8

*Selby v. Principal Mut. Life Ins. Co.,* 197 F.R.D. 48, 55 (S.D.N.Y. 2000) ..................23

*Simmons v. Isle of Capri Black Hawk LLC*, No. 1:19-cv-00967-JLK, 2021
WL 5513744, at *3-4 (D. Colo. Feb. 23, 2021) ......................................2, 22

*Stallbaumer v. NextEra Energy Resources, LLC*, No. 22-cv-04031-HLT-ADM,
2023 WL 3496245, at *9 (D. Kan. May 17, 2023) ...............................2, 22-23

*State ex rel. State Ins. Fund v. Houston*, No. 97,553, 2003 WL 25284639, at *2 (Okla.
Civ. App. Aug. 12, 2003) ...............................................................................3

*Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 310 (10th Cir. 1974) .....................5

*Thole v. US Bank NA*, 590 U.S. 538, 541-44 (2020) ...................................... 24

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 608 F.3d 871, 881 (D.C.
Cir. 2010)......................................................................................16-17, 19

*United States v. Monsisvais,* 946 F.2d 114, 115 (10th Cir. 1991).................................6

*Vasquez Arroyo v. Starks*, 589 F.3d 1091 (10th Cir. 2009) ...........................................8

*Walbridge v. Northeast Credit Union*, 299 F. Supp.3d 338, 350 (D.N.H. 2018) .........12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)............................... 19, 20

*Weiner v. Bank of King of Prussia*, 358 F. Supp.684, 692 (E.D. Pa. 1973)...................5

*Weintraub v. Quicken Loans, Inc.*, 594 F.3d 270, 274-75 (4th Cir. 2010)......................5

*Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2017 WL 6988193,

at *2-4 (E.D. Tex. Sept. 14, 2017)......................................................................... 12

*Wike v. Vertrue, Inc.*, 566 F.3d 590 (6th Cir. 2009) ........................................... 12

*Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 186 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008) ........................................................................ 10

*Wilson Family Foods, Inc. v. Brown (In re Brown)*, 467 B.R. 536, 541 (Bankr. M.D. Ga. 2012) .......................................................................................................................... 17

**United States Codes**
15 U.S.C. § 1601 ................................................................................................... 8, 9
15 U.S.C. § 1602(i)................................................................................................... 5
15 U.S.C §1631(a) .................................................................................................... 3
15 U.S.C §1634 ........................................................................................................ 4
15 U.S.C §1638(a) .................................................................................................... 9
15 U.S.C §1640(a)(e) ............................................................................................... 9
15 U.S.C § 1693f and Regulation E ....................................................................... 11
15 U.S.C. § 1693m(a) ............................................................................................. 12

**Federal Rules**
FED. R. CIV. P. 12(b)(1) ................................................................................... 1, 2, 25
FED. R. CIV. P. 12(b)(6) ................................................................................ 1, 2, 3 25
FED. R. CIV. P. 12(f) ....................................................................................... 1, 2, 25
FED. R. CIV. P. 15(c)(1)(B) ............................................................................... 13, 17
FED. R. CIV. P. 23(a)(2) .................................................................................... 19, 25

**Oklahoma Statutes**
OKLA STAT. ANN. tit. 12, § 95 ............................................................................... 10
OKLA. STAT. ANN. tit. 14A, § 3-106......................................................................... 4
OKLA. STAT. ANN. tit. 14A, § 3-301.......................................................................... 4
OKLA. STAT. ANN. tit. 14A, § 3-301(2) ..................................................................... 4
OKLA. STAT. ANN. tit. 14A, § 3-306.......................................................................... 3
OKLA. STAT. ANN. tit. 14A, § 3-306(2) ..................................................................... 3
OKLA. STAT. ANN. tit. 14A, § 5-203(1)(6) ................................................................ 9
OKLA. STAT. ANN. tit. 15, § 751 ............................................................................. 10
OKLA. STAT. ANN. tit. 15 , § 753(5), (8), (20)......................................................... 10

**Oklahoma State Codes**
Oklahoma Uniform Consumer Credit Code........................................1- 9, 13, 14, 16, 18

**Acts**
Oklahoma Consumer Protection Act ....................................................... 1, 2, 10, 11, 16

vii

viii

Truth in Lending Act ............................................................... 1, 2, 5, 9, 10, 16
Electronic Fund Transfer Act ............................................... 1, 2, 11, 12, 13, 16

Defendants GreenSky, LLC ("GreenSky") and BMO Harris Bank, NA ("BMO") (collectively, "Defendants") file this Motion and Supporting Brief to Dismiss All Claims asserted by Plaintiff Susan Parisi ("Plaintiff") in her Fourth Amended Class Action Complaint for Monetary and Injunctive Relief (the "**4AC**") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and, alternatively, Rule 12(f).

## I.
## INTRODUCTION AND SUMMARY OF ARGUMENT

In her 4AC, Plaintiff asserts claims against Defendants under the Oklahoma Uniform Consumer Credit Code (the "**OCCC**"), the Truth in Lending Act ("**TILA**"), the Electronic Fund Transfer Act ("**EFTA**"), and the Oklahoma Consumer Protection Act ("**OCPA**"). Plaintiff's claims under the TILA, EFTA and OCPA were not included in any prior pleading of Plaintiff before the 4AC and are time-barred. In connection with these claims, Plaintiff also seeks to certify a new amended putative class defined as "All Oklahoma consumers who, from November 23, 2019, through the present, had a GreenSky Shopping Pass account opened in their name where the acceptance of the loan terms was made through the use of the Shopping Pass number by a GreenSky Merchant" (the "**AP Class**"). 4AC, ¶ 94.

