# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SUSAN PARISI,

    Plaintiff,

    v.

OKLAHOMA WINDOWS AND DOORS, LLC d/b/a RENEWAL BY ANDERSON OF OKLAHOMA AND BMO HARRIS BANK, NA d/b/a GREENSKY, LLC,

    Defendants.

CASE NO. CIV-23-CV-115-R

(Removed from the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2022-5727)

---

**DEFENDANT OKLAHOMA WINDOWS AND DOORS, LLC
d/b/a RENEWAL BY ANDERSON OF OKLAHOMA'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS THE (FOURTH) AMENDED
COMPLAINT AND MOTION TO CERITFY CLASS ACTION**

---

Dated: May 19, 2026        Respectfully submitted,

| | |
|---|---|
| /s/ Diane J. Zelmer_____ <br> Diane J. Zelmer, Esq. (pro hac vice) <br> FL Bar No. 27251 <br> BERENSON LLP <br> 1242 SW Pine Island Rd., Suite 42-414 <br> Cape Coral, Fl 33991 <br> Telephone: 561-429-4496 <br> Email: djz@berensonllp.com <br> *Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC* | Sheila D. Dayne, Esq. <br> OBA # 31213 <br> Sayne Law PLLC <br> P.O. Box 33309 <br> Tulsa, Oklahoma 74153-3309 <br> Telephone: 918-740-3013 <br> Sheila.sayne@outlook.com <br> *Attorney for Defendant, OKLAHOMA WINDOWS AND DOORS, LLC* |

**ARGUMENT IN REPLY**

I.    PURSUANT TO TENTH CIRCUIT PRECEDENT, PLAINTIFF'S FOURTH AMENDED COMPLAINT DOES NOT RELATE BACK, AND PLAINTIFF'S NEW PROPOSED CLASS AND NEWLY-RAISED CLAIMS MUST BE DISMISSED AS TIME-BARRED.

The Tenth Circuit made clear in *McClelland v. Deluxe Fin. Servs. Inc.* that class claims added to an amended pleading do not relate back to an earlier pleading, but instead are evaluated as of the date the claims were actually filed.  431 F. App'x 718, 730 (10th Cir. 2011) (holding broadened discrimination claims on behalf of proposed class in amended pleading did not relate back to previous pleading focused on claims of individual plaintiffs).

Despite Plaintiff's attempt to brush it off, *McClelland* directly applies to this case.

**"Without a class description," Deluxe argues, "a Complaint does not notify a defendant what evidence needs to be preserved, for what claims, for what period of time, from what facilities, and so on." [citation omitted]  We agree with Deluxe.  More specifically, we conclude that there is no relation back under Rule 15(c).**

*McClelland*, 431 F. App'x at 730 (emphasis added); *see also KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 WL 3153687, at *17 (D. Kan. Aug. 8, 2022) (applying *McClelland* to find an amended complaint with an altered class definition did not relate back to the prior complaint), *Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *2-3 (E.D. Tenn. Nov. 21, 2016) (applying *McClelland* to hold class claims added to amended pleading did not relate back) *and Onyx Props. LLC v. Board of County Commissioners of Elbert County*, 916 F. Supp. 2d 1191, 1198 (D. Colo. 2012) (holding expanded class sought in amended pleading did not relate back to more limited class originally pled).

This holding—that class claims added to an amended pleading do not relate back to an earlier pleading, but instead are evaluated as of the date such class claims were filed—is consistent with the broader general rule that when new plaintiffs are added to an action through an amended

pleading, such new plaintiffs' claims do not relate back to the original pleading. *Kellom v. Quinn*, 86 F.4th 288, 294-95 (6th Cir. 2023), *cert. denied sub nom. Kellom v. United States*, 144 S. Ct. 2661, 219 L. Ed. 2d 1286 (2024) ("Generally, when an amended complaint adds claims or parties who weren't previously part of the lawsuit, the lawsuit 'commence[s]' for those claims and parties when they are added.") (quoting FED. R. CIV. P. 3); *see also Reveredge Dentistry Partnership v. City of Cleveland*, No. 1:22-CV-1007, 2024 WL 639689, at *18-20 (N.D. Ohio Feb. 15, 2024) (holding claims of additional plaintiffs joined in amended pleading did not relate back to filing of original pleading and dismissing claims of additional plaintiffs based on limitations); *see also, generally, Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301, 1309 (D.C. Cir. 1982) (discussing the need to limit relation back of claims asserted by new plaintiffs, noting the potential to "cause defendants' liability to increase geometrically and their defensive strategy to become far more complex long after the statute of limitations had run," and opining that "[a]t some point, defendants should have notice of who their adversaries are").

