## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:23-cv-00115-R |
| | ) | |
| OKLAHOMA WINDOWS AND | ) | |
| DOORS d/b/a RENEWAL BY | ) | |
| ANDERSON OF OKLAHOMA, | ) | |
| BMO HARRIS BANK, NA, AND | ) | |
| GREENSKY, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS GREENSKY, LLC AND BMO HARRIS BANK, NA'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS ALL CLAIMS [DKT. 134] IN PLAINTIFF'S FOURTH AMENDED CLASS ACTION [DKT. 129]

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK HARRIS QUINN, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com


*Attorneys for Defendants GreenSky, LLC, and BMO Harris Bank, NA*

## I.    INTRODUCTION

Plaintiff's Opposition to Defendants' Motion to Dismiss [Dkt. 138] (the "Response"), rests on a misreading of this Court's prior order and an overreach in her amended pleading. The Court granted Plaintiff leave to amend under Rule 15(a)'s liberal *Foman* standard; it did not decide Rule 15(c) or Rule 23. The Court said as much. *See* Dkt. 128 at 11 nn. 7-8. The Fourth Amended Class Action Complaint [Dkt. 129 (the "4AC") does not survive scrutiny under these Rules. Plaintiff cannot be an OCCC "debtor" on a loan she alleges she never authorized or on a reading of the term debtor that is unsupported by the statutory text or caselaw. The expanded class, which sweeps in new merchants and transactions reaching back to November 2019, rests on facts, theories, and causes of action that appear nowhere in any of Plaintiff's previous pleadings and cannot relate back.

## II.    DEFENDANTS' ARGUMENTS ARE PROPERLY BEFORE THE COURT ON A MOTION TO DISMISS

In her Response, Plaintiff leans into the Court's language about background facts to argue the Court has already decided the issue of timeliness as well as whether her claims are plausibly plead or are proper for class treatment. *See* Dkt. 138. Plaintiff's reliance on the Court's language from its Order allowing Plaintiff to file an amended complaint [Dkt. 128] is misplaced because the Court's reference to "the same set of background facts" [Id. at 10] was made in the context of its Rule 15(a) prejudice analysis. The Court did not make any findings under Rules 15(c) or 23. The Court expressly reserved these issues for Defendants' Rule 12 motion and they are now properly before the Court. *See*, *e.g.*, Dkt. 128 at 11, at 11 n.7, and at 12-13 n.8.

### III.   PLAINTIFF IS NOT A "DEBTOR" UNDER THE OCCC

Plaintiff argues she is a "debtor" within the meaning of the Oklahoma Uniform Consumer Credit Code (the "**OCCC**") because she was treated as a "debtor." Response, p. 12.  This position lacks support in both the statutory text and caselaw.

Plaintiff acknowledges the disclosures required under the OCCC are for the benefit of a "debtor" and there is no definition of that term in the OCCC. *See* OKLA. STAT. ANN. tit. 14A, § 3-306(2). Plaintiff further acknowledges that the term "debtor" refers to one who is under an *obligation*. Response, p. 5. Nevertheless, Plaintiff urges the Court to save her claim not because she was actually a debtor, but because she was allegedly "treated" as a debtor. The Court should reject Plaintiff's invitation to create such an expansive definition. Nothing in the text of the OCCC supports Plaintiff's proffered definition, nor does Plaintiff offer any case to support her extraordinary reading of the term debtor.[1]

Plaintiff has asserted throughout this case that she never entered into a contract and never became subject to any obligation. Moreover, this Court and the Tenth Circuit agreed there was no contract, and therefore no obligation from Plaintiff to Defendants. Those rulings necessarily have consequences with respect to the other claims in this case. *See McIlravy v. Kerr-McGee Coal Corp.,* 204 F.3d 1031, 1034 (10th Cir. 2000); *In re BCD*

---

[1]   Plaintiff's citation to *Dalton v. City of Tulsa*, 560 P.2d 955 (Okla. 1977) actually supports Defendants' position.  *Dalton* involved an unsuccessful challenge based on a city's failure to disclose a penalty added to customers' water bills when not paid on time. *Dalton* held the "meaningful disclosure of credit terms" is to enable the "*prospective*" debtor "to avoid the uninformed *use* of credit." *Dalton*, 560 P.2d at 956 (emphasis added). Simply put, a *prospective* debtor is not an *actual* debtor, and one who does not agree to enter into a transaction does not "use" credit.

*Corp.*, 221 B.R. 534, 536 (D. Utah 1998). Plaintiff cannot have her cake and eat it too. She either owed a "debt" to Defendants or she did not. If she did not owe a "debt" to Defendants, then she is not a "debtor." If she is not a "debtor," then she cannot properly maintain a claim against Defendants under the OCCC.

