# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SUSAN PARISI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:23-cv-00115-R |
| | ) | |
| OKLAHOMA WINDOWS AND | ) | |
| DOORS d/b/a RENEWAL BY | ) | |
| ANDERSON OF OKLAHOMA, | ) | |
| BMO HARRIS BANK, NA, AND | ) | |
| GREENSKY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS GREENSKY, LLC AND BMO HARRIS BANK, NA'S OBJECTION TO PLAINTIFF'S "NOTICE OF RECENT DEVELOPMENT" [DKT. 144]

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK HARRIS QUINN, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

Derrick T. DeWitt, OBA #18044
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
kprince@46legal.com

*Attorneys for Defendants GreenSky, LLC, and BMO Harris Bank, NA*

Defendants GreenSky, LLC ("GreenSky") and BMO Harris Bank, NA ("BMO") (collectively, "Defendants") file this Objection to Plaintiff's "Notice of Development" with its attached Exhibit 1 [Dkt. 144] (the "Notice") and show:

## I.      INTRODUCTION

Because Plaintiff's own claims lack merit, she now seeks to negatively influence this Court against Defendants while it considers Defendants' Motion to Dismiss All Claims in Plaintiff's Fourth Amended Class Action Complaint for Monetary and Injunctive Relief Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt.134] (the "Motion to Dismiss"). Plaintiff's Notice seeks to interject irrelevant and inadmissible matters into this suit as an attempt to somehow persuade the Court that GreenSky is a disreputable company.

Exhibit 1 to Plaintiff's Notice is a copy of an "Assurance of Voluntary Compliance with the Attorney General of Florida" (the "Florida Assurance"). In addition to the Florida Assurance, Plaintiff refers to other Assurances between GreenSky and the Attorneys General for the States of Alabama, Alaska, Georgia, Texas, and the District of Columbia, which are not attached to her Notice (the "Other Assurances") (collectively, the Florida Assurance and the Other Assurances will be referred to as the "Assurances"). As a threshold consideration, Plaintiff's description of the Assurances is wholly inaccurate since the agreements with these other states do ***not*** require GreenSky to "implement extensive changes relating to loan authorization, transaction approval, merchant oversight, complaint resolution, and consumer-protection practices," as Plaintiff claims. *See* Notice, p. 2. Rather, the requirements of the Assurances largely align with the current GreenSky® Program and its consumer protection processes **that have been in place for several years**,

1

including account verification, disclosure of loan terms, borrower complaint handling, and merchant oversight. Contrary to Plaintiff's characterization, the Assurances are largely agreements and assurances that GreenSky will maintain existing processes it already has in place.

Defendants also object to Plaintiff's Notice and the Assurances because they constitute purported "evidence" outside the pleadings that cannot be considered in the context of Defendants' Motion to Dismiss.  Moreover, Plaintiff's Notice was improperly filed without seeking leave of this Court.  Defendants further object to Plaintiff's Notice because the Assurance are irrelevant and inadmissible with regard to Plaintiff's claims. Plaintiff's Notice and the Assurances should be stricken and not considered by this Court.

## II.    THE NOTICE WAS IMPROPERLY FILED

Plaintiff clearly filed her Notice in an attempt to improperly influence the Court in its determination of Defendants' Motion to Dismiss by providing inaccurate, irrelevant and inadmissible "information" to divert attention away from the lack of merit of her own claims. However, Rule 12(b)(6) generally does not permit consideration of evidence outside of the pleadings. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone.");[1] *In re Sprint Corp. Securities Litig.*, 232 F. Supp.2d1193, 1210 (D. Kan. 2002) ("Within its review of a motion to dismiss, the court generally must limit itself to the facts stated in the complaint,

---

[1]    While the 10th Circuit in *Gee* noted there may be some "limited" exceptions to this rule, none of the exceptions identified in that case would apply to the Notice in this case. *See Gee*, 627 F.3d at 1186.

documents attached to the complaint as exhibits, and documents incorporated by reference."). Accordingly, Plaintiff's Notice and the Assurances cannot properly be considered in ruling on Defendants' Motion to Dismiss. *See, e.g., Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) ("The district court's disposition of the complaint was irregular. Although it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint.").

Plaintiff's Notice was also filed after Defendants filed their reply brief in support of their Motion to Dismiss and after the briefing deadlines related to the Motion to Dismiss had expired. Moreover, if anything, Plaintiff's Notice is a filing that would be classified under the Western District Local Rules as a "supplemental brief" that "may be filed only upon motion and leave of court." LCvR 7.1(h). Plaintiff did not seek or obtain leave from this Court before filing the Notice. Accordingly, even under the Local Rules, the Notice is not properly before the Court in connection with the Motion to Dismiss. *See Crockett v. Drummond*, No. CIV-25-697-G, 2025 WL 2934923, at *1 (W.D. Okla. Oct. 15, 2025) (slip copy) (striking supplemental brief under Local Rule 7.1(h) for failure to obtain leave of court before filing); *McKeown v. Paycom Payroll LLC*, No. CIV-24-301-PRW, 2025 WL 978221, at *8, 9 (W.D. Okla. Mar. 31, 2025) (same). Thus, Plaintiff's Notice and the Assurances should be stricken and not considered by this Court.