Plaintiff asserts that Defendants failed to comply with a laundry list of alleged disclosure requirements with regard to a consumer lending transaction.[1] 4AC, ¶ 94.

---

[1]    Nothing in this motion should be considered an admission or acknowledgment of GreenSky that it served as a lender, loan broker or loan arranger in this case, that it approved or made any loan, that it was a party to any loan agreement, or that it funded any amount in respect of any loan.

1

However, Plaintiff alleges, and this Court has ruled, that no loan was consummated. Because there was no loan or debt, Plaintiff cannot—by definition—be a "debtor" under the OCCC or the TILA and has failed to state a claim as a matter of law.

Further, Plaintiff's newly-alleged, individual claims under the TILA, EFTA and OCPA are barred by limitations, and her alleged class claims time-barred under the OCCC, TILA, EFTA and OCPA. Moreover, Plaintiff's proposed class does not satisfy the commonality and ascertainability requirements for class claims, and Plaintiff cannot properly serve as a class representative for the class she seeks to certify because she is not a member of any alleged class she seeks to represent. In addition, Plaintiff has failed to meet Article III standing requirements such that this Court lacks jurisdiction. Alternatively, the Court should strike Plaintiff's new proposed class definition under Rule 12(f).

## II.
## ARGUMENTS AND AUTHORITIES

The claims asserted by Plaintiff in her 4AC primarily involve alleged class claims. Courts have recognized that the viability of class claims can be considered in the context of a motion under Rule 12(b)(6), and Defendants seek such relief in this case. *See John v. National Sec. Fire & Cas. Co.,* 501 F.3d 443, 444-45 (5th Cir. 2007); *Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *9 (D. Kan. May 17, 2023); *Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at *3-4 (D. Colo. Feb. 23, 2021).

In its February 17, 2026 Order [Dkt. 128], this Court recognized, consistent with applicable case authorities, that the arguments set forth in this Motion are properly decided

2

in the context of a Rule 12(b)(6) motion. *See* February Order, pp. 12-13 n.8 (and cases cited therein). Because the relief sought by Plaintiff is not available as a matter of law, all of her claims in her 4AC should be dismissed. *See Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp.3d 797, 807-08 (E.D. Cal. 2017); *Ramsay v. Frontier, Inc.,* No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *8-9 (D. Colo. July 30, 2020).

## A.   PLAINTIFF'S CLAIMS UNDER THE OCCC SHOULD BE DISMISSED

### 1.   Plaintiff is Not a "Debtor" Under the OCCC

Plaintiff's OCCC claims, which Defendants deny, are based on Defendants' alleged violations of certain disclosure requirements that are specifically set forth in OKLA. STAT. ANN. tit. 14A, § 3-306 (the "**Consumer Disclosure Requirements**"). *See* 4AC, ¶ 119. The OCCC states that the disclosures are to be provided to the "debtor." *See id*. §3-306(2) (stating "[t]he lender shall give to the *debtor* the following information") (emphasis added); *see also* 15 U.S.C. § 1631(a) (stating disclosures under federal Truth in Lending statute are for "the person who is obligated on a consumer lease or a consumer credit transaction").

#### a.   *A debtor is a person who enters into a loan agreement*

The term "debtor" is generally defined as a person who owes an obligation or is subject to some form of liability. *See, e.g., Racher v. Lusk*, No. CIV-13-665-M, 2013 WL 6037122, at *9 (W.D. Okla. Nov. 14, 2013); *State ex rel. State Ins. Fund v. Houston*, No. 97,553, 2003 WL 25284639, at *2 (Okla. Civ. App. Aug. 12, 2003). Applying the definition of "debtor" as a person who owes an obligation or is subject to liability makes sense in the context of an alleged claim under the OCCC. The disclosure requirements are for the benefit of "the debtor to whom credit is extended with respect to a consumer loan."

3

OKLA. STAT. ANN. tit. 14A, § 3-301.  The term "loan" is defined in the OCCC as either "the creation of debt" or the "forbearance of debt."  *Id.*, § 3-106.  If there is no loan, there is no debt.  If there is no debt, there is no debtor.

The Federal Consumer Credit Protection Act, which is partially incorporated in the OCCC,[2] includes a provision that evidences an intent that consumer disclosure requirements should not become vehicles for liability when circumstances change.  Section 1634 of the Federal Consumer Credit Protection Act states: "If information disclosed in accordance with this part is subsequently rendered inaccurate as the result of any act, occurrence, or agreement subsequent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this part."  15 U.S.C. § 1634; *see Rossman v. Fleet Bank (R.I.) Nat'l Ass'n*, 280 F.3d 384, 392-93 (3d Cir. 2002).  Although this provision typically relates to post-agreement circumstances, the principles supporting the provision apply equally where there is never any agreement.  With respect to any pre-consummation disclosures, the ultimate changed circumstance would be the failure to agree to the terms of a loan agreement.  In that event, any disclosures made (or allegedly not made) has no relevance to any rights or obligations of any party.