Plaintiff argues that adding class claims are held to different standards than adding individual plaintiffs, relying heavily on the class action tolling rule described in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 539 (1974), and accusing OKLAHOMA WINDOWS of ignoring it. But Plaintiff puts the cart before the horse. As discussed in *McClelland*, the application of *American Pipe*'s tolling in a case with multiple amended pleadings depends first upon the relation back to a prior pleading under Rule 15(c)—which is precisely the issue here. 431 F. App'x at 722-23. It does not give plaintiffs carte blanche license to add new classes of time-barred claims.

Applying these rules here, it is necessary to reiterate the timeline. Plaintiff's Original Petition, an individual action, was filed on November 22, 2022, and *did not identify a proposed*

*class*.  On December 22, 2022, Plaintiff filed the Amended Petition alleging class claims. Thus, pursuant to *McClelland*, the timeliness of the class claims for the class identified in that Amended Petition are evaluated as of December 22, 2022. That class only consisted of:

> Oklahoma consumers who, since one year prior to the filing of the litigation, had allegedly failed to receive various disclosures from Defendants as allegedly required under the OCCC.

[DE 36, ¶ 24(a)-(e)]. By its own words, this class was limited to only those Oklahoma consumers who allegedly hadn't received OCCC disclosures since December 22, 2021.

The Fourth Amended Complaint massively alters the scope of this litigation by changing the above-described class to the following:

> The "Greensky Class": All Oklahoma consumers who, from November 23, 2019 through the present, had a GreenSky Shopping Pass account opened in their name where the acceptance of the loan terms was made through the use of the Shopping Pass number by a GreenSky Merchant.

> The "Anderson Subclass" is defined as all members of the Greensky Class whose loans were charged for products or services sold by Anderson.

[DE 129, ¶¶ 94-96].  Not only does this add more than two years' worth of time to the class period, but it substantially broadens the whole class from those Oklahoma consumers who allegedly hadn't received OCCC disclosures to all who had a GreenSky Shopping Pass account—a truly sweeping amendment that is designed to drastically increase both the amount of plaintiffs and the from the prior pleading, and for which OKLAHOMA WINDOWS did not have reasonable notice based on Plaintiff's previously-described class.  As in *McClelland*, this Fourth Amended Complaint "**[is] not 'somewhat in the nature of a bill of particulars making more definite the general allegations of the original charge,**' *Kan. Milling Co.*, 185 F.2d at 416, **but instead included a set of new and separate allegations implicating a wider set of facts, witnesses, and proofs.**"  431 F. App'x at 730 (emphasis added).

Accordingly, under *McClelland*, the claims of the new class are evaluated as of the date the claims were filed, which here would be October 1, 2025, when Plaintiff filed her motion for leave to file the amended pleading.  Plaintiff's Fourth Amended Complaint alleges that its new class's claims arise out of conduct that occurred in November and December of 2021.  However, three of the new claims that the Fourth Amended Complaint raised for the new proposed class—OCCC, TILA, and EFTA—have a statute of limitations of one year, and the OCPA claim has a statute of limitations of three years.  Thus, the additional class plaintiffs' new OCCC, TILA, and EFTA claims expired in November/December 2022, and their OCPA claim expired in November/December 2024.  As such, these claims are not timely and should be dismissed.