Plaintiff attempts to get around the absence of a contract by asserting that Defendants previously engaged in alleged attempts to enforce the non-existent contract. Plaintiff's assertion improperly conflates judicial enforceability with alleged damages. She claims that she should be entitled to recover various types of damages under the OCCC (and now under other statutes as well) for Defendants' alleged wrongful conduct, but she cannot recover *any* damages if she does not have a legal claim in the first place. In other words, Plaintiff cannot establish a cause of action under the OCCC or other statutes simply by alleging she has sustained certain damages, particularly where such claimed damages do not relate to alleged disclosure deficiencies. *See* OKLA. STAT. ANN. tit. 14A, § 5-203(1) (tying availability of civil action to violation of disclosure requirements); 15 U.S.C. § 1640(a) (same); *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009) (stating that recovery of civil damages under TILA requires disclosure violations and detrimental reliance).

Defendants' alleged conduct does not give rise to Plaintiff's specific disclosure claims. In particular, any alleged collection and/or credit reporting efforts are not pertinent to her OCCC and Truth in Lending Act ("**TILA**") disclosure claims. In her Response, Plaintiff cites *Bunch v. Terpenning*, 229 P.3d 574 (Okla. Civ. App. 2009) for the proposition that a plaintiff may assert claims under the OCCC and TILA for certain wrongful conduct leading up to a loan that was ultimately voided. *Bunch* has nothing to do

3

with the OCCC or the TILA disclosure requirements that are the subject of Plaintiff's claims. Rather, *Bunch* dealt with a *consummated* loan transaction that the court held to be void because the defendant violated the OCCC by failing to comply with certain licensing requirements that are not at issue in this case. *Id.* at 575-76. Moreover, Bunch dealt with a loan agreement that actually existed but was later voided due to illegality, while this case involves claims based on a loan transaction that never existed in the first place. There is no ruling in *Bunch* that the plaintiff had any claim under the OCCC. *Id.* at 575-76, 580-81.

Plaintiff has not cited a single case in which a court has held that a person who does not enter into a loan transaction is a "debtor" with standing to assert an OCCC claim, and Defendants have found none. Plaintiff asserts that disclosures would have to come *before* a transaction is consummated. However, subjecting a would-be creditor to OCCC claims related to disclosures for a loan transaction that never occurs would be as pointless as imposing liability on a homeowner for failing to disclose facts about a house to a would-be buyer who never purchases the house. Moreover, permitting a cause of action under these circumstances is unsupported by the statutory text and would open the floodgates to lawsuits filed by anyone who even *inquires* about the *possibility* of a credit transaction.

Simply put, it makes no sense conceptually for a "debtor" to be anyone other than one who actually owes a "debt" or an "obligation," and Plaintiff's lack of standing as a debtor is also fatal to her class claims under the TILA. *See Colton v. Sandridge Exploration and Production, LLC*, 2025 WL 1387798, at *4 (W.D. Okla. May 13, 2025) (stating court must determine whether plaintiff has stated "a plausible entitlement to relief" as a prerequisite to a class claim).

## IV.    PLAINTIFF'S TILA, OCPA AND EFTA CLAIMS ARE TIME-BARRED

The limitations issues in this case are straightforward. Plaintiff's individual TILA, Electronic Fund Transfer Act ("**EFTA**") and Oklahoma Consumer Protection Act ("**OCPA**") claims were first filed in the proposed pleading amendment attached to her motion for leave to file a second amended complaint on October 1, 2025 (the "**Last MFL**"). *See* Dkt. 105-1, ¶ 94. The alleged events giving rise to these claims, and Plaintiff's complaints regarding her dealings with Defendants, purportedly occurred in November 2021. *See* 4AC, ¶¶ 55-59. The TILA and the EFTA have one-year limitations periods, while the OCPA has a three-year limitations period. *See* 15 U.S.C. § 1640(a)(e) (TILA); Okla. Stat. tit.12, § 95 (OCPA); 15 U.S.C. § 1693m(g) (EFTA). Based on the date these alleged TILA, EFTA and OCPA claims accrued (November 2021), the one-year and three-year limitations periods had already expired by the time Plaintiff sought leave to add these new causes of action in October 2025.

## V.    PLAINTIFF'S CLASS CLAIMS ARE ALSO TIME-BARRED

With respect to the class claims, Plaintiff did not attempt to assert claims on behalf of the current AP Class until October 1, 2025. *See* Last MFL [Dkt. 105-1]; *see also* MTD, p. 1 (defining "AP Class"). However, Plaintiff has identified the AP Class as persons who allegedly had transactions involving Defendants as early as November 23, 2019. *See* 4AC, ¶ 94. Accordingly, Plaintiff's proposed AP Class, by its very definition, includes numerous persons whose claims would have accrued almost six (6) years before the proposed AP Class was ever identified. In fact, even the OCCC claims of the proposed AP Class would

5

be time-barred based on the November 23, 2019 date, as those claims also have a one-year limitations period. *See* Okla. Stat. tit. 14A, § 5-203(1), (6).