### III. THE ASSURANCES ARE INADMISSIBLE CONTRACTUAL AGREEMENTS RATHER THAN JUDGMENTS

The Assurances between GreenSky and the state Attorneys General are negotiated agreements. *See, e.g.*, Florida Assurance, p. 2 (stating that Florida Assurance was based

3

on the parties' "mutual agreement" supported by "consideration"). By their express terms, GreenSky agreed to the Assurances "**without admitting or denying any liability or wrongdoing**[.]"  *See id.* (emphasis added).   In addition, the Assurances specifically provide: "This Assurance *is not intended for use by any third-party in any other proceeding and is not intended, and should not be construed as, an admission of any wrongdoing or liability by GREENSKY, the GREENSKY RELEASEES, or GREENSKY'S current or former parent companies*."  *Id*. at p. 35 (emphasis added).   Moreover, the Assurances state: Nothing contained in this Assurance shall be construed to create … any private right of action, including but not limited to such private causes of action, claims, or remedies that could be brought under the CONSUMER STATUTES."  *Id*., p. 34.

Courts have recognized that assurances of voluntary compliance reflect agreements, rather than judgments on the merits entered after a full and fair litigation of the issues.  *See Friends for Health: Supporting the N. Shore Health Ctr. v. PayPal, Inc.*, No. 17 CV 1542, 2022 WL 2799395, at \*7 (N.D. Ill. July 14, 2022) (stating that assurance of voluntary compliance was "settlement agreement" between defendant and various state attorneys general).   In fact, there was never actually any litigation related to the Assurances referenced in the Notice.

Because the Assurances are merely agreements that did not result in any admission or judicial finding of any liability or wrongdoing, they have absolutely no relevance to this case.  *See ADT LLC v. Vivint, Inc*., No. 17-cv-80432-MIDDLEBROOKS, 2017 WL 8404330, at \*3 (S.D. Fla. Nov. 20, 2017) (holding evidence that party entered into assurances of voluntary compliance with various state agencies was insufficient to establish

4

deceptive practices related to subjects of assurances); *Carter v. Countrywide Financial*, No. 2:08-cv-13409, 2009 WL 10680541, at *6 n.2 (E.D. Mich. Aug. 24, 2009) (holding defendant's "Assurance of Voluntary Compliance and Discontinuance" was irrelevant to motion to dismiss since it was "in the nature of a settlement agreement in which the parties do not concede liability").

Further, Plaintiff was not a party to the Assurances.  As a consequence, the Assurances do not have res judicata or collateral estoppel effect on any of the issues in this case.  *See Dennis v. County of Fairfax,* 55 F.3d 151, 154 (4th Cir.1995) (finding that an employer's signing of a consent decree in a Title VII case was not a confession of liability and did not bind the parties in future litigation as an admission of wrongdoing); *ADT LLC*, 2017 WL 8404330, at *3 (assurances of voluntary compliance with various state agencies did not establish deceptive practices).  Plaintiff's Notice and the Assurances should be stricken and not considered by this Court.

## IV.    THE ASSURANCES HAVE NO RELEVANCE TO ANY ISSUES RAISED IN DEFENDANTS' MOTION TO DISMISS

Plaintiff's effort to buttress her purported claims in this suit based on the assertion that GreenSky purportedly "did the same things" to other persons in different states fails. Defendants' Motion to Dismiss sets forth grounds supporting dismissal of Plaintiff's claims. In a nutshell, Defendants have established that (1) Plaintiff lacks standing to enforce disclosure requirements under the Oklahoma Uniform Consumer Credit Code (the "OCCC") because she was not a debtor; (2) all of Plaintiff's remaining claims are barred by limitations; (3) Plaintiff is not a member of the proposed class she is seeking to

5

represent; and (4) Plaintiff's proposed class does not satisfy the commonality and ascertainability requirements for class claims.[2] Thus, even if Plaintiff's factual allegations were true (which they are not), her claims must be dismissed.

The Assurances are not relevant to Plaintiff's alleged claims. *See, e.g., Hoffman v. Transworld Sys. Inc.,* No. C18-1132 TSZ, 2022 WL 1800926, at *1 (W.D. Wash. May 20, 2022) (holding that testimony regarding investigation preceding consent order and defendant's actions in response to consent order would not be permitted, as it was not relevant to matters at issue); *Wozniak v. Coatesville Area Sch. Dist.*, No. CIV.A. 05-4552, 2006 WL 5116701, at *1 n.5 (E.D. Pa. June 19, 2006) (holding consent decree entered into by defendant in unrelated civil case was not admissible in evidence, as it was not relevant to case issues); *see also Gridley v. State Farm Mut. Auto. Ins. Co.*, No. 06-2864, 2007 WL 9810994, at *3 (E.D. La. Apr. 11, 2007) (holding documents related to out of state consent judgment and assurance of voluntary compliance were irrelevant and not discoverable in case seeking to assert claims on behalf of Louisiana class).  Thus, Plaintiff's Notice and the Assurances should be stricken and not considered by this Court.