Further, a plaintiff cannot sustain an injury that would have been caused by a failure to disclose information about a transaction that was never consummated.  The point of the Consumer Disclosure Requirements is to ensure that each consumer who enters into a loan

---

[2]    The OCCC permits compliance with the Federal Consumer Credit Protection Act disclosure requirements in lieu of the Consumer Disclosure Requirements in the OCCC.  *See* OKLA. STAT. ANN. tit. 14A, § 3-301(2).

transaction knows and understands the terms of that transaction, including his or her obligations under the loan agreement. *See Jones v. People's Heritage Bank*, 433 F. Supp.2d 1328, 1334 (S.D. Ga. 2006). In the absence of an actual loan agreement, there are no terms or obligations to be understood.

Significantly, the TILA, which includes certain disclosures in consumer credit transactions, states that its requirements apply to consumer credit *transactions*. *See* 15 U.S.C. § 1602(i). Numerous courts considering the TILA have recognized there is no "transaction" and, therefore no basis for any claim under the TILA, unless and until a consumer credit agreement is actually *consummated*. *See Weintraub v. Quicken Loans, Inc.*, 594 F.3d 270, 274-75 (4th Cir. 2010); *Stevens v. Rock Springs Nat'l Bank*, 497 F.2d 307, 310 (10th Cir. 1974); *Weiner v. Bank of King of Prussia*, 358 F. Supp.684, 692 (E.D. Pa. 1973); *Rodgers v. Ally Bank*, No. CV25-1351 PA (ADSX), 2025 WL 2019380, at *7 (C.D. Cal. July 3, 2025); *Hayden v. Fifth Third Bank, Inc.*, No. 3:12-CV-00824-H, 2013 WL 2242760, at *3-4 (W.D. Ky. May 21, 2013). Because there was no consummated loan agreement between Plaintiff and Defendants in this case, Plaintiff has failed to state a claim for relief under the OCCC as she is not a "debtor" and did not incur any alleged debt or loan obligation giving rise to a claim under the OCCC.[3]

### b.    *The Tenth Circuit has ruled there was no loan agreement*

This Court has ruled as a matter of law that Plaintiff never entered into any loan agreement or loan transaction. *See* Order dated December 1, 2023 [Doc. 66] (the "Contract

---

[3]  Similarly, Plaintiff's alleged claims under the TILA fails as a matter of law.

Order"), p. 15.  This ruling has recently been affirmed by the Tenth Circuit.  *See* 10th Circuit Order and Judgment dated June 6, 2025 [Doc. 89-1 in Appellate Case 23-6218] ("Order Affirming Contract Order"), p. 18.

"[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Monsisvais,* 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California,* 460 U.S. 605, 618 (1983)). "[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.,* 53 F.3d 1181, 1183 (10th Cir. 1995).

In the absence of a loan agreement, it necessarily follows that Plaintiff had no "obligation," "liability" or "debt" with respect to the events that are the subject of this case. *See Colton v. Sandridge Exploration and Production, LLC*, No. CIV-22-00986-JD, 2025 WL 1387798, at *4 (W.D. Okla. May 13, 2025) (stating court must determine whether plaintiff has stated "a plausible entitlement to relief" as a prerequisite to a class claim).  As a person who never became subject to any debt, Plaintiff does not qualify as a "debtor" under the Consumer Disclosure Requirements.

**2. Plaintiff Cannot Assert Class Claims Because She Is Not a Member of the Putative Class of "Debtors" Under the OCCC**

As a putative class representative, Plaintiff must be a member of the class she seeks to represent. If her claims differ from the claims of the class, then she does not have standing to serve as a representative of that class. *Schlesinger v. Reservists Committee to*

6

*Stop the War,* 418 U.S. 208, 216 (1974); *see also Holmes v. Pension Plan of Bethlehem Steel Corp.,* 213 F.3d 124, 135 (3d Cir. 2000) (stating "a plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class").

Because Plaintiff is not a member of the putative "class" of debtors she identifies in her 4AC, Plaintiff cannot maintain any claim as a class representative with respect to her OCCC claims. *Schlesinger,* 418 U.S. at 216; *see also Rector v. City of Denver,* 348 F.3d 935, 949 (10th Cir. 2003). Plaintiff cannot maintain her class claims based on injuries allegedly sustained by other members of the class. *Allen v. Medrano,* 416 U.S. 802, 828-29 (1974); *O'Shea v. Littleton,* 414 U.S. 488, 675 (1974). Accordingly, Plaintiff's class action claims under the OCCC must be dismissed. *See Harrison v. Leviton Mfg. Co.*, No. 05CV0491CVEFHM, 2006 WL 2990524, at *4 (N.D. Okla. Oct. 19, 2006) ("Plaintiff may not represent a putative class if he has not actually suffered the injury for which the class seeks redress. The named representative of the class must have standing to bring a lawsuit or the court must dismiss the proposed class action.").

Even if Plaintiff could somehow qualify as a "debtor" (which she cannot), the circumstances surrounding her alleged OCCC claims would still be substantially different from other putative class members who had actually consummated loan agreements and become obligated to pay debts. Any alleged failure of Defendants to make any disclosures, which is denied, would affect Plaintiff differently than consumers who actually signed loan agreements and made payments under the terms of those agreements.

7

The purpose of the disclosure requirements is to ensure that consumers who actually enter into loan agreements do not become obligated to make payments they were not reasonably expecting to make. *See, e.g.*, 15 U.S.C. § 1601; *Nussbaum v. Mortgage Serv. Am. Co.*, 913 F. Supp.1548, 1553 (S.D. Fla. 1995). That did not happen with respect to Plaintiff because she never became obligated to make any payments. *See* Contract Order, p. 15; Order Affirming Contract Order, p. 18. Thus, there is a fundamental disconnect between Plaintiff and the members of the putative class that is fatal to her OCCC class claims in this case. *See, e.g., Schlesinger,* 418 U.S. at 216; *Rector,* 348 F.3d at 949.