Plaintiff attempts to distinguish *McClelland* on the basis that "there were no class claims presented in the plaintiffs' first two filed complaints" in that case—in other words, pointing to the importance of the jump from an individual action to a class action in the *McClelland* decision. Plaintiff's Response p. 19-20.  Here, that jump occurred at the Amended Complaint, when a class was introduced for the first time.  But even if the Court were to relate this new class and these new claims back to the December 22, 2022 Amended Complaint, there is still a major problem. The Fourth Amended complaint alleges that the conduct of OKLAHOMA WINDOWS that is the subject of this action occurred on November 23, 2021, and that even the additional interaction with GreenSky occurred no later than December 17, 2021. [DE 129, ¶¶ 37, 55, 68-69]. This would place the one-year statute of limitations of the OCCC, TILA, and EFTA claims specifically at December 17, 2022—making the December 22, 2022 Amended Complaint still untimely under *McClelland*, warranting dismissal.

Finally, applying the principles of *McClelland* to OKLAHOMA WINDOWS, it is clear that the new claims Plaintiff raises in the Fourth Amended Complaint must be dismissed as to

OKLAHOMA WINDOWS as well.  OKLAHOMA WINDOWS was not even a party to this action until August 21, 2023—***well after the OCCC, TILA, and EFTA statute of limitations passed on December 17, 2022***.  Even in the December 22, 2022 Amended Complaint, again brought several months before OKLAHOMA WINDOWS was brought into the action, the allegations against "Anderson" (C CASHION WINDOWS, LLC, against whom claims were previously raised) were narrowed to the class of Oklahoma consumers of the prior year who had allegedly not received certain disclosures allegedly required by the OCCC.  [DE 1-3, ¶¶ 92-93, p. 16].

Accordingly, because the new class and new claims raised in the Fourth Amended Complaint do not relate back to the prior pleadings and are time-barred, their appropriate dismissal is dispositive of OKLAHOMA WINDOWS' Motion to Dismiss the (Fourth) Amended Petition and Motion to Certify Class Action.

II.    THE COURT SHOULD STRIKE THE CLASS AT THE PLEADING STAGE BECAUSE IT DOES NOT EXCLUDE THOSE WITH ARBITRATION AGREEMENTS.

Plaintiff argues that the Court should not strike the class at the pleading stage, but that is exactly what the Court did in *Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *5 (D. Colo. Dec. 4, 2024).  Plaintiff mistakenly argues that it invites the Court to forego a thorough Rule 23 analysis; however, that is not the case at all.  The fact that the defenses relating to any arbitration agreements "would inevitably become the point of the focus of a majority of the class" and these "uncertainties about whether other putative class member can properly litigate in this Court" highlights that common issues do not predominate and undermines the typicality and adequacy requirements at the pleading stage. *Id*.  Thus, as the Court required in *Nagel*, Plaintiff "must narrow the putative class to include individuals who, like [her], have not entered into an arbitration agreement" in its amended complaint.  *Id*.

To the extent the Court considers any of the other subsequent arguments raised at this stage, OKLAHOMA WINDOWS restates its positions as provided in its Memorandum of Law in support of its motion to dismiss.

WHEREFORE, Defendant OKLAHOMA WINDOWS requests this Court grant its Motion to Dismiss the (Fourth) Amended Complaint [DE 129] against OKLAHOMA WINDOWS, and for such other and further relief as is just and proper.

Dated: May 19, 2026                     Respectfully submitted,

                                          _/s/ Diane J. Zelmer_____

Diane J. Zelmer, Esq. (pro hac vice)
FL Bar No. 27251
BERENSON LLP
1242 SW Pine Island Rd., Suite 42-414
Cape Coral, Fl 33991
Telephone: 561-429-4496
Email: djz@berensonllp.com
*Attorney for Defendant, OKLAHOMA WINDOWS*
*AND DOORS, LLC*

Sheila D. Sayne, Esq., OBA # 31213
Sayne Law PLLC
P.O. Box 33309
Tulsa, Oklahoma 74153-3309
Telephone: 918-740-3013
sheila.sayne@outlook.com
*Attorney for Defendant, OKLAHOMA WINDOWS*
*AND DOORS, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed and served electronically using CM/ECF, which is served upon all parties of record on the list for this case on this 19th day of May, 2026.

Respectfully submitted,

/s/ Diane J. Zelmer
Diane J. Zelmer, Esq., Fla. Bar 27251