## VI.   PLAINTIFF'S PROPOSED CLASS CLAIMS DO NOT RELATE BACK

Plaintiff argues she can file class claims for a completely new class and have the claims of that putative class somehow relate back for limitations purposes to a completely different class that was identified in an earlier pleading. There is no basis for that assertion.

Claims added to an amended pleading on behalf of a new class do not relate back to any earlier pleaded claims, even if the earlier pleadings asserted claims on behalf of a different, more limited, class. *See McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 730 (10th Cir. 2011) (holding class claims added to an amended pleading do not relate back to an earlier pleading, but instead are evaluated as of the date such class claims were actually filed); *Onyx Props. LLC v. Board of County Commissioners of Elbert County*, 916 F. Supp.2d 1191, 1198 (D. Colo. 2012) (holding, based on *McClelland*, that *expanded* class sought in amended pleading did not relate back to more limited class originally pled).

Plaintiff asserts that the *McClelland* case does not apply because there were no class claims present in the first two complaints in *McClelland*, and the class claims there were not asserted until the third complaint. The issue in *McClelland*, however, was not class vs. non-class claims, but the addition of numerous new claimants through a proposed class whose claims had not been asserted before. *See McClelland*, 431 F. App'x at 726-31. This was recognized in the *Onyx* case where a proposed class had already been pleaded but was sought to be *expanded* by an amended pleading. *See Onyx*, 916 F. Supp.2d at 1197-98. The principle underlying the holdings in these cases is that the claims of a *new* plaintiff, or *new*

*group* of plaintiffs, whose claims had not been previously asserted do not relate back to previous pleadings filed on behalf of another plaintiff or group of plaintiffs. If a plaintiff or group of plaintiffs assert claims for the first time in an amended pleading, limitations will be determined based on the date *their* claims were filed rather than the date the lawsuit was originally filed. *See Kellom v. Quinn*, 86 F.4th 288, 294–95 (6th Cir. 2023), *cert. denied sub nom. Kellom v. United States*, 144 S. Ct. 2661 (2024); *Reveredge Dentistry Partnership v. City of Cleveland*, 2024 WL 639689, at *18-20 (N.D. Ohio Feb. 15, 2024).

Plaintiff's cited cases on the relation back of class claims are inapposite to this case. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974); *Bishop v. Airline Pilots Ass'n, Int'l*, 331 F.R.D. 481 (N.D. Ill. 2019); *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968). Plaintiff's cited cases dealt with situations where the proposed class was defined in the original (or at least an earlier) complaint, and the issue was whether certain *individual* class members who later filed suit themselves fell within the class that had previously been identified. If they did, then the courts held that the filing of the individual class members' claims related back to the time the class claims were originally filed. *American Pipe*, 414 U.S. at 549-52; *Bishop*, 331 F.R.D. at 485-86; *Esplin v. Hirschi*, 402 F.2d at 101 & n.14; *see also Sawtell v. E.I. du Pont de Nemours and Co., Inc.*, 22 F.3d 248, 253 (10th Cir. 1994). In this case, no individual class member seeks to relate alleged claims back to the original filing of a class action suit in which he or she was a member. Instead, Plaintiff now seeks to create a *completely new* class and to have all of the claims in that new class relate back to claims asserted on behalf of a different proposed class that no longer exists. *Bishop, American Pipe* and *Esplin* do not support Plaintiff's assertions in this case.

Plaintiff also asserts that Defendants should have somehow been on notice that Plaintiff would amend her pleadings to assert claims on behalf of the completely new AP Class that was never identified until the Last MFL was filed. The issue of whether new plaintiffs' claims relate back to an earlier pleading before they joined in a lawsuit is based on the date of *joinder*, not when the defendant was allegedly aware of the *possibility* those new plaintiffs could be joined. MTD, pp. 13-16. *See Kellom*, 86 F.4th at 294–95; *Reveredge Dentistry*, 2024 WL 639689, at *18-20. In any event, Plaintiff's previous class claims in this case were based on a proposed class of persons who allegedly did not receive certain specific disclosures under the OCCC. That previous proposed class was consistently stated in three straight amended pleadings without any material change. *See* Dkt. 1-3, ¶ 24; Dkt. 36, ¶ 24; and Dkt. 115, ¶ 24.  Under the circumstances, Plaintiff's previous proposed class based on specific disclosures, which she has now scrapped, could not provide any reasonable notice that she would later assert claims on behalf of a different proposed class (the AP Class) that is not defined at all on the basis of any disclosures. *Compare* Dkt. 1-3, ¶ 24; Dkt. 36, ¶ 24; and Dkt. 115, ¶ 24 *with* Dkt. 129, ¶ 94.