---

[2]    *See, e.g.*, *Arce v. Garcia*, 434 F.3d 1254, 1260-61 (11th Cir. 2006) (holding limitations applies regardless of substantive merits of plaintiff's claims); *Jackson v. Ham*, 2022 WL 22329188, at *1 (N.D. Ga. Nov. 9, 2022), *on reconsideration in part,* 2023 WL 2455685 (N.D. Ga. Feb. 7, 2023) (same); *see also Johnson v. Ocwen Loan Serv.*, 374 F. App'x 868, 873 (11th Cir. 2010) (holding plaintiff failed to state claim under TILA and other consumer loan statutes because plaintiff was not a debtor or consumer); *Coburn v. Gonzalez*, 141 F. Supp.3d 1339, 1342 (S.D. Fla. 2015) ("[Plaintiff] owes no money to the Defendant and nothing in the Complaint … indicates otherwise.  As such, the Court finds that she lacks standing to sue for damages under the FDCPA."); *Kiper v. BAC Home Loans Servicing, LP*, 2012 WL 5456105, at *2 & n.2 (S.D. Tex.  Nov. 6, 2012) (finding plaintiff had no standing to sue for alleged violations of debt collection statutes because plaintiff "was not in debt" to defendants).

## V.    THE ASSURANCES ARE NOT ADMISSIBLE IN EVIDENCE

In addition to their lack of relevancy, the Assurances are not admissible with respect to Plaintiff's purported claims. Plaintiff was not a part of the proceedings in which the Assurances were entered, and the Assurances do not in any way address Plaintiff's claims. Nevertheless, Defendants anticipate Plaintiff will attempt to use the Assurances to assert that Defendants allegedly acted improperly with respect to Plaintiff's claims.  It is clear, however, that Plaintiff cannot use the Assurances for that purpose in this case.  *See Gribben v. United Parcel Serv., Inc.,* 528 F.3d 1166, 1172 (9th Cir. 2008) (upholding exclusion of "no fault" consent decree based on finding it was "irrelevant and would have been unduly prejudicial, confusing, and misleading"); *ADT LLC v. Vivint, Inc.*, No. 17-cv-80432-MIDDLEBROOKS, 2017 WL 8404330, at \*3 (S.D. Fla. Nov. 20, 2017) (holding evidence that party entered into assurances of voluntary compliance with various state agencies was insufficient to establish deceptive practices related to subjects of assurances); *Carter v. Countrywide Financial*, No. 2:08-cv-13409, 2009 WL 10680541, at \*6 n.2 (E.D. Mich. Aug. 24, 2009) (holding defendant's "Assurance of Voluntary Compliance and Discontinuance" was irrelevant to motion to dismiss since it was "in the nature of a settlement agreement in which the parties do not concede liability).

Further, the Assurances are not admissible because they constitute statements and conduct made in the course of settlement negotiations.  *See* FED. R. EVID. 408; *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 535–37 (D.N.J. 2008) ("Courts have consistently held that Rule 408's exclusionary provision is not limited to settlements between private parties,

7

but also applies to civil consent decrees between private parties and government agencies."); *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 658–59 (E.D.N.Y. 2012) (holding a plaintiff may not rely on a consent decree, the respondent to which disputed the findings but nevertheless settled the claims); *Option Res. Grp. v. Chambers Dev. Co.,* 967 F. Supp. 846, 850 (W.D. Pa. 1996) (holding "evidence pertaining to the fact of compromise and settlement of the SEC administrative proceedings and the Consent and Final Judgment issued in the related civil proceeding in this Court must be excluded under Rule 408, which includes statements and conduct made in the course of compromise negotiations").

Defendants object to Plaintiff's Notice and her improper attempt to insert the Assurances in this case for any purpose. As set forth herein, Plaintiff's Notice and the Assurances should be stricken and not considered by this Court.

Respectfully submitted,

Dated: June 16, 2026

/s/Kyle R. Prince

Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Kyle R. Prince, OBA #33040
DeWITT PARUOLO & MEEK
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
ddewitt@46legal.com
tom@46legal.com
krpince@46legal.com

Sean W. Fleming
*Admitted Pro Hac Vice*
Texas State Bar No. 24027250
MACDONALD DEVIN MADDEN
KENEFICK & HARRIS, P.C.
12770 Coit Road, Suite 1100
Dallas, Texas 75251
T: (214) 744-3300
F: (214) 747-0942
SFleming@MacdonaldDevin.com

***Attorneys for Defendants GreenSky, LLC, and
BMO Harris Bank, NA***

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

M. Kathi Rawls, OBA #18814
mkr@rawlslawoffice.com

-and-

Janet R. Varnell, FBN #0071072
jvarnell@vandwlaw.com
**Attorneys for Plaintiffs**

Shelia D. Sayne, OBA #31213
shelia.sayne@outlook.com

Diane J. Zelmer-*Admitted Pro Hac Vice*
Florida Bar No.: 27251
djz@berensonllp.com
**Attorneys for Defendant**
**Oklahoma Windows and Doors, LLC d/b/a**
**Renewal by Anderson of Oklahoma**

*/s/ Kyle R. Prince*