**B.      PLAINTIFF'S NEW CLAIMS AND CLASS CLAIMS ARE TIME-BARRED**

"If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (internal quotation marks and citation omitted). Here, Plaintiff's new individual claims and class claims are barred by limitations.

**1.      Plaintiff's Class Claims under the OCCC are Time-Barred**

As set forth above, Plaintiff has failed to state an individual claim under the OCCC. In addition, Plaintiff's alleged class claims under the OCCC are time-barred. Plaintiff's purported class claims dates back to transactions as early as November 23, 2019. 4AC, ¶ 94. The AP Class identified in the 4AC is completely new, and it was not identified in any previous pleadings of Plaintiff in this case. *Compare* 4AC, ¶ 94 *with* Amended Petition and Motion to Certify a Class Action (the "**Amended Petition**") [Dkt. 36], pp. 6-7.

The OCCC provides that ***"[n]o action pursuant to this section may be brought more than one (1) year after the date of the occurrence of the violation[.]"*** Okla. Stat. tit. 14A, § 5-203(1), (6).  Plaintiff's class claims under the OCCC were first asserted on August 21, 2023, the filing date of her Motion for Leave to File the 4AC (the "Motion for Leave").  Accordingly, to maintain alleged class claims under the OCCC, the alleged violations must have occurred no earlier than August 21, 2022.  However, Plaintiff's AP Class dates back to transactions as early as *November 23, 2019*.  4AC, ¶ 94.  Accordingly, the claims of the new AP Class are barred under the OCCC's statute of limitations.

### 2. Plaintiff's Individual and Class TILA Claims Are Time-Barred

Plaintiff's 4AC asserts new claims under the TILA. *See* 15 U.S.C. § 1601, *et seq*. These claims are based on Defendants' alleged failures to make certain disclosures regarding terms of the subject loans.  *See* 4AC, ¶¶ 127-131; *see also* 15 U.S.C. § 1638(a). A claim based on alleged TILA violations must be brought "***within one year from the date of the occurrence of the violation[.]***" 15 U.S.C. § 1640(a), (e) (emphasis added).  A civil claim under the TILA accrues when the loan transaction is closed.  *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp.2d 619, 628 (S.D. Tex. 2010); *Hunter v. JP Morgan Chase Bank N.A.*, No. H-24-491, 2024 WL 1887060, at *5 (S.D. Tex. Apr. 30, 2024).

Plaintiff's individual TILA claim is based on alleged events that occurred, and that she discovered, in November, 2021.  4AC, ¶¶ 37, 55-59.  Thus, Plaintiff's individual TILA claim is time-barred and precludes her from serving as class representative for any class based on such claims.  *See Nazar v. Wolpoff & Abramson, LLP*, 530 F. Supp.2d 1161, 1171

9

(D. Kan. 2008) (holding plaintiff whose individual claims were dismissed was not qualified to serve as representative for class claims).

Additionally, Plaintiff's AP Class consists of *all* Oklahoma consumers who accepted loan terms using the Shopping Pass *since November 23, 2019*. However, any claims on transactions before October 1, 2024, are time-barred. 4AC, ¶ 94; *see Bittinger*, 744 F. Supp.2d at 628; *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 186 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008); *Connell v. CitiMortgage, Inc.*, No. 11-0443-WS-C, 2012 WL 5511087, at *8 (S.D. Ala. Nov. 13, 2012). Accordingly, Plaintiff's class claims are time-barred. Further, as established above, because Plaintiff's alleged, individual claim under the TILA is barred, there is no class representative, precluding any purposed class claims under the TILA.

### 3. Plaintiff's Individual and Class OCPA Claims are Time-Barred

Plaintiff also adds new claims in her 4AC under the OCPA. *See* Oklahoma Statutes, Title 15, Section 751 *et seq*. These claims are based on Defendants' alleged (1) "[f]ail[ure] to disclose material credit terms and costs, thereby misleading Plaintiff regarding the true cost of the transaction"; (2) "false or misleading representations concerning rights, remedies, or obligations under the contract" and (3) "unfair and deceptive practices likely to mislead reasonable consumers[.]" *See* 4AC, ¶ 137; Okla. Stat. tit. 15, § 753(5), (8), (20).

OCPA claims are subject to the ***three-year statute of limitations*** applicable to "liability created by statute." Okla. Stat. tit. 12, § 95; *see Legacy Crossing, L.L.C. v. Travis Wolff & Co., L.L.P.*, 229 F. App'x 672, 682–83 (10th Cir. 2007); *AMC W. Hous. LP v. NIBCO, Inc.*, No. CIV-18-959-D, 2019 WL 4491331, at *4–5 (W.D. Okla. Sept. 18, 2019).

10

Plaintiff states she discovered BMO's alleged unauthorized loan weeks after it was made, via receipt of a GreenSky letter notifying her a payment had been sent to her merchant, and she immediately protested payment. 4AC, ¶¶ 53-61. Accordingly, Plaintiff was put on notice of her alleged, potential claims against Defendants at that time. Likewise, receipt of such information would place any reasonable consumer on notice of any potential claim related to the existence or terms of any agreement. *See Legacy Crossing*, 229 F. App'x at 682–83 (holding plaintiff was on notice of OCPA claim when plaintiff came into possession of documents supporting claim that audit contained misrepresentations).