Aside from the fact that the AP Class is composed of new plaintiffs who have not previously asserted claims, the claims asserted by the proposed AP Class are themselves new claims that were not asserted prior to the 4AC.  In the Third Amended Class Action Complaint [Dkt. 115], which was the live pleading when the 4AC was filed, there were no factual or legal class claims other than claims under the OCCC.  In the section of that pleading titled "Allegations Common to All Causes of Action," Plaintiff referenced *only* the OCCC and included *only* facts related to OCCC disclosures that allegedly were not

provided. *See* Dkt. 115, ¶¶ 9-11. The same is true with respect to the previous "Amended Petition and Motion to Certify a Class Action" [Dkt. 36] filed in August, 2023. In that pleading's sections identifying "Common Questions of Law or Fact" and defining the proposed class, the factual and legal allegations were limited to disclosure issues under the OCCC. *See* Dkt. 36, ¶¶ 20-24. Any factual allegations regarding Plaintiff's individual claim are not relevant to the class issues, as new class claims added to an individual plaintiff's suit do not relate back to the earlier pleadings of the plaintiff's individual claims. *McClelland*, 431 F. App'x at 730; *see also Melton v. Account Resolution Team, Inc.*, No. 3:15-CV-00469, 2016 WL 6875883, at *2-3 (E.D. Tenn. Nov. 21, 2016). Additionally, as discussed in the MTD, even Plaintiff's individual TILA, OCPA and EFTA claims, first filed in the 4AC, do not relate back to previous pleadings. *See* MTD, pp. 16-19.

## VI.  PLAINTIFF'S CLASS CLAIMS ARE FACIALLY DEFICIENT

Plaintiff asks the Court to defer any ruling on her class claims because such a ruling would be premature. Courts routinely recognize class claims can be dismissed under Rule 12(b). *See John v. National Sec. Fire & Cas. Co.,* 501 F.3d 443, 444-45 (5th Cir. 2007); *Stallbaumer v. NextEra Energy Resources, LLC,* No. 22-cv-04031-HLT-ADM, 2023 WL 3496245, at *9 (D. Kan. May 17, 2023); *Simmons v. Isle of Capri Black Hawk LLC,* No. 1:19-cv-00967-JLK, 2021 WL 5513744, at *3-4 (D. Colo. Feb. 23, 2021).

Plaintiff's AP Class is not ascertainable without individual mini-trials that would necessitate consumer-by-consumer adjudication. Determining whether a particular consumer received "adequate" disclosures requires examining what was provided, when, by whom, and possibly what the consumer understood. These are all facts that vary across

9

thousands of transactions. Further, whether a merchant-initiated transaction was "unauthorized" depends on the individual consumer's communications with the merchant, application, signature, and loan file. Individualized inquiries will swallow any common questions.

Similarly, the 4AC fails Rule 23's commonality requirement on the face of the pleading. Rule 23(a)(2) requires a common question "capable of classwide resolution" that will "resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 350 (2011). Plaintiff does not allege common practices, policies, or actions. Instead, she alleges shared defendants in a heterogeneous set of transactions among an unbounded set of merchants. That is not commonality.

As currently pled, Plaintiff's AP Class is a fail-safe because membership turns on the validity of Plaintiff's claims. *Simmons v. Isle of Capri Black Hawk LLC*, No. 1:19-cv-00967 JLK, 2021 WL 5513744, at *6 n.3 (D. Colo. Feb. 23, 2021). Plaintiff's class allegations necessarily require membership in the class to be those whose loans were unauthorized, an impermissible fail-safe.

Finally, discovery will not cure Plaintiff's class defects. Plaintiff cannot rescue her claims by promising discovery will reveal something the pleadings do not allege. The defects are facial: fail-safe definitions, absence of commonality, and a requirement for individualized merits adjudication. The class allegations should be stricken now.

Based on the foregoing, and the arguments and authorities in their MTD, Defendants respectfully request that this Court grant their MTD and provide them any other and further relief of any nature to which they may be justly entitled.

Respectfully submitted,

Dated: May 19, 2026                    */s/Kyle R. Prince*

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

**Attorneys for Defendants GreenSky, LLC, and BMO Harris Bank, NA**

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
mkr@rawlslawoffice.com

-and-

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
**Attorneys for Plaintiffs**

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com

Diane J. Zelmer
*Admitted Pro Hac Vice*
Florida Bar No.: 27251
djz@berensonllp.com
**Attorneys for Defendant**
**Oklahoma Windows and Doors, LLC d/b/a**
**Renewal by Anderson of Oklahoma**

*/s/ Kyle R. Prince*

5293913 2553/110

12