Plaintiff's alleged, individual OCPA claim which she states she was aware of in November, 2021 is time-barred, which also precludes her from serving as class representative for any class based on such claims. *See* 4AC, ¶¶ 55-59; *see also Nazar*, 530 F. Supp.2d at 1171. Likewise, the claims on behalf of the AP Class dating back to November 23, 2019 are also time-barred. 4AC, ¶ 94. Moreover, because Plaintiff's alleged, individual claim under the OCPA is barred, there is no class representative, precluding any purposed class claims under the OCPA.

### 4. Plaintiff's Individual and Class EFTA Claims Are Time-Barred

Finally, Plaintiff adds new claims in her 4AC based on the EFTA. *See* 15 U.S.C. § 1693 *et seq*. and 12 C.F.R. Part 1005. *See 4AC*, ¶¶ 143-161. These claims are based on allegations that, "[a]fter Plaintiff and other Class members discovered the unauthorized accounts and timely disputed them, [Defendants] failed to conduct reasonable investigations, failed to correct errors and recredit, and continued to treat the debts as valid and to report/collect them, in violation of 15 U.S.C. § 1693f and Regulation E." *Id.*, ¶ 157.

11

The EFTA contains a provision that permits a civil lawsuit against "any person who fails to comply with any provision of this subchapter with respect to any consumer[.]"  15 U.S.C. § 1693m(a).  An EFTA civil action must be brought **within one year from the date of the occurrence of the violation**." *Id*., § 1693m(g) (emphasis added). Courts considering the EFTA have concluded the one-year limitations period begins to run when a financial institution makes a first unauthorized transfer or a fee assessment is paid. *Wike v. Vertrue, Inc*., 566 F.3d 590, 595-96 (6th Cir. 2009); *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2017 WL 6988193, at *2-4 (E.D. Tex. Sept. 14, 2017).  Subsequent transfers and other acts "do not constitute separate occurrences that are independently actionable." *Walbridge v. Northeast Credit Union*, 299 F. Supp.3d 338, 350 (D.N.H. 2018); *see also Whittington*, 2017 WL 6988193, at *13.  "In the context of EFTA claims, courts have found that the discovery rule does not apply because a plaintiff could reasonably discover an injury by reviewing his bank statement or online account which would show that a fee or fees had been improperly assessed." *Walbridge*, 299 F. Supp.3d at 351; *see also Whittington*, 2017 WL 6988193, at *13.

Plaintiff's alleged claim under the EFTA is based on alleged events that occurred in November, 2021 or earlier. Thus, Plaintiff's alleged, individual claim under the EFTA is time-barred. 4AC, ¶¶ 55-59.  To satisfy the one-year limitations period for Plaintiff's alleged EFTA class claims, such claims must have accrued no earlier than October 1, 2024. However, Plaintiff's class claims date back to transactions as early as 2019. Accordingly, Plaintiff's proposed class claims under the EFTA are also time-barred. Because Plaintiff's

12

alleged, individual claim under the EFTA is barred, there is no class representative, precluding any purposed class claims under the EFTA.  *See Nazar*, 530 F. Supp.2d at 1171.

### 5. The 4AC Adds New Putative Plaintiffs Whose Claims Do Not Relate Back

Plaintiff's time-barred claims cannot be saved by the relation-back doctrine.  Under federal law, an amendment "relates back" to the date of the original pleading if the "amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  FED. R. CIV. P. 15(c)(1)(B). An amendment does *not* relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix,* 545 U.S. 644, 650 (2005).

The AP Class identified in the 4AC is "All Oklahoma consumers who, from November 23, 2019 through the present, had a GreenSky Shopping Pass account opened in their name where the acceptance of the loan terms was made through the use of the Shopping Pass number by a GreenSky Merchant."  4AC, ¶ 94.  This is substantially different than the class sought in the Amended Petition, which identified the proposed class as Oklahoma consumers who, since one year prior to the filing of the litigation, had allegedly failed to receive various disclosures from Defendants as allegedly required under the OCCC.  *See* Amended Petition, ¶ 24(a)-(e).  Plaintiff's December 22, 2022 Amended Petition (the "**2022 Amendment**") filed in state court is the first pleading that included any

13

class claims or allegations.[4] *See* Dkt. 1-3. Accordingly, the earliest any claims could relate back would be December 22, 2022.

The AP Class in the 4AC differs substantially from the proposed class in the 2022 Amendment. In fact, the identification and focus of the class has entirely changed. The proposed class in the 2022 Amendment related to alleged failures of Defendants to provide certain OCCC disclosures, while the AP Class relates to use of an electronic Shopping Pass issued to consumers in the GreenSky Program by merchants who have signed up to be a part of that Program.

Practically speaking, the claims of the proposed class in the 2022 Amendment would consist of consumers who *intended to* obtain credit from lenders through the GreenSky Program, but allegedly did not receive various OCCC disclosures. On the other hand, the AP Class claims would be based on allegations that the class members were enrolled in the GreenSky Program through alleged unilateral acts of merchants who sought to provide them with goods or services. Because these are different groups of persons, any members of the AP Class would be *new putative plaintiffs* that have not previously asserted claims in this lawsuit.

Where, as here, *new putative plaintiffs* are added through an amended pleading, such plaintiffs' claims *do not* relate back to the filing of the original pleading. *Kellom v. Quinn*, 86 F.4th 288, 294–95 (6th Cir. 2023), *cert. denied sub nom. Kellom v. United States*, 144

---

[4] In Plaintiff's Original Petition, there are no claims or allegations related to any proposed class of plaintiffs, and there is no identification of any proposed class. *See generally* Dkt. 1-1.

14

S. Ct. 2661, 219 L. Ed. 2d 1286 (2024); *see also Reveredge Dentistry Partnership v. City of Cleveland*, No. 1:22-CV-1007, 2024 WL 639689, at *18-20 (N.D. Ohio Feb. 15, 2024) (holding claims of additional plaintiffs joined in amended pleading did not relate back to filing of original pleading and dismissing claims of additional plaintiffs based on limitations).

Similarly, the Tenth Circuit has held class claims added to an amended pleading do not relate back to an earlier pleading, but instead are evaluated as of the date such class claims were actually filed. *McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 730 (10th Cir. 2011); *see also Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *2-3 (E.D. Tenn. Nov. 21, 2016). The *McClelland* holding is not limited to cases where class allegations are added for the first time in an amended complaint, but also includes cases where existing class claims have been altered in an amended complaint to include additional class members whose claims were not asserted in an earlier pleading. *Onyx Props. LLC v. Board of County Commissioners of Elbert County*, 916 F. Supp.2d 1191, 1198 (D. Colo. 2012) (holding expanded class sought in amended pleading did not relate back to more limited class originally pled).

As discussed above, the purported claims to be asserted on behalf of the AP Class in the 4AC are substantially different from the proposed class in the 2022 Amendment, and is expanded to include: (1) consumers who allegedly did not authorize the creation of Shopping Pass accounts; (2) consumers who allegedly did not authorize electronic fund transfers; (3) consumers who allegedly did not authorize merchants to access Shopping Pass accounts to obligate such consumers to the terms of a loan; and (4) consumers for

15

whom Defendants allegedly reported negative information to credit bureaus.  4AC, ¶ 101 (and various bulleted subparts), ¶ 24.  The proposed class in the 2022 Amendment, on the other hand, is limited to customers of Defendants who were allegedly not provided with certain specific disclosures set forth in the OCCC.  Amended Petition, ¶ 24.

Because the AP Class and the proposed class in the 2022 Amendment are two different groups of people, asserting claims on behalf of the proposed class in the 2022 Amendment could not reasonably provide notice to Defendants that the lawsuit may later be expanded to include claims asserted by the AP Class.  Moreover, as stated above, the Original Petition fails to identify any proposed class at all.  *See generally* Original Petition [Dkt 1-1].  Accordingly, the AP Class claims cannot relate back to any earlier pleadings and, for limitations purposes, such claims are considered to have been initially filed as of the time of the Motion for Leave to Amend that the Court recently granted (here, October 1, 2025).  *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004); *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 WL 3153687, at *17 (D. Kan. Aug. 8, 2022).

**6.    Plaintiff's New TILA, OCPA and EFTA Claims Do Not Relate Back**

Aside from the fact that the 4AC adds new AP Class plaintiffs, the 4AC claims are substantially different from those in the Amended Petition.  A new pleading cannot relate back if its effect "is to fault [the defendants] for conduct different from that identified in the original complaint," even if the new pleading "shares some elements and some facts in common with the original claim." *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.,* 608 F.3d 871, 881 (D.C. Cir. 2010) (internal citation and quotation marks omitted),

16

*cert denied*, 563 U.S. 987 (2011)); *see also Hernandez v. Valley View Hosp. Ass'n,* 684 F.3d 950, 961 (10th Cir. 2012).

"As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts." *In re Universal Factoring Co., Inc.,* 279 B.R. 297, 303 (Bankr. N.D. Okla. 2002) (citing *F.D.I.C. v. Conner,* 20 F.3d 1376, 1385-86 (5th Cir. 1994)). "On the other hand, amendments generally will not relate back if they interject entirely different facts, conduct, transactions or occurrences." *Id.*; *Wilson Family Foods, Inc. v. Brown (In re Brown)*, 467 B.R. 536, 541 (Bankr. M.D. Ga. 2012); *In re Brown*, No. 12-10619, 2013 WL 3353829 at *5 (Bankr. N.D. Okla. 2013); *Hernandez*, 684 F.3d at 962.

Rule 15(c) does not define the scope of the terms "conduct, transaction or occurrence." In applying this standard, a court must not use generic or ideal notions of what constitutes "conduct, transaction or occurrence," but instead must ask whether the party asserting a limitations defense had been put on notice that it could be called to answer the allegations in the amended pleading. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006). "As many courts have recognized, the most important factor in determining whether a pleading relates back is 'whether the original complaint provided the defendant with sufficient notice of what must be defended against in the amended pleading.'" *In re Mack Industries., Ltd.,* No. 17 B 09308, 2021 WL 192000 at *2 (Bankr. N.D. Ill. 2021); *Baldwin Co. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n. 3 (1984).

17

As detailed above, the 4AC individual and class claims are substantially different from those in the Amended Petition, which were limited to alleged violations of OCCC disclosure requirements. The class allegations and claims in the Amended Petition are based on nothing more than Defendants' alleged failure to provide a series of specific disclosures from OCCC § 3.306. *See* Amended Petition, ¶ 10 (listing alleged class claims to include only alleged failure to satisfy specific OCCC disclosures), ¶ 24 (defining the proposed class in numerous subparts as consumers who had allegedly not received various specific OCCC disclosures), ¶ 22 (stating "the principal legal question common to the Class Representative and to each class member is whether adequate consumer credit disclosures were provided to class members prior to consummation or liability for the loans").

On the other hand, the 4AC adds numerous claims that go far beyond whether OCCC disclosures were made. The 4AC includes claims that Defendants allegedly: (1) created Shopping Pass accounts for class members without their knowledge and approval; (2) made unauthorized electronic fund transfers on behalf of class members; and (3) improperly reported negative information regarding class members to credit reporting agencies. *See* 4AC, ¶ 101 and various bulleted subparts (expanding alleged "common questions of law and fact" for class claims far beyond the disclosure issues under the OCCC that were identified in the Amended Petition). Such new class claims do not relate back to the filing of any previous pleadings,[5] and they are barred by the applicable statutes of limitations. *See Hernandez,* 684 F.3d at 961 (holding that new and discrete claims in

---

[5]    As discussed above, there were no class allegations set forth in the state court Original Petition. *See generally* Original Petition.

amended pleading did not relate back to original pleading, even though such claims may have been related to earlier claims); *United States ex rel. Miller,* 608 F.3d at 881 (same).

In addition to the 4AC including new claims, there are also unspecified claims for injunctive and declaratory relief first asserted in the 4AC. *See 4AC*, ¶¶ 104, 141, Prayer (p. 31). The Tenth Circuit has previously held such amended claims do not relate back to previous pleadings that did not include such claims. *See McClelland*, 431 F. App'x at 728.

C.    THE AP CLASS IS NOT A PROPER CLASS

   1.    On Its Face, the AP Class Fails the Commonality Requirement for Class Claims

Aside from Plaintiff's 4AC class claims being time-barred, the AP Class cannot be a proper class. As a prerequisite to viable class claims, federal law requires a finding that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). To meet this requirement, a plaintiff must show "the class members have suffered the same injury," and the "common contention…is capable of classwide resolution…[and] will resolve an issue that is central to the validity of each … claim[] in one stroke." *Cline v. Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 683 (E.D. Okla. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). The AP Class, which is composed of all GreenSky Shopping Pass holders whose acceptance of loan terms was made through the Shopping Pass by a merchant, does not satisfy this requirement.[6]

---

[6] As set forth below, Plaintiff has failed to meet the injury in fact or standing requirements under Article III. This further establishes that "the class members have suffered the same injury," and the "common contention…is capable of classwide resolution…[and] will resolve an issue that is central to the validity of each … claim[] in one stroke." *Cline v.*

Class action claims work in cases like design defect cases, for example, where an auto manufacturer used the same alleged design for *all* automobiles manufactured. If the design is found defective, then all purchasers of autos with the design defect will have a common claim against the manufacturer. Likewise, if a cable company imposes an improper charge, then all customers of the cable company will have a common claim for a refund of the improper charge. On the other hand, there is nothing inherently damaging to persons whose acceptance of loan terms was communicated to Defendants through a merchant's use of the Shopping Pass.

In Plaintiff's individual case, she claims that activation and use of the account was not authorized. However, there is no basis to assume all members of the AP Class would claim that they did not authorize or approve of the activation or use of their Shopping Pass. Even if some members of the AP Class made that claim, there are likely others who agreed their merchant could obtain funds for work performed directly through the Shopping Pass or who otherwise do not object to that arrangement. In other words, the AP Class is not limited to persons who may assert claims against Defendants, but it also includes persons who do not have claims against Defendants.

Distinguishing class members who claim lack of authorization from those who do not would require inquiry of each individual class member regarding their intent and whether they approved the activation and use of the Shopping Pass. A class that requires these types of individualized inquiries is improper. *See Marcus v. BMW of N. Am., LLC,*

---

*Sunoco, Inc. (R&M)*, 333 F.R.D. 676, 683 (E.D. Okla. 2019) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

20

687 F.3d 583, 593 (3d Cir. 2012); *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 (3d Cir. 2013).[7]

Additionally, Plaintiff's AP Class cannot be properly certified because it includes consumers who entered into arbitration agreements. In this case, the Court found there was no loan agreement (and therefore no arbitration agreement) involving Plaintiff, based on specific (and heavily disputed and litigated) alleged facts regarding whether there was a meeting of the minds as to the terms of the specific transaction. Each loan agreement involving each class member would include an arbitration agreement, with virtually all of the AP Class members being subject to the very same arbitration agreements that Plaintiff disputed here. Not only would there have to be individualized determinations as to whether each AP Class member had a meeting of minds with Defendants regarding the specific terms of his or her particular transaction, but also there would undoubtedly be members of the AP Class who (unlike Plaintiff) could not litigate their claims in this Court because such claims are subject to arbitration. As a consequence, the requirements for AP Class certification cannot be satisfied. *See Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298 at *5 (D. Colo. Dec. 4, 2024) (holding there was no commonality for class certification where there was uncertainty as to whether some class members would be subject to arbitration agreements).

---

[7] In addition, Plaintiff's proposed class is not limited to only those consumers who transacted with Oklahoma Windows. Rather, it purports to include "All Oklahoma consumers" who had a GreenSky Shopping Pass account opened in their name by any GreenSky Merchant. This would further improperly require an individual inquiry with regard to each merchant or vendor who may have participated in the GreenSky program.

21

**2.      On Its Face, the AP Class Fails the Ascertainability Requirement for Class Claims**

Class membership must be clearly ascertainable, and it must be administratively feasible to determine whether a particular person is a class member.  *See Marcus*, 687 F.3d at 592-93; *Hayes*, 725 F.3d at 354–55. The Western District of Oklahoma has "applied a standard of ascertainability which requires: first, that the class be defined with reference to objective criteria; and second, a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition."  *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 334 (W.D. Okla. 2018); *see also In re Cox Enters., Inc. Set-Top Cable Television Box Antitrust Litig.*, No. 12-ML-2048-C, 2014 WL 104964, at *2 (W.D. Okla. Jan. 9, 2014).  Aside from the fact that the AP Class lacks commonality, the AP Class is not ascertainable under these standards.

Where a plaintiff seeks to define a class based on the merits of a claim, courts have labeled such a proposed class as a "fail-safe class."  *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021). "A class definition creates a fail-safe class when the class definition bases membership in the class on the validity of the plaintiff's claims." *Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at *6 n.3 (D. Colo. Feb. 23, 2021) (internal cites omitted); *see also Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *10 (D. Kan. May 17, 2023)

22

("A fail-safe class is one in which determining membership turns on the merits of the individual class members' claims.") (internal citations omitted).

Plaintiff defines the AP Class as "All Oklahoma consumers who … had a GreenSky Shopping Pass account opened in their name where the acceptance of the loan terms was made through the use of the Shopping Pass number by a GreenSky Merchant."  4AC, ¶ 94. This AP Class is so broad that it would include consumers whose loan acceptance was fully authorized and thus have no claim.  Just because a loan account was opened and loan terms were accepted through the use of a Shopping Pass in connection with a merchant who was dealing directly with a consumer, there is no basis to conclude that the consumer did not authorize the transaction in any particular case.  Practically speaking, there is no distinction between the AP Class and a class consisting of all consumers who were involved in any loan transaction.

To distinguish members of the AP Class who could assert claims from those who could not, it would be necessary to examine the circumstances of each individual transaction of each proposed class member.  An identifiable class does not exist if membership is contingent on a prospective member's state of mind, or when class membership requires addressing the central issue of liability in the case.  *See City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 439 n.3 (3d Cir. 2017); *Selby v. Principal Mut. Life Ins. Co.,* 197 F.R.D. 48, 55 (S.D.N.Y. 2000).  Accordingly, the AP Class, which would require such individualized findings, is not proper.  *See Messner*, 669 F.3d at 825; *Randleman*, 646 F.3d at 352; *Ford*, 995 F.3d at 624.

**D.    PLAINTIFF LACKS STANDING UNDER ARTICLE III**

23

In her 4AC, Plaintiff fails to satisfy the "injury in fact" requirement of Article III under the U.S. Constitution. The U.S. Supreme Court has held that a "plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent,' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, "there must be a causal connection between the injury and the conduct complained of" and "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id*. at 560-61 (citations omitted). "A main focus of the standing inquiry is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury." *Morgan v. McCotter*, 365 F.3d 882, 888 (10th Cir. 2004).

In her 4AC, Plaintiff asserts the alleged inability to shop for credit on informed terms, reputational harm to creditworthiness, and time expended disputing unauthorized use of shopping passes. In addition, Plaintiff includes conclusory allegations of anxiety, stress or emotional distress. Plaintiff has failed to allege a concrete and particularized injury to satisfy the requirements of Article III. *Thole v. US Bank NA*, 590 U.S. 538, 541-44 (2020); *Khan v.Children's Nat'lHealth Sys.,* 188 F. Supp.2d 524, 533 (D. Md. 2016); *Laufer v. Looper*, No. 20-cv-02475-NYW, 2021 WL 5299585, at *5 (D. Colo. Jan 27, 2021).

**E.      ALTERNATIVELY, THE COURT SHOULD STRIKE PLAINTIFF'S CLASS DEFINITION**

24

Alternatively, pursuant to Rule 12(f), the Court should strike Plaintiff's new proposed class definition because it is clear that the putative class members are subject to arbitration agreements and class action waivers.

Plaintiff cannot meet the typicality, adequacy, commonality or superiority requirements of Rule 23 for those consumers subject to arbitration. *Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *5 (D. Colo. Dec. 4, 2024) (e.s.).  If the class were to proceed as pled, which Defendants oppose, it would require a determination as to whether any proposed class member could invalidate the arbitration clause.  Any consumer who has signed a contract containing an arbitration clause and class action waiver will be presumed to have read its contents and be bound by the clause.  *See e.g.*, *Mayfield v. Fid. State Bank of Cleveland*, 121 Okla. 179, 249 (1926). Therefore, the putative class alleged by Plaintiff would impermissibly require the Court to consider each alleged consumer transaction, resulting in multiple mini-trials/appeals. Thus, Defendants alternatively move to strike Plaintiff's new proposed class definition.

### III.
### PRAYER FOR RELIEF

Based on the foregoing grounds, Defendants respectfully request that this Court grant this Motion pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure and dismiss all of Plaintiff's claims against Defendants in this case. Alternatively, Defendants request that the Court strike Plaintiff's proposed class definitions under Rule 12(f). Defendants also request any other and further relief of any nature to which they may be justly entitled.

Respectfully submitted,

Dated: March 24, 2026

/s/Kyle R. Prince

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

***Attorneys for Defendants GreenSky, LLC, and
BMO Harris Bank, NA***

26

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
mkr@rawlslawoffice.com

-and-

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
**Attorneys for Plaintiffs**

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com

Diane J. Zelmer
*Admitted Pro Hac Vice*
Florida Bar No.: 27251
djz@berensonllp.com
**Attorneys for Defendant**
**Oklahoma Windows and Doors, LLC d/b/a**
**Renewal by Anderson of Oklahoma**

/s/Kyle R. Prince

27